1    ZELDES & HAEGGQUIST, LLP
     HELEN I. ZELDES (220051)
2    ALREEN HAEGGQUIST (221858)
     625 Broadway, Suite 906
3    San Diego, CA 92101
     Telephone: 619/342-8000
4    Fax: 619/342-7272
     Email: helenz@zhlaw.com
5    alreenh@zhlaw.com

6       -and-

7    MEHRI & SKALET, PLLC
     STEVEN A. SKALET (*admitted pro hac vice*)
8    CRAIG L. BRISKIN (*admitted pro hac vice*)
     1250 Connecticut Ave. NW, Suite 300
9    Washington, DC 20036
     Telephone: 202/822-5100
10   Fax: 202/822-4997
     sskalet@findjustice.com
11   cbriskin@findjustice.com

12   Attorneys for Plaintiffs

13            UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15                 SAN JOSE DIVISION

| | |
|---|---|
| NAOTAKA KITAGAWA, JR., TIMOTHY J. BROAD and JESSE REISMAN, on behalf of themselves and all others similarly situated, ) ) ) | Case No. C 09-01911 RS |
| ) ) | **FIRST AMENDED CLASS ACTION COMPLAINT** |
| Plaintiffs, ) ) | |
| v. ) ) | |
| APPLE, INC., and, DOES 1 THROUGH 50, inclusive, ) ) | JURY TRIAL DEMANDED |
| Defendants. ) ) ) ) | |

FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs Naotaka Kitagawa, Jr., Timothy J. Broad, and Jesse Reisman ("Plaintiffs"), by and through their attorneys, bring this action on behalf of themselves and all others similarly situated against Apple, Incorporated ("Apple" or "Defendant") and Does 1 through 50. Plaintiffs hereby allege, on information and belief, except as to those allegations which pertain to the named Plaintiffs, which allegations are based on personal knowledge, as follows:

## NATURE OF THE ACTION

1.      Plaintiffs bring this class action on behalf of purchasers of Apple's "Apple 85W MagSafe Power Adapter (for MacBook Pro)" and the "Apple 60W MagSafe Power Adapter (for the MacBook)" (referred to collectively as the "MagSafe Adapter") in California and throughout the United States.

2.      The MagSafe Adapter was represented as being designed with a "magnetic DC connector that ensures your power cable will disconnect if it experiences undue strain and helps prevent fraying or weakening of the cables over time. Designed to be the perfect traveling companion, the adapter has a clever design which allows the DC cable to be wound neatly around itself for easy cable storage." *See* http://www.apple.com/store.

3.      The MagSafe Adapter is the only plug-in power source Apple provides for the MacBook and MacBook Pro computers. However, the MagSafe Adapter is not fit for the ordinary purposes (powering up and charging the MacBook and MacBook Pro portable laptop computers) for which it was intended. Instead, the MagSafe Adapter – because it was negligently designed and manufactured – dangerously frays, sparks, and prematurely fails to work. The MagSafe Adapter poses a present and latent danger to its users when used as directed. Apple is and was aware of this dangerous defect, but it has failed to disclose it or warn Plaintiffs and the Class of the defect. As of the date of this filing, it continues to market and sell the defective MagSafe Adapter, resulting in continuing damage to the Class. As a result, Plaintiffs and the Class (which likely number in the millions) have purchased flawed and dangerous Adapters which prematurely fail and present fire hazards.

4.      Plaintiffs bring this class action on behalf of themselves and all others similarly situated, asserting claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code §

1

FIRST AMENDED CLASS ACTION COMPLAINT

17200 *et seq.* ("UCL" or "§17200"), the Consumer Legal Remedies Act, Cal. Civ. Code §1750 *et seq.* ("CLRA"), the Magnuson-Moss Warranty Act, 15 U.S.C. §2310(d)(1), Breach of the Implied Warranty of Fitness for a Particular Purpose, Breach of the Implied Warranty of Merchantability, violations of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §1790 *et seq.* ("Song-Beverly"), Negligence and Unjust Enrichment. Plaintiffs seek damages and equitable relief on behalf of the class, which relief includes but is not limited to the following: providing class members with a safe, defect-free Adapter, or if no such product exists, to refund Plaintiffs and class members the full amount paid for their Apple computer which relies on the MagSafe Adapter for its power and usage; a refund of the replacement cost of the defective MagSafe Adapters; costs and expenses, including attorneys' fees; and any additional relief that this Court determines to be necessary to provide complete relief to Plaintiffs and the Class.

## JURISDICTION AND VENUE

5.       This Court has subject matter jurisdiction pursuant to 15 U.S.C. §2310(d)(1)(B) and 28 U.S.C. §§1331, 1332 and 1367, because Plaintiffs' claims arise under federal statute. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a).

6.       With respect to the Magnuson-Moss Warranty Act claims, the amount in controversy in each individual claim is at least twenty five dollars ($25), the proposed class consists of over 100 members, and the aggregate damages exceed $50,000.

7.       This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d)(2) ("CAFA"), as to the named Plaintiffs and every member of the Class, because the proposed Class contains more than 100 members, the aggregate amount in controversy exceeds $5 million, and members of the Class reside across the United States and are therefore diverse from Defendant.

8.       This Court has personal jurisdiction over Apple because its corporate headquarters are located in Cupertino, California, it is authorized to conduct business in California, and it has intentionally availed itself of the laws and markets of California through the promotion, marketing, distribution and sale of its MagSafe Adapter in California.

FIRST AMENDED CLASS ACTION COMPLAINT

1   9.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because a

2   substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

3   Venue is also proper under 18 U.S.C. §1965(a), because Defendant transacts a substantial amount of

4   its business in this District. In addition, Defendant is headquartered in Santa Clara County, which is

5   assigned to this Division of the Court. Plaintiffs are filing concurrently herewith an affidavit stating

6   facts showing that this action has been commenced in a proper county pursuant to Cal. Civ. Code

7   §1780(c).

8                           **INTRADISTRICT ASSIGNMENT**

9           10.     Assignment to the San Jose Division is proper because a substantial portion of the

10  acts, events, and omissions giving rise to this action occurred in Santa Clara, which is within the

11  purview of the San Jose Division of this District.

12                                  **PARTIES**

13          11.     Plaintiff Naotaka Kitagawa, Jr. ("Mr. Kitigawa") resides in Cupertino, California.

14  Plaintiff purchased an Apple MacBook computer, which came with an Apple MagSafe 60W

15  Adapter, in May of 2006. Approximately a year-and-a-half after purchase, Plaintiff noticed the

16  adapter would cut power intermittently, that the cable near the connector became frayed and the

17  jacket over the wiring showed signs of melting and discoloration from heat. Plaintiff purchased an

18  85W MagSafe replacement adapter from an Apple Store in San Jose, California on December 19,

19  2008 for $79.00 plus tax, totaling $85.52.

20          12.     Plaintiff Timothy J. Broad ("Mr. Broad") resides in Cincinnati, Ohio. In September

21  2006, Mr. Broad purchased an Apple MacBook computer which came with an Apple MagSafe

22  60W Adapter. Approximately fourteen months after purchase, Mr. Broad was using his laptop

23  computer when he noticed that the MagSafe Adapter cable was severely overheating. "It almost

24  burned my hand when I brushed it accidentally." Concerned something was wrong, Mr. Broad kept

25  an eye on the Adapter and noticed that it had started to melt, forming a large hole in the cable. The

26  Adapter then shorted and stopped working. Mr. Broad feared his home "might have caught fire" if

27  he had not been present at the time. Mr. Broad bought an 85W MagSafe replacement adapter on E-

28
                                        3

bay in mid-September, 2006 for approximately $58.00. That adapter recently failed in similar fashion and Mr. Broad purchased his second replacement adapter.

13.     Plaintiff Jesse Reisman ("Mr. Reisman") resides in Fort Washington, Maryland. In or about June 2006, Plaintiff purchased an Apple MacBook Pro computer, which came with an Apple MagSafe 85W Adapter. Approximately a year and a half after purchase, Mr. Reisman noticed that the MagSafe Adapter became "noticeably hot" when the computer was in use and that the cable wires had become exposed at the point where cable entered the main adapter body, as well as at the point of insertion into the MagSafe connector, creating a hazardous condition. Mr. Reisman purchased an 85W MagSafe replacement adapter on January 18, 2008 from Amazon.com for $70.38. Mr. Reisman's replacement adapter is now showing signs of premature failure.

14.     Defendant Apple, Inc. ("Apple") is incorporated in California. Its executive offices and company headquarters are located in Cupertino, Santa Clara County, California. Apple is registered to do business in the State of California, and conducts substantial business here. Apple is a publicly traded company, with net sales of over $32.4 billion in 2008, $14.5 billion in the United States alone (up 26% from 2007)[1]. Apple sells its MacBook and MacBook Pro Computers ("Subject Computers") and MagSafe Adapters to consumers throughout the United States, including to at least tens of thousands of consumers in California, which constitutes a significant percentage of Apple's sales in the United States and California.

15.     The true names and capacities of Defendants sued herein under C.C.P. § 474 as Does 1 through 50, inclusive, are presently unknown to Plaintiffs, who therefore sue these Defendants by fictitious names. Plaintiffs will amend this Complaint to show their true names and capacities when they have been ascertained. Each of the Doe Defendants is responsible in some manner for the conduct alleged herein.

---

[1] Apple, Inc.'s 2008 10-K.

FIRST AMENDED CLASS ACTION COMPLAINT

## DEFENDANT'S UNLAWFUL CONDUCT

16.    Since the early 1970s, Apple has been engaged in the business of designing, manufacturing, marketing, distributing and selling personal computers and related products and services through its own retail (and more recently, online) stores, direct sales, third party wholesalers and resellers.

17.    On or about February 2006, Apple began designing, manufacturing, warranting, advertising, marketing, selling and providing the MagSafe Adapters at issue to consumers throughout the United States for use with its new MacBook series laptop computers. The MacBook was the first generation of this new series and the MacBook Pro the second generation (collectively, the "Subject Computers"). Apple sold the MagSafe Adapters to Plaintiffs and the Class as original equipment with its Subject Computers, as separate accessories for them, and also as replacements. The MagSafe Adapter is the only power source Apple provides with or for its MacBook and MacBook Pro computers.

18.    Apple markets the benefits of the MagSafe adapter for both its MacBook and MacBook Pro computers.

19.    Regarding the 85W MagSafe Adapters that come with the MacBook Pro series laptop computers, Apple makes the following representations:

> The MagSafe Power Adapter is just that: a magnetic connection instead of a physical one. So tripping over a power cord won't send your shiny new MacBook flying off a table or desk; **the cord simply breaks cleanly away, without damage to either the cord or the system. As an added nicety, this means less wear on the connectors.**[2]

> \* \* \* \* \*

> Innovative right down to the power cord. The MacBook Pro power adapter with MagSafe connector is just that: a magnetic connection instead of a physical one. So, if you happen to trip over a power cord, you won't send MacBook Pro flying off a table or desk; the cord simply disconnects, without damage to either the cord or the system. As an added nicety, this means less wear on the connectors.[3]

---

[2] http://www.apple.com/macbook/design.html

[3] http://www.apple.com/macbookpro/design.html

FIRST AMENDED CLASS ACTION COMPLAINT

* * * * *

Designed to be the **perfect traveling companion**, the adapter has a clever design which allows the DC cable to be wound neatly around itself for easy cable storage.[4]

20.     Regarding the 60W MagSafe Adapter that comes with the MacBook series laptop computers, Apple makes the following representations:

Good design leaves nothing to chance. Great design anticipates it. No surprise, then, that MacBook features little touches — like a **klutz-proof power adapter** and a **nifty magnetic latch** — that make your computing experience as streamlined as the MacBook itself.[5]

* * * * *

Compact, durable, everything-you-need MacBook.[6]

* * * * *

MacBook makes it easy to hit the road thanks to its tough polycarbonate case, built-in wireless technologies, and innovative MagSafe Power Adapter that releases automatically if someone accidentally trips on the cord.[7]

* * * * *

**Designed to withstand the rigors of life on the go,** every MacBook comes with Apple's MagSafe Power Adapter, **created especially for mobile users** that makes charging the notebook's battery easier than ever by magnetically coupling the power cord to the MacBook. The MagSafe Power Adapter **safely disconnects from the notebook when there is strain on the power cord,** helping to prevent the notebook from falling off its work surface.[8]

---

[4] http://store.apple.com/1-800-MY-APPLE/WebObjects/AppleStore.woa/wa/RSLID?mco=816A0BD3&fnode=home/shop_mac/mac_accessories/power&npm=MA938LL/A#overview

[5] http://www.apple.com/macbook/design.html

[6] http://www.apple.com/getamac/whichmac.html

[7] http://www.apple.com/macbook/design.html

[8] Apple Press Release – May 16, 2006

FIRST AMENDED CLASS ACTION COMPLAINT

21.     Apple also boasts that its MacBook Pro is its "state of the art"[9] flagship portable designed "for mobile professionals" and "life on the road."[10]

22.     Apple markets the MagSafe Adapter for both the MacBook and MacBook Pro as "designed to be the perfect travel companion."[11]

23.     However, contrary to its advertisements, Apple's MagSafe Adapter is not "durable" or "designed to withstand the rigors of life on the go" but rather, fragile and fails when used as intended.

24.     The MagSafe Adapter consistently frays at the end of the cable going in to the magnetic connector. These exposed wires turn the MagSafe Adapter into a fire and electrical shock hazard for Apple's customers. A common point of failure is at the end of the MagSafe cable closest to where it connects to the computer. Affixed to that end is a magnetic connector.

25.     Any adapter designed for a laptop computer must be durable enough to withstand the uses for which it is intended. Such normal use includes coiling the plug when not in use. The Apple MagSafe Adapter is designed so that the power cable will be wound around itself for storage or when in transport and also requires the user to clamp the cable onto itself to keep it in place.[12] This normal folding and clamping causes undue stress, wear and degradation to the MagSafe Adapter cable.

26.     As the MagSafe Adapter designer and manufacturer, Apple possesses specialized knowledge regarding the composition of its MagSafe Adapter, and is in a superior position to know and learn about defects in its MagSafe Adapter. In fact, as evidenced by the many purchasers of the MagSafe Adapter who have gone through the trouble of logging on to Apple's website to complain of the problems alleged herein, Apple has been aware of these defects for nearly three years, but has

---

[9] http://www.apple.com/macbookpro/

[10] Apple Press Release – June 5, 2007 http://www.apple.com/ca/press/2007_06/macbookpro.html

[11] Apple Store "Overview" for both the 85W and 60W Adapters

[12] Apple Store / Shop Mac / Power / 85W Adapter

7

FIRST AMENDED CLASS ACTION COMPLAINT

done nothing about them. From June 2006 through March 2009, more than 1,000 "customer reviews" of the MagSafe Adapter have been posted to the Apple Online Store. The vast majority of the reviews are extremely negative, warning Apple over and over again about the hazards of its MagSafe Adapter. For example, a recent posting about the 85W Adapter on February 28, 2009, titled, **"It melted – literally"** states:

- I turn off (and unplug) my laptop almost every night and while I am gone during the day. The wire literally has melted near the battery and no longer works. Aside from being very frustrating and annoying, I can see this as posing a possible safety hazard. I'm a very unhappy customer right now and just spent around $100 (including shipping) to get another power cord shipped to me.

- This one, titled **"Melted cord"** was posted February 16, 2009 (85W): Like many other people, I too have a Magsafe power adapter whose cord spontaneously melted after about 9 months.

- On January 10, 2009, in a posting titled **"Just Burned Me"** a user states (85W): "I understand that AC adapters get hot by design, but it is completely unacceptable to get burned by the mag "safe" end. Absolutely ridiculous Apple. This is a flawed design and I can't wait for the class action suit. Count me in."

- On December 28, 2008, KG writes (85W), **"FIRE HAZARD"** and states that, "This product is dangerous. Clearly there is some sort of design flaw here. I noticed a slight separation of the magnet base from the actual cord with a few frayed wires and I took the power adapter to the Apple Store, where I was turned away because I didn't have the actual lap top with me. Figuring, if it were a major issue, I would have been warned not to use the product, I plugged it later the next day while it was on my lap and noticed a burning smell as well as excess heat. When I looked down I saw the plastic and rubber melting and I angled the machine out of my lap and rushed to unplug it. The power port on my computer is scorched. Luckily I only had a very minor burn on my left thigh as a result...nothing to go the emergency room about but think about it. If this had happened when the computer was on my desk, while I was at work, or perhaps if I had been at home asleep, the results could have been disastrous. This could have burnt my apartment, killed my dogs or even me.

I have been an Apple customer and die hard fan since the IIGS, and I am extremely disappointed in the recent quality of Apple products. First the battery issues, then defective hard drives, and now this. I really hope that it doesn't take a death or major property loss for Apple to take responsibility and inform customers of this major safety issue."

- A recent March 4, 2009 posting states (60W), "I have a MacBook and I am on my THIRD charger! It melts all of the time right where the cord connects to the magnet thing!,"

- Another recent posting in December 2008, stated (60W), "After 12 1/2 months my first cord started sparking near the laptop. I was afraid of fire so I took it into the apple store,

8

waited in line for nearly an hour and was told to come back in 5 hours. When I did, I was told that nothing could be done because I didn't purchase the extra warranty. I purchased another cord for 79.00 hoping it wouldn't do the same thing. After 5 months, it started shorting out so I purchased 3rd (THIRD!) cord. Now my 3rd cord has begun to weaken at the connection and gets VERY hot. I have NEVER felt safe leaving it plugged in while I am away from it. Instead of purchasing a 4th 79.00 (320.00 in hazardous power cords) I am going to purchase a new laptop for myself as well as my 2 teenagers - probably time for another brand!

• A posting on February 5, 2008, is titled "FIRE HAZARD!", and states, "This morning I went to turn on my computer that had been left to charge over night, only to find it would not turn on. In my quest to determine the cause, I noticed the cord failure that most of the other reviews describe –the power cord just after the MagSafe Power Adapter was melted (charred black and brown actually) and frayed wires were exposed. As disappointed as I was that this could happen, I realized how fortunate I was that this had not started a fire! There were NO warning signs!! This needs to be recalled immediately!"

• Another 60W Adapter posting on December 30, 2007 states: "Thank goodness I was home when I found my power adapter melting."

• On December 11, 2007, still another customer wrote (60W): "I have had my MacBook for 11 months. One day I plugged in the charger and this weird hissing came from my computer, then I smelled smoke, and looked down to see my charger was smoking. I immediately pulled it out but the rubber on the cable was melted."

• On January 11, 2008, another customer posted the comment (60W): "I have had my MacBook for exactly one year and the wire at the end has melted away exposing the wires."

• On December 15, 2007, another customer wrote (60W): "I actually sat there watching the dumb thing melt. Luckily it didn't catch anything on fire. I hate to see if it was plugged in while I was away from the house."

• On February 9, 2008, (85W): "I recently went to use my MacBook Pro when I noticed that my battery was dead. This was strange considering the power cord had been plugged in overnight. I looked at the cord and realized that the LED light was not glowing. After seeing this, I immediately saw that part of my cord (close to the magnetic part) was brown colored with a few holes burnt in it. Also the part of the cord that connects to the little magnet was coming apart."

• On February 1, 2008, (85W): "I've had my MacBook Pro just over 1 year and the MagSafe lead started to fray at the laptop end. Last night it popped and fizzed and a cloud of smoke appeared. ... These products must be dangerous – very disappointed."

9

FIRST AMENDED CLASS ACTION COMPLAINT

- Also on February 1, 2008 (85W): "I fell asleep this evening, and woke up to the smell of burning plastic and discharged MacBook Pro. The magsafe adapter, I've been using since Sept 06, when I purchased the unit, frayed at the base, and melted, leaving a plastic mess on the floor, and in the air. I don't want to purchase another one, but I haven't a choice. There are no alternatives. I don't feel safe with this product in my home anymore. I recommend that users do NOT charge their apple laptops at night."

- On January 30, 2008 (85W): "It's really very simple: right where the adapter cable is connected to the MagSafe plug, sparks were flying around... I heard a 'fizzzzz' sound... short circuit... smoke was billowing. The cable was super hot and literally disintegrated in my hands. Thank goodness I was there when it happened – wouldn't want to see my mortgaged house on fire, for crying out loud!"

- On January 14, 2008 (85W): "Well, even with the spare power adapter, and always being careful to plug and unplug it by the head (not pulling on the cord), I had my adapter fail. The other day I was typing away and all of a sudden I started to get shocks from the computer. At the same time the green light on the magnetic head went out and a nasty smell came form the charger. When I went to unplug the charge I discovered a greasy brown fluid leaking from it."

- On January 14, 2008 (85W): "I generally don't think SPARKING AND SMOKING AND MELTING are good traits for a piece of electronics to have. I'm obviously not the first person to have this problem, and the most disturbing thing about these comments is that it KEEPS happening."

- On January 13, 2008 (85W): "Had my adapter (magnetic connection great idea) for just over a year and I plugged it into the laptop this morning to find the green light flicker and then produce a spark/flame. As described it left the beautiful smell of melting plastic and nice burn marks on my laptop and the head of the power cable. MagSAFE... no."

- On January 11, 2008 (85W): "Much like everyone else here, my cord melted where it meets with the computer. Luckily it was in use and I noticed the sparking that may have caused a fire otherwise."

- On January 9, 2008 (85W): "Dear Mac, This is the 3rd try on a battery cord for our daughter's MacBook Pro laptop. It actually started smoking. We have the battery inside the computer burn up also and it bubbled up the outside body of the laptop. We replaced this battery and cord approximately one year or less ago. What's up?"

- January 8, 2008 (85W): "Mine melted, burned and exposed wires at the end next to the brick, which usually sits on my desk. I bought the extended warranty, but seriously, I'm not sure I will be risking my life and home on a new adapter unless it is much better protected. I have contacted the UL people, and would advise others to

10

FIRST AMENDED CLASS ACTION COMPLAINT

do the same. Hopefully Apple won't wait until someone loses their life or home because of this very real hazard."

27.     Apple's own website provides admissions that Apple is not only aware of these defects, but provides irresponsible advice for consumers regarding how to address the problems complained of. On a page titled, "Portable Computers: Troubleshooting power adapters," Apple provides "troubleshooting" under the subject heading: **"If you see a spark"** which claims that "Sometimes when you plug the power adapter into the wall, you may see a spark. ***This is usually normal*** and can occur when you plug any electrical appliance into a live outlet. If you are concerned about the spark you see when you plug your adapter into the wall, or if the spark comes from somewhere other than the blades of the plug, you can take your adapter (you don't need to take the computer) in to an Apple Authorized Service Provider or Apple Retail Store for evaluation." (emphasis added).

28.     It is not just safety at issue here, but the cost to consumers to use their computers for the purposes for which they were intended. "I love my other apple products, but having to replace this at $79.99 when it should not have to be replaced at all is not acceptable. I could tell this was not at all robust when I first started using it. I was quite careful and it just stopped working. Apple should either make this product hold up to real world use or sell it for a more affordable price." (Apple Online Store Customer Review - February 3, 2008.) Similarly, another customer complains, "I am very unhappy that the adapter of my MacBook is no longer functioning. I travel with my laptop a lot – after all, that is why I prefer laptops – and it seems that the adapter is not designed to hold up to a reasonable amount of use. After a year and a half it no longer functions and now I have to buy a new one for $80! What is especially upsetting is that I feel that Apple should replace this at no cost as it is a defective design, not be making money off of their mistake, or else people may not choose to purchase a Mac next time." (Apple Online Store Customer Review - January 20, 2008.)

29.     Of course, it is not just through Apple's online store that consumers are logging complaints about the MagSafe Adapter, the internet is rife with similar complaints. One consumer recently complained on www.Amazon.com:

11

Just do a Google and you'll see the life of this adapter is about a year. Way too many incidents out there. Mine lasted exactly one year. One day I was charging my MacBook and I started to smell wires burning. It turned out to be the wire from this adapter, specifically where it attaches to the MacBook. The key is not to put *any* stress on the wire at all by letting it bend. Apparently the plastic is so cheaply made that eventually it will wear out and expose the wires to each other which is dangerous. Luckily my MacBook was not damaged, and I was there to unplug the adapter when it started to smolder. While I like the smart magnetic design, it's made quite shoddy. Of course the price is very high also at $79!?! Ridiculous! When I went to the Apple store to replace my adapter, there was a 3 week wait as well! I was lucky to find one on Ebay for just under $36. My best advice is not to put any tension on this wire because it obviously can't handle it, and I'd avoid leaving it charging alone simply because I don't trust it and I've Googled quite a few horror stories. Check out the apple store and you'll see all the reviews about sparks, smoke, melting , and fire.

(Amazon.com 85W Adapter Customer Review - November 14, 2007).[13]

30.    To date, Apple has not taken action to remedy the defects [do we know this for sure?] in its MagSafe Adapters, or to offer any replacement product.

31.    Apple faced the same complaints about overheating, fraying, smoking, sparking and premature failure with its predecessor adapter, the 65W Adapter for its PowerBook computer. Apple misleads its customers into thinking that it resolved those design problems in its representations that the MagSafe Adapter is better designed. "Mobile users will love the new MagSafe Power adapter featuring a magnetic DC plug that both ensures a tight connection and enables a clean break from the power port when there is undue tension. It prevents the MacBook Pro from being pulled off of a desk when the cord is accidentally tripped over, *and it protects the power cord from wear and tear*."[14]

32.    To ensure that its MagSafe Adapter would be fit for the ordinary or particular purposes for which the Adapter was intended, Apple should have adequately tested its MagSafe Adapter prior to releasing it for commercial sale. Had Apple exercised reasonable care in testing its

---

[13]
http://www.amazon.com/review/product/B000F0ELN2/ref=dp_top_cm_cr_acr_txt?%5Fencoding=UTF8&showViewpoints=1

[14] http://www.amazon.com/Apple-MacBook-Laptop-MA091LL-SuperDrive/dp/B000BNHMIY

12
FIRST AMENDED CLASS ACTION COMPLAINT

MagSafe Adapter, it would have discovered that its MagSafe Adapters dangerously fray, spark, overheat, melt and prematurely fail.

33.     Instead, Apple sold defective MagSafe Adapters to Plaintiffs and proposed class members that were not fit for their intended use.

34.     Apple also could and should have tested alternative designs of its MagSafe Adapter to avoid these destructive side-effects. As noted, Apple has been aware of the weakness and defects in its "wrap around" cable design for years [perhaps we should be more general here and not limit to the wrap around design.

35.     Furthermore, Apple continues to manufacture and sell its defective MagSafe Adapter even after it was informed by its own customers of the specific design defects alleged herein.

36.     Apple profits enormously from the sales of its MagSafe Adapter, while Plaintiffs and proposed class members incur damages, including the price they paid to purchase the defective MagSafe Adapters and the costs to replace them.

## PLAINTIFFS' ALLEGATIONS

37.     Plaintiffs are purchasers of Apple MacBook or MacBook Pro computers that were sold with related devices and peripherals, including a MagSafe Adapter.

38.     Plaintiffs purchased and used the MagSafe Adapters, believing them to be reasonably safe to use for the purpose for which they were intended: powering and charging their portable computers.

39.     Since purchasing these computers, Plaintiffs have had to replace their MagSafe Adapters because, when used as instructed and intended, their MagSafe Adapters sparked, frayed, melted, wires became exposed and/or they prematurely failed.

40.     Plaintiffs learned that far from being the only one experiencing such problems with the MagSafe Adapters, there were hundreds of other similar customer complaints on Apple's website.

41.     In fact, Plaintiffs' experiences with the MagSafe Adapter are typical of at least thousands of other Apple purchasers who have registered their complaints with Apple, and have

FIRST AMENDED CLASS ACTION COMPLAINT

documented their problems with the MagSafe Adapters on various website forums dedicated to Apple products, including Apple's own website. The similarity of the user complaints about the MagSafe Adapter further evidences the uniformity of the product defects alleged herein.

42.     Plaintiffs have suffered injury in fact and loss of money or property, and they have been damaged in the amount they paid for the defective replacement MagSafe Adapters they had to purchase to power and charge their MacBook or MacBook Pro laptop computers. Moreover, if no safe replacement Adapter exists, Plaintiffs have suffered damages in the amount of the full price they paid for their MacBook or MacBook Pro computers.

## CLASS ALLEGATIONS

43.     Plaintiffs bring this class action on behalf of themselves individually and all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

44.     The proposed class consists of all consumers who purchased an Apple MagSafe 60W Adapter or Apple MagSafe 85W Adapter from the time of their introduction in the marketplace through and including the date of class notice (the "Class").

45.     This action is properly brought as a class action for the following reasons:

(a)     the proposed class is so numerous and geographically dispersed throughout the United States that the joinder of all class members is impracticable. While Plaintiffs do not know the exact number and identity of all class members, Plaintiff believes there are tens if not hundreds of thousands of class members;

(b)     the disposition of Plaintiffs' and proposed class members' claims in a class action will provide substantial benefits to both the parties and the Court;

(c)     the proposed class is ascertainable and there is a well-defined community of interest in the questions of law or fact alleged herein since the rights of each proposed class member were infringed or violated in the same fashion;

(d)     there are questions of law and fact common to the proposed class which predominate over any questions that may affect particular class members. Such common questions include:

FIRST AMENDED CLASS ACTION COMPLAINT

| 1 | (i) Whether Defendant exercised reasonable care in testing its MagSafe |
|---|---|

1                (i)        Whether Defendant exercised reasonable care in testing its MagSafe

2  Adapter prior to its release for commercial sale;

3                (ii)      Whether Defendant's MagSafe Adapter is defective when used as

4  directed, intended or in a reasonably foreseeable manner;

5                (iii)     Whether feasible alternative safer formulations of the MagSafe

6  Adapter were available;

7                (iv)     Whether Defendant's MagSafe Adapter was fit for its intended

8  purpose;

9                (v)       Whether Apple has breached the implied warranty of fitness for a

10  particular purpose;

11              (vi)     Whether Apple has breached the implied warranty of

12  merchantability;

13              (vii)    Whether Apple has violated the Magnuson-Moss Warranty Act;

14              (viii)     Whether Apple has acted negligently;

15              (ix)     Whether Apple is strictly liable to Plaintiffs and the class and

16  whether Apple failed to warn Plaintiffs and the class; [should this be 2 items?]

17              (x)       Whether Apple has violated the Song-Beverly Act;

18              (xi)     Whether Apple has violated the UCL;

19              (xii)    Whether Apple has violated the CLRA;

20              (xiii)    Whether Apple has received funds from Plaintiffs and class members

21  that it unjustly received;

22              (xiv)    Whether Plaintiffs and proposed class members have been harmed

23  and the proper measure of relief; and

24              (xv)     Whether Plaintiffs and proposed class members are entitled to an

25  award of punitive damages, attorneys' fees and expenses against Defendant.

26           (e)     Plaintiffs' claims are typical of the claims of the members of the proposed

27  class.

28

1    (f)    Plaintiffs will fairly and adequately protect the interests of the proposed class

2  in that they have no interests antagonistic to those of the other proposed class members, and

3  Plaintiffs have retained attorneys experienced in consumer class actions and complex litigation as

4  counsel.

5    (g)    A class action is superior to other available methods for the fair and efficient

6  adjudication of this controversy for at least the following reasons:

7    (i)    Given the size of individual proposed class member's claims and the

8  expense of litigating those claims, few, if any, proposed class members could afford to or would

9  seek legal redress individually for the wrongs Defendant committed against them and absent

10  proposed class members have no substantial interest in individually controlling the prosecution of

11  individual actions;

12    (ii)    This action will promote an orderly and expeditious administration

13  and adjudication of the proposed class claims, economies of time, effort and resources will be

14  fostered and uniformity of decisions will be insured; and

15    (iii)    Without a class action, proposed class members will continue to

16  suffer damages, and Defendant's violations of law will proceed without remedy while Defendant

17  continues to reap and retain the substantial proceeds of its wrongful conduct.

18    (iv)    Plaintiffs know of no difficulty that will be encountered in the

19  management of this litigation which would preclude its maintenance as a class action.

20    46.    Plaintiffs seek damages and equitable relief on behalf of the proposed class on

21  grounds generally applicable to the entire proposed class.

22    **FIRST CAUSE OF ACTION**

23    **(Violations of California Business and Professions Code § 17200)**

24    47.    Plaintiffs re-allege and incorporate by reference the allegations contained in the

25  paragraphs above as if fully set forth herein.

26    48.    California Business & Professions Code § 17200 prohibits acts of unfair

27  competition, which means and includes any "unlawful, unfair or fraudulent business act or practice"

28  and any act prohibited by Cal. Bus. & Prof. Code § 17500.

FIRST AMENDED CLASS ACTION COMPLAINT

49.     Apple violated Cal. Bus. & Prof. Code § 17200's prohibition against engaging in an **"unlawful"** business act or practice by, *inter alia*, selling defective and non-merchantable MagSafe Adapter to Plaintiffs, proposed class members, and the general public, failing to use reasonable care to test its MagSafe Adapter prior to sale, and by continuing to sell its defective Adapter after learning that it caused sparking, fraying and premature failure when used as intended, in violation of Cal. Civ. Code §§ 1770(a), 1791, *et seq.*, Cal. Comm. Code §§ 2313 & 2314, U.C.C. § 2-313 & § 2-314, 15 U.S.C. § 2310(d)(1), and the common law, including the common law of negligence, implied warranty, breach of the covenant of good faith and fair dealing and breach of the duty to disclose.

50.     Plaintiffs reserve the right to allege other violations of law which constitute other unlawful business acts and practices. Such conduct is ongoing and continues to this date.

51.     The foregoing conduct also constitutes **"unfair"** business acts and practices within the meaning of Cal. Bus. & Prof. Code § 17200. Apple's practices offend public policy and are unethical, oppressive, unscrupulous and violate the laws stated. Further, such conduct is in violation of Cal. Civ. Code §§ 1770(a), 1791 *et seq.*, and the common law, including the common law of negligence, implied warranty, breach of the covenant of good faith and fair dealing and breach of the duty to disclose.

52.     Apple's conduct caused and continues to cause substantial injury to consumers and their property, including Plaintiffs and proposed class members. The gravity of Defendant's alleged wrongful conduct outweighs any purported benefits attributable to such conduct. There were also reasonably available alternatives to Apple to further its business interests, other than voluntarily placing its defective MagSafe Adapter into the stream of commerce.

53.     Plaintiffs and Class members have suffered injury in fact and have lost money and/or property as a result of Defendant's unfair and unlawful business practices and are therefore entitled to the relief available under Cal. Bus. & Prof. Code §17200, *et seq.*, as detailed below.

## SECOND CAUSE OF ACTION

### (Violations of the Consumer Legal Remedies Act,
### California Civil Code § 1750 *et seq.*)

54.     Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

55.     This cause of action arises under the Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* Plaintiffs are consumers as defined by Cal. Civ. Code § 1761(d). Apple's MagSafe Adapters constitute "goods" as defined by Cal. Civ. Code § 1761(a). At all times relevant hereto, Apple constituted a "person" as that term is defined in Cal. Civ. Code § 1761(a), and Plaintiffs and class members' purchases of the MagSafe Adapters constituted "transactions" as that term is defined in Cal. Civ. Code § 1761(b).

56.     Apple violated and continues to violate the CLRA by engaging in the following deceptive practices specifically proscribed by Cal. Civ. Code § 1770(a), in transactions with Plaintiffs and class members that were intended to result or which resulted in the sale or lease of goods or services to consumers:

(a)     In violation of Cal. Civ. Code § 1770(a)(5), Defendant's acts and practices constitute misrepresentations that the MagSafe Adapters in question have characteristics, benefits or uses which they do not have;

(b)     In violation of Cal. Civ. Code § 1770(a)(7), Defendant has misrepresented that the MagSafe Adapters in question are of particular standard, quality and/or grade, when they are of another; and

(c)     In violation of Cal. Civ. Code § 1770(a)(9), Defendant advertised the Adapters in question with the intent not to sell them as advertised or represented.

57.     Apple has made uniform representations that its MagSafe Adapter is a high-quality product that will perform as represented. These representations, as set forth above, were false, deceptive, and/or misleading and in violation of the CLRA.

58.     Pursuant to Cal. Civ. Code § 1782, Plaintiffs notified Apple in writing by certified mail of the particular violations of Cal. Civ. Code § 1770 alleged herein, and have demanded that

Apple rectify the problems associated with the actions detailed above and give notice to all affected consumers of its intent to so act. Plaintiffs sent this notice by certified mail, return receipt requested, to Apple's principal place of business.

59.    Apple has failed to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days after receipt of the Civil Code § 1782 notice, thus Plaintiffs seek actual damages and punitive damages for violation of the Act.

60.    In addition, pursuant to Civil Code § 1780(a)(2), Plaintiffs are entitled to, and therefore seek, a Court order enjoining the above-described wrongful acts and practices that violate Cal. Civ. Code § 1770.

61.    Plaintiffs and the class are also entitled to recover attorneys' fees, costs, expenses and disbursements pursuant to Cal. Civ. Code §§ 1780 and 1781.

## THIRD CAUSE OF ACTION

### (Violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1))

62.    Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

63.    By placing its MagSafe Adapter in the stream of commerce, Apple impliedly warranted that it was reasonably safe for its intended use, *i.e.*, to withstand usual wear as a portable device and to charge the computers without causing fraying, sparking or premature failure.

64.    Apple's MagSafe Adapter is not merchantable. In breach of the implied warranty of merchantability and fitness for a particular purpose, Apple's MagSafe Adapter fails to charge properly, falls apart and causes sparking which is a safety hazard as well as causes damage to the computers.

65.    Apple's MagSafe Adapter was not reasonably safe for its intended use when it left Defendant's control and entered the market.

66.    The MagSafe Adapter defects were not open and/or obvious to consumers. Any purported limitation of the duration and scope of these warranties given by Apple is unreasonable, unconscionable and void, because Apple knew or recklessly disregarded the fact that the defect in

FIRST AMENDED CLASS ACTION COMPLAINT

the MagSafe Adapter existed and might not be discovered, if at all, until the MagSafe Adapters had been used for a period of time longer than the period of any written warranty, and Apple willfully withheld information about the defect from purchasers of Apple computers. Moreover, due to the unequal bargaining power between the parties, Plaintiffs and the class members had no meaningful alternative to accepting Apple's attempted pro forma limitation of the duration of any warranties.

67. The dangerous design and manufacture of the MagSafe Adapter was, and is, an inherent safety-related defect which either was known or which should have been known to Apple to be a defect at the time plaintiffs and the class members purchased their Apple computers and Adapters.

68. The presence of this defect, and Apple's failure to warn of its presence or cure the defect, constitutes a breach of both the express and implied warranties.

69. Apple's knowledge of this inherent defect, through both Plaintiffs' 30-day demand letter, and through the complaints lodged on its own website about the Adapter, has given Apple more than a reasonable opportunity to cure the defect – an opportunity that Apple has failed and refused to take.

70. As a result, Plaintiffs and proposed class members have been damaged in, *inter alia*, the amount they paid to purchase and replace Apple's un-merchantable MagSafe Adapters, and if no safe replacement exists, in the amount they paid for their related Apple Computer, which relies on the MagSafe Adapter for its power and usage.

71. Pursuant to 15 U.S.C. § 2310(D) (2), Plaintiffs are also entitled to attorneys' fees and reimbursement of expenses.

### FOURTH CAUSE OF ACTION

### (Breach of Implied Warranty of Fitness for a Particular Purpose)

72. Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

73. By placing its MagSafe Adapter in the stream of commerce, Apple impliedly warranted that its Adapter was reasonably safe for its particular purpose, *i.e.*, to withstand usual wear

20

1  as a portable device and to charge the computers without causing fraying, sparking or premature
2  failure.

3       74.    Apple's MagSafe Adapter is not fit for its particular purpose.  In breach of the
4  implied warranty of fitness for a particular purpose, Apple's MagSafe Adapter fails to charge
5  properly, falls apart and causes sparking, which is a safety hazard as well as a cause of damage to the
6  computers.

7       75.    Apple's MagSafe Adapter was not reasonably safe for its intended particular use
8  when it left Defendant's control and entered the market.

9       76.    The MagSafe Adapter defects were not open and/or obvious to consumers.

10      77.    Any purported limitation of the duration and scope of the implied warranty of fitness
11  for a particular purpose given by Apple is unreasonable, unconscionable and void, because Apple
12  knew or recklessly disregarded that the defect in the MagSafe Adapter existed and might not be
13  discovered, if at all, until the MagSafe Adapters had been used for a period of time longer than the
14  period of any written warranty, and Apple willfully withheld information about the defect from
15  purchasers of Apple computers.  Moreover, due to the unequal bargaining power between the
16  parties, Plaintiffs and class members had no meaningful alternative to accepting Apple's attempted
17  pro forma limitation of the duration of any warranties.

18      78.    As a result, Plaintiffs and proposed class members have been damaged in, *inter alia*,
19  the amount they paid to purchase and replace Apple's unfit MagSafe Adapters, and if no safe
20  replacement exists, in the amount they paid for their related Apple Computer, which relies on the
21  MagSafe Adapter for its power and usage.

22                         **FIFTH CAUSE OF ACTION**

23              **(Breach of Implied Warranty of Merchantability)**

24      79.    Plaintiffs re-allege and incorporate by reference the allegations contained in the
25  paragraphs above as if fully set forth herein.

26      80.    By placing its MagSafe Adapter in the stream of commerce, Apple impliedly
27  warranted that its Adapter was reasonably safe for its intended use, *i.e.*, to withstand usual wear as a
28  portable device and to charge the computers without causing fraying, sparking or premature failure.

FIRST AMENDED CLASS ACTION COMPLAINT

1    81.    Apple's MagSafe Adapter is not merchantable. In breach of the implied warranty of

2    merchantability, Apple's MagSafe Adapter fails to charge properly, falls apart and causes sparking,

3    which is a safety hazard as well as a cause of damage to the computers.

4    82.    Apple's MagSafe Adapter was not reasonably safe for its intended use when it left

5    Defendant's control and entered the market.

6    83.    The MagSafe Adapter defects were not open and/or obvious to consumers.

7    84.    Any purported limitation of the duration and scope of the implied warranty of

8    merchantability given by Apple is unreasonable, unconscionable and void, because Apple knew or

9    recklessly disregarded that the defect in the MagSafe Adapter existed and might not be discovered, if

10   at all, until the MagSafe Adapters had been used for a period of time longer than the period of any

11   written warranty, and Apple willfully withheld information about the defect from purchasers of

12   Apple computers. Moreover, due to the unequal bargaining power between the parties, plaintiffs and

13   the class members had no meaningful alternative to accepting Apple's attempted pro forma

14   limitation of the duration of any warranties.

15   85.    As a result, Plaintiffs and proposed class members have been damaged in, *inter alia*,

16   the amount they paid to purchase and replace Apple's un-merchantable MagSafe Adapters, and if no

17   safe replacement exists, in the amount they paid for their related Apple Computer, which relies on

18   the MagSafe Adapter for its power and usage.

19                                SIXTH CAUSE OF ACTION

20                   **(Violations of the Song-Beverly Consumer Warranty Act,**
                     **Cal. Civ. Code § 1791 *et seq.*)**
21

22   86.    Plaintiffs re-allege and incorporate by reference the allegations contained in the

23   paragraphs above as if fully set forth herein.

24   87.    This cause of action is brought under the Song-Beverly Consumer Warranty Act,

25   Cal. Civ. Code §§ 1791 *et seq*. Plaintiffs are "buyers," Defendant's MagSafe Adapter is a

26   "consumer good," and Defendant is a "retailer" and "manufacturer" within the meaning of Song-

27   Beverly.

28
FIRST AMENDED CLASS ACTION COMPLAINT

88.     By placing its MagSafe Adapter in the stream of commerce, Apple impliedly warrants that its MagSafe Adapter is reasonably safe for its intended use, *i.e.*, to withstand usual wear as a portable device and to charge the computers without causing fraying, sparks or premature failure.

89.     Apple's Adapter is not merchantable.  In breach of its implied warranty, Apple's MagSafe Adapter fails to charge properly, falls apart and causes sparking, which is a safety hazard as well as a cause of damage to the computers.

90.     Apple's MagSafe Adapter was not reasonably safe for its intended use when it left Defendant's control and entered the market.

91.     Apple's MagSafe Adapter's defects were not open and/or obvious to consumers.

92.     As a result, Plaintiffs and proposed class members have been damaged and will continue to be damaged in, *inter alia*, the amount they paid to purchase and replace un-merchantable MagSafe Adapters, and if no safe replacement exists, in the amount they paid for their related Apple Computer which relies on the MagSafe Adapter for its power and usage.

93.     Pursuant to Cal. Civ. Code § 1794, Plaintiffs and proposed class members are entitled to damages under the Song-Beverly Consumer Warranty Act, including, *inter alia*, reimbursement in the amount they paid for Defendant's MagSafe Adapters, and if no safe replacement exists, in the amount they paid for their related Apple Computer, which relies on the MagSafe Adapter for its power and usage and for their costs, expenses and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### (Negligence)

94.     Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

95.     The conduct of Apple in manufacturing, distributing and selling the MagSafe Adapter constituted negligence in failing to reasonably act in accordance with all applicable standards of care. Apple owed Plaintiffs and class members a duty not to disseminate a materially defective product.

23

FIRST AMENDED CLASS ACTION COMPLAINT

1    96.    Apple also breached its duty of care by negligently failing to timely and/or

2    adequately warn Plaintiff and the class of the defective and unreasonably dangerous condition of the

3    MagSafe Adapters, even after Apple was, or should have been, fully aware of the material defects in

4    said MagSafe Adapters.

5    97.    As a direct and proximate result of Apple's negligence, Plaintiffs and members of

6    the class suffered economic injury, entitling them to just compensation, as detailed below.

7                            **EIGHTH CAUSE OF ACTION**

8                            **(Money Had and Received)**

9    98.    Plaintiffs re-allege and incorporate by reference the allegations contained in the

10   paragraphs above as if fully set forth herein.

11   99.    As more fully set forth above, Apple has in its possession money which in equity and

12   good conscience belongs to plaintiff and Class members, which should be refunded to plaintiff and

13   Class members.

14

15                            **NINTH CAUSE OF ACTION**

16                            **(Unjust Enrichment)**

17   100.   Plaintiffs re-allege and incorporate by reference the allegations contained in the

18   paragraphs above as if fully set forth herein.

19   101.   Apple improperly received and continues to improperly receive from Plaintiffs and

20   class members millions of dollars as a result of the conduct alleged above.

21   102.   As a result, Plaintiffs and the class have conferred a benefit on Apple to which Apple

22   is not entitled.  Apple has knowledge of this benefit, wrongfully and deceptively obtained this

23   benefit, and has voluntarily accepted and retained the benefit conferred on it.  Apple will be

24   unjustly enriched if it is allowed to retain such funds and, therefore, a constructive trust should be

25   imposed on all monies wrongfully obtained by the Apple and the money should be disgorged from

26   Defendant, and returned to Plaintiffs and the class.

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray this Court enter a judgment against Defendant that:

A.     This action be certified and maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure and certify the proposed class as defined;

B.     Awards compensatory, statutory and/or punitive damages as to all Causes of Action where such relief is permitted;

C.     Awards Plaintiffs and proposed class members the costs of this action, including reasonable attorneys' fees and expenses;

D.     Orders Apple to immediately cease its wrongful conduct as set forth above; enjoins Apple from continuing to falsely market and advertise, conceal material information, and conduct business via the unlawful and unfair business acts and practices complained of herein; orders Apple to engage in a corrective notice campaign, and requires Apple to refund to Plaintiffs and all of the class members the funds paid to Apple for these defective products, including, if no reasonably safe replacement product exists, the full price paid for the subject computers;

E.     Awards equitable monetary relief, including restitution and disgorgement of all ill-gotten gains, and the imposition of a constructive trust upon, or otherwise restricting the proceeds of Defendant's ill-gotten gains, to ensure that Plaintiffs and proposed class members have an effective remedy;

F.     Awards pre-judgment and post-judgment interest at the legal rate; and

G.     Such further legal and equitable relief as this Court may deem just and proper.

FIRST AMENDED CLASS ACTION COMPLAINT

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

DATED: May 21, 2009

ZELDES & HAEGGQUIST, LLP
HELEN I. ZELDES
ALREEN HAEGGQUIST

s/ Helen I. Zeldes
HELEN I. ZELDES

625 Broadway, Suite 906
San Diego, CA 92101
Telephone: 619/342-8000
619/342-7878 (fax)

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

s/ Helen I. Zeldes
HELEN I. ZELDES, ATTORNEY OF
RECORD F OR PLAINTIFFS
TIMOTHY J. BROAD, JESSE REISMAN,
NEOTAKA KITAGAWA, JR.,

FIRST AMENDED CLASS ACTION COMPLAINT