

1   PENELOPE A. PREOVOLOS (CA SBN 87607)
    (PPreovolos@mofo.com)
2   ANDREW D. MUHLBACH (CA SBN 175694)
    (AMuhlbach@mofo.com)
3   ANNE M. HUNTER (CA SBN 221455)
    (AHunter@mofo.com)
4   ALEXEI KLESTOFF (CA SBN 224016)
    (AKlestoff@mofo.com)
5   MORRISON & FOERSTER LLP
    425 Market Street
6   San Francisco, California  94105-2482
    Telephone: 415.268.7000
7   Facsimile: 415.268.7522

8   *Attorneys for Defendant*
    APPLE INC.

9

10

11                  UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13                        SAN JOSE DIVISION

14

15   NAOTAKA KITAGAWA, JR., TIMOTHY J.          Case No.    C 09-01911 RS
     BROAD and JESSE REISMAN, on behalf of
16   themselves and all others similarly situated,   **CLASS ACTION**

17                          Plaintiffs,              **ANSWER TO FIRST AMENDED
               v.                                    CLASS ACTION COMPLAINT**
18
     APPLE, INC., and, DOES 1 THROUGH 50,           **DEMAND FOR JURY TRIAL**
19   inclusive,

20                          Defendants.              Complaint filed:   May 1, 2009

21

22

23

24

25

26

27

28

ANSWER TO CLASS ACTION COMPLAINT
Case No. C 09-01911 RS
sf-2704123

1    Defendant APPLE INC. ("Apple"), by and through its attorneys, answers the Complaint

2    filed by Plaintiffs Naotaka Kitagawa, Jr., Timothy J. Broad, and Jesse Reisman ("Plaintiffs") as

3    follows:

4                                    **NATURE OF THE ACTION**

5        1.      Responding to paragraph 1 of the Complaint, Apple states that Plaintiffs purport to

6    bring a nationwide class action on behalf of purchasers of Apple's 85W MagSafe Power Adapter

7    ("85W Adapter") and Apple's 60W MagSafe Power Adapter ("60W Adapter") (hereinafter,

8    collectively, "MagSafe Adapters") against Apple.  Apple denies that class treatment is

9    appropriate.  Except as expressly stated, Apple denies each and every averment contained in

10   paragraph 1.  Apple denies that Plaintiffs or the members of the purported class have been injured

11   or damaged in any way and further denies that Plaintiffs or the members of the purported class are

12   entitled to relief of any kind.

13       2.      Responding to paragraph 2 of the Complaint, Apple states that the URL cited,

14   http:www.apple.com/store, is part of an Apple website and that the website speaks for itself.

15   Except as expressly stated, Apple denies each and every averment contained in paragraph 2.

16       3.      Responding to paragraph 3 of the Complaint, Apple states that MagSafe Adapters

17   are sold with MacBook and MacBook Pro computers (hereinafter, collectively, "MacBooks") and

18   that Apple sells no other adapters that are compatible with MacBooks.  Apple further states that it

19   currently markets and sells MagSafe Adapters.  Insofar as the averments in paragraph 3 state

20   conclusions of law, no response thereto is required.  Except as expressly stated, Apple denies

21   each and every averment contained in paragraph 3.

22       4.      Responding to paragraph 4 of the Complaint, Apple states that Plaintiffs purport to

23   bring a class action on behalf of themselves and all other similarly situated.  Apple denies that

24   class treatment is appropriate.  Apple further states that Plaintiffs purport to state claims under the

25   California Unfair Competition Law, Business and Professions Code §§ 17200, *et seq.* ("UCL" or

26   "§ 17200"), the California Consumer Legal Remedies Act , Civil Code §§ 1750, *et seq.*

27   ("CLRA"), the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1), the Song-Beverly

28   Consumer Warranty Act, Civil Code § 1790, *et seq.* ("Song-Beverly"), as well as for breach of

implied warranties, negligence, and unjust enrichment.  Apple states that Plaintiffs purport to seek damages and equitable relief.  Except as expressly stated, Apple denies each and every averment contained in paragraph 4.  Apple denies that Plaintiffs or the members of the purported class have been injured or damaged in any way and further denies that Plaintiffs or the members of the purported class are entitled to relief of any kind.

**JURISDICTION AND VENUE**

5.      Responding to paragraph 5 of the Complaint, Apple states that insofar as the averments in paragraph 5 state conclusions of law, no response thereto is required.  Except as expressly stated, Apple denies each and every averment contained in paragraph 5.

6.      Responding to paragraph 6 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to the truth of the averments that the matter in controversy exceeds the jurisdictional amount.  Except as expressly stated, Apple denies each and every averment contained in paragraph 6.

7.      Responding to paragraph 7 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to the truth of the averments that the matter in controversy exceeds the jurisdictional amount.  Except as expressly stated, Apple denies each and every averment contained in paragraph 7.

8.      Responding to paragraph 8 of the Complaint, Apple states that its executive offices and corporate headquarters are located in Cupertino, California.  Apple further states that it is incorporated in California and that it is registered to do business in the State of California.  Apple states that it has promoted, marketed, distributed, and sold MagSafe Adapters in California.  Insofar as the averments in paragraph 8 state conclusions of law, no response thereto is required.  Except as expressly stated, Apple denies each and every averment contained in paragraph 8.

9.      Responding to paragraph 9 of the Complaint, Apple states that it does business in the Northern District of California and that its headquarters are located in Santa Clara County, California.  Insofar as the averments in paragraph 9 state conclusions of law, no response thereto is required.  Except as expressly stated, Apple denies each and every averment contained in paragraph 9.

**INTRADISTRICT ASSIGNMENT**

10.     Responding to paragraph 10 of the Complaint, Apple states that insofar as the averments in paragraph 10 state conclusions of law, no response thereto is required.  Apple further states that is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 10 and on that basis denies the averments.

**PARTIES**

11.     Responding to paragraph 11 of the Complaint, Apple states that its records confirm that Plaintiff Naotaka Kitagawa purchased a MacBook computer in May of 2006.  Except as expressly stated, Apple is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 11 and on that basis denies the averments.

12.     Responding to paragraph 12 of the Complaint, Apple states that its records confirm that Plaintiff Timothy J. Broad purchased a MacBook computer in September of 2006.  Apple further states that its records reflect that Mr. Broad contacted Apple in December.  Except as expressly stated, Apple is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 12 and on that basis denies the averments.

13.     Responding to paragraph 13 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 13 and on that basis denies the averments.

14.     Responding to paragraph 14 of the Complaint, Apple states that it is incorporated in California.  Apple further states that its executive offices and corporate headquarters are located in Cupertino, Santa Clara County, California.  Apple states that it is registered to do business in the State of California and conducts business in the State of California.  Apple further states that it is a publicly-traded company.  Apple states that its 2008 Form 10-K lists net sales of over $32 billion.  Apple states that it sells MacBooks throughout the United States, including in California.  Except as expressly stated, Apple denies each and every averment contained in paragraph 14.

15.     Responding to paragraph 15 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 15 and on that basis denies the averments.

### DEFENDANT'S UNLAWFUL CONDUCT

16.     Responding to paragraph 16 of the Complaint, Apple states that it was incorporated under the laws of the State of California in January 1977.  Apple states that it designs, markets, distributes, and sells personal computers and related products and services through its online stores, its own retail stores, and authorized resellers.  Except as expressly stated, Apple denies each and every averment contained in paragraph 16.

17.     Responding to paragraph 17 of the Complaint, Apple states that on or about February 2006, it began warranting, advertising, marketing, selling, and providing 85W MagSafe power adapters nationwide, for use with its MacBook Pro computers.  Apple further states that on or about May 2006, it began warranting, advertising, marketing, selling, and providing 60W MagSafe power adapters nationwide, for use with its MacBook computers.  Apple states that MacBooks come equipped with MagSafe Adapters.  Apple further states that it also sells MagSafe Adapters separately from MacBooks.  Apple states that it does not sell any other power adapter for use with MacBooks.  Except as expressly stated, Apple denies each and every averment contained in paragraph 17.

18.     Responding to paragraph 18 of the Complaint, Apple states that it markets MagSafe Adapters for use with MacBooks.  Except as expressly stated, Apple denies each and every averment contained in paragraph 18.

19.     Responding to paragraph 19 of the Complaint, Apple states that the URLs cited are part of an Apple website and that the website speaks for itself.  Except as expressly stated, Apple denies each and every averment contained in paragraph 19.

20.     Responding to paragraph 20 of the Complaint, Apple states that the URLs cited are part of an Apple website and that the website speaks for itself.  Apple further states that its May 16, 2006 Press Release speaks for itself.  Except as expressly stated, Apple denies each and every averment contained in paragraph 20.

ANSWER TO CLASS ACTION COMPLAINT
Case No. C 09-01911 RS
sf-2704123

4

21.     Responding to paragraph 21 of the Complaint, Apple states that its June 5, 2007 Press Release speaks for itself.  Apple further states that the URL cited is part of an Apple website and that the website speaks for itself.  Except as expressly stated, Apple denies each and every averment contained in paragraph 21.

22.     Responding to paragraph 22 of the Complaint, Apple states that the reference in paragraph 22 is a reference to part of an Apple website and that the website speaks for itself. Except as expressly stated, Apple denies each and every averment contained in paragraph 22.

23.     Responding to paragraph 23 of the Complaint, Apple denies each and every averment contained in paragraph 23.

24.     Responding to paragraph 24 of the Complaint, Apple states that at one end of each MagSafe Adapter is a magnetic connector.  Except as expressly stated, Apple denies each and every averment contained in paragraph 24.

25.     Responding to paragraph 25 of the Complaint, Apple denies each and every averment contained in paragraph 25.

26.     Responding to paragraph 26 of the Complaint, Apple states that as of July 10, 2009, there are customer reviews on Apple's website.  Except as expressly stated, Apple denies each and every averment contained in paragraph 26.

27.     Responding to paragraph 27 of the Complaint, Apple states that its website includes a page entitled, "Apple Portables:  Troubleshooting MagSafe adapters," and that the website speaks for itself.  Except as expressly stated, Apple denies each and every remaining averment contained in paragraph 27.

28.     Responding to paragraph 28 of the Complaint, Apple denies each and every averment contained in paragraph 28.

29.     Responding to paragraph 29 of the Complaint, Apple denies that "the Internet is rife with complaints about the MagSafe adapter."  Apple states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 29 at this time, and on that basis denies each and every such averment.

30.     Responding to paragraph 30 of the Complaint, Apple denies each and every averment contained in paragraph 30.

31.     Responding to paragraph 31 of the Complaint, Apple denies each and every averment contained in paragraph 31.

32.     Responding to paragraph 32 of the Complaint, Apple denies each and every averment contained in paragraph 32.

33.     Responding to paragraph 33 of the Complaint, Apple denies each and every averment contained in paragraph 33.

34.     Responding to paragraph 34 of the Complaint, Apple denies each and every averment contained in paragraph 34.

35.     Responding to paragraph 35 of the Complaint, Apple states that it continues to sell MagSafe Adapters.  Apple denies that the Magsafe Adapters are defective.  Except as expressly stated, Apple denies each and every averment contained in paragraph 35.

36.     Responding to paragraph 36 of the Complaint, Apple denies each and every averment contained in paragraph 36.  Apple denies that Plaintiffs or the members of the purported class have been injured or damaged in any way and further denies that Plaintiffs or the members of the purported class are entitled to relief of any kind.

**PLAINTIFFS' ALLEGATIONS**

37.     Responding to paragraph 37 of the Complaint, Apple states that MacBook and MacBook Pro computers are sold with MagSafe Adapters.  Apple further states that its records confirm that Plaintiffs Naotaka Kitagawa and Timothy J. Broad purchased MacBook computers in 2006.  As to the remaining averments set forth in paragraph 37, Apple is without knowledge or information sufficient to form a belief as to the truth of such averments at this time and on that basis denies the averments.

38.     Responding to paragraph 38 of the Complaint, Apple states that MacBook and MacBook Pro computers are sold with MagSafe Adapters.  Apple further states that its records confirm that Plaintiffs Naotaka Kitagawa and Timothy J. Broad purchased MacBook computers in 2006.  As to the remaining averments set forth in paragraph 38, Apple is without knowledge or

1  information sufficient to form a belief as to the truth of such averments at this time, and on that

2  basis denies the averments.

3     39.  Responding to paragraph 39 of the Complaint, Apple is without knowledge or

4  information sufficient to form a belief as to the truth of the averments contained in paragraph 39

5  and on that basis denies the averments.

6     40.  Responding to paragraph 40 of the Complaint, Apple states that as of July 10,

7  2009, there are customer reviews on Apple's website. As to the remaining averments set forth in

8  paragraph 40, Apple is without knowledge or information sufficient to form a belief as to the truth

9  of such averments, and on that basis denies such averments.

10    41.  Responding to paragraph 41 of the Complaint, Apple denies each and every

11 averment contained in paragraph 41.

12    42.  Responding to paragraph 42 of the Complaint, Apple denies each and every

13 averment of paragraph 42. Apple denies that Plaintiffs or the members of the purported class

14 have been injured or damaged in any way and further denies that Plaintiffs or the members of the

15 purported class are entitled to relief of any kind.

16              **CLASS ACTION ALLEGATIONS**

17    43.  Responding to paragraph 43 of the Complaint, Apple states that Plaintiffs purport

18 to bring a class action against Apple. Apple denies that class treatment is appropriate.

19    44.  Responding to paragraph 44 of the Complaint, Apple denies each and every

20 averment contained in paragraph 44.

21    45.  Responding to paragraph 45 of the Complaint, Apple denies each and every

22 averment contained in paragraph 45 and each and every averment contained in all subparagraphs

23 of paragraph 45.

24    46.  Responding to paragraph 46 of the Complaint, Apple states that Plaintiffs seek

25 damages and equitable relief. Apple denies that Plaintiffs or the members of the purported class

26 have been injured or damaged in any way and further denies that Plaintiffs or the members of the

27 purported class are entitled to relief of any kind.

28

**FIRST CAUSE OF ACTION**
**(Unfair Business Practice (Cal. Bus. & Prof. Code § 17200, *et seq.*)**

47.     Responding to paragraph 47 of the Complaint, Apple realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

48.     Responding to paragraph 48 of the Complaint, Apple states that California Business & Professions Code § 17200 speaks for itself.

49.     Responding to paragraph 49 of the Complaint, Apple denies each and every averment contained in paragraph 49.

50.     Responding to paragraph 50 of the Complaint, Apple denies each and every averment contained in paragraph 50.

51.     Responding to paragraph 51 of the Complaint, Apple denies each and every averment contained in paragraph 51.

52.     Responding to paragraph 52 of the Complaint, Apple denies each and every averment contained in paragraph 52.

53.     Responding to paragraph 53 of the Complaint, Apple denies each and every averment contained in paragraph 53 and each and every averment contained in all subparagraphs of paragraph 53.  Apple denies that Plaintiffs or the members of the purported class have been injured or damaged in any way and further denies that Plaintiffs or the members of the purported class are entitled to relief of any kind.

**SECOND CAUSE OF ACTION**
**(Violation of the Consumers Legal Remedies Act (California Civil Code § 1750, *et seq.*))**

54.     Responding to paragraph 54 of the Complaint, Apple realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

55.     Responding to paragraph 55 of the Complaint, Apple states that Plaintiffs purport to bring a claim under the Consumer Legal Remedies Act, California Civil Code §§ 1750, *et seq.* Insofar as Plaintiffs' averments state conclusions of law, no response is required thereto.  Except as expressly stated herein, Apple denies each and every averment of paragraph 55.

1   56.   Responding to paragraph 56 of the Complaint, Apple denies each and every

2   averment contained in paragraph 56 and each subparagraph thereof.

3   57.   Responding to paragraph 57 of the Complaint, Apple denies each and every

4   averment contained in paragraph 57.

5   58.   Responding to paragraph 58 of the Complaint, Apple states that it received a

6   CLRA demand letter from attorney Helen I. Zeldes on behalf of Plaintiffs Kitagawa, Broad, and

7   Reisman by certified mail on April 16, 2009.  Except as expressly stated, Apple denies each and

8   every averment contained in paragraph 58.

9   59.   Responding to paragraph 59 of the Complaint, Apple states that Plaintiffs seek

10   actual damages and punitive damages.  Except as expressly stated, Apple denies each and every

11   averment contained in paragraph 59.  Apple denies that Plaintiffs or the members of the purported

12   class have been injured or damaged in any way and further denies that Plaintiffs or the members

13   of the purported class are entitled to relief of any kind.

14   60.   Responding to paragraph 60 of the Complaint, Apple states that Plaintiffs seek

15   injunctive relief.  Apple denies that Plaintiffs or any member of the purported class suffered

16   injury or damage, and further denies that Plaintiffs or any member of the purported class are

17   entitled to injunctive relief or to relief of any kind.  Except as expressly stated, Apple denies each

18   and every averment contained in paragraph 60.

19   61.   Responding to paragraph 61 of the Complaint, Apple denies each and every

20   averment of paragraph 61.  Apple denies that Plaintiffs or the members of the purported class

21   have been injured or damaged in any way and further denies that Plaintiffs or the members of the

22   purported class are entitled to relief of any kind.

23   **THIRD CAUSE OF ACTION**
   **(Violations of the Magnuson-Moss Warranty Act (15 U.S.C. § 2310(d)(1)))**

24

25   62.   Responding to paragraph 62 of the Complaint, Apple realleges and incorporates by

26   reference each and every preceding paragraph of this Answer as if fully set forth herein.

27

28

63.     Responding to paragraph 63 of the Complaint, Apple states that insofar as Plaintiffs' averments in paragraph 63 state conclusions of law, no response thereto is required. Except as expressly stated, Apple denies each and every averment contained in paragraph 63.

64.     Responding to paragraph 64 of the Complaint, Apple states that insofar as Plaintiffs' averments in paragraph 64 state conclusions of law, no response thereto is required. Except as expressly stated, Apple denies each and every averment contained in paragraph 64.

65.     Responding to paragraph 65 of the Complaint, Apple denies each and every averment contained in paragraph 65.

66.     Responding to paragraph 66 of the Complaint, Apple states that insofar as paragraph 66 states conclusions of law, no response thereto is required. Apple denies that the MagSafe Adapters are defective. Except as expressly stated, Apple denies each and every remaining averment contained in paragraph 66.

67.     Responding to paragraph 67 of the Complaint, Apple states that insofar as paragraph 67 states conclusions of law, no response thereto is required. Apple denies that the MagSafe Adapters are dangerously designed and/or manufactured. Except as expressly stated, Apple denies each and every remaining averment contained in paragraph 67.

68.     Responding to paragraph 68 of the Complaint, Apple states that insofar as paragraph 68 states conclusions of law, no response thereto is required. Apple denies that the MagSafe Adapters are defective. Except as expressly stated, Apple denies each and every remaining averment contained in paragraph 68.

69.     Responding to paragraph 69 of the Complaint, Apple states that insofar as paragraph 69 states conclusions of law, no response thereto is required. Apple denies that the MagSafe Adapters are defective. Except as expressly stated, Apple denies each and every remaining averment contained in paragraph 69.

70.     Responding to paragraph 70 of the Complaint, Apple denies each and every averment contained in paragraph 70. Apple denies that Plaintiffs or the members of the purported class suffered injury or damage, and further denies that Plaintiffs or the members of the purported class are entitled to relief of any kind.

71.     Responding to paragraph 71 of the Complaint, Apple denies each and every averment contained in paragraph 71.  Apple denies that Plaintiffs or the members of the purported class have been injured or damaged in any way and further denies that Plaintiffs or the members of the purported class are entitled to relief of any kind.

## FOURTH CAUSE OF ACTION
### (Breach of Implied Warranty of Fitness for a Particular Purpose)

72.     Responding to paragraph 72 of the Complaint, Apple realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

73.     Responding to paragraph 73 of the Complaint, Apple states that insofar as Plaintiffs' averments in paragraph 73 state conclusions of law, no response thereto is required. Except as expressly stated, Apple denies each and every averment contained in paragraph 73.

74.     Responding to paragraph 74 of the Complaint, Apple states that insofar as Plaintiffs' averments in paragraph 74 state conclusions of law, no response thereto is required. Except as expressly stated, Apple denies each and every averment contained in paragraph 74.

75.     Responding to paragraph 75 of the Complaint, Apple states that insofar as Plaintiffs' averments in paragraph 75 state conclusions of law, no response thereto is required. Except as expressly stated, Apple denies each and every averment contained in paragraph 75.

76.     Responding to paragraph 76 of the Complaint, Apple states that insofar as paragraph 76 states conclusions of law, no response thereto is required.  Apple denies that the MagSafe Adapters are defective.  Except as expressly stated, Apple denies each and every remaining averment contained in paragraph 76.

77.     Responding to paragraph 77 of the Complaint, Apple states that insofar as Plaintiffs' averments in paragraph 77 state conclusions of law, no response thereto is required. Except as expressly stated, Apple denies each and every averment contained in paragraph 77.

78.     Responding to paragraph 78 of the Complaint, Apple denies each and every averment contained in paragraph 78.  Apple denies that Plaintiffs or the members of the purported class have been injured or damaged in any way and further denies that Plaintiffs or the members of the purported class are entitled to relief of any kind.

ANSWER TO CLASS ACTION COMPLAINT
Case No. C 09-01911 RS
sf-2704123

11

1

2

## FIFTH CAUSE OF ACTION
### (Breach of Implied Warranty of Merchantability)

3

4

79.     Responding to paragraph 79 of the Complaint, Apple realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

5

6

7

80.     Responding to paragraph 80 of the Complaint, Apple states that insofar as Plaintiffs' averments in paragraph 80 state conclusions of law, no response thereto is required. Except as expressly stated, Apple denies each and every averment contained in paragraph 80.

8

9

81.     Responding to paragraph 81 of the Complaint, Apple denies each and every averment contained in paragraph 81.

10

11

82.     Responding to paragraph 82 of the Complaint, Apple denies each and every averment contained in paragraph 82.

12

13

14

15

16

83.     Responding to paragraph 83 of the Complaint, Apple states that insofar as paragraph 83 states conclusions of law, no response thereto is required.  To the extent that paragraph 83 contains factual averments, Apple denies that the MagSafe Adapters are defective. Except as expressly stated, Apple denies each and every remaining averment contained in paragraph 83.

17

18

19

84.     Responding to paragraph 84 of the Complaint, Apple states that insofar as Plaintiffs' averments in paragraph 84 state conclusions of law, no response thereto is required. Except as expressly stated, Apple denies each and every averment contained in paragraph 84.

20

21

22

23

85.     Responding to paragraph 85 of the Complaint, Apple denies each and every averment contained in paragraph 85.  Apple denies that Plaintiffs or the members of the purported class have been injured or damaged in any way and further denies that Plaintiffs or the members of the purported class are entitled to relief of any kind.

24

25

## SIXTH CAUSE OF ACTION
### (Violations of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1791 *et seq.*)

26

27

86.     Responding to paragraph 86 of the Complaint, Apple realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

28

ANSWER TO CLASS ACTION COMPLAINT
Case No. C 09-01911 RS
sf-2704123

12

87.     Responding to paragraph 87 of the Complaint, Apple states that Plaintiffs purport to bring a cause of action under the Song-Beverly Consumer Warranty Act.  Insofar as Plaintiffs' averments in paragraph 87 state conclusions of law, no response thereto is required.  Except as otherwise stated, Apple denies each and every averment contained in paragraph 87.

88.     Responding to paragraph 88 of the Complaint, Apple states that insofar as Plaintiffs' averments in paragraph 88 state conclusions of law, no response thereto is required. Except as otherwise stated, Apple denies each and every averment contained in paragraph 88.

89.     Responding to paragraph 89 of the Complaint, Apple states that insofar as Plaintiffs' averments in paragraph 89 state conclusions of law, no response thereto is required. Except as otherwise stated, Apple denies each and every averment contained in paragraph 89.

90.     Responding to paragraph 90 of the Complaint, Apple states that insofar as Plaintiffs' averments in paragraph 90 state conclusions of law, no response thereto is required. Except as otherwise stated, Apple denies each and every averment contained in paragraph 90.

91.     Responding to paragraph 91 of the Complaint, Apple states that insofar as paragraph 91 states conclusions of law, no response thereto is required.  To the extent that paragraph 91 contains factual averments, Apple denies that the MagSafe Adapters are defective. Except as expressly stated, Apple denies each and every remaining averment contained in paragraph 91.

92.     Responding to paragraph 92 of the Complaint, Apple denies each and every averment contained in paragraph 92.  Apple denies that Plaintiffs or the members of the purported class have been injured or damaged in any way and further denies that Plaintiffs or the members of the purported class are entitled to relief of any kind.

93.     Responding to paragraph 93 of the Complaint, Apple denies each and every averment contained in paragraph 93.  Apple denies that Plaintiffs or the members of the purported class have been injured or damaged in any way and further denies that Plaintiffs or the members of the purported class are entitled to relief of any kind.

ANSWER TO CLASS ACTION COMPLAINT
Case No. C 09-01911 RS
sf-2704123

13

**SEVENTH CAUSE OF ACTION**
**(Negligence)**

94.     Responding to paragraph 94 of the Complaint, Apple realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

95.     Responding to paragraph 95 of the Complaint, Apple states that insofar as Plaintiffs' averments in paragraph 95 state conclusions of law, no response thereto is required. Except as expressly stated, Apple denies each and every averment contained in paragraph 95.

96.     Responding to paragraph 96 of the Complaint, Apple states that insofar as Plaintiffs' averments in paragraph 96 state conclusions of law, no response thereto is required. Except as expressly stated, Apple denies each and every averment contained in paragraph 96.

97.     Responding to paragraph 97 of the Complaint, Apple denies each and every averment contained in paragraph 97.  Apple denies that Plaintiffs or the members of the purported class have been injured or damaged in any way and further denies that Plaintiffs or the members of the purported class are entitled to relief of any kind.

**EIGHTH CAUSE OF ACTION**
**(Money Had and Received)**

98.     Responding to paragraph 98 of the Complaint, Apple realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

99.     Responding to paragraph 99 of the Complaint, Apple denies each and every averment contained in paragraph 99.  Apple denies that Plaintiffs or the members of the purported class have been injured or damaged in any way and further denies that Plaintiffs or the members of the purported class are entitled to relief of any kind.

**NINTH CAUSE OF ACTION**
**(Unjust Enrichment)**

100.     Responding to paragraph 100 of the Complaint, Apple realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

101.     Responding to paragraph 101 of the Complaint, Apple denies each and every averment contained in paragraph 101.

102.   Responding to paragraph 102 of the Complaint, Apple denies each and every averment contained in paragraph 102.  Apple denies that Plaintiffs or the members of the purported class have been injured or damaged in any way and further denies that Plaintiffs or the members of the purported class are entitled to relief of any kind.

## PRAYER FOR RELIEF

Apple denies that Plaintiffs' purported class is certifiable or that Plaintiffs or the members of the purported class suffered injury or damage, and further denies that Plaintiffs or the members of the purported class are entitled to relief of any kind.

## AFFIRMATIVE DEFENSES

As to affirmative defenses to the Complaint, Apple does not, by stating the matters set forth in these defenses, allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters, and does not assume the burden of proof or persuasion as to any matters as to which Plaintiffs have the burden of proof or persuasion.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim — All Causes of Action)

1.   The Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause, or causes, of action against Apple.

## SECOND AFFIRMATIVE DEFENSE

### (Complaint Uncertain, Vague, and Ambiguous)

2.   The Complaint and the averments thereof are uncertain, vague, and ambiguous.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

3.   Plaintiffs is barred by the doctrine of unclean hands from asserting any of the claims in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

4.   Plaintiffs' claims, and those of the purported class, alleged in the Complaint are barred by the applicable statutes of limitations.

**FIFTH AFFIRMATIVE DEFENSE**

**(Plaintiffs' Claims Barred)**

5.     Apple alleges that Plaintiffs' claims that Apple engaged in unfair conduct in violation of California Business & Professions Code §§ 17200, *et seq.*, are barred by other provisions of state law.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Plead Fraud/Misrepresentations with Particularity)**

6.     Plaintiffs has failed to plead with particularity the circumstances constituting the alleged fraud/misrepresentations.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Warranties Were Limited)**

7.     As to those causes of action based upon a breach of warranty, Apple expressly limited any express warranty and any implied warranty that may have otherwise been created or have been in existence.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to Notify of Breach of Warranty)**

8.     As to those causes of action based upon a breach of warranty, Plaintiffs failed to notify Apple of any breach of warranty within a reasonable time after Plaintiffs knew or should have known of any purported breach.

**NINTH AFFIRMATIVE DEFENSE**

**(Waiver)**

9.     The Complaint, and each of its purported causes of action, is barred, in whole or in part, by the doctrine of waiver.

**TENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

10.     The Complaint, and each of its purported causes of action, is barred, in whole or in part, by the equitable doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

11.     Plaintiffs' claims, and those of the purported class, are barred, in whole or in part, by their own comparative fault.

## TWELFTH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

12.     Any and all events, happenings, injuries and damages set forth in the Complaint were proximately caused and contributed to by the acts and/or omissions of Plaintiffs and/or members of the purported class, and such acts and/or omissions totally bar or reduce any recovery on the part of Plaintiffs and/or the purported class.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Injury or Damage)

13.     Apple denies that Plaintiffs, any member of the purported class, and/or any member of the general public has suffered any injury or damage whatsoever, and further denies that Apple is liable to Plaintiffs and/or any member of the purported class for any injury or damage claimed or for any injury or damage whatsoever.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Alleged Injury or Damage Caused by Others)

14.     To the extent that Plaintiffs and/or the purported class suffered injury or damage, which Apple denies, such injury or damage was caused by the actions or conduct of others, not of Apple.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Constitutional)

15.     The claims of Plaintiffs and the purported class are in contravention of Apple's rights under applicable clauses of the United States and California Constitutions, including without limitation the following provisions:  (a) said claims constitute an impermissible burden on interstate commerce in contravention of Article I, Section 8, of the United States Constitution; (b) said claims violate Apple's right to Due Process under the Fourteenth Amendment to the

1   United States Constitution; (c) said claims contravene the constitutional prohibition against vague

2   and overbroad laws; (d) said claims contravene freedom of speech rights under the California

3   Constitution and the First and Fourteenth Amendments to the United States Constitution; and

4   (e) said claims contravene the Due Process Clause of the California Constitution.

5                                    **SIXTEENTH AFFIRMATIVE DEFENSE**

6                                                    **(Good Faith)**

7           16.     Plaintiffs' claims, and those of the purported class, are barred, in whole or in part,

8   because Apple at all times acted in good faith and did not directly or indirectly perform any act

9   whatsoever that would constitute a violation of any right of Plaintiffs or the purported class or any

10  duty owed to Plaintiffs or the purported class.

11                                 **SEVENTEENTH AFFIRMATIVE DEFENSE**

12                              **(Alleged Representations Not Actionable)**

13          17.     The alleged representations are not actionable statements of fact under applicable

14  law.

15                                 **EIGHTEENTH AFFIRMATIVE DEFENSE**

16                                              **(Bona Fide Error)**

17          18.     The claims of Plaintiffs and the purported class are barred because, although Apple

18  denies each and every claim of Plaintiffs and the purported class and denies that Apple engaged

19  in wrongdoing or error of any kind, any alleged error on Apple's part was a bona fide error

20  notwithstanding Apple's use of reasonable procedures adopted to avoid any such error.

21                                 **NINETEENTH AFFIRMATIVE DEFENSE**

22                              **(Failure to Notify Within Reasonable Time)**

23          19.     Plaintiffs' claims, and those of the purported class, are barred, in whole or in part,

24  because Plaintiffs failed to give Apple proper notice of the alleged defects within a reasonable

25  time after Plaintiffs discovered, or should have discovered, the defects alleged in the Complaint.

26

27

28

1

## TWENTIETH AFFIRMATIVE DEFENSE

2

### (Cure)

3        20.     Plaintiffs' claims, and those of the purported class, are barred, in whole or in part,

4   because, although Apple denies each and every claim of Plaintiffs and the purported class and

5   denies that Apple engaged in wrongdoing or error of any kind, Apple has established an

6   appropriate correction, repair, replacement, or other remedy in satisfaction of California Civil

7   Code § 1782.

8

## TWENTY-FIRST AFFIRMATIVE DEFENSE

9

### (Lack of Article III Standing)

10       21.     Apple alleges on information and belief that Plaintiffs and the members of the

11  purported class lack standing under Article III of the Constitution of the United States.

12

## TWENTY-SECOND AFFIRMATIVE DEFENSE

13

### (Laches)

14       22.     The Complaint and each of its purported causes of action are barred, in whole or in

15  part, by the doctrine of laches.

16

17       Apple reserves the right to assert other defenses as discovery progresses.

18

## PRAYER

19       WHEREFORE, Apple prays for judgment as follows:

20       1.   That Plaintiffs and the purported class take nothing by way of the Complaint;

21       2.   That the Complaint be dismissed with prejudice and judgment be entered in favor

22           of Apple;

23       3.   That Apple be awarded its costs of suit; and

24       4.   For such other and further relief as the Court deems just and proper.

25

26

## DEMAND FOR JURY TRIAL

27       Apple hereby demands a trial by jury on all issues upon which trial by jury may be had.

28

1

2   Dated: July 10, 2009                    PENELOPE A. PREOVOLOS
                                            ANDREW D. MUHLBACH
3                                           ANNE M. HUNTER
                                            ALEXEI KLESTOFF
4                                           MORRISON & FOERSTER LLP

5
                                   By:    /s/ Penelope A. Preovolos
6                                         Penelope A. Preovolos

7                                         *Attorneys for Defendant*
                                          APPLE INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO CLASS ACTION COMPLAINT                                    20
Case No. C 09-01911 RS
sf-2704123