PENELOPE A. PREOVOLOS (CA SBN 87607)
(PPreovolos@mofo.com)
ANDREW D. MUHLBACH (CA SBN 175694)
(AMuhlbach@mofo.com)
ANNE M. HUNTER (CA SBN 221455)
(AHunter@mofo.com)
ALEXEI KLESTOFF (CA SBN 224016)
(AKlestoff@mofo.com)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

*Attorneys for Defendant*
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **NAOTAKA KITAGAWA, JR., TIMOTHY J. BROAD and JESSE REISMAN, on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**APPLE, INC., and, DOES 1 THROUGH 50, inclusive,**<br><br>**Defendants** | Case No. 09-cv-01911-JW<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>**LOCAL RULE 3-12** |

Apple Inc. ("Apple") hereby moves pursuant to Local Rule 3-12(b) for a determination that *Tracey Hackwith, et al. v. Apple Inc.,* Northern District of California, San Jose Division, Case No. 09-cv-03862 RMW ("*Hackwith*"), is a "related case" to *Naotaka Kitagawa, et al. v. Apple Inc.,* Northern District of California, San Jose, Case No. 09-cv-01911 JW ("*Kitagawa*"), within the meaning of Local Rule 3-12(a).

ADMINISTRATIVE MOTION WHETHER CASES SHOULD BE RELATED - CASE NO. 09-CV-01911 JW      1
sf-2735644

1  The nature of the relationship between the newly-transferred *Hackwith* action and the older *Kitagawa* action is that: (1) the cases all assert claims against the same lone defendant, Apple; (2) the putative plaintiff classes in the actions overlap; and (3) the cases require determination of the same or substantially the same questions of fact and law. Specifically, all of the actions focus on (i) allegedly defective Magsafe Power Adapters, based on manufacturing and/or design processes that allegedly result in the adapters failing when used as intended, and (ii) whether Apple knew of these alleged defects and/or improperly marketed the product.[1]

Due to their similarity, if not treated as related, these cases are likely to require substantial duplication of labor and expense and present a potential danger of inconsistent rulings regarding the same issues of law. Given the closely related nature of each of these cases, the treatment of these actions as related would serve the interests of judicial economy and avoid the potential for conflicting rulings.

Accordingly, Apple asks this Court to enter an order relating the *Hackwith* action to the *Kitagawa* action.

Dated: September 4, 2009

PENELOPE A. PREOVOLOS
ANDREW D. MUHLBACH
ANNE M. HUNTER
ALEXEI KLESTOFF
MORRISON & FOERSTER LLP

By: /s/ Andrew D. Muhlbach
    Andrew D. Muhlbach

Attorneys for Defendant
APPLE INC.

---

[1] Apple does not by this stipulated Motion concede any of the factual allegations of the cases or that certification of the putative classes is proper under Federal Rules of Civil Procedure, Rule 23.