| | |
|---|---|
| 1 | ZELDES & HAEGGQUIST, LLP |
| | HELEN I. ZELDES (220051) |
| 2 | ALREEN HAEGGQUIST (221858) |
| | 625 Broadway, Suite 906 |
| 3 | San Diego, CA 92101 |
| | Telephone: 619/342-8000 |
| 4 | Fax: 619/342-7272 |
| | Email: helenz@zhlaw.com |
| 5 | alreenh@zhlaw.com |

*Attorneys for the Kitagawa Plaintiffs*

[Additional counsel appear on next page]

PENELOPE A. PREOVOLOS (CA SBN 87607)
(PPreovolos@mofo.com)
ANDREW D. MUHLBACH (CA SBN 175694)
(AMuhlbach@mofo.com)
ANNE M. HUNTER (CA SBN 221455)
(AHunter@mofo.com)
ALEXEI KLESTOFF (CA SBN 224016)
(AKlestoff@mofo.com)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NAOTAKA KITAGAWA, JR., TIMOTHY J. BROAD and JESSE REISMAN, on behalf of themselves and all others similarly situated, | Case No. C 09-01911 JW |
| TRACEY HACKWITH, MAXX SCHOLTEN AND MICHAEL MARTIN, Individually and On Behalf of All Others Similarly Situated, | Case No. C 09-03862 JW |
| Plaintiffs, | **JOINT RULE 26(f) REPORT, CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** |
| v. | Date: October 19, 2009 |
| APPLE, INC., and, DOES 1 THROUGH 50, inclusive, | Time: 10:00 a.m. |
| Defendants. | Courtroom: Hon. James Ware |

| | |
|---|---|
| 1 | MEHRI & SKALET, PLLC |
| | STEVEN A. SKALET (*admitted pro hac vice*) |
| 2 | CRAIG L. BRISKIN (*admitted pro hac vice*) |
| | 1250 Connecticut Ave. NW, Suite 300 |
| 3 | Washington, DC 20036 |
| | Telephone: 202/822-5100 |
| 4 | Fax: 202/822-4997 |
| 5 | - Attorneys for the *Kitagawa* Plaintiffs - |
| 6 | - and - |
| 7 | ANGELA C. AGRUSA (CA SBN 131337) |
| | ANTHONY D. SBARDELLATI (CA SBN 246431) |
| 8 | LINER GRODE STEIN YANKELEVITZ SUNSHINE REGENSTREIF & TAYLOR |
| | 1100 Glendon Avenue 14th Floor |
| 9 | Los Angeles, CA 90024 |
| | Telephone: 310.500.3500 |
| 10 | Facsimile: 310.500.3501 |
| 11 | PATRICK MCNICHOLAS (CA SBN 125868) |
| | MCNICHOLAS & MCNICHOLAS LLP |
| 12 | 10866 Wilshire Boulevard Suite 1400 |
| | Los Angeles, CA 90024-4338 |
| 13 | Telephone: (310) 474-1582 |
| | Facsimile: (310) 475-7871 |
| 14 | |
| | - Attorneys for the *Hackwith* Plaintiffs – |
| 15 | |

**Introduction**

On May 1, 2009, Plaintiffs Naotaka Kitagawa, Jr., Timothy J. Broad, and Jesse Reisman filed a complaint in this Court against Apple Inc. ("Apple"). On May 15, 2009, Plaintiffs Tracey Hackwith, Maxx Scholten, and Michael Martin filed a similar complaint against Apple in the United States District Court for the Central District of California.

On July 13, 2009, Apple filed a motion to transfer the *Hackwith* case to the Northern District of California; that motion was granted on August 12, 2009. On September 24, 2009, this Court issued an order relating the *Hackwith* case to the *Kitagawa* case (hereinafter, collectively, the "Related Actions").

Both complaints allege that Apple's 60W and 85W MagSafe power adapters (the "Adapters") fray, spark, and fail prematurely, and both allege that Apple misrepresented the quality of the Adapters. Apple disputes these allegations. Plaintiffs in the Related Actions (hereinafter, collectively, "Plaintiffs"), together with Apple jointly submit this Joint Case Management Statement.

**1.    Jurisdiction and Service:**

**A.    Jurisdiction**

This Court has jurisdiction over the claims asserted in the Related Actions pursuant to 28 U.S.C. § 1332, as diversity between the parties exists and the matter in controversy exceeds the sum or value of $5 million. Venue is proper in this Judicial District because Apple maintains its principal place of business in this district. Apple does not dispute personal jurisdiction or venue in this jurisdiction.

**B.    Service**

Apple has accepted service of the Complaints in the Related Actions.

**2.    Facts:**

Apple includes an 85-watt ("85W") Power Adapter with the MacBook Pro laptop computers it sells. Apple also sells additional, stand-alone 85W Power Adapters for consumers who desire to purchase an additional adapter. Apple includes a 60W-watt ("60W") Power

JOINT RULE 26(f) REPORT, CASE MANAGEMENT STATEMENT, AND [PROPOSED] ORDER
CASE NO. 09-01911 JW
CASE NO. 09-03862 JW
sf-2749594

1

Adapter with the MacBook laptop computers it sells. Apple also sells additional, stand-alone 60W Power Adapters for consumers who desire to purchase an additional adapter.

Plaintiffs' Statement

Plaintiffs bring a nationwide class action on behalf of themselves and all other similarly situated United States citizens who purchased Apple's defective "Apple 85W MagSafe Power Adapter (for MacBook Pro)" and the "Apple 60W MagSafe Power Adapter (for the MacBook)" (referred to collectively as the "MagSafe Adapters"). The MagSafe Adapters have both present and latent defects. Among the problems with the MagSafe Adapters are premature failure, effectiveness, safety and durability. Customers have frequently and consistently complained that the MagSafe Adapters cord is flimsy, frays, melts and sparks when used as instructed. The flimsy and sparking plug poses serious safety issues. And it is not only safety at issue here, but the cost to consumers to purchase replacement adapters in order to power-up their computers when the adapter does not work properly, safely or fails altogether. The adapter sold and marketed by Apple, which is compatible with plaintiff's and class members' MacBook and MacBook Pro computers, are the MagSafe Adapters, which currently have an on-line price tag of $79.00, exclusive of shipping costs. Therefore, owners of these particular models must purchase the costly replacement MagSafe Adapters from the defendant in order to use their computers.

Apple is aware of the present and latent design defects inherent in the MagSafe Adapters, but it refuses to notify or warn its customers of said defects. Furthermore, Apple falsely represents the nature of these products in its advertisements and marketing. Apple continues to market, manufacture and sell the defective MagSafe Adapters and profits significantly and unjustly at the expense of plaintiff and other class members, who are forced to purchase replacement MagSafe Adapters each time they fail or, alternatively, purchase new computers.

Apple's Statement

Apple strenuously denies that the Adapters are defective in any way. Indeed, the Adapters have very low failure rates, as Apple can readily demonstrate. Moreover, Apple has thoroughly investigated the alleged safety concerns and has found that the Adapters present no safety issues of any kind.

The *Kitagawa* Plaintiffs' claim that the Adapters "dangerously fray[], spark[], and prematurely fail[]to work" is simply wrong, as is the *Hackwith* Plaintiffs' claim that the Adapters "will eventually fray at the connection to the adapter and spark, and, in some instances, catch fire." Typically, if the Adapters fail, they do so as the result of user abuse, to which power adapters are particularly subject.

Similarly, Plaintiffs fail to understand that *all* adapters can appear to "spark" when connected to an electrical outlet. This "sparking" is not a safety issue and does not reflect a product defect.

Plaintiffs' misrepresentation and concealment claims are similarly without merit. As noted, the Adapters are not defective, and in fact, they have *low* failure rates. Thus, Apple did not misrepresent or conceal anything.

**3.     Legal Issues:**

The complaints in the Related Actions assert various causes of action, including negligence, breach of express and implied warranties, and violation of California's Unfair Competition Law (California Business & Professions Code §§ 17200, *et seq.*), the Consumers Legal Remedies Act (California Civil Code §§ 1750, *et seq.*), the Song-Beverly Consumer Warranty Act (California Civil Code §§ 1791, *et seq.*), and California's False Advertising Law (California Business & Professions Code §§ 17500, *et seq.*). Also at issue is whether class treatment is appropriate as to a nationwide class of 60W and 85W adapter purchasers.

**4.     Motions:**

There are no motions currently pending. Plaintiffs anticipate filing a motion to consolidate the Related Actions for all purposes. Apple will not oppose that motion. The parties also anticipate the filing of class certification and summary judgment motions.

**5.     Amendment of Pleadings:**

Should the Court grant Plaintiffs' prospective motion to consolidate the Related Actions, Plaintiffs will a file Consolidated Amended Complaint and Apple will respond.

JOINT RULE 26(f) REPORT, CASE MANAGEMENT STATEMENT, AND [PROPOSED] ORDER
CASE NO. 09-01911 JW
CASE NO. 09-03862 JW
sf-2749594

3

**6. Additional Parties Which the Parties Intend to Join:**

Plaintiffs anticipate that they will enter into a stipulation or move to consolidate this case with the related case *Tracey Hackwith et al v. Apple Inc.*, Case 5:09-cv-03862 JW. Plaintiffs are in the process of finalizing the details of coordinating these cases and will present a motion or stipulation and proposed order to the Court shortly. Plaintiffs anticipate that additional parties may be joined after the completion of preliminary discovery. Plaintiffs submit that they should be allowed to join additional parties until December 31, 2009. Plaintiffs also reserve the right to name additional class representatives.

**7. Disclosures:**

No disclosures have been made at this time. Pursuant to the Federal Rules of Civil Procedure, the parties have agreed to exchange disclosures on or before October 16, 2009.

**8. Discovery:**

Neither side has propounded discovery in the Related Actions. The Parties' respective proposed discovery plans are as follows:

| Matter | Plaintiffs' Proposed Deadlines | Defendant's Proposed Deadlines |
|---|---|---|
| Amendment/Joinder of Additional Parties | December 31, 2009 | December 31, 2009 |
| Motion for Class Certification | March 30, 2010 | June 30, 2010 |
| Opposition to Motion for Class Certification | May 14, 2010 (45 days) | August 25, 2010 |
| Reply to Motion for Class Certification | June 28, 2010 (45 days) | October 13, 2010 |
| Class Certification Hearing | July 12, 2010 (Monday) | November 1, 2010 (Monday) |
| Fact Discovery Deadline | July 30, 2010 | October 29, 2010 |

JOINT RULE 26(f) REPORT, CASE MANAGEMENT STATEMENT, AND [PROPOSED] ORDER
CASE NO. 09-01911 JW
CASE NO. 09-03862 JW
sf-2749594

4

| | | |
|---|---|---|
| Opening Expert Witness Disclosure | August 30, 2010 | November 30, 2010 |
| Rebuttal Expert Witness Disclosure | September 30, 2010 | January 14, 2011 |
| Expert Discovery Deadline | November 1, 2010 | February 15, 2011 |
| Deadline for Filing Dispositive Motions | September 1, 2010 | March 14, 2011 |
| Final Pre-Trial Conference | January 14, 2011 | July 18, 2011 |
| Trial Date | January 28, 2011 | August 1, 2011 |

Electronic Discovery:

The parties have agreed that electronic documents produced by Apple should be reformatted from their native Mac files and converted to TIF or PDF files with the full text extracted and be produced as metadata and/or summation load files, where possible. Plaintiffs reserve the right to request the native files.

**9. Class Actions:**

Plaintiffs' Statement

Plaintiffs contend that this action is maintainable as a class action under Federal Rules of Civil Procedure, Rule 23(a) and (b). The *Kitagawa* Plaintiffs bring this nationwide class action on behalf of themselves and consumers who purchased an Apple MagSafe 60W Adapter or Apple MagSafe 85W Adapter from the time of their introduction in the marketplace through and including the date of class notice. The *Hackwith* Plaintiffs bring this action on behalf of themselves and all persons who purchased a MagSafe Adapter for primarily personal purposes, and not for resale, in the United States.

JOINT RULE 26(f) REPORT, CASE MANAGEMENT STATEMENT, AND [PROPOSED] ORDER
CASE NO. 09-01911 JW
CASE NO. 09-03862 JW
sf-2749594

5

1    Pursuant to Federal Rules of Civil Procedure, Rule 23(a) and (b), plaintiffs bring this nationwide class action on behalf of themselves and all other United States purchasers of Apple's defective MagSafe Adapters.

Plaintiffs allege that the MagSafe Adapters were negligently designed and manufactured, resulting in dangerous frays, sparks and premature failure. Plaintiffs further allege that all MagSafe Adapters pose a present and latent danger to its users when used as instructed, and that Apple has known of this dangerous defect, but fails to disclose it or to warn its customers of the defect. In addition, Apple has been aware that its MagSafe Adapters prematurely fail. When their MagSafe Adapters are damaged or fail, MacBook and MacBook Pro users are compelled to pay to replace them with costly and defective MagSafe Adapters, in order to use their computers.

Apple has known about the present and latent defects inherent in its MagSafe Adapters but continues to market, manufacture and sell the MagSafe Adapters in order to turn a profit at the expense of plaintiffs and class members. Moreover, Apple falsely represents the nature of this product in its advertisements and marketing to be powerful, high-performing, ultra-portable and durable.

All class members have suffered injury to their property by purchasing negligently designed MagSafe Adapters with latent and/or present defects. In addition, class members have suffered injury by having to pay to replace adapters which spark, fray, melt and/or prematurely fail.

The class is reasonably estimated to be in the thousands or tens of thousands or more and is thus so numerous that joinder of all its members is impracticable. The precise number of class members and their addresses are unknown to plaintiffs, but can be ascertained through appropriate discovery of defendant's records. Class members may be notified of the pendency of this action by publication and/or other notice.

There is a well-defined community of interest in the relevant questions of law and fact affecting putative class members. Common questions of law and fact predominate over any individual questions affecting class members, including, but not limited to the following:

- whether defendant exercised reasonable care in testing its MagSafe Adapters prior to its release for commercial sale;
- whether the MagSafe Adapters are defective when used as directed, intended or in a reasonably foreseeable manner;
- whether feasible alternative safer formulations of the MagSafe Adapters were available;
- whether the MagSafe Adapters are and were fit for their intended purpose;
- whether defendant has breached the implied warranty of merchantability;
- whether defendant has violated the Magnuson-Moss Warranty Act;
- whether defendant acted negligently;
- whether defendant is strictly liable to plaintiff and class members;
- whether defendant failed to warn plaintiff and class members of any product defects, including but not limited to safety issues;
- whether defendant has violated the Song-Beverly Act ;
- whether defendant has violated the CLRA;
- whether defendant committed unfair, unlawful and/or fraudulent business practices, in violation of Cal. Bus. & Prof. Code §17200, in its marketing, promotion, solicitation, sales and issuance of the MagSafe Adapter to plaintiffs and class members;
- whether plaintiff and proposed class members have been harmed and the proper measure of relief;
- whether defendant has been unjustly enriched at the expense of the class;
- whether plaintiffs and the class are entitled to damages; and
- whether the class is entitled to injunctive, declaratory, and/or other relief.

The claims of plaintiffs and the other class members have a common origin and share a common basis. The claims originate from the same negligent design on the part of the defendant and its affiliated agents and their acts in furtherance thereof.

JOINT RULE 26(f) REPORT, CASE MANAGEMENT STATEMENT, AND [PROPOSED] ORDER
CASE NO. 09-01911 JW
CASE NO. 09-03862 JW
sf-2749594

7

Plaintiffs' claims are typical of those of absent class members. If brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts, rely upon the same remedial theories and seek the same relief.

Plaintiffs will fairly and adequately protect the interests of the class and has no interests adverse to or that indirectly and irrevocably conflict with the interests of other class members. Plaintiffs are willing and prepared to serve the Court and the putative class in a representative capacity with all of the obligations and duties material thereto.

Plaintiffs have retained the services of counsel, identified below on the signature page, who are experienced in complex class-action litigation. Plaintiffs' counsel will adequately prosecute this action, and will otherwise assert, protect and fairly and adequately represent plaintiffs and all absent class members.

The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications on the same essential facts, proof and legal theories would also create and allow the existence of inconsistent and incompatible rights within the class.

A class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint because:

- individual claims by the class members would be impracticable as the costs of pursuit would far exceed what any one class member has at stake;
- no individual litigation has been commenced over the controversies alleged in this Complaint, and individual class members are unlikely to have an interest in separately prosecuting and controlling individual actions;
- the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy; and
- the proposed class action is manageable.

JOINT RULE 26(f) REPORT, CASE MANAGEMENT STATEMENT, AND [PROPOSED] ORDER
CASE NO. 09-01911 JW
CASE NO. 09-03862 JW
sf-2749594

8

1                      <u>Defendant's Statement</u>

2        Apple denies that this case can properly be maintained as a class action. Among other reasons, Plaintiffs cannot demonstrate typicality, and individual issues overwhelm any possible common issues, thus precluding the required predominance of common issues and rendering the class unmanageable. The subjectivity of determining when failures are premature, and the differing ways in which the class members used and cared for their adapters, result in individual issues which will pose formidable obstacles to class certification.

       Here, as noted, only a small percentage of the 85W and 60W adapters have failed; the failure rates are well within industry norms. Thus, the vast majority of class members have not and will not suffer injury of any kind. Moreover, Plaintiffs and the purported class members will be required to show on an individual basis what representations each class member saw, how they were misled, whether they relied, and how the alleged misrepresentation caused them injury. Nor can Plaintiffs avoid these issues by using a concealment theory, since Apple concealed nothing. In addition, a concealment theory cannot support Plaintiffs' Consumers Legal Remedies Act claim, which requires an affirmative misrepresentation.

       Similarly, Plaintiffs cannot obtain certification of their breach of warranty claim. Such claims require proof that all or substantially all the adapters would fail during the reasonable life of the product. *See*, *e.g.*, *Hicks v. Kaufman & Broad Home Corp.*, 89 Cal.App.4th 908, 923 (2001).

       Most fundamentally, because adapters are particularly prone to user abuse, even those few class members with failed adapters would have to demonstrate on an individual basis how they used their adapters and that the adapters did not fail as a result of the class members' individual usage patterns. For all these reasons, Apple believes it is clear that Plaintiffs cannot certify a class.

       <u>Proposal for How and When Court Will Consider Whether the Case Can Be Maintained As a Class Action:</u>

       The parties agree that the Court should consider whether the case can be maintained as a class action upon completion of class certification briefing. Plaintiffs propose that the hearing on

JOINT RULE 26(f) REPORT, CASE MANAGEMENT STATEMENT, AND [PROPOSED] ORDER
CASE NO. 09-01911 JW
CASE NO. 09-03862 JW
sf-2749594

9

class certification be held on July 12, 2010.  Apple proposes that the class certification hearing be held on November 1, 2010.

**10.     Related Cases:**

The parties are unaware of any additional related actions or proceedings.

**11.     Relief:**

The *Kitagawa* Plaintiffs seek damages (including punitive damages), restitution and disgorgement, injunctive relief, and such other relief the Court may deem proper.  The *Hackwith* Plaintiffs seek damages, appropriate injunctive and declaratory relief, fees and costs, and such other relief the Court may deem proper.  Apple denies that plaintiffs have been injured or damaged and further disputes that Plaintiffs are entitled to relief of any kind.

**12.     Settlement and ADR:**

The parties have filed their respective Alternative Dispute Resolution ("ADR") Certifications pursuant to Civil Local Rule 16-8(b).  At this time, the parties believe ADR is premature.  However, in compliance with the ADR Rules, on October 9, 2009, the parties filed a Joint Notice of Need for ADR Phone Conference.  No phone conference has been held or scheduled to date.

**13.     Consent to Magistrate Judge For All Purposes:**

The parties object to a magistrate judge conducting all further proceedings, including trial and entry of judgment.

**14.     Other References:**

The parties do not believe that the Related Actions are suitable for binding arbitration or a special master.

**15.     Narrowing of Issues:**

Through the use of requests for admissions and interrogatories, the parties anticipate that they will be able to narrow the scope of issues in dispute in the litigation.

**16.     Expedited Schedule:**

The parties believe this action should not proceed on an expedited basis, as defined by the Local Rules of this Court.

**17. Scheduling:**

The parties request that the Court set a deadline for the filing of the consolidation motion. The parties further request that the Court set a Rule 16(b) conference in approximately 60-90 days.

**18. Trial:**

Plaintiffs estimate that the trial of the action can be completed in 14 court days.

Apple believes that providing a trial estimate is premature at this time.

**19. Disclosure of Non-party Interested Entities or Persons:**

Both parties have filed their respective "Certifications of Interested Entities or Persons" in both actions pursuant to Civil Local Rule 3-16.

<u>Plaintiffs' Disclosure:</u>

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

<u>Apple's Disclosure:</u>

Pursuant to Northern District Local Rule 3-16 and Federal Rule of Civil Procedure 7.1(a), defendant Apple Inc., through its counsel, hereby certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding. Apple has no parent corporation. According to Apple's Proxy Statement filed with the United States Securities and Exchange Commission in January 2009, there are no beneficial owners that hold more than 10% of Apple's outstanding common stock.

Dated: October 09, 2009      HELEN I. ZELDES
                 ALREEN HAEGGQUIST
                 ZELDES & HAEGGQUIST, LLP


               By: /s/Helen I. Zeldes
                  Helen I. Zeldes

JOINT RULE 26(f) REPORT, CASE MANAGEMENT STATEMENT, AND [PROPOSED] ORDER
CASE NO. 09-01911 JW
CASE NO. 09-03862 JW
sf-2749594

11

|   |   |   |
|---|---|---|
| | | Attorneys for the *Kitagawa* Plaintiffs |
| Dated: October 09, 2009 | | ANGELA C. AGRUSA<br>ANTHONY DAVID SBARDELLATI<br>LINER GRODE STEIN YANKELEVITZ<br>SUNSHINE REGENSTREIF & TAYLOR |
| | By: | /s/Angela C. Agrusa<br>Angela C. Agrusa |
| | | Attorneys for the *Hackwith* Plaintiffs |
| Dated: October 09, 2009 | | PENELOPE A. PREOVOLOS<br>ANDREW D. MUHLBACH<br>ANNE M. HUNTER<br>ALEXEI KLESTOFF<br>MORRISON & FOERSTER LLP |
| | By: | /s/Andrew D. Muhlbach<br>Andrew D. Muhlbach |
| | | Attorneys for Defendant APPLE INC. |

JOINT RULE 26(f) REPORT, CASE MANAGEMENT STATEMENT, AND [PROPOSED] ORDER
CASE NO. 09-01911 JW
CASE NO. 09-03862 JW
sf-2749594

12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NAOTAKA KITAGAWA, JR., TIMOTHY J. BROAD and JESSE REISMAN, on behalf of themselves and all others similarly situated, | Case No. C 09-01911 JW |
| TRACEY HACKWITH, MAXX SCHOLTEN AND MICHAEL MARTIN, Individually and On Behalf of All Others Similarly Situated, | Case No. C 09-03862 JW |
| Plaintiffs, | **[PROPOSED] SCHEDULING ORDER** |
| v. | |
| APPLE, INC., and, DOES 1 THROUGH 50, inclusive, | |
| Defendants. | |

Plaintiffs in the *Kitagawa* and *Hackwith* cases shall file their motion for consolidation on or before _____, 2009. The parties shall appear for a Case Management Conference on _____, 2009, at 9:00 a.m.

**PROPOSED DISCOVERY AND MOTIONS DEADLINES**

| **Matter** | |
|---|---|
| Amended/Joinder of Additional Parties | |
| Motion for Class Certification | |
| Opposition to Motion for Class Certification | |
| Reply to Motion for Class Certification | |
| Class Certification Hearing | |
| Fact Discovery Deadline | |
| Opening Expert Witness Disclosure | |
| Rebuttal Expert Witness Disclosure | |
| Expert Discovery Deadline | |
| Deadline for Filing Dispositive Motions | |
| Final Pre-Trial Conference | |

JOINT RULE 26(f) REPORT, CASE MANAGEMENT STATEMENT, AND [PROPOSED] ORDER
CASE NO. 09-01911 JW
CASE NO. 09-03862 JW
sf-2749594

13

| **Matter** | |
| Trial Date | |

**IT IS SO ORDERED**, this \_\_\_\_ day of _____, 2009.

                                                                  James Ware
                                       United States District Judge

JOINT RULE 26(f) REPORT, CASE MANAGEMENT STATEMENT, AND [PROPOSED] ORDER
CASE NO. 09-01911 JW
CASE NO. 09-03862 JW
sf-2749594

14