1    ZELDES & HAEGGQUIST, LLP
     HELEN I. ZELDES (220051)
2    ALREEN HAEGGQUIST (221858)
     625 Broadway, Suite 906
3    San Diego, CA 92101
     Telephone: 619/342-8000
4    Fax: 619/342-7272
     Email: helenz@zhlaw.com
5    alreenh@zhlaw.com

6    *Attorneys for the Kitagawa Plaintiffs*

     [Additional counsel appear on next page]
7

8                 UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                  SAN JOSE DIVISION

| | |
|---|---|
| 11 NAOTAKA KITAGAWA, JR., TIMOTHY J. | Case No. C 09-01911 JW |
| 12 BROAD and JESSE REISMAN, on behalf of themselves and all others similarly situated, | |
| 13 | Case No. C 09-03862 JW |
| TRACEY HACKWITH, MAXX SCHOLTEN | |
| 14 AND MICHAEL MARTIN, Individually and On Behalf of All Others Similarly Situated, | |
| 15 | **UNOPPOSED NOTICE OF MOTION** |
| Plaintiffs, | **AND MOTION AND** |
| 16 | **MEMORANDUM OF POINTS AND** |
| | **AUTHORITIES IN SUPPORT OF** |
| 17 v. | **APPOINTMENT OF INTERIM** |
| | **CLASS COUNSEL** |
| 18 APPLE, INC., and, DOES 1 THROUGH 50, inclusive, | |
| 19 | Date:        November 23, 2009 |
| Defendants. | Time:        9:00 a.m. |
| 20 | Courtroom:   Hon. James Ware |

21

22

23

24

25

26

27

28    <small>UNOPPOSED NOTICE OF MOTION AND MOTION; AND MEMORANDUM OF POINTS AND AUTHORITIES
      APPOINTING INTERIM CLASS COUNSEL
      CASE NO. 09-01911 JW
      CASE NO. 09-03862 JW</small>                          1

1  MEHRI & SKALET, PLLC
   STEVEN A. SKALET (*admitted pro hac vice*)
2  CRAIG L. BRISKIN (*admitted pro hac vice*)
   1250 Connecticut Ave. NW, Suite 300
3  Washington, DC 20036
   Telephone:  202/822-5100
4  Fax:  202/822-4997

5  - Attorneys for the *Kitagawa* Plaintiffs -

6          - and -

7  ANGELA C. AGRUSA (CA SBN 131337)
   ANTHONY D. SBARDELLATI (CA SBN 246431)
8  LINER GRODE STEIN YANKELEVITZ SUNSHINE REGENSTREIF & TAYLOR
   1100 Glendon Avenue 14th Floor
9  Los Angeles, CA 90024
   Telephone: 310.500.3500
10 Facsimile: 310.500.3501

11 PATRICK MCNICHOLAS (CA SBN 125868)
   MCNICHOLAS & MCNICHOLAS LLP
12 10866 Wilshire Boulevard Suite 1400
   Los Angeles, CA 90024-4338
13 Telephone: (310) 474-1582
   Facsimile: (310) 475-7871

14
15 - Attorneys for the *Hackwith* Plaintiffs –

16
17
18
19
20
21
22
23
24
25
26
27
28

UNOPPOSED NOTICE OF MOTION AND MOTION; AND MEMORANDUM OF POINTS AND AUTHORITIES
APPOINTING INTERIM CLASS COUNSEL
CASE NO. 09-01911 JW
CASE NO. 09-03862 JW

2

1

2   **TO:   ALL PARTIES AND COUNSEL OF RECORD**

3         PLEASE TAKE NOTICE that Plaintiffs Naotaka Kitagawa, Jr., Timothy J. Broad and

4   Jesse Reisman (the "Kitigawa Plaintiffs") and Plaintiffs Tracey Hackwith, Maxx Scholten and

5   Michael Martin (the "Hackwith Plaintiffs")(collectively "Plaintiffs") move the Court, pursuant to

6   Federal Rule of Civil Procedure 23(g), to issue an order appointing Interim Class Counsel for the

7   class of plaintiffs in the action pending against Defendant Apple, Inc. ("Apple" or "Defendant").

8   Pursuant to Order of the Court, the hearing for this motion will be held at 9:00 a.m. on November

9   23, 2009, in Courtroom 8 of the above-titled Court located at 280 South First Street, San Jose,

10  California, before the Honorable James Ware, United States District Judge.

11

12              **MEMORANDUM OF POINTS AND AUTHORITIES**

13  **I.    INTRODUCTION**

14        Pursuant to Federal Rule of Civil Procedure, Rule 23(g)(2)(A) and the Court's inherent

15  authority to manage this litigation, counsel for Plaintiffs move the Court for an order appointing

16  Interim Class Counsel for the related proceedings in the consumer/product defect action against

17  Apple.  The parties have stipulated to consolidation in the two currently related cases for pre-trial

18  purposes to further efficiency.  Similarly, appointment of Interim Class Counsel is necessary and

19  appropriate in this case and at this time, in order to facilitate the coordination of litigation pending

20  before this Court.  Plaintiffs have consulted with Counsel for Apple concerning this motion:

21  Apple does not oppose this motion.

22  **II.   ARGUMENT**

23        **A.    The Proposed Interim Class Counsel Arrangement Satisfies Federal Rule of
              Civil Procedure 23(g)**

24

25        Rule 23(g) provides that "[t]he court may designate interim counsel to act on behalf of the

26  putative class before determining whether to certify the action as a class action." Fed. R. Civ. P.

27  23(g)(2)(A). The appointment of Interim Class Counsel is encouraged. *See* Manual for Complex

28

Litigation § 10.22 (4th ed. 2004) ("Manual"); *Selection of Class Counsel*, 208 F.R.D. 340, 356 (3rd Cir. Task Force Report Jan. 15, 2002). "The Manual for Complex Litigation . . . counsels that in making such an appointment, [the court] should consider such factors as the qualification and competence of counsel, the ability of counsel to fairly represent diverse interests, and 'the attorneys' ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court.'" *In re Payment Card Interchange Fee and Merch. Disc. Antitrust Litig.*, MDL No. 05-1720 (JG)(JO),2006 WL 2038650, at *2 (E.D.N.Y. Feb. 24, 2006) (citing Manual § 10.224).

As shown below, Plaintiffs' proposed appointment allows for the efficient prosecution of this action by qualified and experienced class counsel.

> **B.     The Appointment of a Leadership Structure Provides for the Efficient Prosecution of This Action and Has Proven Successful in Other Complex Cases**

"Rule 23(g)(2)(A) authorizes the court to designate interim counsel to act on behalf of the putative class before the certification decision is made." Fed. R. Civ. P. 23, Advisory Committee Notes on 2003 Amendments. The appointment of Interim Class Counsel during the precertification period is appropriate because "it will usually be important for an attorney to take action to prepare for the certification decision." *Id.* Consistent with the Advisory Committee Notes, courts have appointed interim class counsel to represent the best interests of the class in making important strategic decisions and engaging in motion practice and discovery before certification. *See*, *e.g.*, *In re Payment Card*, 2006 WL 2038650, at *5; *In re Cree, Inc, Sec. Litig.*, 219 F.R.D. 369, 373 (M.D.N.C. 2003). The appointment of Plaintiffs' Counsel as Interim Class Counsel will serve these goals.

If the Court orders consolidation, an organizational structure for plaintiffs' counsel is necessary and appropriate to insure that the consolidated litigation proceeds in an orderly fashion. "The appointment of lead counsel is recognized as a useful and helpful way to avoid duplication of effort and a means to streamline what could otherwise be inefficient and unruly proceedings."

UNOPPOSED NOTICE OF MOTION AND MOTION; AND MEMORANDUM OF POINTS AND AUTHORITIES
APPOINTING INTERIM CLASS COUNSEL
CASE NO. 09-01911 JW
CASE NO. 09-03862 JW

2

*In re Payment Card*, 2006 WL 2038650, at *2. Here, the suggested structure for the organization of plaintiffs' counsel set forth in the [Proposed] Order Appointing Interim Class Counsel, namely the appointment of the Zeldes & Haeggquist, LLP and Mehri & Skalet, PLLC, as Interim Class Counsel, will achieve that goal. This leadership structure closely tracks the form and substance of the sample order in the recently updated Manual. *See* Manual § 40.22. Further, the appointment of Interim Class Counsel in litigation of this size and complexity is consistent with the Manual's recommendation that "different interests" be represented in the organizational structure, while at the same time permitting the appointed leadership to present one unified position to the Court on behalf of the entire Class in the course of litigation. *See* Manual §10.221.

Establishment of the proposed organizational structure will ensure that plaintiffs' counsel develop and advance consistent positions and speak with one voice for the members of the proposed class. Plaintiffs' counsel already has sought to coordinate these related proceedings and is cooperating with counsel for the Hackwith Plaintiffs. The Kitigawa Plaintiffs and their counsel anticipate that Plaintiffs' counsel will be able to work cooperatively and that this litigation will proceed far more efficiently once the Court establishes an inclusive organizational structure.

**B.      Kitigawa's Counsel Possess the Ability and Commitment to Assume Leadership Roles on Behalf of the Class**

As summarized below, Zeldes & Haeggquist, LLP and Mehri & Skalet, PLLC, readily satisfy the Rule 23(g)(2) factors contemplated for the appointment of Interim Class Counsel. Both firms have demonstrated the ability and commitment to devote the resources necessary to represent the proposed Class. These firms have experience in consumer class actions and the commitment to prosecute this action to a successful conclusion.

**1.      Zeldes & Haeggquist, LLP**

As further detailed in the Firm Resume (attached hereto as Exhibit 1), Helen Zeldes, one of the principal's of Zeldes & Haeggquist, LLP, has spent her entire legal career litigating consumer fraud class actions like this one. Indeed, she was the lead attorney who brought the

prior Apple adapter lawsuit forward before this very Court. Ms. Zeldes has devoted considerable time and resources to the investigation and prosecution of *Gordon v. Apple Computer, Inc.*, which involved similar allegations that the prior generation of Apple laptop adapters prematurely frayed, failed and were defectively designed. Over the past several years, Ms. Zeldes and her firm have conducted a substantial number of witness interviews, obtained and reviewed thousands of documents, and consulted experts, including engineering experts as to the reason for the adapter failures. Ms. Zeldes led the charge in discovery, expert exchanges, and settlement negotiations in the prior action and has a good working relationship with opposing counsel. As a result, she has become knowledgeable with the complex legal issues surrounding this case. The detailed factual allegations and unique legal theories contained in the Complaint reflect the comprehensive work performed by counsel.

Ms. Zeldes also has extensive experience litigating complex consumer class actions with an emphasis on actions brought by policyholders against life, auto and other insurers for deceptive sales practices, mortgage lending and banking fraud, product defect claims, wage/hour violations, human rights, civil rights and antitrust class actions. Prior to founding Zeldes & Haeggquist, LLP, Ms. Zeldes worked for many years at Lerach Coughlin Stoia Geller Rudman & Robbins, LLP ("Lerach Coughlin")(formerly known as Milberg Weiss) in its consumer and insurance fraud class action practice group. Ms. Zeldes also had substantial responsibility in litigating a series of nationwide senior annuities fraud class actions in which her former firm, Lerach Coughlin, was appointed Co-Lead Counsel.[1] Other nationwide class actions Ms. Zeldes litigated at Lerach Coughlin included: a wage/hour overtime action against Cintas, one of the nation's largest commercial laundries for violations of the Fair Labor Standards Act for

---

[1] *Buhs v. American International Group*, No. CGC 04-435919 (S.F. Super. Ct. Oct. 24, 2004); *Bacon v. American International Group*, No. 05-04979 MMC (N.D. Cal. Dec. 2, 205)(originally filed July 15, 2005 in San Francisco Superior Court, No. CGC 05-443149); *Kaiser v. Midland National Life Insurance Co.*, No. 05-00972-HLA-TEM (M.D. Fla. Sept. 20, 2005); *Healey v. Allianz Life Insurance Co. of North America,* No. 05-8908 (C.D. Cal. Dec. 22, 2005); *Anagnostis v. American Equity Investment Life Insurance Co.*, No. CV-06-388 MMM (C.D. Cal. Jan. 20, 2006); *Edwards v. AmerUs Group Co.*, No. 8:05-1590 (M.D. Fla.); and *Petry v. National Western Life Insurance Co.*, No. 05CV-2336J (S.D. Cal.).

UNOPPOSED NOTICE OF MOTION AND MOTION; AND MEMORANDUM OF POINTS AND AUTHORITIES
APPOINTING INTERIM CLASS COUNSEL
CASE NO. 09-01911 JW
CASE NO. 09-03862 JW

4

misclassifying truck drivers as salesmen to avoid payment of overtime wages (which recently settled for over $20 million dollars); race discrimination underwriting class actions against large insurance companies for their practice of intentionally charging African-Americans and other minorities more for life insurance than similarly situated Caucasians (cases that collectively recovered over $400 million for African-Americans and other minority class members as redress for the civil rights abuses they were subject to); race discrimination underwriting class actions against insurance companies based upon the improper use of credit scoring or geographical redlining to charge minorities higher premiums; a statewide consumer class action over the propriety of a private contractor operating "red light camera" systems throughout California, *Red Light Photo Enforcement Cases*, Judicial Council Coordinated Proceeding No. 4305,.a case which Ms. Zeldes co-chaired at trial.

In addition to consumer fraud class actions, while at Lerach Coughlin, Ms. Zeldes was instrumental in litigating a multi-state antitrust action titled *In re Medical Waste Services Antitrust Litigation*, MDL No. 1546 (D. Utah), in which plaintiffs brought claims for defendants' alleged conspiracy to allocate customers and territories in the market for the collection, transportation and disposal of medical waste, as well as for unlawful monopolization. Ms. Zeldes was also involved in the *Carbon Fiber Antitrust Litigation*, Case No. CV-99-7796 (C.D. Cal), in which a class of purchasers alleged that the major producers of carbon fiber fixed the price of carbon fiber from 1993 to 1999. The case ultimately settled for $675 million.

Alreen Haeggquist, the other principal of Zeldes & Haeggquist, LLP, has also spent her legal career litigating consumer fraud and antitrust class actions. Before starting Zeldes & Haeggquist, LLP, Ms. Haeggquist practiced law at the San Diego office of Lerach Coughlin, where she litigated numerous nationwide consumer and antitrust class actions. She has been involved in several multi-district antitrust class actions pending in federal courts around the country, including *In re Payment Card Interchange Fee and Merch. Disc. Antitrust Litig.* (E.D.N.Y.) and *In re Carbon Black Antitrust Litig.* (D. Mass.). She has also participated in the successful prosecution and settlement of numerous other antitrust and unfair competition cases,

UNOPPOSED NOTICE OF MOTION AND MOTION; AND MEMORANDUM OF POINTS AND AUTHORITIES
APPOINTING INTERIM CLASS COUNSEL
CASE NO. 09-01911 JW
CASE NO. 09-03862 JW

5

including the Rubber Chemicals indirect purchaser cases, which resulted in significant cy pres funds to non-profit groups advocating for competition; the Bank Privacy Cases (S.F. Sup. Ct.), which resulted in better bank privacy policies, funding to non-profit groups advocating for privacy rights, and benefits to credit cardholders; and *Thomas & Thomas Rodmakers, Inc. v. Newport Adhesives & Composites, Inc.* (Carbon Fiber Antitrust Litigation), Case No. CV-99-7796 (C.D. Cal.), which resulted in a $675 million settlement for a class of purchasers that purchased allegedly price-fixed carbon fiber.

While at Lerach Coughlin, Ms. Haeggquist was also a major part of the team that obtained judgment of over $115 million against Farmers Insurance Exchange and against the Automobile Club for not disclosing the total premium to policyholders as required by law.  Ms. Haeggquist also has been involved in a number of precedent-setting appellate decisions, including *McKell v. Washington Mutual*, 142 Cal. App. 4th 1457 (2006); *Dehoyos v. Allstate Corp.*, 345 F.3d 290 (5th Cir. 2003); and *Lorix v. Crompton Corp*, 736 N.W.2d 619 (Minn. 2007).

Ms. Haeggquist has also published numerous articles for the annual publication of California Litigation Review regarding recent developments in class action law.

Ms. Zeldes and Ms. Haeggquist are currently representing a nationwide class of plaintiffs in an action against Sony Electronics, Inc**.** alleging that fundamental flaws in the design and/or manufacturing process in the VAIO Touchpad Notebooks render it almost impossible to use because the touchpad is prone to cause the onscreen cursor to track in reverse, freeze and/or perform erratically (i.e., the pointer will randomly open and close windows and programs).  Plaintiff alleges that Sony knew or should have known about this defect since at least the first quarter of 2007, but has continued to manufacture, market and sell the defective VAIO Touchpad Notebooks, which are unsuitable for the purposes for which they are ordinarily purchased.  *Lincoln v. Sony Electronics, Inc.*, Case No. 2:09-cv-06649-SVW-JC (C.D. Cal.). And, as this Court is aware, Zeldes & Haeggquist recently settled a nationwide consumer product defect class action against Apple, Inc. on behalf of a class of over two million purchasers of an

UNOPPOSED NOTICE OF MOTION AND MOTION; AND MEMORANDUM OF POINTS AND AUTHORITIES
APPOINTING INTERIM CLASS COUNSEL
CASE NO. 09-01911 JW
CASE NO. 09-03862 JW

6

alleged defective power adapter.  *Gordon v. Apple, Inc.*, Case No. Case No. 5:06-cv-05358-JW (N.D. Cal).

### 2.     Mehri & Skalet, PLLC

Mehri & Skalet, PLLC and its attorneys have an impressive history of accomplishment in class actions that serve the public interest.  As further detailed in the Firm Resume (attached hereto as Exhibit 2), Mehri & Skalet attorneys have achieved significant results for large classes of plaintiffs on consumer justice issues, litigating in the fields of antitrust, consumer, real estate and commodities law.   In *Norflet v. John Hancock Life Insurance Company*, Case No. 3:04 CV 1099 (JBA), Mehri & Skalet served as co-lead counsel in a groundbreaking settlement on behalf of a class of African-Americans who were sold substandard life insurance products by John Hancock in the 1940s and 1950s.   In August 2009, the court granted final approval of the settlement, which created a $24.4 million settlement fund for purchasers, their estates, and for organizations that serve the African-American community.  In *Niewinski v. Resurrection Health Care*, 04 CH 15187 (Ill. Ch. Ct.), Mehri & Skalet served as co-lead class counsel in a case involving consumer fraud claims against a hospital that assessed excess charges to patients who were uninsured.   In 2009, Plaintiffs obtained a successful settlement of their claims, which included Defendant's agreement to change its billing practices.

Mehri & Skalet secured settlement in a case against Defendant Apple Computer, Inc., on behalf of a nationwide class of purchasers of an Apple wireless networking product that was incompatible with America Online. Pursuant to the October 2002 settlement, to which there were no objections, each class member could obtain damages of $45, and Apple agreed to change its notice and packaging practices related to the product.   The firm also achieved two successful settlements against Verizon for overcharges on services and equipment no longer in use.   In addition, the firm achieved settlements in a series of cases against New Jersey car dealerships for overcharges related to titling and registering vehicles.   The firm also served as co-lead counsel in a successful case against Sony, for misrepresentations and defects pertaining to the PlayStation. And the firm successfully settled a class action with Mercury Marine for excessive problems with

UNOPPOSED NOTICE OF MOTION AND MOTION; AND MEMORANDUM OF POINTS AND AUTHORITIES
APPOINTING INTERIM CLASS COUNSEL
CASE NO. 09-01911 JW
CASE NO. 09-03862 JW

7

their OptiMax brand engines.  The settlement included extended warranty and rebate relief. The firm served as co-lead counsel in a successful class action against Ford Motor Company in Los Angeles Superior Court, alleging that its failure to compensate owners for a systematic brake defect in the Ford Focus constituted a breach of warranty.  Mehri & Skalet obtained full reimbursement for repairs made during the warranty period.

Mehri & Skalet have also achieved precedent-setting victories in litigation on behalf of women and people of color in the workplace, securing both substantial monetary relief, and systematic corporate reforms.  For example, Mehri & Skalet attorneys represented four plaintiffs on behalf of a 2200-member class of African-American employees of Coca-Cola Company, alleging race discrimination in promotions, compensation and evaluations.  After mediation, the parties entered a settlement valued at $192.5 million, and designed to ensure dramatic reform of Coca-Cola's employment practices.  The settlement included appointment of a task force headed by former Secretary of Labor Alexis Herman, which has monitored the progress that Coca-Cola has made in complying with the settlement agreement.

The firm is currently litigating a series of class action cases to achieve gender equity in the financial sector – called the "Women on Wall Street Project" -- representing women who have been subject to pay inequity, glass ceiling issues and sexual harassment.  Mehri & Skalet served as co-lead counsel in one such successful case against Morgan Stanley.  In 2007, the Court approved a settlement valued at over $70 million, which included a settlement fund for class members, and programmatic relief in how the company compensated female financial advisors. The firm coordinated its litigation efforts with the National Council of Women's Organizations.

UNOPPOSED NOTICE OF MOTION AND MOTION; AND MEMORANDUM OF POINTS AND AUTHORITIES
APPOINTING INTERIM CLASS COUNSEL
CASE NO. 09-01911 JW
CASE NO. 09-03862 JW

8

III.   **CONCLUSION**

       For the foregoing reasons, Plaintiffs in the Kitigawa and Hackwith cases respectfully request that the Court appoint Zeldes & Haeggquist, LLP and Mehri & Skalet, PLLC, as Interim Class Counsel in the related proceedings against Apple.  Apple does not oppose this motion or such appointment.


Respectfully Submitted by:


Dated: October 19, 2009              ZELDES & HAEGGQUIST, LLP
                                     HELEN I. ZELDES
                                     ALREEN HAEGGQUIST



                                     By:    /s/Helen I. Zeldes_____
                                            Helen I. Zeldes

                                     Attorneys for the *Kitagawa* Plaintiffs

Dated: October 19, 2009              LINER GRODE STEIN YANKELEVITZ
                                     SUNSHINE REGENSTREIF & TAYLOR
                                     ANGELA C. AGRUSA
                                     ANTHONY DAVID SBARDELLATI



                                     By:    /s/Angela C. Agrusa_____
                                            Angela C. Agrusa

                                     Attorneys for the *Hackwith* Plaintiffs

UNOPPOSED NOTICE OF MOTION AND MOTION; AND MEMORANDUM OF POINTS AND AUTHORITIES
APPOINTING INTERIM CLASS COUNSEL
CASE NO. 09-01911 JW
CASE NO. 09-03862 JW

9

1

2

### CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2008, I electronically filed the following documents with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-

mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I

have caused the foregoing document or paper to be mailed via the United States Postal Service to

the non-CM/ECF participants indicated on the attached Manual Notice List and Service List.

/s/ HELEN I. ZELDES
HELEN I. ZELDES

ZELDES & HAEGGQUIST, LLP
HELEN I. ZELDES
ALREEN HAEGGQUIST
625 Broadway, Suite 906
San Diego, CA  92101
Telephone:  619/342-8000
Fax:  619/342-7272

UNOPPOSED NOTICE OF MOTION AND MOTION; AND MEMORANDUM OF POINTS AND AUTHORITIES
APPOINTING INTERIM CLASS COUNSEL
CASE NO. 09-01911 JW
CASE NO. 09-03862 JW

10

# Mailing Information for a Case No. 5:09-cv-01911-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case:

Alexei Klestoff      aklestoff@mofo.com, mgimenez@mofo.com

Alreen Haeggquist      alreenh@zhlaw.com, judyj@zhlaw.com

Andrew David Muhlbach      amuhlbach@mofo.com, mgimenez@mofo.com

Craig L. Briskin      cbriskin@findjustice.com, Pleadings@findjustice.com

Heather A. Moser      hmoser@mofo.com, cpeplinski@mofo.com

Helen I. Zeldes      helenz@zhlaw.com

Penelope Athene Preovolos      ppreovolos@mofo.com, kfranklin@mofo.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing).

Steven A Skalet
Mehri & Skalet, PLLC
1250 Connecticut Avenue NW
Suite 300
Washington, DC 20036

# Mailing Information for a Case NO. 5:09-cv-03862-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case:

Alexei Klestoff      aklestoff@mofo.com, mgimenez@mofo.com

Andrew David Muhlbach      amuhlbach@mofo.com, mgimenez@mofo.com

Angela C Agrusa      aagrusa@linerlaw.com

Anne Hunter      ahunter@mofo.com

Anthony David Sbardellati      asbardellati@linerlaw.com, vstapleton@linerlaw.com

Byron T Ball      btb@balllawllp.com

Heather A Moser      hmoser@mofo.com

James Patrick Sutton      psutton@suttonkleinman.com

Keri Montrose      kmontrose@jrsfllp.com

UNOPPOSED NOTICE OF MOTION AND MOTION; AND MEMORANDUM OF POINTS AND AUTHORITIES
APPOINTING INTERIM CLASS COUNSEL
CASE NO. 09-01911 JW
CASE NO. 09-03862 JW

11

Matthew S McNicholas      msm@mcnicholaslaw.com

Michael J Saltz      msaltz@jrsfllp.com

Patrick McNicholas      mel@mcnicholaslaw.com

Penelope A Preovolos      ppreovolos@mofo.com

Penelope Athene Preovolos      ppreovolos@mofo.com, kfranklin@mofo.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing):

- No manual recipients

UNOPPOSED NOTICE OF MOTION AND MOTION; AND MEMORANDUM OF POINTS AND AUTHORITIES
APPOINTING INTERIM CLASS COUNSEL
CASE NO. 09-01911 JW
CASE NO. 09-03862 JW

12