

ZELDES & HAEGGQUIST, LLP
HELEN I. ZELDES (220051)
ALREEN HAEGGQUIST (221858)
625 Broadway, Suite 906
San Diego, CA 92101
Telephone: 619/342-8000
Fax: 619/342-7272
Email: helenz@zhlaw.com
alreenh@zhlaw.com

MEHRI & SKALET, PLLC
STEVEN A. SKALET (*admitted pro hac vice*)
CRAIG L. BRISKIN (*admitted pro hac vice*)
1250 Connecticut Ave. NW, Suite 300
Washington, DC 20036
Telephone: 202/822-5100
Fax: 202/822-4997

*Interim Class Counsel for Plaintiffs*


PENELOPE A. PREOVOLOS (CA SBN 87607)
(PPreovolos@mofo.com)
ANDREW D. MUHLBACH (CA SBN 175694)
(AMuhlbach@mofo.com)
ANNE M. HUNTER (CA SBN 221455)
(AHunter@mofo.com)
ALEXEI KLESTOFF (CA SBN 224016)
(AKlestoff@mofo.com)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

*Attorneys for Defendant APPLE INC.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE MAGSAFE APPLE POWER ADAPTER LITIGATION | Case No. C 09-01911 JW<br><br>**JOINT RULE 26(f) REPORT, CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**<br><br>Date: December 21, 2009<br>Time: 10:00 a.m.<br>Courtroom: Hon. James Ware |

**INTRODUCTION**

On May 1, 2009, Plaintiffs Naotaka Kitagawa, Jr., Timothy J. Broad, and Jesse Reisman filed a complaint in this Court against Apple Inc. ("Apple").  On May 15, 2009, Plaintiffs Tracey Hackwith, Maxx Scholten, and Michael Martin filed a similar complaint against Apple in the United States District Court for the Central District of California.

On July 13, 2009, Apple filed a motion to transfer the *Hackwith* case to the Northern District of California; that motion was granted on August 12, 2009.  On September 24, 2009, this Court issued an order relating the *Hackwith* case to the *Kitagawa* case.  On November 16, 2008, this Court issued an order consolidating the two cases, appointing interim class counsel, and ordering Plaintiffs to file an amended complaint.  Plaintiffs filed their Consolidated Class Action Complaint ("Consolidated Complaint") on December 4, 2009.

The Consolidated Complaint alleges that Apple's 60W and 85W MagSafe power adapters (the "Adapters") fray, spark, and fail prematurely, and that Apple misrepresented the quality of the Adapters.  Apple disputes these allegations.  Plaintiffs, together with Apple jointly submit this Joint Case Management Statement.

**1.      Jurisdiction and Service:**

**A.      Jurisdiction**

This Court has jurisdiction over the claims asserted in the Related Actions pursuant to 28 U.S.C. § 1332, as diversity between the parties exists and the matter in controversy exceeds the sum or value of $5 million.  Venue is proper in this Judicial District because Apple maintains its principal place of business in this district.  Apple does not dispute personal jurisdiction or venue in this jurisdiction.

**B.      Service**

Service has been effected.

**2.      Facts:**

Apple includes an 85-watt ("85W") Power Adapter with the MacBook Pro laptop computers it sells.  Apple also sells additional, stand-alone 85W Power Adapters for consumers who desire to purchase an additional adapter.  Apple includes a 60W-watt ("60W") Power

1   Adapter with the MacBook laptop computers it sells. Apple also sells additional, stand-alone

2   60W Power Adapters for consumers who desire to purchase an additional adapter.

3                            Plaintiffs' Statement

4        Plaintiffs bring a nationwide class action on behalf of themselves and all other similarly

5   situated United States citizens who purchased Apple's defective "Apple 85W MagSafe Power

6   Adapter (for MacBook Pro)" and the "Apple 60W MagSafe Power Adapter (for the MacBook)"

7   (referred to collectively as the "MagSafe Adapters"). The MagSafe Adapters have both present

8   and latent defects. Among the problems with the MagSafe Adapters are premature failure,

9   effectiveness, safety and durability. Customers have frequently and consistently complained that

10  the MagSafe Adapters cord is flimsy, frays, melts and sparks when used as instructed. The flimsy

11  and sparking plug poses serious safety issues. And it is not only safety at issue here, but the cost

12  to consumers to purchase replacement adapters in order to power-up their computers when the

13  adapter does not work properly, safely or fails altogether. The adapter sold and marketed by

14  Apple, which is compatible with plaintiff's and class members' MacBook and MacBook Pro

15  computers, are the MagSafe Adapters, which currently have an on-line price tag of $79.00,

16  exclusive of shipping costs. Therefore, owners of these particular models must purchase the

17  costly replacement MagSafe Adapters from the defendant in order to use their computers.

18       Apple is aware of the present and latent design defects inherent in the MagSafe Adapters,

19  but it refuses to notify or warn its customers of said defects. Furthermore, Apple falsely

20  represents the nature of these products in its advertisements and marketing. Apple continues to

21  market, manufacture and sell the defective MagSafe Adapters and profits significantly and

22  unjustly at the expense of plaintiff and other class members, who are forced to purchase

23  replacement MagSafe Adapters each time they fail or, alternatively, purchase new computers.

24                            Apple's Statement

25       Apple strenuously denies that the Adapters are defective in any way. Indeed, the Adapters

26  have very low failure rates, as Apple can readily demonstrate. Moreover, Apple has thoroughly

27  investigated the alleged safety concerns and has found that the Adapters present no safety issues

28  of any kind.

Plaintiffs' claim that the Adapters "dangerously fray[], spark[], and prematurely fail[] to work" is simply wrong, as is the claim that the Adapters "catch[] fire, overhear[], and melt[]." Typically, if the Adapters fail, they do so as the result of user abuse, to which power adapters are particularly subject.

Similarly, Plaintiffs fail to understand that *all* adapters can appear to "spark" when connected to an electrical outlet. This "sparking" is not a safety issue and does not reflect a product defect.

Plaintiffs' misrepresentation and concealment claims are similarly without merit. As noted, the Adapters are not defective, and in fact, they have *low* failure rates. Thus, Apple did not misrepresent or conceal anything.

**3.     Legal Issues:**

The Consolidated Complaint assert various causes of action, including negligence, breach of express and implied warranties, and violation of California's Unfair Competition Law (California Business & Professions Code §§ 17200, *et seq.*), the Consumers Legal Remedies Act (California Civil Code §§ 1750, *et seq.*), the Song-Beverly Consumer Warranty Act (California Civil Code §§ 1791, *et seq.*), and California's False Advertising Law (California Business & Professions Code §§ 17500, *et seq.*). Also at issue is whether class treatment is appropriate as to a nationwide class of 60W and 85W adapter purchasers.

**4.     Motions:**

There are no motions currently pending. Apple is considering whether it will move to dismiss or answer the Consolidated Complaint. The parties also anticipate the filing of class certification and summary judgment motions.

**5.     Amendment of Pleadings:**

Plaintiffs filed their Consolidated Complaint on December 4, 2009. Apple is considering whether it will move to dismiss or answer the Consolidated Complaint.

**6.     Additional Parties Which the Parties Intend to Join:**

Plaintiffs anticipate that additional parties may be joined after the completion of preliminary discovery. Plaintiffs submit that they should be allowed to join additional parties

until January 31, 2010. Plaintiffs also reserve the right to name additional class representatives. Apple believes the Court should order that any additional parties or class representatives be added no later than January 31, 2010.

**7. Disclosures:**

The parties have exchanged initial disclosures.

**8. Discovery:**

Plaintiffs have propounded discovery. The parties' respective proposed case management plans are as follows:

| Matter | Plaintiffs' Proposed Deadlines | Defendant's Proposed Deadlines |
|---|---|---|
| Amendment/Joinder of Additional Parties | January 31, 2010 | December 31, 2009 |
| Motion for Class Certification Due on or before | April 30, 2010 | August 9, 2010 |
| Opposition to Motion for Class Certification Due | June 14, 2010 ( 45 days) | September 27, 2010 |
| Reply to Motion for Class Certification Due | June 28, 2010 (45 days) | November 15, 2010 |
| Class Certification Hearing | July 12, 2010 (Monday) | December 13, 2010 (Monday) |
| Fact Discovery Deadline | July 30, 2010 | December 17, 2010 |
| Opening Expert Witness Disclosure | August 30, 2010 | January 10, 2011 |
| Rebuttal Expert Witness Disclosure | September 30, 2010 | February 11, 2011 |
| Expert Discovery Deadline | November 1, 2010 | March 22, 2011 |

| | | |
|---|---|---|
| Deadline for Filing Dispositive Motions | September 1, 2010 | April 18, 2011 |
| Final Pre-Trial Conference | January 14, 2011 | August 22, 2011 |
| Trial Date | January 28, 2011 | September 5, 2011 |

Electronic Discovery:

The parties have agreed that electronic documents produced by Apple should be reformatted from their native Mac files and converted to TIF or PDF files with the full text extracted and be produced as metadata and/or summation load files, where possible.

**9.     Class Actions:**

Plaintiffs' Statement

Plaintiffs contend that this action is maintainable as a class action under Federal Rules of Civil Procedure, Rule 23(a) and (b).  Plaintiffs bring this nationwide class action on behalf of themselves and all consumers who purchased an Apple MagSafe 60W Adapter or Apple MagSafe 85W Adapter from the time of their introduction in the marketplace through and including the date of class notice.

Pursuant to Federal Rules of Civil Procedure, Rule 23(a) and (b), plaintiffs bring this nationwide class action on behalf of themselves and all other United States purchasers of Apple's defective MagSafe Adapters.

Plaintiffs allege that the MagSafe Adapters were negligently designed and manufactured, resulting in dangerous frays, sparks and premature failure.  Plaintiffs further allege that all MagSafe Adapters pose a present and latent danger to its users when used as instructed, and that Apple has known of this dangerous defect, but fails to disclose it or to warn its customers of the defect.  In addition, Apple has been aware that its MagSafe Adapters prematurely fail.  When their MagSafe Adapters are damaged or fail, MacBook and MacBook Pro users are compelled to pay to replace them with costly and defective MagSafe Adapters, in order to use their computers.

1   Apple has known about the present and latent defects inherent in its MagSafe Adapters
2   but continues to market, manufacture and sell the MagSafe Adapters in order to turn a profit at
3   the expense of plaintiffs and class members.  Moreover, Apple falsely represents the nature of this
4   product in its advertisements and marketing to be powerful, high-performing, ultra-portable and
5   durable.
6       All class members have suffered injury to their property by purchasing negligently
7   designed MagSafe Adapters with latent and/or present defects.  In addition, class members have
8   suffered injury by having to pay to replace adapters which spark, fray, melt and/or prematurely
9   fail.
10      The class is reasonably estimated to be in the thousands or tens of thousands and is thus so
11  numerous that joinder of all its members is impracticable.  The precise number of class members
12  and their addresses are unknown to plaintiffs, but can be ascertained through appropriate
13  discovery of defendant's records.  Class members may be notified of the pendency of this action
14  by publication and/or other notice.
15      There is a well-defined community of interest in the relevant questions of law and fact
16  affecting putative class members.  Common questions of law and fact predominate over any
17  individual questions affecting class members, including, but not limited to the following:
18          • whether defendant exercised reasonable care in testing its MagSafe Adapters prior
19              to its release for commercial sale;
20          • whether the MagSafe Adapters are defective when used as directed, intended or in
21              a reasonably foreseeable manner;
22          • whether feasible alternative safer formulations of the MagSafe Adapters were
23              available;
24          • whether the MagSafe Adapters are and were fit for their intended purpose;
25          • whether defendant has breached the implied warranty of merchantability;
26          • whether defendant has violated the Magnuson-Moss Warranty Act;
27          • whether defendant acted negligently;
28          • whether defendant is strictly liable to plaintiff and class members;

- whether defendant failed to warn plaintiff and class members of any product defects, including but not limited to safety issues;
- whether defendant has violated the Song-Beverly Act ;
- whether defendant has violated the CLRA;
- whether defendant committed unfair, unlawful and/or fraudulent business practices, in violation of Cal. Bus. & Prof. Code §17200, in its marketing, promotion, solicitation, sales and issuance of the MagSafe Adapter to plaintiffs and class members;
- whether plaintiff and proposed class members have been harmed and the proper measure of relief;
- whether defendant has been unjustly enriched at the expense of the class;
- whether plaintiffs and the class are entitled to damages; and
- whether the class is entitled to injunctive, declaratory, and/or other relief.

The claims of plaintiffs and the other class members have a common origin and share a common basis.  The claims originate from the same negligent design on the part of the defendant and its affiliated agents and their acts in furtherance thereof.

Plaintiffs' claims are typical of those of absent class members.  If brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts, rely upon the same remedial theories and seek the same relief.

Plaintiffs will fairly and adequately protect the interests of the class and has no interests adverse to or that indirectly and irrevocably conflict with the interests of other class members. Plaintiffs are willing and prepared to serve the Court and the putative class in a representative capacity with all of the obligations and duties material thereto.

Plaintiffs have retained the services of counsel, identified below on the signature page, who are experienced in complex class-action litigation.  Plaintiffs' counsel will adequately prosecute this action, and will otherwise assert, protect and fairly and adequately represent plaintiffs and all absent class members.

1    The prosecution of separate actions by individual class members would create a risk of

2  inconsistent or varying adjudications, which would establish incompatible standards of conduct

3  for the parties opposing the class.  Such incompatible standards of conduct and varying

4  adjudications on the same essential facts, proof and legal theories would also create and allow the

5  existence of inconsistent and incompatible rights within the class.

6    A class action is superior to other methods for the fair and efficient adjudication of the

7  controversies raised in this Complaint because:

8    • individual claims by the class members would be impracticable as the costs of

9    pursuit would far exceed what any one class member has at stake;

10    • no individual litigation has been commenced over the controversies alleged in this

11    Complaint, and individual class members are unlikely to have an interest in

12    separately prosecuting and controlling individual actions;

13    • the concentration of litigation of these claims in one forum will achieve efficiency

14    and promote judicial economy; and

15    • the proposed class action is manageable.

16    <u>Defendant's Statement</u>

17    Apple denies that this case can properly be maintained as a class action.  Among other

18  reasons, Plaintiffs cannot demonstrate typicality, and individual issues overwhelm any possible

19  common issues, thus precluding the required predominance of common issues and rendering the

20  class unmanageable.  The subjectivity of determining when failures are premature, and the

21  differing ways in which the class members used and cared for their adapters, result in individual

22  issues which will pose formidable obstacles to class certification.

23    Here, as noted, only a small percentage of the 85W and 60W adapters have failed.  Thus,

24  the vast majority of class members have not and will not suffer injury of any kind.  Moreover,

25  Plaintiffs and the purported class members will be required to show on an individual basis what

26  representations each class member saw, how they were misled, whether they relied, and how the

27  alleged misrepresentation caused them injury.  Nor can Plaintiffs avoid these issues by using a

28  concealment theory, since Apple concealed nothing.  In addition, a concealment theory cannot

1  support Plaintiffs' Consumers Legal Remedies Act claim, which requires an affirmative

2  misrepresentation.

3  Similarly, Plaintiffs cannot obtain certification of their breach of warranty claim. Such

4  claims require proof that all or substantially all the adapters would fail during the reasonable life

5  of the product. *See*, *e.g.*, *Hicks v. Kaufman & Broad Home Corp.*, 89 Cal.App.4th 908, 923

6  (2001).

7  Most fundamentally, because adapters are particularly prone to user abuse, even those few

8  class members with failed adapters would have to demonstrate on an individual basis how they

9  used their adapters and that the adapters did not fail as a result of the class members' individual

10  usage patterns. For all these reasons, Apple believes it is clear that Plaintiffs cannot certify a

11  class.

12  Proposal for How and When Court Will Consider Whether the Case Can Be Maintained
   As a Class Action:

13

14  The parties agree that the Court should consider whether the case can be maintained as a

15  class action upon completion of class certification briefing. Plaintiffs propose that the hearing on

16  class certification be held on July 12, 2010. Apple proposes that the class certification hearing be

17  held on December 13, 2010.

18  **10.    Related Cases:**

19  The parties are unaware of any additional related actions or proceedings.

20  **11.    Relief:**

21  Plaintiffs seek compensatory, statutory, and punitive damages, attorneys' fees and costs,

22  injunctive relief, restitution and disgorgement, declaratory relief, and such other relief the Court

23  may deem proper.

24  Apple denies that Plaintiffs have been injured or damaged and further disputes that

25  Plaintiffs are entitled to relief of any kind.

26  **12.    Settlement and ADR:**

27  An ADR Phone Conference was held with Robin W. Siefkin on October 15, 2009. The

28  parties agreed that private mediation could be appropriate after initial discovery; however, the

parties agreed that ADR was premature in light of the procedural posture of the cases at that time. Ms. Siefkin scheduled a further ADR Phone Conference for January 12, 2010 at 1:30 p.m.

**13. Consent to Magistrate Judge For All Purposes:**

The parties object to a magistrate judge conducting all further proceedings, including trial and entry of judgment.

**14. Other References:**

The parties do not believe that this case is suitable for binding arbitration or a special master.

**15. Narrowing of Issues:**

Through the use of requests for admissions and interrogatories, the parties anticipate that they will be able to narrow the scope of issues in dispute in the litigation.

**16. Expedited Schedule:**

The parties believe this action should not proceed on an expedited basis, as defined by the Local Rules of this Court.

**17. Trial:**

Plaintiffs estimate that the trial of the action can be completed in 14 court days.

Apple believes that the length of trial will depend significantly upon the resolution of certain pre-trial matters, including class certification, and that a trial estimate is, therefore, premature at this time.

**18. Disclosure of Non-party Interested Entities or Persons:**

The parties have filed their respective "Certifications of Interested Entities or Persons" pursuant to Civil Local Rule 3-16.

Plaintiffs' Disclosure:

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Apple's Disclosure:

Pursuant to Northern District Local Rule 3-16 and Federal Rule of Civil Procedure 7.1(a), defendant Apple Inc., through its counsel, hereby certifies that the following listed persons,

1  associations of persons, firms, partnerships, corporations (including parent corporations) or other

2  entities (i) have a financial interest in the subject matter in controversy or in a party to the

3  proceeding; or (ii) have a non-financial interest in that subject matter or in a party that could be

4  substantially affected by the outcome of this proceeding.  Apple has no parent corporation.

5  According to Apple's Proxy Statement filed with the United States Securities and Exchange

6  Commission in January 2009, there are no beneficial owners that hold more than 10% of Apple's

7  outstanding common stock.

8  Dated: December 11, 2009                    HELEN I. ZELDES
                                               ALREEN HAEGGQUIST
9                                              ZELDES & HAEGGQUIST, LLP

10

11                                             By:   /s/  Helen I. Zeldes
                                                     HELEN I.  ZELDES
12

13                                             MEHRI & SKALET, PLLC
                                               STEVEN A. SKALET (*admitted pro hac vice*)
14                                             CRAIG L. BRISKIN (*admitted pro hac vice*)

15                                                   Interim Class Counsel for Plaintiffs

16  Dated: December 11, 2009                    PENELOPE A. PREOVOLOS
                                               ANDREW D. MUHLBACH
17                                             ANNE M. HUNTER
                                               ALEXEI KLESTOFF
18                                             MORRISON & FOERSTER LLP

19

20                                             By:  /s/ Andrew D. Muhlbach
                                                     ANDREW D. MUHLBACH
21

22                                                   Attorneys for Defendant APPLE INC.

23  .

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE MAGSAFE APPLE POWER ADAPTER LITIGATION | Case No. C 09-01911 JW<br><br>**[PROPOSED] SCHEDULING ORDER** |

## PROPOSED DISCOVERY AND MOTIONS DEADLINES

| Matter | |
|---|---|
| Amended/Joinder of Additional Parties | |
| Motion for Class Certification | |
| Opposition to Motion for Class Certification | |
| Reply to Motion for Class Certification | |
| Class Certification Hearing | |
| Fact Discovery Deadline | |
| Opening Expert Witness Disclosure | |
| Rebuttal Expert Witness Disclosure | |
| Expert Discovery Deadline | |
| Deadline for Filing Dispositive Motions | |
| Final Pre-Trial Conference | |
| Trial Date | |

**IT IS SO ORDERED**, this ____ day of _____, 2009.

_____
James Ware
United States District Judge

1   ZELDES & HAEGGQUIST, LLP
    HELEN I. ZELDES (220051)
2   ALREEN HAEGGQUIST (221858)
    625 Broadway, Suite 906
3   San Diego, CA  92101
    Telephone:  619/342-8000
4   Fax:  619/342-7272
    Email: helenz@zhlaw.com
5   alreenh@zhlaw.com

6   MEHRI & SKALET, PLLC
    STEVEN A. SKALET (*admitted pro hac vice*)
7   CRAIG L. BRISKIN (*admitted pro hac vice*)
    1250 Connecticut Ave. NW, Suite 300
8   Washington, DC 20036
    Telephone:  202/822-5100
9   Fax:  202/822-4997

10  *Interim Class Counsel for Plaintiffs*

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13                   SAN JOSE DIVISION

14
                                        | Case No. C 09-01911 JW
15
    IN RE MAGSAFE APPLE POWER ADAPTER   | **CERTIFICATE OF SERVICE**
16  LITIGATION

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE BY MAIL
### (Fed. R. Civ. Proc. rule 5(b))

I declare that I am employed with the law firm of Zeldes & Haeggquist, LLP, whose address is 625 Broadway, Suite 906, San Diego, California 92101; I am not a party to the within cause; I am over the age of eighteen years and I am readily familiar with Zeldes & Haeggquist's practice for collection and processing of correspondence for mailing with the United States Postal Service and know that in the ordinary course of Zeldes & Haeggquist's business practice the document described below will be deposited with the United States Postal Service on the same date that it is placed at Zeldes & Haeggquist, with postage thereon fully prepaid for collection and mailing.

I further declare that on the date hereof I served a copy of:

## JOINT RULE 26(f) REPORT, CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

on the following by placing a true copy thereof enclosed in a sealed envelope addressed as follows for collection and mailing at Zeldes & Haeggquist, LLP, 625 Broadway, Suite 906, San Diego, California 92101, in accordance with Zeldes & Haeggquist's ordinary business practices:

**Steven A. Skalet**
Mehri & Skalet, PLLC
1250 Connecticut Avenue NW, Suite 300
Washington, DC 20036
***Counsel for Kitagawa, et al.***

I declare under penalty of perjury that the above is true and correct.
Executed at San Diego, California, this 11th day of December, 2009.

Aaron M. Olsen_____          /s/Aaron M. Olsen_____
(typed)                                          (signature)

I, Helen I. Zeldes, am the ECF User whose ID and password are being used to file this Certificate of Service. In compliance with General Order 45, section X.B., I hereby attest that Aaron M. Olsen has read and approved this Certificate of Service and consents to its filing in this action.

Date: December 11, 2009

/s/ Helen I. Zeldes_____
HELEN I. ZELDES

Attorneys for Plaintiffs