

Braun Law Group, P.C.

12400 Wilshire Blvd., Suite 920
Los Angeles, CA 90025
Tel 310-442-7755
Fax 310-442-7756
info@braunlawgroup.com

March 6, 2006

Honorable James Ware
United States District Judge
Northern District of California
280 South 1st Street
Courtroom 8, 4th Floor
San Jose, CA 95113

      Re:    Slattery v. Apple Computer, Inc.
              Case No. C 05-00037 JW

Dear Judge Ware:

      I am counsel for plaintiff Thomas Slattery in the above-entitled action, and write to apprise the Court of recent developments that may alter the procedural posture of the case. Over the past two weeks counsel for plaintiff has been negotiating with Apple's counsel in the hope of reaching a stipulation, pursuant to Federal Rule of Civil Procedure 15, that would allow plaintiff to file a Second Amended Complaint for the purpose of substituting new named plaintiffs instead of Mr. Slattery as the putative class representatives. Late last night, plaintiff's counsel received an e-mail from defendant's counsel informing plaintiff for the first time that Apple would not agree to such a stipulation. As a result of this development, plaintiff's counsel plan to file this week a motion for leave to file a Second Amended Complaint, which will include the proposed Second Amended Complaint attached as an exhibit to the motion.

      Although the grounds for plaintiff's proposed amended complaint will be set forth more fully in the motion to be filed this week, by way of summary, I write to represent to the Court that the purpose for the proposed amendment is of a very limited nature. First, during the course of class discovery, plaintiff's counsel have learned that Mr. Slattery has an irreconcilable conflict that would prevent him from adequately fulfilling his duties on behalf of the absent class members. Specifically, as part of discovery, Apple has demanded that Mr. Slattery make his computer available for a forensic inspection. Mr. Slattery is a criminal defense attorney, and as part of his job duties, has stored confidential client information on his computer hard drive.

Kitagawa, Jr et al v. Apple, Inc.

Dockets.Justia.com

Upon learning of Apple's request, Mr. Slattery sought permission from his law firm and from his clients to determine whether they would allow him to produce his home computer (containing the confidential and privileged information) for Apple's inspection. Citing obvious client confidentiality and potential liability concerns, Mr. Slattery's law firm has refused to allow such an inspection. This alone places Mr. Slattery in an irreconcilable conflict between, on the one hand, acquiescing to Apple's discovery demands in this case, and on the other, fulfilling his duties as a criminal defense attorney and law firm employee to safeguard his clients' privileged and confidential files. Having learned of this conflict only during the course of class discovery, plaintiff's counsel proposes to cure the difficulty posed by this apparent conflict by substituting up to two newly named plaintiffs (who have retained Mr. Slattery's same counsel) in lieu of Mr. Slattery as the named class representatives in this action.

A second limited basis for filing a Second Amended Complaint rests with this Court's September 9, 2005 Order on Apple's motion to dismiss the original complaint. Therein, the Court acknowledged that Slattery pled alternative causes of action, two of which claimed iTunes to be the tying product and the iPod to be the tied product, with other count(s) claiming the precise opposite tying arrangement (i.e. that the iPod was the tying product and iTunes was the tied product). While the Court acknowledged that at the preliminary pleadings stage such self-contradicting counts could be allowed, it also correctly recognized that "[a]t some appropriate point in the litigation, an election might be necessary." (Court's Sept. 9, 2005 Order, at 4:28-5:1). Plaintiff's proposed Second Amended Complaint would also make precisely such an election, as previously contemplated by the Court.

There is also no basis to find that allowing plaintiff to file a Second Amended Complaint would unduly prejudice Apple. Put simply, even if the motion for leave to file this Second Amended Complaint with newly named plaintiffs were denied for some reason, nothing would prevent these same new plaintiffs (or any other putative absent class member, for that matter) from filing their own brand new complaints from scratch. Further, Apple has only taken one deposition in the class discovery taken to date (i.e. the deposition of Mr. Slattery), and has only served one set of document requests on Mr. Slattery. Plaintiff's counsel is ready and willing to make available any new named plaintiffs for a similar deposition by Apple's counsel at a mutually agreeable time, and has already offered to promptly provide responses from these newly named plaintiffs to the same document requests served by Apple on Mr. Slattery. Lastly, it is noteworthy that Apple has yet to respond to Mr. Slattery's interrogatories and document requests that were originally served on Apple's counsel on January 30, 2006.

Plaintiff's counsel respectfully submits that in light of these new developments and plaintiff's counsel's plan to file a motion for leave to file a Second Amended Complaint for the limited purposes set forth herein, the deadline for Mr. Slattery to file his motion for class

certification (currently set for March 6, 2006) should be deemed moot. Plaintiff's counsel plan to file their motion for leave (with the Second Amended Complaint attached thereto as an exhibit) later this week. Should the motion be granted and the Second Amended Complaint be deemed filed as of the date of that order, a new pretrial scheduling order will necessarily be required for the new complaint, and that pretrial schedule would also include new dates for the class certification briefing that would govern the new complaint. For the same reasons, plaintiff's counsel believes that these new developments and the planned filing of a motion for leave to file a Second Amended Complaint similarly moot Apple's recently filed Administrative Request to file a motion for summary judgment to be heard contemporaneously with what would have been the date for the hearing on Slattery's motion for class certification.

     As stated, plaintiff's counsel plans on filing a motion for leave to file a Second Amended Complaint later this week. In the meantime, however, plaintiff's counsel are available for a conference with the Court, should the Court have any questions or require additional information.

                      Respectfully submitted by,

                      Michael D. Braun
                      Counsel for Plaintiff

MDB/lgm
Cc: All counsel

# PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       )ss.:
COUNTY OF LOS ANGELES  )

I am employed in the county of Los Angeles, State of California, I am over the age of 18 and not a party to the within action; my business address is 12400 Wilshire Boulevard, Suite 920, Los Angeles, CA 90025.

On March 6, 2006, using the Northern District of California's Electronic Case Filing System, with the ECF ID registered to Michael D. Braun, I filed and served the document(s) described as:

**LETTER TO THE HONORABLE JAMES WARE**

The ECF System is designed to send an e-mail message to all parties in the case, which constitutes service. According to the ECF/PACER system, for this case, the parties served are as follows:

| | |
|---|---|
| Eric J. Belfi, Esq. | ebelfi@murrayfrank.com |
| Roy A. Katriel, Esq. | rak@katriellaw.com |

**Attorneys for Plaintiff**

| | |
|---|---|
| Caroline N. Mitchell, Esq. | cnmitchell@jonesday.com |
| | mlandsborough@jonesday.com |
| | cyip@jonesday.com |
| Robert A. Mittelstaedt, Esq. | ramittelstaedt@jonesday.com |
| | ybennett@jonesday.com |
| | arsand@jonesday.com |
| Adam Richard Sand, Esq. | arsand@jonesday.com |

**Attorneys for Defendant**

On March 6, 2006, I served the document(s) described as:

**LETTER TO THE HONORABLE JAMES WARE**

by placing a true copy(ies) thereof enclosed in a sealed envelope(s) addressed as follows:

Roy A. Katriel, Esq.
THE KATRIEL LAW FIRM, P.C.
1101 30th Street, NW
Suite 500
Washington, DC 20007
Tel:   (202) 625-4342
Fax:   (202) 625-6774

| | |
|---|---|
| 1 | Jacqueline Sailer, Esq.<br>Eric J. Belfi, Esq. |
| 2 | MURRAY, FRANK & SAILER LLP<br>275 Madison Avenue |
| 3 | Suite 801<br>New York, NY 10016-1101 |
| 4 | Tel: (212) 682-1818<br>Fax: (212) 682-1892 |
| 5 | |
| 6 | **Attorneys for Plaintiff** |
| 7 | Robert A. Mittelstaedt, Esq.<br>Caroline N. Mitchell, Esq.<br>Adam R. Sand, Esq. |
| 8 | JONES DAY<br>555 California Street |
| 9 | 26th Floor<br>San Francisco, CA 94104 |
| 10 | Tel: (415) 626-3939<br>Fax: (415) 875-5700 |
| 11 | |
| 12 | **Attorneys for Defendant** |
| 13 | I served the above document(s) as follows: |
| 14 | BY MAIL. I am familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in an affidavit. |
| 17 | I declare, pursuant to Civil L.R. 23-2, that on the date hereof I served a copy of the above-listed document(s) on the Securities Class Action Clearinghouse by electronic mail through the following electronic mail address provided by the Securities Class Action Clearinghouse: |
| 19 | **jcarlos@law.stanford.edu** |
| 20 | I further declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. |
| 21 | I further declare under penalty of perjury under the laws of the United States that the above is true and correct. |
| 23 | Executed on March 6, 2006, at Los Angeles, California 90025. |
| 24 | |
| 25 | s/ LEITZA MOLINAR<br>Leitza Molinar |