## JONES DAY

555 CALIFORNIA STREET • 26TH FLOOR • SAN FRANCISCO, CALIFORNIA 94104-1500
TELEPHONE: 415-626-3939 • FACSIMILE: 415-875-5700

Direct Number: 415-875-5761
ramittelstaedt@jonesday.com

March 8, 2006

VIA E-FILING

Honorable James Ware
United States District Court
280 S. First Street, #2112
San Jose, CA 95113-3008

Re: *Slattery v. Apple Computer, Inc.*
USDC Case No. 5:05-cv-00037 (JW)

Dear Judge Ware:

According to his counsel's March 6 letter to the Court (Document 46), plaintiff Slattery intends later this week to file a motion for leave to amend his complaint to substitute himself out and substitute others in his place. On that basis, he contends that the Court-ordered March 6 deadline for moving to certify a class, and defendant's request for leave to file a Rule 56 motion, are "moot." We intend to oppose the motion for leave to amend on the ground, *inter alia*, that the proper procedural course is for Slattery to move to dismiss his complaint in light of his deposition testimony that establishes that his complaint was fabricated and that he has no arguable claim.[1]

Plaintiffs' letter to the Court is as misleading as his complaint. He claims that he is withdrawing because he does not want to turn over "confidential client information on his computer hard drive." Although he does not say so, he is referring to a few work-related documents that he has on his home computer—documents that can be protected during the forensic inspection of his computer for music files. In reality, plaintiff is attempting to withdraw from this case not because of the feigned discovery dispute but because he wants to avoid a dismissal of his claims on the merits.

---

[1] As shown in Apple's administrative request for leave to file a Rule 56 motion (Document 44), Slattery's complaint alleged that he bought music from Apple and then was forced to buy an iPod and to keep purchasing music from Apple. In fact, as he admitted at deposition, he never bought any music from Apple and he never bought an iPod. He obtained music from Apple only once, and that was after filing his complaint and it was by use of a gift certificate. He obtained an iPod only as a birthday present from his wife. Apple did not force him to do anything.

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MENLO PARK • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS
PITTSBURGH • SAN DIEGO • SAN FRANCISCO • SHANGHAI • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

      The proper procedure would be for Slattery to move for a dismissal with prejudice under Rule 41. He cannot simply substitute himself out of the case under Rule 15. Changing plaintiffs is not, as Slattery suggests, an amendment of "a very limited nature." As a plaintiff with a disingenuous complaint, Slattery is in no position to suggest who should replace him. A lawsuit in search of a sponsor is not the proper procedure. We will address this point in more detail in opposition to the motion for leave to amend that Slattery says he intends to file this week.

      Respectfully submitted,

Robert A. Mittelstaedt
Counsel for Defendant

cc: Plaintiff's counsel

SFI-538750v1