HELEN I. ZELDES (SBN: 220051)
ALREEN HAEGGQUIST (SBN: 221858)
ZELDES & HAEGGQUIST, LLP
625 Broadway, Suite 906
San Diego, CA 92101
Telephone:  (619) 342-8000
Fax:  (619) 342-7272
helenz@zhlaw.com
alreenh@zhlaw.com

STEVEN A. SKALET (admitted pro hac vice)
CRAIG L. BRISKIN (admitted pro hac vice)
MEHRI & SKALET, PLLC
1250 Connecticut Avenue., NW, Suite 300
Washington, DC 20036
Telephone:  (202) 822-5100
Fax:  (202) 822-4997
sskalet@findjustice.com
cbriskin@findjustice.com

Attorneys for the *Kitagawa* Plaintiffs
[Additional counsel appear on the next page and the
signature page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re MagSafe Apple Power Adapter Litigation ) | Case No. C 09-01911 JW |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ ) | **FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** |

ANGELA C. AGRUSA (SBN: 131337)
    aagrusa@linerlaw.com
CAMILLA Y. CHAN (SBN: 241674)
    cchan@linerlaw.com
LINER GRODE STEIN YANKELEVITZ
SUNSHINE REGENSTREIF & TAYLOR LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503
Telephone:  (310) 500-3500
Facsimile:  (310) 500-3501

PATRICK MCNICHOLAS (SBN: 125868)
    pmc@mcnicholaslaw.com
CATHRINE B. SCHMIDT (SBN: 212827)
    cbs@mcnicholaslaw.com
MCNICHOLAS & MCNICHOLAS LLP
10866 Wilshire Boulevard Suite 1400
Los Angeles, CA 90024-4338
Telephone: (310) 474-1582
Facsimile:  (310) 475-7871

Attorneys for the *Hackwith* Plaintiffs

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Plaintiffs Naotaka Kitagawa, Jr., Timothy J. Broad, Jesse Reisman, Tracey Hackwith, and Michael Martin (collectively "Plaintiffs"), by and through their attorneys, bring this action on behalf of themselves and all others similarly situated against Apple, Incorporated ("Apple" or "Defendant") and Does 1 through 50. Plaintiffs hereby allege, on information and belief, except as to those allegations which pertain to the named Plaintiffs, which allegations are based on personal knowledge, as follows:

## NATURE OF THE ACTION

1.      Plaintiffs bring this class action on behalf of purchasers of Apple's "Apple 85W MagSafe Power Adapter (for MacBook Pro)" and the "Apple 60W MagSafe Power Adapter (for the MacBook)" (referred to collectively as the "MagSafe Adapter") in California and throughout the United States.

2.      In its marketing of the product, Apple has represented that the MagSafe Adapter was designed with a "magnetic DC connector that ensures your power cable will disconnect if it experiences undue strain and helps prevent fraying or weakening of the cables over time. Designed to be the perfect traveling companion, the adapter has a clever design which allows the DC cable to be wound neatly around itself for easy cable storage." *See* http://www.apple.com/store.

3.      The MagSafe Adapter is the only plug-in power source Apple provides for the MacBook and MacBook Pro computers. However, the MagSafe Adapter is not fit for the ordinary purposes for which it was intended: powering up and charging MacBook computers. Instead, the MagSafe Adapter – because it was negligently designed and manufactured – *inter alia*, dangerously frays, sparks, prematurely fails to work, and catches fire, overheats and melts (the "Design Defects"). The MagSafe Adapter poses a present and latent danger to its users when used as directed. Apple is and was aware of this dangerous defect, but Apple has failed to disclose it or warn Plaintiffs and the Class of the defect. As of the date of this filing, Apple continues to market and sell the defective MagSafe Adapter, resulting in continuing damage to the Class. As a result, Plaintiffs and the Class (which likely number in the millions) have purchased flawed and dangerous MagSafe Adapters, which prematurely fail and present fire hazards.

1        4.      Plaintiffs bring this class action on behalf of themselves and all others similarly

2    situated, asserting claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code §

3    17200 *et seq.* ("UCL" or "§17200"); the Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et*

4    *seq.* ("CLRA"); the Magnuson-Moss Warranty Act, 15 U.S.C. §2310(d)(1); Breach of Express

5    Warranty; Breach of the Implied Warranty of Fitness for a Particular Purpose; Breach of the Implied

6    Warranty of Merchantability; violations of the Song-Beverly Consumer Warranty Act, Cal. Civ.

7    Code §1790 *et seq.* ("Song-Beverly"); Negligence; Unjust Enrichment, Untrue and Misleading

8    Advertising in Violation of Cal. Bus & Prof. Code § 17500 *et seq.*; Injunctive Relief and Declaratory

9    Relief.  Plaintiffs seek damages and equitable relief on behalf of the Class, which relief includes but

10   is not limited to the following:  providing class members with a safe, defect-free Adapter, or if no

11   such product exists, to refund Plaintiffs and class members the full amount paid for their Apple

12   computer, which relies on the MagSafe Adapter for its power and usage; a refund of the replacement

13   cost of the defective MagSafe Adapters;  costs and expenses, including attorneys' fees and expert

14   fees; declaratory relief; and any additional relief that this Court determines to be necessary to

15   provide complete relief to Plaintiffs and the Class.

16   **JURISDICTION AND VENUE**

17       5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and

18   1367, because Plaintiffs' claims arise under federal statute.  The Court has supplemental jurisdiction

19   over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a).

20       6.      This Court has original jurisdiction over this action under the Class Action Fairness

21   Act of 2005, 28 U.S.C. §1332(d)(2) ("CAFA"), as to the named Plaintiffs and every member of the

22   Class, because the proposed Class contains more than 100 members, the aggregate amount in

23   controversy exceeds $5 million, and members of the Class reside across the United States and are

24   therefore diverse from Defendant.

25       7.      This Court has personal jurisdiction over Apple because its corporate headquarters

26   are located in Cupertino, California, it is authorized to conduct business in California, and it has

27   intentionally availed itself of the laws and markets of California through the promotion, marketing,

28   distribution and sale of its MagSafe Adapter in California.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

8.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District. Venue is also proper under 18 U.S.C. §1965(a), because Defendant transacts a substantial amount of its business in this District.  In addition, Defendant is headquartered in Santa Clara County, which is assigned to this Division of the Court.  Plaintiffs are filing concurrently herewith an affidavit stating facts showing that this action has been commenced in a proper county pursuant to Cal. Civ. Code § 1780(c).

## INTRADISTRICT ASSIGNMENT

9.      Assignment to the San Jose Division is proper because a substantial portion of the acts, events, and omissions giving rise to this action occurred in Santa Clara, which is within the purview of the San Jose Division of this District.

## PARTIES

10.      Plaintiff Naotaka Kitagawa, Jr. ("Mr. Kitigawa") resides in Cupertino, California. Plaintiff purchased an Apple MacBook computer, which came with an Apple MagSafe 60W Adapter, in May 2006.  Approximately a year and a half after purchase, Plaintiff noticed that the MagSafe Adapter cut power intermittently, the cable near the connector became frayed, and the jacket over the wiring showed signs of melting and discoloration from heat.  Plaintiff purchased an 85W MagSafe replacement adapter from an Apple Store in San Jose, California on December 19, 2008 for $79.00 plus tax, totaling $85.52.

11.      Plaintiff Timothy J. Broad ("Mr. Broad") resides in Cincinnati, Ohio.  In September 2006, Mr. Broad purchased an Apple MacBook computer, which came with an Apple MagSafe 60W Adapter.  Approximately fourteen months after purchase, Mr. Broad was using his MacBook when he noticed that the MagSafe Adapter cable was severely overheating.  "It almost burned my hand when I brushed it accidentally."  Concerned something was wrong, Mr. Broad kept an eye on the MagSafe Adapter and noticed that it had started to melt, forming a large hole in the cable.  The MagSafe Adapter then shorted and stopped working.  Mr. Broad feared his home "might have caught fire" if he had not been present at the time. Mr. Broad bought an 85W MagSafe replacement

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1   adapter on E-bay in mid-September, 2006 for approximately $58.00.  That MagSafe Adapter
2   recently failed in a similar fashion, and Mr. Broad purchased a second replacement adapter.

3         12.    Plaintiff Jesse Reisman ("Mr. Reisman") resides in Fort Washington, Maryland.  In
4   or about June 2006, Plaintiff purchased an Apple MacBook Pro computer, which came with an
5   Apple MagSafe 85W Adapter.  Approximately a year and a half after purchase, Mr. Reisman noticed
6   that the MagSafe Adapter became "noticeably hot" when the computer was in use and that the cable
7   wires had become exposed at the point where cable entered the main adapter body, as well as at the
8   point of insertion into the MagSafe connector, creating a hazardous condition.  Mr. Reisman
9   purchased an 85W MagSafe replacement adapter on January 18, 2008 from Amazon.com for $70.38.
10  Mr. Reisman's replacement adapter is now showing signs of premature failure.

11        13.    Plaintiff Tracey Hackwith ("Ms. Hackwith") is, and at all relevant times has been, a
12  resident and citizen of California.  Ms. Hackwith purchased a MacBook from Apple online for her
13  thirteen year-old son on June 27, 2006.  The MacBook came with a 60W MagSafe Adapter, which,
14  after the warranty expired, stopped working after the cord frayed at the end, near the magnet .  Ms.
15  Hackwith then purchased a replacement MagSafe Adapter at the Apple store in Mission Viejo,
16  California.  The replacement MagSafe Adapter frayed, separated, and charred at the same place as
17  the original MagSafe Adatper, with visible signs of smoke.  Ms. Hackwith returned to the Apple
18  store in Mission Viejo, California to replace her second, defective MagSafe Adapter.   Apple
19  employees told her that the MagSafe Adapter was out of warranty, and for this reason, they refused
20  to replace the MagSafe Adapter.  The Apple employees informed her that she could purchase a
21  replacement MagSafe Adapter for $79.99.  Ms. Hackwith decided not to purchase another version of
22  the same defective product – a product that she feared might burn down her house.

23        14.    Plaintiff Michael Martin ("Mr. Martin") is, and at all relevant times has been, a
24  resident of Wisconsin.  Mr. Martin purchased a MacBook Pro with an 85W MagSafe Adapter from
25  the Apple online store in August 2006.  In or about March 2008, the MagSafe Adapter failed when
26  its wires pulled away from the magnet portion during normal operation, and started to burn through
27  the wire sheath.  The sheath ultimately burned all the way through, causing the plastic material to
28  smoke and release a noxious burnt plastic odor.  Mr. Martin then took the MagSafe Adapter to the

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Apple Store at the Mayfair Mall in Wisconsin for an appointment with Apple's repair service provider, the "Genius Bar." He explained what happened and showed the Apple employee the MagSafe Adapter. The Apple employee only offered to sell him a new MagSafe Adapter for $79.99. Mr. Martin protested saying that the MagSafe Adapter should not be burning and catching fire. The Apple employee left to speak to the Apple store manager, and then came back and said that the item was out of warranty and that Mr. Martin had obviously abused the MagSafe Adapter. Mr. Martin, who took special care of his computer, found the allegation insulting and stated that the MagSafe Adapter was never abused and that he was not going to buy a new MagSafe Adapter because it almost burnt his house down. It was not until he raised his safety concern that the Apple employee replaced the MagSafe Adapter. Mr. Martin used the replacement MagSafe Adapter beginning in March 2008. Mr. Martin is informed and believes that Apple merely replaced his MagSafe Adapter with yet another MagSafe Adapter containing the same defects that led to the burning of the original one. Mr. Martin fears that he will have to replace this latest MagSafe Adapter with yet another defectively designed product. A photograph of Mr. Martin's defective MagSafe Adapter appears below:



15.    Defendant Apple, Inc. ("Apple") is incorporated in California. Its executive offices and company headquarters are located in Cupertino, Santa Clara County, California. Apple is registered to do business in the State of California, and conducts substantial business here. Apple is a publicly traded company, with net sales of over $32.4 billion in 2008, $14.5 billion of which was in the United States alone (up 26% from 2007).[1] Apple markets and sells its MacBook and MacBook Pro Computers ("Subject Computers") and MagSafe Adapters to consumers throughout

---

[1] Apple, Inc.'s 2008 10-K.

1  the United States, including to at least tens of thousands of consumers in California, which

2  constitutes a significant percentage of Apple's sales in the United States and California.

3      16.    The true names and capacities of Defendants sued herein under California Code of

4  Civil Procedure § 474 as Does 1 through 50, inclusive, are presently unknown to Plaintiffs, who

5  therefore sue these Defendants by fictitious names.  Plaintiffs will amend this Complaint to show

6  their true names and capacities when they have been ascertained.  Each of the Doe Defendants is

7  responsible in some manner for the conduct alleged herein.

8  **DEFENDANT'S UNLAWFUL CONDUCT**

9      17.    Since the 1970s, Apple has been engaged in the business of designing,

10  manufacturing, marketing, distributing and selling personal computers and related products and

11  services through its own retail (and more recently, online) stores, direct sales, third party wholesalers

12  and resellers.

13      18.    On or about February 2006, Apple began designing, manufacturing, warranting,

14  advertising, marketing, selling and providing the MagSafe Adapters at issue to consumers

15  throughout the United States for use with its new MacBook series laptop computers.  The MacBook

16  was the first generation of this new series, and the MacBook Pro was the second generation

17  (collectively, the "Subject Computers").  Apple sold the MagSafe Adapters to Plaintiffs and the

18  Class as original equipment with its Subject Computers, as separate accessories for them, and also as

19  replacements.  The MagSafe Adapter is the only power source Apple provides with or for its

20  MacBook and MacBook Pro computers.

21      19.    Apple markets the benefits of the MagSafe Adapter for both its MacBook and

22  MacBook Pro computers.

23      20.    Regarding the 85W MagSafe Adapters that come with the MacBook Pro series

24  laptop computers, Apple makes the following representations:

25      The MagSafe Power Adapter is just that: a magnetic connection instead of a
    physical one.  So tripping over a power cord won't send your shiny new

26      MacBook flying off a table or desk; **the cord simply breaks cleanly away,**

27

28

6
FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

**without damage to either the cord or the system**. **As an added nicety, this means less wear on the connectors**.[2]

* * * * *

Innovative right down to the power cord.  The MacBook Pro power adapter with MagSafe connector is just that: a magnetic connection instead of a physical one. So, if you happen to trip over a power cord, you won't send MacBook Pro flying off a table or desk; the cord simply disconnects, without damage to either the cord or the system.  As an added nicety, this means less wear on the connectors.[3]

* * * * *

Designed to be the **perfect traveling companion**, the adapter has a clever design which allows the DC cable to be wound neatly around itself for easy cable storage.[4]

21.      Regarding the 60W MagSafe Adapter that comes with the MacBook series laptop computers, Apple makes the following representations:

Good design leaves nothing to chance. Great design anticipates it.  No surprise, then, that MacBook features little touches — like a **klutz-proof power adapter** and a **nifty magnetic latch** — that make your computing experience as streamlined as the MacBook itself.[5]

* * * * *

Compact, durable, everything-you-need MacBook.[6]

* * * * *

MacBook makes it easy to hit the road thanks to its tough polycarbonate case, built-in wireless technologies, and innovative MagSafe Power Adapter that releases automatically if someone accidentally trips on the cord.[7]

* * * * *

---

[2] http://www.apple.com/macbook/design.html.

[3] http://www.apple.com/macbookpro/design.html.

[4]http://store.apple.com/1-800-MY-APPLE/WebObjects/AppleStore.woa/wa/RSLID?mco=816A0BD3&fnode=home/shop_mac/mac_accessories/power&npl m=MA938LL/A#overview.

[5] http://www.apple.com/macbook/design.html.

[6] http://www.apple.com/getamac/whichmac.html.

[7] http://www.apple.com/macbook/design.html.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

**Designed to withstand the rigors of life on the go**, every MacBook comes with Apple's MagSafe Power Adapter, **created especially for mobile users** that makes charging the notebook's battery easier than ever by magnetically coupling the power cord to the MacBook. The MagSafe Power Adapter **safely disconnects from the notebook when there is strain on the power cord**, helping to prevent the notebook from falling off its work surface.[8]

22.     Apple also boasts that its MacBook Pro is its "state of the art"[9] flagship portable computer, designed "for mobile professionals" and "life on the road."[10]

23.     Apple further represents that its MagSafe Adapter for both the MacBook and MacBook Pro as is "designed to be the perfect travel companion."[11]

24.     Apple provided Plaintiffs and each purchaser of a MacBook or MacBook Pro with an express one-year warranty, a true and correct copy of which is attached hereto as "Exhibit A." It states as follows:

> Apple…warrants this Apple-branded hardware product against defects in materials and workmanship under normal use for a period of ONE (1) YEAR from the date of retail purchase by the original end-user purchaser. If a hardware defect arises and a valid claim is received within the Warranty Period, at its option, Apple will either (1) repair the hardware defect at no charge, using new or refurbished replacement parts, or (2) exchange the product with a product that is new or which has been manufactured from new or serviceable used parts and is at least functionally equivalent to the original product, or (3) refund the purchase price of the product.

Apple has these same obligations with respect to Plaintiffs and all Class members, but has failed to satisfy these obligations.

25.     Upon information and belief, Apple has never sent out any sort of notice, warning, or recall, or otherwise alerted owners of the MacBook and MacBook Pro computers of the dangers of and problems with the MagSafe Adapters. Instead, Apple has acknowledged the

---

[8] Apple Press Release – May 16, 2006.

[9] http://www.apple.com/macbookpro/.

[10] Apple Press Release – June 5, 2007, available at http://www.apple.com/ca/press/2007_06/macbookpro.html.

[11] Apple Store "Overview" for both the 85W and 60W Adapters.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1   problems of fraying, sparking, melting and overheating associated with the MagSafe Adapters

2   through its half-hearted "extended warranty program" wherein Apple states in a hyperlink buried

3   on its website that  consumers who have "see[n] a spark" "may be eligible for a replacement

4   adapter free of charge provided there are no signs of accidental damage."  This information is not

5   readily apparent when viewing the website, does not guarantee replacement in all instances of

6   "sparking," and replaces the defective MagSafe Adapter with an identical product containing the

7   same Design Defects.  See Apple Portables: Troubleshooting MagSafe Adapters,

8   http://support.apple.com/kb/TS1713?viewlocale=en_US.   Attached hereto as "Exhibit B" is a

9   true and correct copy of Apple Portables: Troubleshooting MagSafe Adapters.

10          26.     In conjunction with each sale, Apple marketed, advertised and warranted that the

11  defective MagSafe Adapters were of merchantable quality fit for the ordinary purpose for which

12  such goods were used and were free from defects, or at a minimum would not catch fire.

13          27.     Apple also made express representations about the quality of its MagSafe Adapter.

14  For example, Apple represents on its website that the magnetic cord is designed specifically to cause

15  "less wear on the connectors."  http://www.apple.com/macbook/design.html.

16          28.     Apple intends for customers to believe its statements and representations about its

17  MagSafe Adapters and to trust that its products are of the highest quality.  The name "MagSafe"

18  itself suggests that Apple paid the utmost attention to consumer safety and protection in designing its

19  product.  Apple has concealed materials facts relating to the Design Defects, which cause the

20  MagSafe Adapters to cease functioning, overheat and catch fire.

21          29.     Contrary to Apple's advertisements, the MagSafe Adapter is not "durable" or

22  "designed to withstand the rigors of life on the go," but rather is fragile and fails when used as

23  intended.  Plaintiffs and Class members experienced, and continue to experience problems with their

24  MagSafe Adapters even though they have followed the instructions for use and have maintained

25  their MagSafe Adapters with ordinary care.

26          30.     The MagSafe Adapter consistently frays at the end of the cable going in to the

27  magnetic connector, which connects to the computer.  These exposed wires turn the MagSafe

28  Adapter into a fire and electrical shock hazard for Apple's customers.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

31.     Any adapter designed for a laptop computer must be durable enough to withstand the normal uses for which it is intended.  Such normal use includes coiling the plug when not in use.  The Apple MagSafe Adapter is designed so that the power cable will be wound around itself for storage or when in transport and also requires the user to clamp the cable onto itself to keep it in place.[12]   This normal folding and clamping causes undue stress, wear and degradation to the MagSafe Adapter cable.

32.     As the MagSafe Adapter designer and manufacturer, Apple possesses specialized knowledge regarding the composition of its MagSafe Adapter, and it is in a superior position to know and learn about defects in its MagSafe Adapter.  In fact, as evidenced by the many purchasers of the MagSafe Adapter who have gone through the trouble of logging on to Apple's website to complain of the problems alleged herein, Apple has been aware of these defects for nearly three years, but has done nothing about them.  From June 2006 through March 2009, more than 1,000 "customer reviews" of the MagSafe Adapter have been posted to the Apple Online Store.  The vast majority of the reviews are extremely negative, warning Apple over and over again about the hazards of its MagSafe Adapter.  For example, a recent posting about the 85W Adapter on February 28, 2009, titled, **"It melted – literally"** states:

•       I turn off (and unplug) my laptop almost every night and while I am gone during the day. The wire literally has melted near the battery and no longer works. Aside from being very frustrating and annoying, I can see this as posing a possible safety hazard. I'm a very unhappy customer right now and just spent around $100 (including shipping) to get another power cord shipped to me.

•       This one, titled **"Melted cord"** was posted February 16, 2009 (85W):  Like many other people, I too have a Magsafe power adapter whose cord spontaneously melted after about 9 months.

•       On January 10, 2009, in a posting titled **"Just Burned Me"** a user states (85W):  "I understand that AC adapters get hot by design, but it is completely unacceptable to get burned by the mag "safe" end. Absolutely ridiculous Apple. This is a flawed design and I can't wait for the class action suit. Count me in."

---

[12]   Apple Store / Shop Mac / Power / 85W Adapter

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

- On December 28, 2008, KG writes (85W), **"FIRE HAZARD"** and states that, "This product is dangerous. Clearly there is some sort of design flaw here. I noticed a slight separation of the magnet base from the actual cord with a few frayed wires and I took the power adapter to the Apple Store, where I was turned away because I didn't have the actual lap top with me. Figuring, if it were a major issue, I would have been warned not to use the product, I plugged it later the next day while it was on my lap and noticed a burning smell as well as excess heat. When I looked down I saw the plastic and rubber melting and I angled the machine out of my lap and rushed to unplug it. The power port on my computer is scorched. Luckily I only had a very minor burn on my left thigh as a result...nothing to go the emergency room about but think about it. If this had happened when the computer was on my desk, while I was at work, or perhaps if I had been at home asleep, the results could have been disastrous. This could have burnt my apartment, killed my dogs or even me.

I have been an Apple customer and die hard fan since the IIGS, and I am extremely disappointed in the recent quality of Apple products. First the battery issues, then defective hard drives, and now this. I really hope that it doesn't take a death or major property loss for Apple to take responsibility and inform customers of this major safety issue."

- A recent March 4, 2009 posting states (60W), "I have a MacBook and I am on my THIRD charger! It melts all of the time right where the cord connects to the magnet thing!,"

- Another recent posting in December 2008, stated (60W), "After 12 1/2 months my first cord started sparking near the laptop. I was afraid of fire so I took it into the apple store, waited in line for nearly an hour and was told to come back in 5 hours. When I did, I was told that nothing could be done because I didn't purchase the extra warranty. I purchased another cord for 79.00 hoping it wouldn't do the same thing. After 5 months, it started shorting out so I purchased 3rd (THIRD!) cord. Now my 3rd cord has begun to weaken at the connection and gets VERY hot. I have NEVER felt safe leaving it plugged in while I am away from it. Instead of purchasing a 4th 79.00 (320.00 in hazardous power cords) I am going to purchase a new laptop for myself as well as my 2 teenagers - probably time for another brand!

- A posting on February 5, 2008, is titled "FIRE HAZARD!", and states, "This morning I went to turn on my computer that had been left to charge over night, only to find it would not turn on.  In my quest to determine the cause, I noticed the cord failure that most of the other reviews describe –the power cord just after the MagSafe Power Adapter was melted (charred black and brown actually) and frayed wires were exposed.  As disappointed as I was that this could happen, I realized how fortunate I was that this had not started a fire!  There were NO warning signs!!  This needs to be recalled immediately!"

- Another 60W Adapter posting on December 30, 2007 states:  "Thank goodness I was home when I found my power adapter melting."

- On December 11, 2007, still another customer wrote (60W): "I have had my MacBook for 11 months.  One day I plugged in the charger and this weird hissing

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

came from my computer, then I smelled smoke, and looked down to see my charger was smoking.  I immediately pulled it out but the rubber on the cable was melted."

•       On January 11, 2008, another customer posted the comment (60W):  "I have had my MacBook for exactly one year and the wire at the end has melted away exposing the wires."

•       On December 15, 2007, another customer wrote (60W): "I actually sat there watching the dumb thing melt.  Luckily it didn't catch anything on fire.  I hate to see if it was plugged in while I was away from the house."

•       On February 9, 2008, (85W): "I recently went to use my MacBook Pro when I noticed that my battery was dead.  This was strange considering the power cord had been plugged in overnight.  I looked at the cord and realized that the LED light was not glowing.  After seeing this, I immediately saw that part of my cord (close to the magnetic part) was brown colored with a few holes burnt in it.  Also the part of the cord that connects to the little magnet was coming apart."

•       On February 1, 2008, (85W): "I've had my MacBook Pro just over 1 year and the MagSafe lead started to fray at the laptop end.  Last night it popped and fizzed and a cloud of smoke appeared. … These products must be dangerous – very disappointed."

•       Also on February 1, 2008 (85W): "I fell asleep this evening, and woke up to the smell of burning plastic and discharged MacBook Pro.  The magsafe adapter, I've been using since Sept 06, when I purchased the unit, frayed at the base, and melted, leaving a plastic mess on the floor, and in the air.  I don't want to purchase another one, but I haven't a choice.  There are no alternatives.  I don't feel safe with this product in my home anymore.  I recommend that users do NOT charge their apple laptops at night."

•       On January 30, 2008 (85W): "It's really very simple: right where the adapter cable is connected to the MagSafe plug, sparks were flying around… I heard a 'fizzzzz' sound… short circuit… smoke was billowing.  The cable was super hot and literally disintegrated in my hands.  Thank goodness I was there when it happened – wouldn't want to see my mortgaged house on fire, for crying out loud!"

•       On January 14, 2008 (85W): "Well, even with the spare power adapter, and always being careful to plug and unplug it by the head (not pulling on the cord), I had my adapter fail.  The other day I was typing away and all of a sudden I started to get shocks from the computer.  At the same time the green light on the magnetic head went out and a nasty smell came form the charger.  When I went to unplug the charge I discovered a greasy brown fluid leaking from it."

•       On January 14, 2008 (85W): "I generally don't think SPARKING AND SMOKING AND MELTING are good traits for a piece of electronics to have.  I'm

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

obviously not the first person to have this problem, and the most disturbing thing about these comments is that it KEEPS happening."

• On January 13, 2008 (85W): "Had my adapter (magnetic connection great idea) for just over a year and I plugged it into the laptop this morning to find the green light flicker and then produce a spark/flame. As described it left the beautiful smell of melting plastic and nice burn marks on my laptop and the head of the power cable. MagSAFE… no."

• On January 11, 2008 (85W): "Much like everyone else here, my cord melted where it meets with the computer. Luckily it was in use and I noticed the sparking that may have caused a fire otherwise."

• On January 9, 2008 (85W): "Dear Mac, This is the 3rd try on a battery cord for our daughter's MacBook Pro laptop. It actually started smoking. We have the battery inside the computer burn up also and it bubbled up the outside body of the laptop. We replaced this battery and cord approximately one year or less ago. What's up?"

• January 8, 2008 (85W): "Mine melted, burned and exposed wires at the end next to the brick, which usually sits on my desk. I bought the extended warranty, but seriously, I'm not sure I will be risking my life and home on a new adapter unless it is much better protected. I have contacted the UL people, and would advise others to do the same. Hopefully Apple won't wait until someone loses their life or home because of this very real hazard."

33.     Apple knew and was aware, or should have been aware, before marketing and selling the MagSafe Adapters, that they were inherently defective because even when operated as instructed, the MagSafe Adapters were substantially likely to fray, spark, melt, overheat and/or prematurely fail. Apple nonetheless failed to warn its customers of the Design Defects inherent in the MagSafe Adapters. If Plaintiffs and other Class members had known about the Design Defects, they would not have paid significant sums for MacBooks equipped with MagSafe Adapters.

34.     Apple's own website provides admissions that Apple is not only aware of these defects, but provides irresponsible advice for consumers regarding how to address the problems. On a page titled, "Portable Computers: Troubleshooting power adapters," Apple provides "troubleshooting" under the subject heading: "**If you see a spark**" which claims that "Sometimes when you plug the power adapter into the wall, you may see a spark. ***This is usually normal*** and can occur when you plug any electrical appliance into a live outlet. If you are concerned about the spark

1    you see when you plug your adapter into the wall, or if the spark comes from somewhere other than

2    the blades of the plug, you can take your adapter (you don't need to take the computer) in to an

3    Apple Authorized Service Provider or Apple Retail Store for evaluation." (emphasis added).

4        35.    In addition to the serious safety issue it presents, the MagSafe also has resulted in

5    substantial economic damage to consumers.  "I love my other apple products, but having to replace

6    this at $79.99 when it should not have to be replaced at all is not acceptable.  I could tell this was not

7    at all robust when I first started using it.  I was quite careful and it just stopped working.  Apple

8    should either make this product hold up to real world use or sell it for a more affordable price."

9    (Apple Online Store Customer Review - February 3, 2008.)  Similarly, another customer complains,

10   "I am very unhappy that the adapter of my MacBook is no longer functioning.  I travel with my

11   laptop a lot – after all, that is why I prefer laptops – and it seems that the adapter is not designed to

12   hold up to a reasonable amount of use.  After a year and a half it no longer functions and now I have

13   to buy a new one for $80!  What is especially upsetting is that I feel that Apple should replace this at

14   no cost as it is a defective design, not be making money off of their mistake, or else people may not

15   choose to purchase a Mac next time."  (Apple Online Store Customer Review - January 20, 2008.)

16       36.    Of course, it is not just through Apple's online store that consumers are logging

17   complaints about the MagSafe Adapter; the internet is rife with similar complaints.  One consumer

18   recently complained on www.Amazon.com:

19           Just do a Google and you'll see the life of this adapter is about a year.  Way too many
             incidents out there.  Mine lasted exactly one year.  One day I was charging my
20           MacBook and I started to smell wires burning.  It turned out to be the wire from this
             adapter, specifically where it attaches to the MacBook.  The key is not to put *any*
21           stress on the wire at all by letting it bend.  Apparently the plastic is so cheaply made
             that eventually it will wear out and expose the wires to each other which is
22           dangerous.  Luckily my MacBook was not damaged, and I was there to unplug the
             adapter when it started to smolder. While I like the smart magnetic design, it's made
23           quite shoddy. Of course the price is very high also at $79!?! Ridiculous! When I
             went to the Apple store to replace my adapter, there was a 3 week wait as well! I was
24           lucky to find one on Ebay for just under $36.  My best advice is not to put any
             tension on this wire because it obviously can't handle it, and I'd avoid leaving it
25           charging alone simply because I don't trust it and I've Googled quite a few horror
             stories. Check out the apple store and you'll see all the reviews about sparks, smoke,
26           melting, and fire.
27

28

---

14

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1    (Amazon.com  85W Adapter Customer Review - November 14, 2007).[13]

2        37.    Upon information and belief, to date, Apple has not taken action to remedy the

3    defects in its MagSafe Adapters or offer any replacement product.

4        38.    Apple faced the same complaints about overheating, fraying, smoking, sparking and

5    premature failure with its predecessor adapter, the 60W Adapter for its PowerBook computer.  Apple

6    misleads its customers into thinking that it resolved those design problems in its representations that

7    the MagSafe Adapter is better designed.  "Mobile users will love the new MagSafe Power adapter

8    featuring a magnetic DC plug that both ensures a tight connection and enables a clean break from the

9    power port when there is undue tension.  It prevents the MacBook Pro from being pulled off of a

10   desk when the cord is accidentally tripped over, ***and it protects the power cord from wear and***

11   ***tear***."[14]

12       39.    To ensure that its MagSafe Adapter would be fit for the ordinary or particular

13   purposes for which the Adapter was intended, Apple should have adequately tested its MagSafe

14   Adapter prior to releasing it for commercial sale.  Had Apple exercised reasonable care in testing its

15   MagSafe Adapter, it would have discovered that its MagSafe Adapters dangerously fray, spark,

16   overheat, melt and prematurely fail.

17       40.    Instead, Apple sold defective MagSafe Adapters to Plaintiffs and Class members

18   that were not fit for their intended use.  Apple has profited, either directly or indirectly, by

19   concealing the nature and extent of the Design Defects, which have enabled it to (a) sell MacBooks

20   equipped with MagSafe Adapters at premium prices, (b) to profit on the replacement MagSafe

21   Adapters sold when the original products fail, (c) and to profit on repair services charged by the

22   "Genius Bar" and other Apple repair services when customers bring in their malfunctioning

23

24   _____

25   13

26   http://www.amazon.com/review/product/B000F0ELN2/ref=dp_top_cm_cr_acr_txt?%5Fencoding=UTF8&showViewpoints=1

27   [14] http://www.amazon.com/Apple-MacBook-Laptop-MA091LL-SuperDrive/dp/B000BNHMIY

28

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1    MagSafe Adapters.  In fact, Apple has no effective remedy for the Design Defects and has taken no

2    action to correct the defects.

3        41.    Apple also could and should have tested alternative designs of its MagSafe Adapter

4    to avoid these destructive side-effects.  As noted, Apple has been aware of the weakness and defects

5    in its MagSafe Adapter.

6        42.    Furthermore, Apple continues to manufacture and sell its defective MagSafe

7    Adapter even after it was informed by its own customers of the specific design defects alleged

8    herein.

9        43.    Apple profits enormously from the sales of its MagSafe Adapter, while Plaintiffs

10    and Class members incur damages, including the price they paid to purchase the defective MagSafe

11    Adapters and the costs to replace them.

12                          **PLAINTIFFS' ALLEGATIONS**

13        44.    Plaintiffs are purchasers of Apple MacBook or MacBook Pro computers that were

14    sold with related devices and peripherals, including a MagSafe Adapter.

15        45.    Plaintiffs purchased and used the MagSafe Adapters, believing them to be

16    reasonably safe to use for the purpose for which they were intended: powering and charging their

17    portable computers.

18        46.    Since purchasing these computers, Plaintiffs have had to replace their MagSafe

19    Adapters because, when used as instructed and intended, their MagSafe Adapters sparked, frayed,

20    melted, and smoked; wires became exposed and/or they prematurely failed.

21        47.    Plaintiffs learned that far from being the unfortunate few experiencing such

22    problems with the MagSafe Adapters, there were hundreds of other similar customer complaints on

23    Apple's website.

24        48.    In fact, Plaintiffs' experiences with the MagSafe Adapter are typical of at least

25    thousands of other Apple purchasers who have registered their complaints with Apple, and have

26    documented their problems with the MagSafe Adapters on various website forums dedicated to

27    Apple products, including Apple's own website.  The similarity of the user complaints about the

28    MagSafe Adapter further evidences the uniformity of the product defects alleged herein.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

49.     Plaintiffs have suffered injury in fact and loss of money or property.  They have been damaged in the amount they paid for the defective replacement MagSafe Adapters they had to purchase to power and charge their MacBook or MacBook Pro laptop computers, as well as costs for attempted repairs and replacement of their MagSafe Adapters, even though the repairs and/or replacements did not address the inherent defects in the product.  Moreover, if no safe replacement Adapter exists, Plaintiffs have suffered damages in the amount of the full price they paid for their MacBook or MacBook Pro computers.

## CLASS ALLEGATIONS

50.     Plaintiffs bring this class action on behalf of themselves individually and all others similarly situated, pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

51.     The proposed class consists of all consumers who purchased an Apple MagSafe 60W Adapter or Apple MagSafe 85W Adapter from the time of their introduction in the marketplace through and including the date of class notice (the "Class").  Excluded from the Class are Apple, its affiliates, employees, officers and directors, persons or entities that distribute or sell the MagSafe Adapters, the Judge(s) assigned to this case, and the attorneys of record in this case.  Plaintiffs reserve the right to amend the Class definitions if discovery and further investigation reveal that the Class should be expanded or otherwise modified.

52.     This action is properly brought as a class action for the following reasons:

(a)     the proposed class is so numerous and geographically dispersed throughout the United States that the joinder of all class members is impracticable.  While Plaintiffs do not know the exact number and identity of all class members, Plaintiffs are informed and believe that there are tens, if not hundreds, of thousands of class members.  The precise number of members can be ascertained through discovery, which will include Apple's sales, service and other business records;

(b)     the disposition of Plaintiffs' and proposed class members' claims in a class action will provide substantial benefits to both the parties and the Court;

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1    (c)    the proposed class is ascertainable and there is a well-defined community of

2  interest in the questions of law or fact alleged herein since the rights of each proposed class member

3  were infringed or violated in the same fashion;

4    (d)    there are questions of law and fact common to the proposed class which

5  predominate over any questions that may affect particular class members.  Such common questions

6  of law and fact include, but are not limited to:

7    (i)    Whether Defendant exercised reasonable care in testing its MagSafe

8  Adapter prior to its release for commercial sale;

9    (ii)    Whether Defendant's MagSafe Adapter is defective when used as

10  directed, intended or in a reasonably foreseeable manner;

11    (iii)    Whether feasible alternative safer formulations of the MagSafe

12  Adapter were available;

13    (iv)    Whether Defendant's MagSafe Adapter was fit for its intended

14  purpose;

15    (v)    Whether Apple has breached the implied warranty of fitness for a

16  particular purpose;

17    (vi)    Whether    Apple    has    breached    the    implied    warranty    of

18  merchantability;

19    (vii)    Whether Apple has violated the Magnuson-Moss Warranty Act;

20    (viii)    Whether Apple has acted negligently;

21    (ix)    Whether Apple knew that the MagSafe Adapters were, and are,

22  materially defective;

23    (x)    Whether Apple omitted and concealed material facts from its

24  communications and disclosures to Plaintiffs regarding the Design Defects inherent in the MagSafe

25  Adapters;

26    (xi)    Whether Apple breached its express warranties;

27    (xii)    Whether Apple is strictly liable to Plaintiffs and the class;

28    (xiii)    whether Apple failed to warn Plaintiffs and the class;

18

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1        (xiv)        Whether Apple has violated the Song-Beverly Act;

2        (xv)        Whether Apple has violated the UCL;

3        (xvi)        Whether Apple has violated the CLRA;

4        (xvii)        Whether Apple has received funds from Plaintiffs and class members

5 that it unjustly received;

6        (xviii)        Whether Plaintiffs and proposed class members have been harmed

7 and the proper measure of relief;

8        (xix)        Whether Plaintiffs and proposed class members are entitled to an

9 award of punitive damages, attorneys' fees and expenses against Defendant; and

10        (xx)        Whether, as a result of Apple's misconduct, Plaintiffs are entitled to

11 equitable relief, and if so, the nature of such relief;

12        (e)        Plaintiffs' claims are typical of the claims of the members of the proposed

13 class.  Plaintiffs and all class members have been injured by the same wrongful practices of Apple.

14 Plaintiffs' claims arise from the same practices and conduct that give rise to the claims of all class

15 members and are based on the same legal theories;

16        (f)        Plaintiffs will fairly and adequately protect the interests of the proposed class

17 in that they have no interests antagonistic to those of the other proposed class members, and

18 Plaintiffs have retained attorneys experienced in consumer class actions and complex litigation as

19 counsel;

20        (g)        A class action is superior to other available methods for the fair and efficient

21 adjudication of this controversy for at least the following reasons:

22        (i)        Given the size of individual proposed class member's claims and the

23 expense of litigating those claims, few, if any, proposed class members could afford to or would

24 seek legal redress individually for the wrongs Defendant committed against them and absent

25 proposed class members have no substantial interest in individually controlling the prosecution of

26 individual actions;

27

28

(ii)      This action will promote an orderly and expeditious administration and adjudication of the proposed class claims, economies of time, effort and resources will be fostered and uniformity of decisions will be insured; and

(iii)      Without a class action, proposed class members will continue to suffer damages, and Defendant's violations of law will proceed without remedy while Defendant continues to reap and retain the substantial proceeds of its wrongful conduct.

(iv)      Plaintiffs know of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a class action.

53.      Apple has, or has access to, address information for the Class members, which may be used for the purpose of providing notice of the pendency of this class action.

54.      Plaintiffs seek damages and equitable relief on behalf of the proposed class on grounds generally applicable to the entire proposed class.

## FIRST CAUSE OF ACTION

### (Violations of California Business and Professions Code § 17200)

55.      Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

56.      California Business & Professions Code § 17200 prohibits acts of unfair competition, which means and includes any "unlawful, unfair or fraudulent business act or practice" and any act prohibited by Cal. Bus. & Prof. Code § 17500.

57.      Apple violated Cal. Bus. & Prof. Code § 17200's prohibition against engaging in an "**unlawful**" business act or practice by, *inter alia*, selling the defective and non-merchantable MagSafe Adapter to Plaintiffs, proposed class members, and the general public, failing to use reasonable care to test its MagSafe Adapter prior to sale, and by continuing to sell its defective Adapter after learning that it caused sparking, fraying and premature failure when used as intended, in violation of Cal. Civ. Code §§ 1770(a), 1791 *et seq*., Cal. Comm. Code §§ 2313 & 2314, U.C.C. § 2-313 & § 2-314, 15 U.S.C. § 2310(d)(1), and the common law, including the common law of negligence, implied warranty, breach of  the covenant of good faith and fair dealing and breach of the duty to disclose.

58.     Plaintiffs reserve the right to allege other violations of law which constitute other unlawful business acts and practices.  Such conduct is ongoing and continues to this date.

59.     The foregoing conduct also constitutes "**unfair**" business acts and practices within the meaning of Cal. Bus. & Prof. Code § 17200.  Apple's practices offend public policy and are unethical, oppressive, unscrupulous and violate the laws stated.  Further, such conduct is in violation of Cal. Civ. Code §§ 1770(a), 1791 *et seq*., and the common law, including the common law of negligence, implied warranty, breach of the covenant of good faith and fair dealing and breach of the duty to disclose.

60.     Apple's conduct caused and continues to cause substantial injury to consumers and their property, including Plaintiffs and proposed class members.  The gravity of Defendant's alleged wrongful conduct outweighs any purported benefits attributable to such conduct.  There were also reasonably available alternatives to Apple to further its business interests, other than voluntarily placing its defective MagSafe Adapter into the stream of commerce.

61.     Plaintiffs and Class members have suffered injury in fact and have lost money and/or property as a result of Defendant's unfair and unlawful business practices and are therefore entitled to the relief available under Cal. Bus. & Prof. Code §17200 *et seq*., as detailed below.

### SECOND CAUSE OF ACTION

**(Violations of the Consumer Legal Remedies Act,
California Civil Code § 1750 *et seq*.)**

62.     Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

63.     This cause of action arises under the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq*.  Plaintiffs are consumers as defined by Cal. Civ. Code § 1761(d). Apple's MagSafe Adapters constitute "goods" as defined by Cal. Civ. Code § 1761(a).  At all times relevant hereto, Apple constituted a "person" as that term is defined in Cal. Civ. Code § 1761(a), and Plaintiffs' and class members' purchases of the MagSafe Adapters constituted "transactions," as that term is defined in Cal. Civ. Code § 1761(b).

21

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

64.    Apple violated and continues to violate the CLRA by engaging in the following deceptive practices specifically proscribed by Cal. Civ. Code § 1770(a), in transactions with Plaintiffs and class members that were intended to result or which resulted in the sale or lease of goods or services to consumers:

(a)    In violation of Cal. Civ. Code § 1770(a)(5), Defendant's acts and practices constitute misrepresentations that the MagSafe Adapters in question have characteristics, benefits or uses which they do not have;

(b)    In violation of Cal. Civ. Code § 1770(a)(7), Defendant has misrepresented that the MagSafe Adapters in question are of particular standard, quality and/or grade, when they are of another; and

(c)    In violation of Cal. Civ. Code § 1770(a)(9), Defendant advertised the Adapters in question with the intent not to sell them as advertised or represented.

65.    Apple has made uniform representations that its MagSafe Adapter is a high-quality product that will perform as represented.  These representations, as set forth above, were false, deceptive, and/or misleading and in violation of the CLRA.

66.    Pursuant to Cal. Civ. Code § 1782, Plaintiffs notified Apple in writing by certified mail of the particular violations of Cal. Civ. Code § 1770 alleged herein, and have demanded that Apple rectify the problems associated with the actions detailed above and give notice to all affected consumers of its intent to so act.  Plaintiffs sent this notice by certified mail, return receipt requested, to Apple's principal place of business.

67.    Apple has failed to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days after receipt of the Civil Code § 1782 notice, thus Plaintiffs seek actual damages and punitive damages for violation of the Act.

68.    In addition, pursuant to Civil Code § 1780(a)(2), Plaintiffs are entitled to, and therefore seek, a Court order enjoining the above-described wrongful acts and practices that violate Cal. Civ. Code § 1770.

69.     Plaintiffs and the class are also entitled to recover attorneys' fees, costs, expenses and disbursements pursuant to Cal. Civ. Code §§ 1780 and 1781.

### THIRD CAUSE OF ACTION

### (Violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1))

70.     Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

71.      By placing its MagSafe Adapter in the stream of commerce, Apple impliedly warranted that it was reasonably safe for its intended use, *i.e.*, to withstand usual wear as a portable device and to charge the computers without causing fraying, sparking, melting, overheating or premature failure.

72.     Apple's MagSafe Adapter is not merchantable.  In breach of the implied warranty of merchantability and fitness for a particular purpose, the cord on the MagSafe Adapter frays and shorts out in normal use, causing sparking and melting, which creates a safety hazard, renders the Adapter inoperable, and may cause damage to the computer or other property.

73.     Apple's MagSafe Adapter was not reasonably safe for its intended use when it left Defendant's control and entered the market.

74.     The MagSafe Adapter defects were not open and/or obvious to consumers.  Any purported limitation of the duration and scope of these warranties given by Apple is unreasonable, unconscionable and void, because Apple knew or recklessly disregarded the fact that the defect in the MagSafe Adapter existed and might not be discovered, if at all, until the MagSafe Adapters had been used for a period of time longer than the period of any written warranty, and Apple willfully withheld information about the defect from purchasers of Apple computers.  Moreover, due to the unequal bargaining power between the parties, Plaintiffs and the class members had no meaningful alternative to accepting Apple's attempted pro forma limitation of the duration of any warranties.

75.     The dangerous design and manufacture of the MagSafe Adapter was, and is, an inherent safety-related defect which either was known or which should have been known to Apple to be a defect at the time plaintiffs and the class members purchased their Apple computers and Adapters.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

76.     The presence of this defect, and Apple's failure to warn of its presence or cure the defect, constitutes a breach of both the express and implied warranties.

77.     Apple's knowledge of this inherent defect, through both Plaintiffs' 30-day demand letter, and through the complaints lodged on its own website about the Adapter, has given Apple more than a reasonable opportunity to cure the defect – an opportunity that Apple has failed and refused to take.

78.     As a result, Plaintiffs and proposed class members have been damaged in, *inter alia*, the amount they paid to purchase and replace Apple's un-merchantable MagSafe Adapters, and if no safe replacement exists, in the amount they paid for their related Apple Computer, which relies on the MagSafe Adapter for its power and usage.

79.     Pursuant to 15 U.S.C. § 2310(d)(2), Plaintiffs are also entitled to attorneys' fees and reimbursement of expenses.

**FOURTH CAUSE OF ACTION**

**(Breach of Express Warranty)**

80.     Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

81.     Apple made affirmations of fact and promises to Plaintiffs and Class members which related to the MagSafe Adapters as more fully described herein.

82.     Apple's affirmations of fact and promises became part of the basis of the bargain between the parties.

83.     These affirmations of fact and promises created an express warranty that the MagSafe Adapters would conform to Apple's affirmations and promises.

84.     Apple uniformly warranted all its MagSafe Adapters against defects in material or workmanship at a time when it knew that the MagSafe Adapters suffered from serious defects and, nevertheless, continued to market and sell the MagSafe Adapters with this express warranty.

85.     Apple is obligated under the terms of its written warranty to repair, replace and/or refund the purchase price of defective MacBooks and their MagSafe Adapters sold to Plaintiffs and Class members.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

86.     Apple extended the terms of its warranty indefinitely through statements on its website that it would replace faulty MagSafe Adapters at any time.

87.     Apple has breached its written warranty, as set forth above, by supplying MagSafe Adapters in a condition that does not meet the warranty obligations undertaken by Apple, and by failing to repair or replace the defective products.

88.     Apple has additionally enforced its warranty in bad faith by replacing MagSafe Adapters with products that contained the same Design Defects.

89.     As set forth above, Apple's warranty fails in its essential purpose and, accordingly, Plaintiffs and Class members cannot and should not be limited to the remedies set forth in Apple's written warranty and, instead, should be permitted to recover all measure of appropriate relief.

90.     Apple has received sufficient and timely notice of the breaches of warranty alleged herein.  Despite this notice and Apple's knowledge of the defects in the MagSafe Adapters, Apple has failed to honor its warranty, even though it knows of the defects inherent in the MagSafe Adapters.

91.     Plaintiffs and Class members have given Apple a reasonable opportunity to cure its misrepresentations and failures with respect to its warranty, but Apple has failed to do so.

92.     Apple has failed to provide Plaintiffs and Class members, as a warranty repair and/or replacement, a product that conforms to the qualities and characteristics that Apple expressly warranted when it sold the MagSafe Adapters to Plaintiffs and Class members.

93.     As a result of Apple's breach of warranty, Plaintiffs and Class members have suffered damages in an amount to be determined at trial.

### (FIFTH CAUSE OF ACTION)

### (Breach of Implied Warranty of Fitness for a Particular Purpose)

94.     Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

95.     By placing its MagSafe Adapter in the stream of commerce, Apple impliedly warranted that its Adapter was reasonably safe for its particular purpose, *i.e.*, to withstand usual wear

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1   as a portable device and to charge the computers without causing fraying, sparking, melting,

2   overheating or premature failure.

3        96.    Apple's MagSafe Adapter is not fit for its particular purpose.  In breach of the

4   implied warranty of fitness for a particular purpose, the cord on the MagSafe Adapter frays and

5   shorts out in normal use, causing sparking and melting, which creates a safety hazard, renders the

6   Adapter inoperable, and may cause damage to the computer or other property.

7        97.    Apple's MagSafe Adapter was not reasonably safe for its intended particular use

8   when it left Defendant's control and entered the market.

9        98.    The MagSafe Adapter defects were not open and/or obvious to consumers.

10       99.    Any purported limitation of the duration and scope of the implied warranty of fitness

11  for a particular purpose given by Apple is unreasonable, unconscionable and void, because Apple

12  knew or recklessly disregarded that the defect in the MagSafe Adapter existed and might not be

13  discovered, if at all, until the MagSafe Adapters had been used for a period of time longer than the

14  period of any written warranty, and Apple willfully withheld information about the defect from

15  purchasers of Apple computers.  Moreover, due to the unequal bargaining power between the

16  parties, Plaintiffs and class members had no meaningful alternative to accepting Apple's attempted

17  pro forma limitation of the duration of any warranties.

18       100.    As a result, Plaintiffs and proposed class members have been damaged in, *inter alia*,

19  the amount they paid to purchase and replace Apple's unfit MagSafe Adapters, and if no safe

20  replacement exists, in the amount they paid for their related Apple Computer, which relies on the

21  MagSafe Adapter for its power and usage.

22  **SIXTH CAUSE OF ACTION**

23  **(Breach of Implied Warranty of Merchantability)**

24       101.    Plaintiffs re-allege and incorporate by reference the allegations contained in the

25  paragraphs above as if fully set forth herein.

26       102.     By placing its MagSafe Adapter in the stream of commerce, Apple impliedly

27  warranted that its Adapter was reasonably safe for its intended use, *i.e.*, to withstand usual wear as a

28

26

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1    portable device and to charge the computers without causing fraying, sparking, melting, overheating

2    or premature failure.

3          103.    Apple's MagSafe Adapter is not merchantable.  In breach of the implied warranty of

4    merchantability, Apple's MagSafe Adapter fails to charge properly, falls apart and causes sparking,

5    which is a safety hazard as well as a cause of damage to the computers.

6          104.    Apple's MagSafe Adapter was not reasonably safe for its intended use when it left

7    Defendant's control and entered the market.

8          105.    The MagSafe Adapter defects were not open and/or obvious to consumers.

9          106.    Any purported limitation of the duration and scope of the implied warranty of

10   merchantability given by Apple is unreasonable, unconscionable and void, because Apple knew or

11   recklessly disregarded that the defect in the MagSafe Adapter existed and might not be discovered, if

12   at all, until the MagSafe Adapters had been used for a period of time longer than the period of any

13   written warranty, and Apple willfully withheld information about the defect from purchasers of

14   Apple computers.  Moreover, due to the unequal bargaining power between the parties, plaintiffs and

15   the class members had no meaningful alternative to accepting Apple's attempted pro forma

16   limitation of the duration of any warranties.

17         107.    As a result, Plaintiffs and proposed class members have been damaged in, *inter alia*,

18   the amount they paid to purchase and replace Apple's un-merchantable MagSafe Adapters, and if no

19   safe replacement exists, in the amount they paid for their related Apple Computer, which relies on

20   the MagSafe Adapter for its power and usage.

21                              **SEVENTH CAUSE OF ACTION**

22              **(Violations of the Song-Beverly Consumer Warranty Act,**
                 **Cal. Civ. Code § 1791 *et seq.*)**

23

24         108.    Plaintiffs re-allege and incorporate by reference the allegations contained in the

25   paragraphs above as if fully set forth herein.

26         109.    This cause of action is brought under the Song-Beverly Consumer Warranty Act,

27   Cal. Civ. Code § 1791 *et seq.*  Plaintiffs are "buyers," Defendant's MagSafe Adapter is a "consumer

28   good," and Defendant is a "retailer" and "manufacturer" within the meaning of Song-Beverly.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

110.     By placing its MagSafe Adapter in the stream of commerce, Apple impliedly warrants that its MagSafe Adapter is reasonably safe for its intended use, *i.e.*, to withstand usual wear as a portable device and to charge the computers without causing fraying, sparking, melting, overheating or premature failure.

111.     Apple's Adapter is not merchantable.  In breach of its implied warranty, Apple's MagSafe Adapter fails to charge properly, falls apart and causes sparking, which is a safety hazard as well as a cause of damage to the computers.

112.     Apple's MagSafe Adapter was not reasonably safe for its intended use when it left Defendant's control and entered the market.

113.     Apple's MagSafe Adapter's defects were not open and/or obvious to consumers.

114.     As a result, Plaintiffs and proposed class members have been damaged and will continue to be damaged in, *inter alia*, the amount they paid to purchase and replace un-merchantable MagSafe Adapters, and if no safe replacement exists, in the amount they paid for their related Apple Computer which relies on the MagSafe Adapter for its power and usage.

115.     Pursuant to Cal. Civ. Code § 1794, Plaintiffs and proposed class members are entitled to damages under the Song-Beverly Consumer Warranty Act, including, *inter alia*, reimbursement in the amount they paid for Defendant's MagSafe Adapters, and if no safe replacement exists, in the amount they paid for their related Apple Computer, which relies on the MagSafe Adapter for its power and usage and for their costs, expenses and attorneys' fees.

### EIGHTH CAUSE OF ACTION

### (Negligence)

116.     Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

117.     The conduct of Apple in manufacturing, distributing and selling the MagSafe Adapter constituted negligence in failing to reasonably act in accordance with all applicable standards of care. Apple owed Plaintiffs and class members a duty not to disseminate a materially defective product.

118.     Apple also breached its duty of care by negligently failing to timely and/or adequately warn Plaintiff and the class of the defective and unreasonably dangerous condition of the MagSafe Adapters, even after Apple was, or should have been, fully aware of the material defects in said MagSafe Adapters.

119.     As a direct and proximate result of Apple's negligence, Plaintiffs and members of the class suffered economic injury, entitling them to just compensation, as detailed below.

**NINTH CAUSE OF ACTION**

**(Negligent Design and Failure to Warn)**

120.     Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

121.     Apple knew, or by the exercise of reasonable care should have known, that its MagSafe Adapters would have and had the alleged Design Defects.

122.     Apple knew that the Plaintiffs and Class members, who used the MagSafe Adapters for their intended use, were members of a foreseeable class of persons who were at risk of suffering serious inconvenience, expense and potential injury solely because of the Design Defects.

123.     At the time Apple manufactured, distributed and/or sold the MagSafe Adapter, it owed a duty to persons like the Plaintiffs and Class members to exercise ordinary and reasonable care to properly design the MagSafe Adapters, and it owes a continuing duty to warn about the problem and to repair and/or recall its defective MagSafe Adapters.

124.     Apple had a pre-sale duty to warn potential purchasers that the MagSafe Adapters carried with them greater risks of injury and property damage that an ordinary consumer would expect when using the MagSafe Adapters in their intended or reasonably foreseeable manner.

125.     Any benefits by way of easier release of a power cord are outweighed by the risks inherent in the MagSafe Adapter's design.

126.     Apple failed to use appropriate design, engineering and parts in manufacture, and Apple in other respects breached its duties by being reckless, careless, and negligent.

127.    As a direct and proximate result of Apple's recklessness, carelessness, and negligence, the Plaintiffs and Class members were caused to suffer damages and losses in an amount to be proven at trial.

## TENTH CAUSE OF ACTION

### (Money Had and Received)

128.    Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

129.    As more fully set forth above, Apple has in its possession money, which in equity and good conscience belongs to Plaintiffs and Class members and which should be refunded to Plaintiffs and Class members.

## ELEVENTH CAUSE OF ACTION

### (Unjust Enrichment)

130.    Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

131.    Apple improperly received and continues to improperly receive from Plaintiffs and class members millions of dollars as a result of the conduct alleged above.

132.    As a result, Plaintiffs and the class have conferred a benefit on Apple to which Apple is not entitled.  Apple has knowledge of this benefit, wrongfully and deceptively obtained this benefit, and has voluntarily accepted and retained the benefit conferred on it.  Apple will be unjustly enriched if it is allowed to retain such funds and, therefore, a constructive trust should be imposed on all monies wrongfully obtained by Apple and the money should be disgorged from Defendant, and returned to Plaintiffs and the class.

## TWELFTH CAUSE OF ACTION

### (Untrue and Misleading Advertising in Violation of
### Cal. Bus. & Prof. Code § 1750 *et seq.*)

133.    Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

134.     California Business & Professions Code § 17500 prohibits various deceptive practices in connection with the dissemination in any manner of representations which are likely to deceive members of the public to purchase products such as the MagSafe Adapter.

135.     Apple caused advertisements for MagSafe Adapters to be placed on its website and within the name of the product itself, among other sources, before the general public and knew or should have known that MagSafe Adapters did not conform to the advertisements' representations regarding the safety of the product.

136.     As a result of the foregoing, Plaintiffs, and other Class members, and consumers are entitled to injunctive and equitable relief and damages in an amount to be proven at trial.

## THIRTEENTH CAUSE OF ACTION

### (Permanent Injunctive Relief)

137.     Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

138.     As a direct result of Apple's manufacture, distribution and sale of its MagSafe Adapters, Class members are being irreparably harmed.  Among other things, Class members are suffering irreparable damage in the form of the risks of melting and burning resulting from the Design Defects of the MagSafe Adapters.

139.     The actions of Apple have affected a substantial public safety interest, thereby underscoring the need for injunctive relief.  Apple has distributed defective and dangerous products. Apple has made no effort to recall and redesign the dangerous MagSafe Adapters.  Such actions were taken in complete disregard for the interests and the well-being of consumers of Apple's products.  Thus, the interest and rights of consumers can only be protected through permanent injunctive relief.

140.     Unless and until enjoined and restrained by order of this Court, Apple will continue to manufacture, distribute and sell MagSafe Adapters.  The continued distribution of the MagSafe Adapters will cause consumers great and irreparable harm.  There is no adequate remedy at law for the injuries suffered as a result of Apple's manufacture, distribution and sale of the MagSafe Adapters.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

141.    Therefore, Plaintiffs request an injunction ordering Apple to take the following actions:

(a)    immediately recall and redesign all MagSafe Adapters to remedy the defects alleged herein;

(b)    refrain from terminating the existing extended warranty until such time as a safe replacement adapter is available;

(c)    cease continuing to falsely market and advertise, concealing material information, and conducting business via the unlawful and unfair business acts and practices complained of herein;

(d)    engage in a corrective notice campaign; and

(e)    refund to Plaintiffs and all Class members the funds paid to Apple for the defective MagSafe Adapters, including, if no reasonably safe replacement product exists, the full price paid for the Subject Computers.

## FOURTEENTH CAUSE OF ACTION

### (Declaratory Relief)

142.    Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

143.    A true and present controversy exists between Plaintiffs and Apple concerning the terms and limitations under the express and implied warranties as set forth above.  Specifically, Plaintiffs contend that Apple has breached its express and implied warranties in connection with the manufacture, sale and distribution of the MagSafe Adapters and has failed to enforce its warranty as extended by Apple's policy as stated on its website.  Plaintiffs also contend that Apple's original express warranty is unconscionable in its limitations.  Plaintiffs additionally contend that Apple's refusal to replace the MagSafe Adapters is a breach of the express warranty as modified.  Plaintiffs further contend that Apple intentionally deceived the public as to the existence and enforcement of its warranty extension by hiding the extension in the troubleshooting page of its website and failing to inform its own employees of the existence of the warranty extension.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1   144.   Plaintiffs are informed and believed and based thereon allege that Apple contends

2   otherwise.

3   145.   A judicial declaration is necessary and appropriate at this time under the

4   circumstances in order that Plaintiffs and Apple may ascertain their respective rights and duties

5   under the express and implied warranties.

6   **PRAYER FOR RELIEF**

7   WHEREFORE, Plaintiffs pray this Court enter a judgment against Defendant that:

8   A.   This action be certified and maintained as a class action under Rule 23 of the

9   Federal Rules of Civil Procedure and certify the proposed class as defined, appointing Plaintiffs as

10   representatives of the Class, and appointing the attorneys and law firms representing Plaintiffs as

11   counsel for the Class;

12   B.   Awards compensatory, statutory and/or punitive damages as to all Causes of Action

13   where such relief is permitted;

14   C.   Awards Plaintiffs and proposed class members the costs of this action, including

15   reasonable attorneys' fees and expenses;

16   D.   Orders Apple to immediately cease its wrongful conduct as set forth above; enjoins

17   Apple from continuing to falsely market and advertise, conceal material information, and conduct

18   business via the unlawful and unfair business acts and practices complained of herein; orders Apple

19   to engage in a corrective notice campaign, and requires Apple to refund to Plaintiffs and all of the

20   class members the funds paid to Apple for these defective products, including, if no reasonably safe

21   replacement product exists, the full price paid for the subject computers;

22   E.   Enjoin Apple from terminating the existing extended warranty program for the

23   defective MagSafe Adapters until such time as a safe replacement adapter is available;

24   F.   Awards equitable monetary relief, including restitution and disgorgement of all ill-

25   gotten gains, and the imposition of a constructive trust upon, or otherwise restricting the proceeds of

26   Defendant's ill-gotten gains, to ensure that Plaintiffs and proposed class members have an effective

27   remedy;

28   G.   Awards pre-judgment and post-judgment interest at the legal rate;

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1    H.    Orders appropriate declaratory relief; and

2    I.    Such further legal and equitable relief as this Court may deem just and proper.

3                                    **JURY DEMAND**

4    Plaintiffs demand a trial by jury on all issues so triable.

5

6    DATED: January 19, 2009                ZELDES & HAEGGQUIST, LLP
                                            HELEN I. ZELDES
7                                           ALREEN HAEGGQUIST

8

9                                           By:        */s/ Helen I. Zeldes*
                                                     HELEN I. ZELDES
10
                                            Attorneys for Plaintiffs
11                                          NAOTAKA KITAGAWA, JR., TIMOTHY J.
                                            BROAD, and JESSE REISMAN, Individually
12                                          and On Behalf of All Others Similarly Situated

13                                          Helen I. Zeldes
                                            Alreen Haeggquist
14                                          ZELDES & HAEGGQUIST LLP
                                            625 Broadway, Suite 906
15                                          San Diego, California 92101
                                            Telephone: (619) 342-8000
16                                          Facsimile: (619) 342-7272

17                                          Steven A. Skalet, Esq. (pro hac vice)
                                            Craig L. Briskin, Esq. (pro hac vice)
18                                          MEHRI & SKALET, PLLC
                                            1250 Connecticut Ave.. NW, Suite 300
19                                          Washington, D.C. 20036
                                            Telephone: (202) 822-5100
20                                          Facsimile: (202) 822-4997

21                                          Attorneys for the Kitagawa Plaintiffs

22
                                            LINER GRODE STEIN YANKELEVITZ
23                                          SUNSHINE REGENSTREIF & TAYLOR LLP

24

25                                          By:        */s/Angela C. Agrusa*
                                            Angela C. Agrusa
26                                          Attorneys for Plaintiffs
                                            TRACEY HACKWITH and MICHAEL
27                                          MARTIN, Individually and On Behalf of All
                                            Others Similarly Situated

28

                                    34

─────────────────────────────────────────────────
FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1

Angela C. Agrusa, Esq.
Camilla Y. Chan, Esq.

2

LINER GRODE STEIN YANKELEVITZ
SUNSHINE REGENSTREIF & TAYLOR LLP

3

1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503

4

Telephone: (310) 500-3500
Facsimile: (310) 500-3501

5

6

Patrick McNicholas, Esq.
Catherine Burke Schmidt, Esq.

7

MCNICHOLAS & MCNICHOLAS, LLP
10866 Wilshire Boulevard, Suite 1400
Los Angeles, California 90024-4338

8

9

10

Attorneys for the *Hackwith* Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1   HELEN I. ZELDES (SBN: 220051)
    ALREEN HAEGGQUIST (SBN: 221858)
2   ZELDES & HAEGGQUIST, LLP
    625 Broadway, Suite 906
3   San Diego, CA 92101
    Telephone:  (619) 342-8000
4   Fax:  (619) 342-7272
    helenz@zhlaw.com
5   alreenh@zhlaw.com

6   STEVEN A. SKALET (admitted pro hac vice)
    CRAIG L. BRISKIN (admitted pro hac vice)
7   MEHRI & SKALET, PLLC
    1250 Connecticut Avenue., NW, Suite 300
8   Washington, DC 20036
    Telephone:  (202) 822-5100
9   Fax:  (202) 822-4997
    sskalet@findjustice.com
10  cbriskin@findjustice.com

11  Attorneys for the *Kitagawa* Plaintiffs
    [Additional counsel appear on the next page and the
12  signature page]

13

14              **UNITED STATES DISTRICT COURT**

15             **NORTHERN DISTRICT OF CALIFORNIA**

16                    **SAN JOSE DIVISION**

17                                         | Case No. C 09-01911 JW

18  In re MagSafe Apple Power Adapter Litigation    | **CERTIFICATE OF SERVICE**

19

20

21

22

23

24

25

26

27

28

1   ANGELA C. AGRUSA (SBN: 131337)
        aagrusa@linerlaw.com
2   CAMILLA Y. CHAN (SBN: 241674)
        cchan@linerlaw.com
3   LINER GRODE STEIN YANKELEVITZ
    SUNSHINE REGENSTREIF & TAYLOR LLP
4   1100 Glendon Avenue, 14th Floor
    Los Angeles, California 90024-3503
5   Telephone:  (310) 500-3500
    Facsimile:  (310) 500-3501
6
    PATRICK MCNICHOLAS (SBN: 125868)
7       pmc@mcnicholaslaw.com
    CATHRINE B. SCHMIDT (SBN: 212827)
8       cbs@mcnicholaslaw.com
    MCNICHOLAS & MCNICHOLAS LLP
9   10866 Wilshire Boulevard Suite 1400
    Los Angeles, CA 90024-4338
10  Telephone: (310) 474-1582
    Facsimile:  (310) 475-7871
11
12  Attorneys for the *Hackwith* Plaintiffs

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE BY MAIL**
**(Fed. R. Civ. Proc. rule 5(b))**

I declare that I am employed with the law firm of Zeldes & Haeggquist, LLP, whose address is 625 Broadway, Suite 906, San Diego, California 92101; I am not a party to the within cause; I am over the age of eighteen years and I am readily familiar with Zeldes & Haeggquist's practice for collection and processing of correspondence for mailing with the United States Postal Service and know that in the ordinary course of Zeldes & Haeggquist's business practice the document described below will be deposited with the United States Postal Service on the same date that it is  placed at Zeldes & Haeggquist, with postage thereon fully prepaid for collection and mailing.

I further declare that on the date hereof I served a copy of:

# FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

on the following by placing a true copy thereof enclosed in a sealed envelope addressed as follows for collection and mailing at Zeldes & Haeggquist, LLP, 625 Broadway, Suite 906, San Diego, California 92101, in accordance with Zeldes & Haeggquist's ordinary business practices:

**Steven A. Skalet**
Mehri & Skalet, PLLC
1250 Connecticut Avenue NW, Suite 300
Washington, DC 20036
***Counsel for Kitagawa, et al.***

I declare under penalty of perjury that the above is true and correct.
Executed at San Diego, California, this 19th day of January, 2010.

Aaron M. Olsen                              /s/Aaron M. Olsen
(typed)                                           (signature)

I, Helen I. Zeldes, am the ECF User whose ID and password are being used to file this Certificate of Service.  In compliance with General Order 45, section X.B., I hereby attest that Aaron M. Olsen has read and approved this Certificate of Service and consents to its filing in this action.

Date: January 19, 2010

/s/ Helen I. Zeldes
HELEN I. ZELDES

Attorneys for Plaintiffs

CERTIFICATE OF SERVICE
CASE NO. 09-01911 JW                                                                2