1  PENELOPE A. PREOVOLOS (CA SBN 87607)
   (PPreovolos@mofo.com)
2  ANDREW D. MUHLBACH (CA SBN 175694)
   (AMuhlbach@mofo.com)
3  ANNE M. HUNTER (CA SBN 221455)
   (AHunter@mofo.com)
4  ALEXEI KLESTOFF (CA SBN 224016)
   (AKlestoff@mofo.com)
5  MORRISON & FOERSTER LLP
   425 Market Street
6  San Francisco, California  94105-2482
   Telephone: 415.268.7000
7  Facsimile: 415.268.7522

8  *Attorneys for Defendant*
   APPLE INC.

9

10

11                  UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13                       SAN JOSE DIVISION

14                                        Case No. C 09-01911 JW

15  IN RE MAGSAFE APPLE POWER ADAPTER      **CLASS ACTION**
    LITIGATION
16                                         **ANSWER TO FIRST AMENDED
                                           CONSOLIDATED CLASS ACTION**
17                                         **COMPLAINT**

18                                         **DEMAND FOR JURY TRIAL**

19
                                           Judge James Ware, Courtroom 8
20                                         Complaint Filed:  January 19, 2010
                                           Trial Date:  None Set
21

22

23

24

25

26

27

28

ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. C 09-01911 RS
sf-2788853

Defendant APPLE INC. ("Apple"), by and through its attorneys, answers the Complaint filed by Plaintiffs Naotaka Kitagawa, Jr., Timothy J. Broad, Jesse Reisman, Tracey Hackwith, and Michael Martin ("Plaintiffs") as follows:

**NATURE OF THE ACTION**

1.     Responding to paragraph 1 of the Complaint, Apple states that Plaintiffs purport to bring a nationwide class action on behalf of purchasers of Apple's 85W MagSafe Power Adapter ("85W Adapter") and Apple's 60W MagSafe Power Adapter ("60W Adapter") (hereinafter, collectively, "MagSafe Adapters") against Apple.  Apple denies that class treatment is appropriate.  Except as expressly stated, Apple denies each and every averment contained in paragraph 1.  Apple denies that Plaintiffs or the members of the purported class have been injured or damaged in any way and further denies that Plaintiffs or the members of the purported class are entitled to relief of any kind.

2.     Responding to paragraph 2 of the Complaint, Apple states that the URL cited, http:www.apple.com/store, is part of an Apple website and that the website speaks for itself.  Except as expressly stated, Apple denies each and every averment contained in paragraph 2.

3.     Responding to paragraph 3 of the Complaint, Apple states that MagSafe Adapters are sold with MacBook and MacBook Pro computers (hereinafter, collectively, "MacBooks") and that Apple sells no other adapters that are compatible with MacBooks.  Apple further states that it currently markets and sells MagSafe Adapters.  Insofar as the averments in paragraph 3 state conclusions of law, no response thereto is required.  Except as expressly stated, Apple denies each and every averment contained in paragraph 3.

4.     Responding to paragraph 4 of the Complaint, Apple states that Plaintiffs purport to bring a class action on behalf of themselves and all other similarly situated.  Apple denies that class treatment is appropriate.  Apple further states that Plaintiffs purport to state claims under the California Unfair Competition Law, Business and Professions Code §§ 17200, *et seq.* ("UCL" or "§ 17200"), the California Consumers Legal Remedies Act , Civil Code §§ 1750, *et seq.* ("CLRA"), the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1), the Song-Beverly Consumer Warranty Act, Civil Code § 1790, *et seq.* ("Song-Beverly"), as well as for breach of

1   express warranty, breach of implied warranties, negligence, unjust enrichment, untrue and

2   misleading advertising in violation of California Business and Professions Code §§ 17500, *et*

3   *seq*., and injunctive and declaratory relief.  Apple states that Plaintiffs purport to seek damages

4   and equitable relief.  Except as expressly stated, Apple denies each and every averment contained

5   in paragraph 4.  Apple denies that Plaintiffs or the members of the purported class have been

6   injured or damaged in any way and further denies that Plaintiffs or the members of the purported

7   class are entitled to relief of any kind.

8   **JURISDICTION AND VENUE**

9       5.      Responding to paragraph 5 of the Complaint, Apple states that insofar as the

10   averments in paragraph 5 state conclusions of law, no response thereto is required.  Except as

11   expressly stated, Apple denies each and every averment contained in paragraph 5.

12      6.      Responding to paragraph 6 of the Complaint, Apple is without knowledge or

13   information sufficient to form a belief as to the truth of the averments that the matter in

14   controversy exceeds the jurisdictional amount.  Except as expressly stated, Apple denies each and

15   every averment contained in paragraph 6.

16      7.      Responding to paragraph 7 of the Complaint, Apple states that its executive offices

17   and corporate headquarters are located in Cupertino, California.  Apple further states that it is

18   incorporated in California and that it is registered to do business in the State of California.  Apple

19   states that it has promoted, marketed, distributed, and sold MagSafe Adapters in California.

20   Insofar as the averments in paragraph 7 state conclusions of law, no response thereto is required.

21   Except as expressly stated, Apple denies each and every averment contained in paragraph 7.

22      8.      Responding to paragraph 8 of the Complaint, Apple states that it does business in

23   the Northern District of California and that its headquarters are located in Santa Clara County,

24   California.  Insofar as the averments in paragraph 8 state conclusions of law, no response thereto

25   is required.  Except as expressly stated, Apple denies each and every averment contained in

26   paragraph 8.

27

28

**INTRADISTRICT ASSIGNMENT**

9. Responding to paragraph 9 of the Complaint, Apple states that insofar as the averments in paragraph 9 state conclusions of law, no response thereto is required. Apple further states that is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 9 and on that basis denies the averments.

**PARTIES**

10. Responding to paragraph 10 of the Complaint, Apple states that its records confirm that Plaintiff Naotaka Kitagawa purchased a MacBook computer in May of 2006. Except as expressly stated, Apple is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 10 and on that basis denies the averments.

11. Responding to paragraph 11 of the Complaint, Apple states that its records confirm that Plaintiff Timothy J. Broad purchased a MacBook computer in September of 2006. Apple further states that its records reflect that Mr. Broad contacted Apple in December. Except as expressly stated, Apple is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 11 and on that basis denies the averments.

12. Responding to paragraph 12 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 12 and on that basis denies the averments.

13. Responding to paragraph 13 of the Complaint, Apple states that MacBook computers come equipped with a 60W Adapter. As to the remaining averments set forth in paragraph 13, Apple is without knowledge or information sufficient to form a belief as to the truth of such averments at this time and on that basis denies such averments.

14. Responding to paragraph 14 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 14 and on that basis denies the averments.

15. Responding to paragraph 15 of the Complaint, Apple states that it is incorporated in California. Apple further states that its executive offices and corporate headquarters are located in Cupertino, Santa Clara County, California. Apple states that it is registered to do

1   business in the State of California and conducts business in the State of California.  Apple further

2   states that it is a publicly-traded company.  Apple states that its 2008 Form 10-K lists net sales of

3   over $32 billion.  Apple states that it markets and sells MacBooks throughout the United States,

4   including in California.  Except as expressly stated, Apple denies each and every averment

5   contained in paragraph 15.

6        16.     Responding to paragraph 16 of the Complaint, Apple is without knowledge or

7   information sufficient to form a belief as to the truth of the averments contained in paragraph 16

8   and on that basis denies the averments.

9                        **DEFENDANT'S UNLAWFUL CONDUCT**

10       17.     Responding to paragraph 17 of the Complaint, Apple states that it was

11   incorporated under the laws of the State of California in January 1977.  Apple states that it

12   currently designs, markets, distributes, and sells personal computers and related products and

13   services through its online stores, its own retail stores, and authorized resellers.  Except as

14   expressly stated, Apple denies each and every averment contained in paragraph 17.

15       18.     Responding to paragraph 18 of the Complaint, Apple states that MacBooks come

16   equipped with MagSafe Adapters.  Apple further states that it also sells MagSafe Adapters

17   separately from MacBooks.  Except as expressly stated, Apple denies each and every averment

18   contained in paragraph 18.

19       19.     Responding to paragraph 19 of the Complaint, Apple states that it markets

20   MagSafe Adapters for use with MacBooks.  Except as expressly stated, Apple denies each and

21   every averment contained in paragraph 19.

22       20.     Responding to paragraph 20 of the Complaint, Apple states that the URLs cited are

23   part of an Apple website and that the website speaks for itself.  Except as expressly stated, Apple

24   denies each and every averment contained in paragraph 20.

25       21.     Responding to paragraph 21 of the Complaint, Apple states that the URLs cited are

26   part of an Apple website and that the website speaks for itself.  Apple further states that its May

27   16, 2006 Press Release speaks for itself.  Except as expressly stated, Apple denies each and every

28   averment contained in paragraph 21.

22.     Responding to paragraph 22 of the Complaint, Apple states that its June 5, 2007 Press Release speaks for itself.  Apple further states that the URL cited is part of an Apple website and that the website speaks for itself.  Except as expressly stated, Apple denies each and every averment contained in paragraph 22.

23.     Responding to paragraph 23 of the Complaint, Apple states that the reference in paragraph 23 is a reference to part of an Apple website and that the website speaks for itself. Except as expressly stated, Apple denies each and every averment contained in paragraph 23.

24.     Responding to paragraph 24 of the Complaint, Apple states that the document attached to the Complaint as Exhibit A is a true and correct copy of the One (1) Year Limited Warranty for MagSafe Adapters that was in effect and provided to consumers during certain periods of time when Apple was selling the MagSafe Adapter.  Apple states that the document speaks for itself.  Apple denies that it has failed to satisfy its obligations under the One (1) Year Limited Warranty.  Insofar as Plaintiffs' averments in paragraph 24 state conclusions of law, no response thereto is required.  Except as expressly stated, Apple denies each and every averment contained in paragraph 24.

25.     Responding to paragraph 25 of the Complaint, Apple states that Exhibit B, attached to the Complaint, is a true and correct copy of a page from Apple's website entitled "Apple Portables:  Troubleshooting MagSafe adapters."  Apple states that the document speaks for itself.  Insofar as Plaintiffs' averments in paragraph 25 state conclusions of law, no response thereto is required.  Except as expressly stated, Apple denies each and every averment contained in paragraph 25.

26.     Responding to paragraph 26 of the Complaint, Apple states that in conjunction with the sale of MacBook computers, Apple includes a One (1) Year Limited Warranty.  Apple further states that the document attached to the Complaint as Exhibit A is a true and correct copy of the One (1) Year Limited Warranty for MagSafe Adapters that was in effect and provided to consumers during certain periods of time when Apple was selling the MagSafe Adapter.  Apple states that the document speaks for itself.  Insofar as Plaintiffs' averments in paragraph 26 state

conclusions of law, no response thereto is required.  Except as expressly stated, Apple denies each and every averment contained in paragraph 26.

27.     Responding to paragraph 27 of the Complaint, Apple states that the URL cited is part of an Apple website and that the website speaks for itself.  Except as expressly stated, Apple denies each and every averment contained in paragraph 27.

28.     Responding to paragraph 28 of the Complaint, Apple denies each and every averment set forth in paragraph 28.

29.     Responding to paragraph 29 of the Complaint, Apple denies each and every averment contained in paragraph 29.

30.     Responding to paragraph 30 of the Complaint, Apple denies each and every averment contained in paragraph 30.

31.     Responding to paragraph 31 of the Complaint, Apple denies each and every averment contained in paragraph 31.

32.     Responding to paragraph 32 of the Complaint, Apple states that as of January 20, 2010, there are customer reviews on Apple's website.  Except as expressly stated, Apple denies each and every averment contained in paragraph 32.

33.     Responding to paragraph 33 of the Complaint, Apple denies each and every averment contained paragraph 33.

34.     Responding to paragraph 34 of the Complaint, Apple states that its website includes a page entitled, "Apple Portables:  Troubleshooting MagSafe adapters," and that the website speaks for itself.  Except as expressly stated, Apple denies each and every remaining averment contained in paragraph 34.

35.     Responding to paragraph 35 of the Complaint, Apple denies each and every averment contained in paragraph 35.

36.     Responding to paragraph 36 of the Complaint, Apple denies that "the Internet is rife with . . . complaints about the MagSafe adapter."  Apple states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 36 at this time, and on that basis denies each and every such averment.

37. Responding to paragraph 37 of the Complaint, Apple denies each and every averment contained in paragraph 37.

38. Responding to paragraph 38 of the Complaint, Apple denies each and every averment contained in paragraph 38.

39. Responding to paragraph 39 of the Complaint, Apple denies each and every averment contained in paragraph 39.

40. Responding to paragraph 40 of the Complaint, Apple denies each and every averment contained in paragraph 40.

41. Responding to paragraph 41 of the Complaint, Apple denies each and every averment contained in paragraph 41.

42. Responding to paragraph 42 of the Complaint, Apple states that it continues to sell MagSafe Adapters. Apple denies that the Magsafe Adapters are defective. Except as expressly stated, Apple denies each and every averment contained in paragraph 42.

43. Responding to paragraph 43 of the Complaint, Apple denies each and every averment contained in paragraph 43. Apple denies that Plaintiffs or the members of the purported class have been injured or damaged in any way and further denies that Plaintiffs or the members of the purported class are entitled to relief of any kind.

**PLAINTIFFS' ALLEGATIONS**

44. Responding to paragraph 44 of the Complaint, Apple states that MacBook and MacBook Pro computers are sold with MagSafe Adapters. Apple further states that its records confirm that Plaintiffs Naotaka Kitagawa and Timothy J. Broad purchased MacBook computers in 2006. As to the remaining averments set forth in paragraph 44, Apple is without knowledge or information sufficient to form a belief as to the truth of such averments at this time and on that basis denies the averments.

45. Responding to paragraph 45 of the Complaint, Apple states that MacBook and MacBook Pro computers are sold with MagSafe Adapters. Apple further states that its records confirm that Plaintiffs Naotaka Kitagawa and Timothy J. Broad purchased MacBook computers in 2006. As to the remaining averments set forth in paragraph 45, Apple is without knowledge or

1    information sufficient to form a belief as to the truth of such averments at this time, and on that

2    basis denies the averments.

3          46.      Responding to paragraph 46 of the Complaint, Apple is without knowledge or

4    information sufficient to form a belief as to the truth of the averments contained in paragraph 46

5    and on that basis denies the averments.

6          47.      Responding to paragraph 47 of the Complaint, Apple states that as of January 20,

7    2010, there are customer reviews on Apple's website.  As to the remaining averments set forth in

8    paragraph 47, Apple is without knowledge or information sufficient to form a belief as to the truth

9    of such averments, and on that basis denies such averments.

10         48.      Responding to paragraph 48 of the Complaint, Apple denies each and every

11   averment contained in paragraph 48.

12         49.      Responding to paragraph 49 of the Complaint, Apple denies each and every

13   averment of paragraph 49.  Apple denies that Plaintiffs or the members of the purported class

14   have been injured or damaged in any way and further denies that Plaintiffs or the members of the

15   purported class are entitled to relief of any kind.

16                          **CLASS ACTION ALLEGATIONS**

17         50.      Responding to paragraph 50 of the Complaint, Apple states that Plaintiffs purport

18   to bring a class action against Apple.  Apple denies that class treatment is appropriate.

19         51.      Responding to paragraph 51 of the Complaint, Apple states that Plaintiffs purport

20   to bring a class action against Apple.  Apple denies that class treatment is appropriate.  Apple

21   states that Plaintiffs seek to exclude certain persons and entities from the purported class.  Except

22   as expressly stated, Apple denies each and every averment contained in paragraph 51.

23         52.      Responding to paragraph 52 of the Complaint, Apple denies each and every

24   averment contained in paragraph 52 and each and every averment contained in all subparagraphs

25   of paragraph 52.

26         53.      Responding to paragraph 53 of the Complaint, Apple states that it maintains

27   address information for certain purchasers.  Except as expressly stated, Apple denies each and

28   every averment contained in paragraph 53.

54.      Responding to paragraph 54 of the Complaint, Apple states that Plaintiffs seek damages and equitable relief.  Apple denies that Plaintiffs or the members of the purported class have been injured or damaged in any way and further denies that Plaintiffs or the members of the purported class are entitled to relief of any kind.

**FIRST CAUSE OF ACTION**
**(Violations of California Business and Professions Code § 17200)**

55.      Responding to paragraph 55 of the Complaint, Apple realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

56.      Responding to paragraph 56 of the Complaint, Apple states that California Business & Professions Code § 17200 speaks for itself.

57.      Responding to paragraph 57 of the Complaint, Apple denies each and every averment contained in paragraph 57.

58.      Responding to paragraph 58 of the Complaint, Apple denies each and every averment contained in paragraph 58.

59.      Responding to paragraph 59 of the Complaint, Apple denies each and every averment contained in paragraph 59.

60.      Responding to paragraph 60 of the Complaint, Apple denies each and every averment contained in paragraph 60.

61.      Responding to paragraph 61 of the Complaint, Apple denies each and every averment contained in paragraph 61 and each and every averment contained in all subparagraphs of paragraph 61.  Apple denies that Plaintiffs or the members of the purported class have been injured or damaged in any way and further denies that Plaintiffs or the members of the purported class are entitled to relief of any kind.

**SECOND CAUSE OF ACTION**
**(Violations of the Consumers Legal Remedies Act,**
**California Civil Code § 1750 et seq.)**

62.      Responding to paragraph 62 of the Complaint, Apple realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT
Case No. C 09-01911 JW
sf-2788853

9

1    63.    Responding to paragraph 63 of the Complaint, Apple states that Plaintiffs purport

2    to bring a claim under the Consumer Legal Remedies Act, California Civil Code §§ 1750, *et seq.*

3    Insofar as Plaintiffs' averments state conclusions of law, no response is required thereto.  Except

4    as expressly stated herein, Apple denies each and every averment of paragraph 63.

5    64.    Responding to paragraph 64 of the Complaint, Apple denies each and every

6    averment contained in paragraph 64 and each subparagraph thereof.

7    65.    Responding to paragraph 65 of the Complaint, Apple denies each and every

8    averment contained in paragraph 65.

9    66.    Responding to paragraph 66 of the Complaint, Apple states that it received a

10   CLRA demand letter from attorney Helen I. Zeldes on behalf of Plaintiffs Kitagawa, Broad, and

11   Reisman by certified mail on April 16, 2009.  Except as expressly stated, Apple denies each and

12   every averment contained in paragraph 66.

13   67.    Responding to paragraph 67 of the Complaint, Apple states that Plaintiffs seek

14   actual damages and punitive damages.  Except as expressly stated, Apple denies each and every

15   averment contained in paragraph 67.  Apple denies that Plaintiffs or the members of the purported

16   class have been injured or damaged in any way and further denies that Plaintiffs or the members

17   of the purported class are entitled to relief of any kind.

18   68.    Responding to paragraph 68 of the Complaint, Apple states that Plaintiffs seek

19   injunctive relief.  Apple denies that Plaintiffs or any member of the purported class suffered

20   injury or damage, and further denies that Plaintiffs or any member of the purported class are

21   entitled to injunctive relief or to relief of any kind.  Except as expressly stated, Apple denies each

22   and every averment contained in paragraph 68.

23   69.    Responding to paragraph 69 of the Complaint, Apple denies each and every

24   averment of paragraph 69.  Apple denies that Plaintiffs or the members of the purported class

25   have been injured or damaged in any way and further denies that Plaintiffs or the members of the

26   purported class are entitled to relief of any kind.

27

28

### THIRD CAUSE OF ACTION
### (Violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1))

70.     Responding to paragraph 70 of the Complaint, Apple realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

71.     Responding to paragraph 71 of the Complaint, Apple states that insofar as Plaintiffs' averments in paragraph 71 state conclusions of law, no response thereto is required. Except as expressly stated, Apple denies each and every averment contained in paragraph 71.

72.     Responding to paragraph 72 of the Complaint, Apple states that insofar as Plaintiffs' averments in paragraph 72 state conclusions of law, no response thereto is required. Except as expressly stated, Apple denies each and every averment contained in paragraph 72.

73.     Responding to paragraph 73 of the Complaint, Apple denies each and every averment contained in paragraph 73.

74.     Responding to paragraph 74 of the Complaint, Apple states that insofar as paragraph 74 states conclusions of law, no response thereto is required. Apple denies that the MagSafe Adapters are defective. Except as expressly stated, Apple denies each and every remaining averment contained in paragraph 74.

75.     Responding to paragraph 75 of the Complaint, Apple states that insofar as paragraph 75 states conclusions of law, no response thereto is required. Apple denies that the MagSafe Adapters are dangerously designed and/or manufactured. Except as expressly stated, Apple denies each and every remaining averment contained in paragraph 75.

76.     Responding to paragraph 76 of the Complaint, Apple states that insofar as paragraph 76 states conclusions of law, no response thereto is required. Apple denies that the MagSafe Adapters are defective. Except as expressly stated, Apple denies each and every remaining averment contained in paragraph 76.

77.     Responding to paragraph 77 of the Complaint, Apple states that insofar as paragraph 77 states conclusions of law, no response thereto is required. Apple denies that the MagSafe Adapters are defective. Except as expressly stated, Apple denies each and every remaining averment contained in paragraph 77.

78.     Responding to paragraph 78 of the Complaint, Apple denies each and every averment contained in paragraph 78.  Apple denies that Plaintiffs or the members of the purported class suffered injury or damage, and further denies that Plaintiffs or the members of the purported class are entitled to relief of any kind.

79.     Responding to paragraph 79 of the Complaint, Apple denies each and every averment contained in paragraph 79.  Apple denies that Plaintiffs or the members of the purported class have been injured or damaged in any way and further denies that Plaintiffs or the members of the purported class are entitled to relief of any kind.

## FOURTH CAUSE OF ACTION
### (Breach of Express Warranty)

80.     Responding to paragraph 80 of the Complaint, Apple realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

81.     Responding to paragraph 81 of the Complaint, Apple denies each and every averment contained in paragraph 81.

82.     Responding to paragraph 82 of the Complaint, Apple denies each and every averment contained in paragraph 82.

83.     Responding to paragraph 83 of the Complaint, Apple denies each and every averment contained in paragraph 83.

84.     Responding to paragraph 84 of the Complaint, Apple denies each and every averment contained in paragraph 84.

85.     Responding to paragraph 85 of the Complaint, Apple denies each and every averment contained in paragraph 85.

86.     Responding to paragraph 86 of the Complaint, Apple denies each and every averment contained in paragraph 86.

87.     Responding to paragraph 87 of the Complaint, Apple denies each and every averment contained in paragraph 87.

88.     Responding to paragraph 88 of the Complaint, Apple denies each and every averment contained in paragraph 88.

89.     Responding to paragraph 89 of the Complaint, Apple denies each and every averment contained in paragraph 89.

90.     Responding to paragraph 90 of the Complaint, Apple denies each and every averment contained in paragraph 90.

91.     Responding to paragraph 91 of the Complaint, Apple denies each and every averment contained in paragraph 91.

92.     Responding to paragraph 92 of the Complaint, Apple denies each and every averment contained in paragraph 92.

93.     Responding to paragraph 93 of the Complaint, Apple denies each and every averment contained in paragraph 93.  Apple further denies that Plaintiffs or any member of the purported class suffered injury or damage, and further denies that Plaintiffs or any member of the purported class are entitled to relief of any kind.

### FIFTH CAUSE OF ACTION
**(Breach of Implied Warranty of Fitness for a Particular Purpose)**

94.     Responding to paragraph 94 of the Complaint, Apple realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

95.     Responding to paragraph 95 of the Complaint, Apple states that insofar as Plaintiffs' averments in paragraph 95 state conclusions of law, no response thereto is required. Except as expressly stated, Apple denies each and every averment contained in paragraph 95.

96.     Responding to paragraph 96 of the Complaint, Apple states that insofar as Plaintiffs' averments in paragraph 96 state conclusions of law, no response thereto is required. Except as expressly stated, Apple denies each and every averment contained in paragraph 96.

97.     Responding to paragraph 97 of the Complaint, Apple states that insofar as Plaintiffs' averments in paragraph 97 state conclusions of law, no response thereto is required. Except as expressly stated, Apple denies each and every averment contained in paragraph 97.

98.     Responding to paragraph 98 of the Complaint, Apple states that insofar as paragraph 98 states conclusions of law, no response thereto is required.  Apple denies that the

1    MagSafe Adapters are defective. Except as expressly stated, Apple denies each and every

2    remaining averment contained in paragraph 98.

3         99.    Responding to paragraph 99 of the Complaint, Apple states that insofar as

4    Plaintiffs' averments in paragraph 99 state conclusions of law, no response thereto is required.

5    Except as expressly stated, Apple denies each and every averment contained in paragraph 99.

6         100.   Responding to paragraph 100 of the Complaint, Apple denies each and every

7    averment contained in paragraph 100. Apple denies that Plaintiffs or the members of the

8    purported class have been injured or damaged in any way and further denies that Plaintiffs or the

9    members of the purported class are entitled to relief of any kind.

10                          **SIXTH CAUSE OF ACTION**
                  **(Breach of Implied Warranty of Merchantability)**
11

12        101.   Responding to paragraph 101 of the Complaint, Apple realleges and incorporates

13   by reference each and every preceding paragraph of this Answer as if fully set forth herein.

14        102.   Responding to paragraph 102 of the Complaint, Apple states that insofar as

15   Plaintiffs' averments in paragraph 102 state conclusions of law, no response thereto is required.

16   Except as expressly stated, Apple denies each and every averment contained in paragraph 102.

17        103.   Responding to paragraph 103 of the Complaint, Apple denies each and every

18   averment contained in paragraph 103.

19        104.   Responding to paragraph 104 of the Complaint, Apple denies each and every

20   averment contained in paragraph 104.

21        105.   Responding to paragraph 105 of the Complaint, Apple states that insofar as

22   paragraph 105 states conclusions of law, no response thereto is required. To the extent that

23   paragraph 105 contains factual averments, Apple denies that the MagSafe Adapters are defective.

24   Except as expressly stated, Apple denies each and every remaining averment contained in

25   paragraph 105.

26        106.   Responding to paragraph 106 of the Complaint, Apple states that insofar as

27   Plaintiffs' averments in paragraph 106 state conclusions of law, no response thereto is required.

28   Except as expressly stated, Apple denies each and every averment contained in paragraph 106.

107.   Responding to paragraph 107 of the Complaint, Apple denies each and every averment contained in paragraph 107.  Apple denies that Plaintiffs or the members of the purported class have been injured or damaged in any way and further denies that Plaintiffs or the members of the purported class are entitled to relief of any kind.

**SEVENTH CAUSE OF ACTION**
**(Violations of the Song-Beverly Consumer Warranty Act,**
**Cal. Civ. Code § 1791 *et seq.*)**

108.   Responding to paragraph 108 of the Complaint, Apple realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

109.   Responding to paragraph 109 of the Complaint, Apple states that Plaintiffs purport to bring a cause of action under the Song-Beverly Consumer Warranty Act.  Insofar as Plaintiffs' averments in paragraph 109 state conclusions of law, no response thereto is required.  Except as otherwise stated, Apple denies each and every averment contained in paragraph 109.

110.   Responding to paragraph 110 of the Complaint, Apple states that insofar as Plaintiffs' averments in paragraph 110 state conclusions of law, no response thereto is required.  Except as otherwise stated, Apple denies each and every averment contained in paragraph 110.

111.   Responding to paragraph 111 of the Complaint, Apple states that insofar as Plaintiffs' averments in paragraph 111 state conclusions of law, no response thereto is required.  Except as otherwise stated, Apple denies each and every averment contained in paragraph 111.

112.   Responding to paragraph 112 of the Complaint, Apple states that insofar as Plaintiffs' averments in paragraph 112 state conclusions of law, no response thereto is required.  Except as otherwise stated, Apple denies each and every averment contained in paragraph 112.

113.   Responding to paragraph 113 of the Complaint, Apple states that insofar as paragraph 113 states conclusions of law, no response thereto is required.  To the extent that paragraph 113 contains factual averments, Apple denies that the MagSafe Adapters are defective.  Except as expressly stated, Apple denies each and every remaining averment contained in paragraph 113.

114.   Responding to paragraph 114 of the Complaint, Apple denies each and every averment contained in paragraph 114.  Apple denies that Plaintiffs or the members of the

1   purported class have been injured or damaged in any way and further denies that Plaintiffs or the

2   members of the purported class are entitled to relief of any kind.

3       115.    Responding to paragraph 115 of the Complaint, Apple denies each and every

4   averment contained in paragraph 115.  Apple denies that Plaintiffs or the members of the

5   purported class have been injured or damaged in any way and further denies that Plaintiffs or the

6   members of the purported class are entitled to relief of any kind.

7                          **EIGHTH CAUSE OF ACTION**
                                  **(Negligence)**
8

9       116.    Responding to paragraph 116 of the Complaint, Apple realleges and incorporates

10  by reference each and every preceding paragraph of this Answer as if fully set forth herein.

11      117.    Responding to paragraph 117 of the Complaint, Apple states that insofar as

12  Plaintiffs' averments in paragraph 117 state conclusions of law, no response thereto is required.

13  Except as expressly stated, Apple denies each and every averment contained in paragraph 117.

14      118.    Responding to paragraph 118 of the Complaint, Apple states that insofar as

15  Plaintiffs' averments in paragraph 118 state conclusions of law, no response thereto is required.

16  Except as expressly stated, Apple denies each and every averment contained in paragraph 118.

17      119.    Responding to paragraph 119 of the Complaint, Apple denies each and every

18  averment contained in paragraph 119, Apple denies that Plaintiffs or the members of the

19  purported class have been injured or damaged in any way and further denies that Plaintiffs or the

20  members of the purported class are entitled to relief of any kind.

21                         **NINTH CAUSE OF ACTION**
                    **(Negligent Design and Failure to Warn)**
22

23      120.    Responding to paragraph 120 of the Complaint, Apple realleges and incorporates

24  by reference each and every preceding paragraph of this Answer as if fully set forth herein.

25      121.    Responding to paragraph 121 of the Complaint, Apple denies each and every

26  averment contained in paragraph 121.

27      122.    Responding to paragraph 122 of the Complaint, Apple denies each and every

28  averment contained in paragraph 122.

123.     Responding to paragraph 123 of the Complaint, Apple states that insofar as Plaintiffs' averments in paragraph 123 state conclusions of law, no response thereto is required. Except as expressly stated, Apple denies each and every averment contained in paragraph 123.

124.     Responding to paragraph 124 of the Complaint, Apple denies each and every averment contained in paragraph 124.

125.     Responding to paragraph 125 of the Complaint, Apple denies each and every averment contained in paragraph 125.

126.     Responding to paragraph 126 of the Complaint, Apple denies each and every averment contained in paragraph 126.

127.     Responding to paragraph 127 of the Complaint, Apple denies each and every averment contained in paragraph 127.  Apple further denies that Plaintiffs or any member of the purported class suffered injury or damage, and further denies that Plaintiffs or any member of the purported class are entitled to relief of any kind.

**TENTH CAUSE OF ACTION**
**(Money Had and Received)**

128.     Responding to paragraph 128 of the Complaint, Apple realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

129.     Responding to paragraph 129 of the Complaint, Apple denies each and every averment contained in paragraph 129.  Apple denies that Plaintiffs or the members of the purported class have been injured or damaged in any way and further denies that Plaintiffs or the members of the purported class are entitled to relief of any kind.

**ELEVENTH CAUSE OF ACTION**
**(Unjust Enrichment)**

130.     Responding to paragraph 130 of the Complaint, Apple realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

131.     Responding to paragraph 131 of the Complaint, Apple denies each and every averment contained in paragraph 131.

132.     Responding to paragraph 132 of the Complaint, Apple denies each and every averment contained in paragraph 132.  Apple denies that Plaintiffs or the members of the purported class have been injured or damaged in any way and further denies that Plaintiffs or the members of the purported class are entitled to relief of any kind.

**TWELFTH CAUSE OF ACTION**
**(Untrue and Misleading Advertising in Violation of**
**Cal. Bus. & Prof. Code §§ 17500, *et seq.*))**

133.     Responding to paragraph 133 of the Complaint, Apple realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

134.     Responding to paragraph 134 of the Complaint, Apple states that insofar as Plaintiffs' averments in paragraph 134 state conclusions of law, no response thereto is required. Except as expressly stated, Apple denies each and every averment contained in paragraph 135.

135.     Responding to paragraph 135 of the Complaint, Apple denies each and every averment contained in paragraph 135.

136.     Responding to paragraph 136 of the Complaint, Apple denies each and every averment contained in paragraph 136.  Apple further denies that Plaintiffs or any member of the purported class suffered injury or damage, and further denies that Plaintiffs or any member of the purported class are entitled to relief of any kind.

**THIRTEENTH CAUSE OF ACTION**
**(Permanent Injunctive Relief)**

137.     Responding to paragraph 137 of the Complaint, Apple realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

138.     Responding to paragraph 138 of the Complaint, Apple denies each and every averment contained in paragraph 138.

139.     Responding to paragraph 139 of the Complaint, Apple denies each and every averment contained in paragraph 139.

140.     Responding to paragraph 140 of the Complaint, Apple denies each and every averment contained in paragraph 140.

ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT
Case No. C 09-01911 JW
sf-2788853

18

141.    Responding to paragraph 141 of the Complaint, Apple states that Plaintiffs request an injunction.  Apple denies that Plaintiffs or any member of the purported class suffered injury or damage, and further denies that Plaintiffs or any member of the purported class are entitled to an injunction or to relief of any kind.

### FOURTEENTH CAUSE OF ACTION
**(Declaratory Relief)**

142.    Responding to paragraph 142 of the Complaint, Apple realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

143.    Responding to paragraph 143 of the Complaint, Apple states that whether a true and present controversy exists between Plaintiffs and Apple a conclusion of law and that therefore, no response thereto is required.  Plaintiffs contend that Apple breached express and implied warranties, that Apple's express warranty is unconscionable, that Apple's return policy for the MagSafe Adapters amounts to a warranty extension, and that Apple has intentionally deceived the public about this alleged "warranty extension."  Apple denies each and every one of these contentions.  Except as expressly stated, Apple denies each and every averment contained in paragraph 143.

144.    Responding to paragraph 144 of the Complaint, Apple realleges and incorporates by reference its response in paragraph 143 of this Answer as if fully set forth herein.  Except as expressly stated, Apple denies each and every averment contained in paragraph 144.

145.    Responding to paragraph 145 of the Complaint, Apple denies each and every averment contained in paragraph 145.  Apple further denies that Plaintiffs or any member of the purported class suffered injury or damage, and further denies that Plaintiffs or any member of the purported class are entitled to relief of any kind.

### PRAYER FOR RELIEF

Apple denies that Plaintiffs' purported class is certifiable or that Plaintiffs or the members of the purported class suffered injury or damage, and further denies that Plaintiffs or the members of the purported class are entitled to relief of any kind.

**AFFIRMATIVE DEFENSES**

As to affirmative defenses to the Complaint, Apple does not, by stating the matters set forth in these defenses, allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters, and does not assume the burden of proof or persuasion as to any matters as to which Plaintiffs have the burden of proof or persuasion.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim — All Causes of Action)**

1.      The Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause, or causes, of action against Apple.

**SECOND AFFIRMATIVE DEFENSE**

**(Complaint Uncertain, Vague, and Ambiguous)**

2.      The Complaint and the averments thereof are uncertain, vague, and ambiguous.

**THIRD AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

3.      Plaintiffs is barred by the doctrine of unclean hands from asserting any of the claims in the Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

**(Statutes of Limitations)**

4.      Plaintiffs' claims, and those of the purported class, alleged in the Complaint are barred by the applicable statutes of limitations.

**FIFTH AFFIRMATIVE DEFENSE**

**(Plaintiffs' Claims Barred)**

5.      Apple alleges that Plaintiffs' claims that Apple engaged in unfair conduct in violation of California Business & Professions Code §§ 17200, *et seq.*, are barred by other provisions of state law.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Plead Fraud/Misrepresentations with Particularity)

6.     Plaintiffs has failed to plead with particularity the circumstances constituting the alleged fraud/misrepresentations.

## SEVENTH AFFIRMATIVE DEFENSE

### (Warranties Were Limited)

7.     As to those causes of action based upon a breach of warranty, Apple expressly limited any express warranty and any implied warranty that may have otherwise been created or have been in existence.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Notify of Breach of Warranty)

8.     As to those causes of action based upon a breach of warranty, Plaintiffs failed to notify Apple of any breach of warranty within a reasonable time after Plaintiffs knew or should have known of any purported breach.

## NINTH AFFIRMATIVE DEFENSE

### (Waiver)

9.     The Complaint, and each of its purported causes of action, is barred, in whole or in part, by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

10.     The Complaint, and each of its purported causes of action, is barred, in whole or in part, by the equitable doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

11.     Plaintiffs' claims, and those of the purported class, are barred, in whole or in part, by their own comparative fault.

## TWELFTH AFFIRMATIVE DEFENSE

**(Contributory Negligence)**

12.     Any and all events, happenings, injuries and damages set forth in the Complaint were proximately caused and contributed to by the acts and/or omissions of Plaintiffs and/or members of the purported class, and such acts and/or omissions totally bar or reduce any recovery on the part of Plaintiffs and/or the purported class.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Injury or Damage)

13.     Apple denies that Plaintiffs, any member of the purported class, and/or any member of the general public has suffered any injury or damage whatsoever, and further denies that Apple is liable to Plaintiffs and/or any member of the purported class for any injury or damage claimed or for any injury or damage whatsoever.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Alleged Injury or Damage Caused by Others)

14.     To the extent that Plaintiffs and/or the purported class suffered injury or damage, which Apple denies, such injury or damage was caused by the actions or conduct of others, not of Apple.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Constitutional)

15.     The claims of Plaintiffs and the purported class are in contravention of Apple's rights under applicable clauses of the United States and California Constitutions, including without limitation the following provisions:  (a) said claims constitute an impermissible burden on interstate commerce in contravention of Article I, Section 8, of the United States Constitution; (b) said claims violate Apple's right to Due Process under the Fourteenth Amendment to the United States Constitution; (c) said claims contravene the constitutional prohibition against vague and overbroad laws; (d) said claims contravene freedom of speech rights under the California Constitution and the First and Fourteenth Amendments to the United States Constitution; and (e) said claims contravene the Due Process Clause of the California Constitution.

1

## SIXTEENTH AFFIRMATIVE DEFENSE

2

### (Good Faith)

3

16. Plaintiffs' claims, and those of the purported class, are barred, in whole or in part,

4

because Apple at all times acted in good faith and did not directly or indirectly perform any act

5

whatsoever that would constitute a violation of any right of Plaintiffs or the purported class or any

6

duty owed to Plaintiffs or the purported class.

7

## SEVENTEENTH AFFIRMATIVE DEFENSE

8

### (Alleged Representations Not Actionable)

9

17. The alleged representations are not actionable statements of fact under applicable

10

law.

11

## EIGHTEENTH AFFIRMATIVE DEFENSE

12

### (Bona Fide Error)

13

18. The claims of Plaintiffs and the purported class are barred because, although Apple

14

denies each and every claim of Plaintiffs and the purported class and denies that Apple engaged

15

in wrongdoing or error of any kind, any alleged error on Apple's part was a bona fide error

16

notwithstanding Apple's use of reasonable procedures adopted to avoid any such error.

17

## NINETEENTH AFFIRMATIVE DEFENSE

18

### (Failure to Notify Within Reasonable Time)

19

19. Plaintiffs' claims, and those of the purported class, are barred, in whole or in part,

20

because Plaintiffs failed to give Apple proper notice of the alleged defects within a reasonable

21

time after Plaintiffs discovered, or should have discovered, the defects alleged in the Complaint.

22

## TWENTIETH AFFIRMATIVE DEFENSE

23

### (Cure)

24

20. Plaintiffs' claims, and those of the purported class, are barred, in whole or in part,

25

because, although Apple denies each and every claim of Plaintiffs and the purported class and

26

denies that Apple engaged in wrongdoing or error of any kind, Apple has established an

27

appropriate correction, repair, replacement, or other remedy in satisfaction of California Civil

28

Code § 1782.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Lack of Article III Standing)

21.    Apple alleges on information and belief that Plaintiffs and the members of the purported class lack standing under Article III of the Constitution of the United States.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (Laches)

22.    The Complaint and each of its purported causes of action are barred, in whole or in part, by the doctrine of laches.

Apple reserves the right to assert other defenses as discovery progresses.

### PRAYER

WHEREFORE, Apple prays for judgment as follows:

1.  That Plaintiffs and the purported class take nothing by way of the Complaint;

2.  That the Complaint be dismissed with prejudice and judgment be entered in favor of Apple;

3.  That Apple be awarded its costs of suit; and

4.  For such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Apple hereby demands a trial by jury on all issues upon which trial by jury may be had.

Dated: February 5, 2010                    PENELOPE A. PREOVOLOS
                                           ANDREW D. MUHLBACH
                                           ANNE M. HUNTER
                                           ALEXEI KLESTOFF
                                           MORRISON & FOERSTER LLP


                                           By:    /s/ Andrew D. Muhlbach
                                                  Andrew D. Muhlbach

                                           *Attorneys for Defendant*
                                           APPLE INC.

ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT                          24
Case No. C 09-01911 JW
sf-2788853