1
2
3
4
5
6
7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

| | |
|---|---|
| IN RE MAGSAFE APPLE POWER ADAPTER LITIGATION | Case No.    C 09-01911 JW<br><br>**STIPULATION AND [PROPOSED] REVISED PROTECTIVE ORDER**<br><br>Judge James Ware, Courtroom 8<br>Complaint Filed:  December 4, 2009<br>Trial Date:  None Set |

## 1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential internal financial documents, proprietary, and private information for which special protection from public disclosure and from use for any purpose other than prosecuting *In re MagSafe Apple Power Adapter Litigation*, Case No. C 09-01911 JW (N.D. Cal.) would be warranted.  Accordingly, Plaintiffs Naotaka Kitagawa, Jr., Timothy J. Broad, Jesse Reisman, Tracey Hackwith, and Michael Martin ("Plaintiffs") and Defendant Apple Inc. ("Apple" and/or "Defendant") (collectively, the "Parties"), through their respective counsel of record, hereby stipulate to, and petition the Court to enter, the following Stipulation and Protective Order.

The parties acknowledge that this Stipulation and Protective Order governs discovery in *In re MagSafe Apple Power Adapter Litigation*, Case No. C 09-01911 JW.  The parties also

1   acknowledge that this Stipulation and Protective Order does not confer blanket protections on all

2   disclosures or responses to discovery and that the protection it affords extends only to the limited

3   information or items that are entitled under the applicable legal principles to treatment as

4   confidential.  The parties further acknowledge, as set forth in Paragraph 11 (FILING

5   PROTECTED MATERIAL) below, that this Stipulation and Protective Order creates no

6   entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the

7   procedures that must be followed and reflects the standards that will be applied when a party

8   seeks permission from the Court to file material under seal.

9   **2.**     **<u>DEFINITIONS</u>**

10          2.1     <u>Party</u>:  Any party to this action, including all of its officers, directors, employees,

11   consultants, retained experts, and outside counsel (and their support staff).

12          2.2     <u>Disclosure or Discovery Material</u>:  All items or information, regardless of the

13   medium or the manner in which it is generated, stored or maintained (including, among other

14   things, testimony, transcripts, or tangible things), that is produced or generated in disclosures or

15   responses to discovery in this matter.

16          2.3     <u>"CONFIDENTIAL" Information or Items</u>:  Disclosure or Discovery Material that

17   is non-public and that a Party or non-party in good faith believes must be held confidential to

18   protect personal privacy interests or proprietary commercial or business information, including

19   trade secrets, or otherwise have a compelling need for privacy.

20          2.4     <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or</u>

21   <u>Items</u>:  Extremely confidential and/or sensitive CONFIDENTIAL Information or Items whose

22   disclosure to another Party or non-party is likely to cause economic harm or significant

23   competitive disadvantage to the Producing Party.

24          2.5     <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a

25   Producing Party.

26          2.6     <u>Producing Party</u>:  A Party or non-party that produces Disclosure or Discovery

27   Material in this action.

28

2.7     <u>Designating Party</u>:  A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

2.8     <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

2.9     <u>Outside Counsel</u>:  Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10     <u>In-House Counsel</u>:  Attorneys who are employees of a Party.

2.11     <u>Counsel</u> (without qualifier):  Outside Counsel and In-House Counsel (as well as their support staffs).

2.12     <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.  A list of Apple's restricted competitors is attached hereto as Exhibit B.

2.13     <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.    <u>SCOPE</u>**

The protections conferred by this Stipulation and Protective Order cover not only Protected Material (as defined above) but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries or compilations thereof, plus testimony, conversations or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material.

Nothing herein shall impose any restrictions on a Designating Party from disclosing its own Protected Material as it deems appropriate.

**4.      DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Stipulation and Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.      DESIGNATING PROTECTED MATERIAL**

5.1      Procedures for Designating Material for Protection:  Any Party to this litigation, or any non-party who produces Disclosure or Discovery Material, shall have the right to designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY any Protected Material it produces.  All Protected Material shall bear a legend on each page stating that the material is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those materials, documents, items, or oral or written communications that qualify.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2      Manner and Timing of Designations:  Except as otherwise provided in this Stipulation and Protective Order (*see, e.g.*, second paragraph of 5.2(a), below) or as otherwise stipulated or ordered, material that qualifies for protection under this Stipulation and Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulation and Protective Order requires:

1        (a)     For Information in Documentary Form (apart from transcripts of

2 depositions or other pretrial or trial proceedings):  That the Producing Party affix the legend

3 "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each

4 page that contains Protected Material.  In order to speed up the process of producing large

5 volumes of Protected Material, multi-page documents in which Protected Material is pervasive

6 may be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

7 ONLY" throughout.  Where it is not possible to affix a legend to particular Protected Material,

8 the Producing Party shall take reasonable steps to give all Receiving Parties notice of the

9 Protected Material's status as such.  Within 20 days after receipt of Disclosure or Discovery

10 Material, any Receiving Party may designate the material as "CONFIDENTIAL" or "HIGHLY

11 CONFIDENTIAL – ATTORNEYS' EYES ONLY."

12        A Party or non-party that makes original documents or materials available

13 for inspection need not designate them for protection until after the inspecting Party has indicated

14 which material it would like copied and produced.  During the inspection and before the

15 designation, all of the material made available for inspection shall be deemed "HIGHLY

16 CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the

17 documents it wants copied and produced, the Producing Party must determine which documents

18 qualify for protection under this Order.  Then, before producing the specified documents, the

19 Producing Party must affix the appropriate legend ("CONFIDENTIAL," or "HIGHLY

20 CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page that contains Protected

21 Material, except that multi-page documents may be designated in accordance with the preceding

22 paragraph.

23        (b)     For Testimony Given in Deposition or in Other Pretrial or Trial

24 Proceedings:  Any Party or non-party offering or sponsoring the testimony may identify on the

25 record, before the close of the deposition, hearing or other proceeding, all protected testimony and

26 may further specify any portions of the testimony that qualify as "CONFIDENTIAL" or

27 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  When it is impractical to

28 identify separately each portion of testimony that is entitled to protection, or when it appears that

1  substantial portions of the testimony may qualify for protection, any Party or non-party that

2  sponsors, offers, or gives the testimony may invoke on the record (before the deposition or

3  proceeding is concluded) a right to have up to 30 days after receipt of the certified transcript to

4  identify the specific portions of the testimony as to which protection is sought and to specify the

5  level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

6  ATTORNEYS' EYES ONLY").  Testimony, or portions thereof, that are designated for

7  protection shall be covered by the provisions of this Stipulation and Protective Order.

8         Transcript pages containing Protected Material must be separately bound

9  by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL"

10  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or

11  non-party offering or sponsoring the witness or presenting the testimony.

12         The court reporter shall affix the appropriate legend ("CONFIDENTIAL,"

13  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each transcript page

14  containing Protected Material.

15       (c)    For Information Produced in a Form Other than Documentary, and for Any

16  Other Tangible Items:  The Producing Party shall affix in a prominent place on the exterior of the

17  container or containers in which the information or item is stored the legend "CONFIDENTIAL,"

18  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

19      5.3    <u>Contractual Obligations to Non-Parties</u>:  During the course of this action, a Party

20  or non-party may be requested to produce information that is subject to contractual or other

21  obligations of confidentiality owed to a non-party.  The Party or non-party subject to the

22  contractual or other obligation of confidentiality shall promptly contact the person to whom the

23  obligation is owed to determine whether that person is willing to permit disclosure of the

24  confidential information under the terms of this Stipulation and Protective Order.  If that person is

25  so willing, the information shall be produced in accordance with this Stipulation and Protective

26  Order.  If the person to whom the obligation is owed is not willing to permit disclosure of the

27  confidential information under the terms of this Stipulation and Protective Order, or fails to

28  respond before responses or production is due, the Party seeking the information in this litigation

1   shall be so notified, and any documents withheld on the basis of a contractual or other

2   confidentiality obligation shall be identified on a separate index providing a description of the

3   documents withheld, the reason for withholding the document, the person to whom the obligation

4   of confidentiality is owed and the person's contact information.  This index shall be produced as

5   promptly as practicable.  This Stipulation and Protective Order shall not preclude any Party from

6   moving the Court for an order compelling production of such material.

7          5.4      Inadvertent Failures to Designate and Redesignation:  Inadvertent production of

8   material that is later claimed to contain confidential or proprietary information shall not be

9   deemed a waiver of the right to designate the document as Protected Material, provided that the

10  Producing Party asserts such designation of protection within 30 days of the discovery of such

11  inadvertent production.  The Producing Party shall comply with Paragraph 5.2 when

12  redesignating Disclosure or Discovery Material as Protected Material.  Following any

13  redesignation of Disclosure or Discovery Material as Protected Material (or redesignation of

14  "CONFIDENTIAL" material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"),

15  the Party receiving such Protected Material shall take reasonable steps to comply with the

16  redesignation, including, without limitation, retrieving all copies and excerpts of any redesignated

17  Protected Material from persons not entitled to receive it.

18          A Receiving Party shall not be in breach of this Stipulation and Protective Order

19  for any use of such inadvertently-non-designated or inadvertently-mis-designated material before

20  the Receiving Party receives notice of the inadvertent failure to designate, unless an objectively

21  reasonable person would have realized that the material should have been appropriately

22  designated with a confidentiality designation under this Stipulation and Protective Order.  Once a

23  Receiving Party has received notice of the inadvertent failure to designate pursuant to this

24  provision, the Receiving Party shall treat such material at the appropriately designated level

25  pursuant to the terms of this Stipulation and Protective Order and/or in accordance with any

26  applicable privileges.

27  ///

28  ///

STIPULATION AND [PROPOSED] REVISED PROTECTIVE ORDER
C 09-01911 JW
sf-2790335

7

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     <u>Timing of Challenges</u>:  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>:  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must identify the specific Bates range(s) for the challenged documents, must explain the basis for its belief that the confidentiality designation was not proper, and must give the Designating Party a reasonable opportunity to review the designated material, reconsider the circumstances and, if no change in designation is offered, explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has first engaged in this meet-and-confer process.

6.3     <u>Judicial Intervention</u>:  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet -and -confer requirements imposed in the preceding paragraph and setting forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet -and -confer dialogue.

The burden of persuasion in any such challenge shall be on the Designating Party.  Until the court rules on the challenge, all the parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

The Parties' entry into this Stipulation and Protective Order shall not preclude or prejudice either party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

**7.**     **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles:  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  A Receiving Party may not use Protected Material for any other purpose, including, without limitation, any other litigation or any business or competitive function.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order and may not be disclosed to the media. When this litigation has been terminated, a Receiving Party must comply with the provisions of Paragraph 12 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner ensuring that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A-1;

(b)     the former and current officers, directors, and employees (including In House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A-1;

(c)     any insurer or indemnitor of any defendant in this action;

(d)     Experts (as defined in this Order) of the Receiving Party (i) to whom disclosure is reasonably necessary for this litigation, (ii) who have signed the "Expert/Consultant Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" (Exhibit A-2), and (iii) as to whom the procedures set forth in Paragraph 7.4 below have been followed;

(e)     the Court, any mediators, and their respective personnel;

(f)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(g)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A-1; pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be marked CONFIDENTIAL by the court reporter and may not be disclosed to anyone except as permitted under this Stipulation and Protective Order; and

(h)     the author of the document or the original source of the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A-1;

(b)     In-House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)     Experts (as defined in this Order) of the Receiving Party (i) to whom disclosure is reasonably necessary for this litigation, (ii) who have signed the "Expert/Consultant Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order"

1    (Exhibit A-2), and (iii) as to whom the procedures set forth in Paragraph 7.4 below have been

2    followed;

3                        (d)      the Court, any mediators, and its personnel;

4                        (e)      court reporters, their staffs, and professional vendors to whom disclosure is

5    reasonably necessary for this litigation; and

6                        (f)      the author of the document or the original source of the information.

7            7.4      General Procedure for Disclosure of "CONFIDENTIAL" or "HIGHLY

8    CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:

9                        (a)      Before any information or item designated "CONFIDENTIAL," or

10   substance or summary thereof, shall be disclosed to the persons or entities identified in sub-

11   paragraphs (a), (b), (d), and (g) of paragraph 7.2 above, the Parties are hereby ordered to tender a

12   copy of this Stipulation and Protective Order to each such person and witness in order that each

13   such entity or person to whom such disclosure of "CONFIDENTIAL" information or item is

14   made shall be on notice and fully informed that the existence and substance of the Stipulation and

15   Protective Order is, and is intended to be, equally binding upon it, him or her, as well as upon the

16   Parties and their counsel.  Before any information or item designated "CONFIDENTIAL," or

17   substance or summary thereof, is disclosed to any such person, each such person shall sign and

18   abide by the terms of the General Acknowledgment of Confidentiality and Agreement to Be

19   Bound by Protective Order, attached hereto as Exhibit A-1, or, if the person to whom the

20   "CONFIDENTIAL" information or item is to be disclosed is an Expert (as defined herein), that

21   person shall sign and abide by the terms of the Expert/Consultant Acknowledgment of

22   Confidentiality and Agreement to Be Bound by Protective Order, attached hereto as Exhibit A-2,

23   and shall otherwise comply with the requirements of Paragraph 7.5.  The person to whom the

24   "CONFIDENTIAL" information or item is disclosed shall not give, show, or otherwise divulge

25   any of the "CONFIDENTIAL" information or item to any entity or person except as specifically

26   provided for by this Stipulation and Protective Order.

27                        (b)      Before any information or item designated "HIGHLY CONFIDENTIAL -

28   ATTORNEYS' EYES ONLY," or substance or summary thereof, shall be disclosed to the

persons or entities identified in sub-paragraphs (a), (b), and (c) of paragraph 7.3 above, the Parties are hereby ordered to tender a copy of this Stipulation and Protective Order to each such person and witness in order that each such entity or person to whom such disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information or item is made shall be on notice and fully informed that the existence and substance of the Stipulation and Protective Order is, and is intended to be, equally binding upon it, him or her, as well as upon the Parties and their counsel.  Before any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or substance or summary thereof, is disclosed to any such person, each such person shall sign and abide by the terms of the General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order, attached hereto as Exhibit A-1, or, if the person to whom the "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information or item is to be disclosed is an Expert, that person shall sign and abide by the terms of the Expert/Consultant Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order, attached hereto as Exhibit A-2, and shall otherwise comply with the requirements of Paragraph 7.5.  The person to whom the "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information or item is disclosed shall not give, show, or otherwise divulge any of the "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information to any entity or person except as specifically provided for by this Stipulation and Protective Order.

      7.5    <u>Procedure for Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts</u>:

      (a)    Before any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information, or substance or summary thereof, shall be disclosed to an Expert, the Expert shall sign and abide by the terms of the Expert/Consultant Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order," attached as Exhibit A-2, confirming that he or she is not presently employed by, or providing any form of consulting services to, any of the entities identified on Exhibit B, and that he or she will not accept employment with, consult with, or provide services to, any of the entities identified on Exhibit B during the pendency of these proceedings.  An Expert may make an application to the

Court with advance notice and based upon a showing of good cause for modification of or relief from the obligations of Expert/Consultant Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order (Exhibit A-2) prior to the review of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information.  An Expert who has signed an Expert/Consultant Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order (Exhibit A-2) may be shown "CONFIDENTIAL" information without the need for a further declaration.  Otherwise, before any "CONFIDENTIAL" information, or substance or summary thereof, shall be disclosed to an Expert, that person shall sign and abide by the terms of the General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order (Exhibit A-1).

(b)     Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Receiving Party that seeks to disclose to an Expert any information or item that has been designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) identifies the specific "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks to disclose to the Expert; (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the Expert has provided professional services at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years.

(c)     A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(d)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by

agreement.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the Court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

## 8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party in writing (by fax or email, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party must also immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Stipulation and Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulation and Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulation and Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation and Protective Order, the Receiving Party must immediately:  (a) notify the Designating Party in writing of the unauthorized disclosure (by fax or email) immediately and in no event more than three court days after learning of the disclosure; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" (Exhibit A-1).

**10.   INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

Each party shall make efforts that are 'reasonably designed' to protect its privileged materials.  *See Gomez v. Vernon*, 255 F.3d 1118, 1131-32 (9th Cir. 2001).  What constitutes efforts that are reasonably designed to protect privileged materials depends on the circumstances; the law does not require 'strenuous or Herculean efforts,' just 'reasonable efforts.'  *See, e.g., Hynix Semiconductor, Inc. v. Rambus, Inc*. 2008 WL 350641, *1–2 (N.D. Cal., Feb. 2, 2008); *see also,* FED. R. CIV. PRO. 26(f)(3) advisory committee's notes to 2006 amendments (discussing the substantial costs and delays that can result from attempts to avoid waiving privilege, particularly when discovery of electronic information is involved).  When a particular Rule 34 request requires a production or inspection that is too voluminous, expedited or complex (such as certain electronic productions) to allow for an adequate preproduction review, the parties may enter into

1  non-waiver agreements for that particular production.  If the requesting party is unwilling to enter

2  into such an agreement, the Producing Party may move the court for a non-waiver order.

3        In the event that, despite reasonable efforts, a Producing Party discovers it has

4  inadvertently produced privileged materials, then within 30 calendar days the Producing party

5  shall notify the Receiving Party that the document(s) or materials should have been withheld on

6  grounds of privilege.  After the Receiving Party receives this notice from the Producing Party

7  under this paragraph, the Receiving Party shall not disclose or release the inadvertently produced

8  material to any person or entity pending resolution of the Producing Party's claim of privilege.

9  The parties shall hold a meet and confer, as defined in Civil Local Rule 1-5(n), as soon as

10  reasonably possible after a notice of inadvertent production.  If the Producing Party and

11  Receiving Party agree that the inadvertently produced material is privileged, and was disclosed

12  despite efforts by the Producing Party that were 'reasonably designed' to protect the materials,

13  then the Receiving Party shall return or certify the destruction of all copies (including summaries)

14  of such material.  If no agreement is reached, then within 10 court days after the meet and confer,

15  the Producing Party must seek a ruling from this court to establish that the material is privileged

16  and that the Producing Party did not waive the privilege by inadvertently producing the material.

17  If the Producing Party seeks such a ruling, the Receiving Party shall not disclose or release the

18  inadvertently produced material to any person or entity pending the court's ruling on the

19  Producing Party's motion.

20  **11.**   **FILING PROTECTED MATERIAL**

21        Without written permission from the Designating Party or a Court order secured after

22  appropriate notice to all interested persons, a Party may not file any Protected Material in the

23  public record in this action.  A Party that seeks to file under seal any Protected Material must

24  comply with Civil Local Rule 79-5.

25  **12.**   **FINAL DISPOSITION**

26        Unless otherwise ordered or agreed in writing by the Producing Party, within 90 days after

27  the final termination of this action, each Receiving Party must destroy all Protected Material or

28  return it to the Producing Party.  As used in this paragraph, "all Protected Material" includes all

Case5:09-cv-01911-JW   Document54   Filed02/12/10   Page17 of 22

copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed upon request by the Producing Party, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90-day deadline that identifies (by category, where appropriate) all Protected Material that was returned or destroyed and affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain copies of all pleadings, motion papers, transcripts, legal memoranda, correspondence, and attorney work product even if such materials contain Protected Material.  Any such copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Paragraph 4 (DURATION), above. The Court shall retain jurisdiction to enforce the terms of this Protective Order.

**13.     MISCELLANEOUS**

13.1     <u>Right to Further Relief</u>:  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2     <u>Right to Assert Other Objections</u>:  By stipulating to the entry of this Protective Order, no Party waives any right it would otherwise have to object to disclosing or producing any information or item on any ground not addressed in this Stipulation and Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulation and Protective Order.

IT IS SO STIPULATED.

Dated: February 12, 2010

PENELOPE A. PREOVOLOS
ANDREW D. MUHLBACH
ANNE M. HUNTER
ALEXEI KLESTOFF
MORRISON & FOERSTER LLP


By:   /s/ Andrew D. Muhlbach
       Andrew D. Muhlbach

*Attorneys for Defendant* APPLE INC.

Dated: February 12, 2010

HELEN I. ZELDES
ALREEN HAEGGQUIST
ZELDES AND HAEGGQUIST, LLP

STEVEN A. SKALET
CRAIG L. BRISKIN
MEHRI & SKALET, PLLC


By:   /s/ Helen I. Zeldes
       Helen I. Zeldes

*Attorneys for Plaintiffs*

I, Andrew D. Muhlbach, am the ECF user whose ID and password are being used to file this Stipulation and [Proposed] Revised Protective Order.  In compliance with General Order 45.X.B, I hereby attest that Helen I. Zeldes has concurred in this filing.

Dated: February 12, 2010

MORRISON & FOERSTER LLP


By:   /s/ Andrew D. Muhlbach
       Andrew D. Muhlbach

*Attorneys for Defendant* APPLE INC.

IT IS SO ORDERED.


Dated: _____, 2010

_____
Patricia V. Trumbull
United States Magistrate Judge

1

**EXHIBIT A-1**

2

**GENERAL ACKNOWLEDGMENT OF CONFIDENTIALITY AND AGREEMENT TO
BE BOUND BY PROTECTIVE ORDER**

3

4        I, _____, declare under penalty of perjury that I have

5    read in its entirety and understand the Stipulation and Protective Order that was issued by the

6    United States District Court for the Northern District of California on _____, 2010 in

7    the case of *In re MagSafe Apple Power Adapter Litigation*, Northern District of California, Case

8    No. 5:09-cv-01911.

9        I agree to comply with and be bound by all the terms of the Stipulation and Protective

10    Order, and I understand and acknowledge that failure to so comply could expose me to sanctions

11    and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any

12    manner any information or item that is subject to the Stipulation and Protective Order to any

13    person or entity except in strict compliance with the provisions of the Stipulation and Order.

14        I further agree to submit to the jurisdiction of the United States District Court for the

15    Northern District of California for the purpose of enforcing the terms of the Stipulation and

16    Protective Order even if such enforcement proceedings occur after termination of this action.

17        Executed on at _____ at _____.

18

19                                        _____

20                                        Name:

21

22                                        Address:

23

24

25

26

27

28

Ex. A-1:  General Acknowledgment of Confidentiality and
Agreement to Be Bound by Protective Order
C 09-01911 JW
sf-2790335

**EXHIBIT A-2**

**EXPERT/CONSULTANT ACKNOWLEDGMENT OF CONFIDENTIALITY AND
AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, declare:

1.     I reside at _____.

2.     I have read the Stipulation and Protective Order ("Order") in *In re MagSafe
Apple Power Adapter Litigation*, Northern District of California, Case No. 5:09-cv-01911.

3.     I am familiar with the contents of the Order and agree to comply and be bound by
the provisions thereof.

4.     I will not divulge to persons other than those specifically authorized by the Order,
and will not copy or use except solely for the purposes of this litigation and only as expressly
permitted by the terms of the Order, any Confidential or Highly Confidential Information
obtained pursuant to the Order.

5.     By signing below, I hereby agree to submit to the jurisdiction of the courts of the
State of California for resolving any and all disputes regarding the Order and this Declaration
Regarding Confidentiality.  I further agree that any and all disputes regarding the Order and this
Declaration Regarding Confidentiality shall be governed by the laws of the State of California,
and that the district court for the Northern District of California shall be the sole and exclusive
venue for resolving any disputes arising from the Order and this Declaration Regarding
Confidentiality.

6.     By signing below, I hereby confirm that I am not presently employed by, or
providing any form of consulting services to, any of the entities identified on Exhibit B hereto,
and further agree that: (1) during the pendency of these proceedings I shall not accept
employment with, consult with, or provide services to any of the entities listed on Exhibit B; and
(2) that I shall not at any time, either during the pendency of these proceedings or after conclusion
of these proceedings, use or divulge any of the Confidential or Highly Confidential Information
made available to me pursuant to the Order.

EX. A-2:  EXPERT/CONSULTANT ACKNOWLEDGMENT OF CONFIDENTIALITY AND
AGREEMENT TO BE BOUND BY PROTECTIVE ORDER
C 09-01911 JW
sf-2790335

20

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on at _____ at _____.

_____

Name:

Address:

Ex. A-2:  Expert/Consultant Acknowledgment of Confidentiality and
Agreement to Be Bound by Protective Order
C 09-01911 JW
sf-2790335

21

1

## EXHIBIT B

2

## RESTRICTED COMPETITORS OF APPLE INC.

3

4
- HP/Compaq

5
- Dell

6
- Lenovo/IBM

7
- Toshiba

8
- ASUS

9
- Acer/Gateway/e-Machines

10
- Sony

11
- Samsung

12
- Fujitsu

13
- Panasonic

14
- Belkin

15

16

17

18

19

20

21

22

23

24

25

26

27

28