1  Robert A. Mittelstaedt #060359
   Caroline N. Mitchell #143124
2  Tracy M. Strong #221540
   JONES DAY
3  555 California Street, 26th Floor
   San Francisco, CA  94104
4  Telephone:     (415) 626-3939
   Facsimile:     (415) 875-5700
5  ramittelstaedt@jonesday.com
   cnmitchell@jonesday.com
6  tstrong@jonesday.com

7  Attorneys for Defendant
   APPLE COMPUTER, INC.
8

9
                        UNITED STATES DISTRICT COURT
10
                       NORTHERN DISTRICT OF CALIFORNIA
11
                                SAN JOSE DIVISION
12

13

14 | **THOMAS WILLIAM SLATTERY,** | Case No. C 05 00037 JW |
   | **Individually, And On Behalf Of All** | |
15 | **Others Similarly Situated,** | **CLASS ACTION** |
   | | |
16 | Plaintiff, | **APPLE COMPUTER, INC.'S** |
   | | **OPPOSITION TO MOTION FOR LEAVE** |
17 | v. | **TO FILE SECOND AMENDED** |
   | | **COMPLAINT** |
18 | **APPLE COMPUTER, INC.,** | |
   | | Date:   May 8, 2006 |
19 | **Defendant.** | Time:  9:00 a.m. |
   | | Place:  Courtroom 8, 4th Floor |

22     The threshold issue raised by Slattery's request to substitute two individuals in his place

23 as the plaintiff in this action is whether he intends to drop out of the case (as we initially

24 understood from his lawyer) or remain as a class member.  His motion is unclear on this point.

25     On the one hand, by seeking to amend the complaint to allege one-way tying (with iTMS

26 music as the tying product and the iPod as the alleged tied product that plaintiffs were "forced" to

27 buy), Slattery suggests that he is no longer asserting a tying claim, whether as named plaintiff or a

28 purported class member.  This is because he admitted at deposition that **no** tying occurred with

SFI-539819v2
                                                               C 05 00037 JW
                                                               APPLE'S OPP. TO MOT. FOR LEAVE TO
                                                               FILE SECOND AMENDED COMPLAINT

respect to him, either way. *See* Apple's Admin. Req. for Leave to File Mot. for Summ. Jdgmt., pp. 2-4. He admitted that he asked his wife to buy an iPod for his birthday although he had **never** purchased a single iTMS song—the alleged tying product. On those facts, he cannot assert any tying claim, much less the one asserted in the proposed amended complaint.

If he intends to drop his claim, the proper procedure is a Rule 41 dismissal with prejudice, not a Rule 15 amendment. As the Fifth Circuit held in *Summit Office Park, Inc. v. U.S. Steel Corp.*, 639 F.2d 1278 (5th Cir. 1981), Rule 15 may not be invoked by a plaintiff who has no valid claim. "[W]here a plaintiff never had standing to assert a claim against the defendants, it does not have standing to amend the complaint and control the litigation by substituting new plaintiffs, a new class, and a new cause of action." *Id.* at 1282. "Such a 'revolving door' theory of representation through the imaginative use of the amendment process . . . would vest in plaintiffs' counsel a power and control over litigation, particularly class action litigation, heretofore not recognized by the federal courts." *Id.* at 1281. As the Court summarized: "'we now have before us no one who has a continuing stake in the controversy, only a potential lawsuit searching for a sponsor.'" *Id.* (citation omitted).[1]

The circumstances here present an even stronger reason for denying a Rule 15 motion than in *Summit Office Park*. Rather than losing standing due to an intervening Supreme Court decision as in *Summit Office Park*, Slattery asserted a tying claim that he never had.[2]

On the other hand, if Slattery intends to remain a class member despite having redefined the tying claim to exclude himself, he should be required to comply with pending discovery requests. Apple propounded document requests on November 4, 2005. Although he produced some documents, Slattery still has not provided (1) documents showing his purchases from iTMS

---

[1] In accord are *Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 531 (6th Cir. 2002) (where original plaintiff "admittedly has not suffered injury in fact by the defendants, it had . . . no standing to make a motion to substitute the real party in interest") and *Jaffree v. Wallace*, 837 F.2d 1461, 1466 (11th Cir. 1988) (where res judicata barred plaintiffs' original complaint, plaintiffs were estopped from amending to substitute new plaintiffs who were not bound by the res judicata bar).

[2] Of the cases cited by Slattery (Mot. at 9), only *Carson v. Merrill Lynch & Co.,* 1998 U.S. Dist. LEXIS 6903 (W.D.Ark. 1998), addresses the propriety of substituting plaintiffs. And it was based on the technical notice requirements applicable to securities law class actions.

and other music stores, (2) documents showing his purchases of other portable hard drive music players, (3) documents demonstrating that he personally had an iTMS account and the complete account history, (4) documents showing all of his music libraries on all of his computers (he provided an incomplete set), (5) his CD collection or a list of his CDs, and (6) the hard drives from his home computers on which he stores music. *See* Strong Decl. Ex. A. If there were any basis for Slattery's purported concern about a "conflict of interest" (and the purported conflict does not actually interfere with Slattery's discovery obligations here which relate to music files, not privileged client files), his concern would go only to the last category of the requested discovery. The requested discovery would be permissible if he were only a member of the purported class. *See, e.g., Easton & Co. v. Mutual Benefit Life Ins. Co.*, 1994 WL 248172, at \*3 (D.N.J. May 18, 1994) ("It is fairly well-settled that, where warranted, discovery may be taken of absent class members"). It is particularly appropriate because Slattery was the named plaintiff when it was served (and he still is).

In short, if Slattery is withdrawing his individual claim, he should do so pursuant to Rule 41 so that Apple can be protected from him suing again, and he has no standing to amend the complaint or sponsor others to take his place. If, on the other hand, Slattery is attempting to remain as a class member, he should be required to comply with the pending discovery requests.

Dated: April 17, 2006             JONES DAY

By: /s/
Robert A. Mittelstaedt

Counsel for Defendant
APPLE COMPUTER, INC.