ZELDES & HAEGGQUIST, LLP
HELEN I. ZELDES (220051)
ALREEN HAEGGQUIST (221858)
AARON M. OLSEN (259923)
625 Broadway, Suite 906
San Diego, CA 92101
Telephone: (619) 342-8000
Facsimile: (619) 342-7878
helenz@zhlaw.com
alreenh@zhlaw.com
aarono@zhlaw.com

STEVEN A. SKALET (admitted *pro hac vice*)
CRAIG L. BRISKIN (admitted *pro hac vice*)
MEHRI & SKALET, PLLC
1250 Connecticut Avenue, NW, Suite 300
Washington, DC 20036
Telephone: (202) 822-5100
Facsimile: (202) 822-4997
sskalet@findjustice.com
cbriskin@findjustice.com

Attorneys for Plaintiffs

[Additional counsel appear on signature page.]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE MAGSAFE APPLE POWER ADAPTER LITIGATION | Case No.: 5:09-CV-01911-JW |
| | NOTICE OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| | Date: September 12, 2011 |
| | Time: 9:00 a.m. |
| | Judge: Honorable James W. Ware |
| | Courtroom: 15, 18th Floor |

ZELDES & HAEGGQUIST, LLP

TABLE OF CONTENTS

Page

I.  STATEMENT OF THE CASE ...................................................................1

   A.  The Class Action.............................................................................1

   B.  Discovery and Mediation.................................................................2

II. SUMMARY OF THE PROPOSED SETTLEMENT..............................3

   A.  The Settlement Class ......................................................................4

   B.  Cash Payments to Settlement Class Members.................................4

   C.  Notice of Adapter Replacement Program ........................................5

   D.  Payment of Notice Costs, Costs of Administration, and Attorneys' Fees...........5

   E.  Notice and Settlement Administration.............................................6

   F.  Exclusion Provisions and Objections ..............................................7

III. THE COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT
    AGREEMENT AS FAIR, ADEQUATE AND REASONABLE...................................8

   A.  The Standard for Preliminary Approval ..........................................8

      1.  The Strength of Plaintiffs' Case and the Risk, Expense,
          Complexity, and Likely Duration of Further Litigation ...........................9

      2.  The Amount Offered in Settlement .......................................................10

      3.  The Extent of Discovery Completed and the Stage of
          Proceedings.................................................................................10

      4.  The Experience and Views of Counsel...................................................11

      5.  Arm's -Length Negotiation Between the Parties.....................................11

IV. THE COURT SHOULD PRELIMINARILY CERTIFY THE PROPOSED
    SETTLEMENT CLASS AND APPOINT CLASS COUNSEL...................................12

   A.  The Numerosity Requirement Is Met .............................................12

   B.  The Commonality and Typicality Requirements Are Met .................12

   C.  The Named Plaintiffs and Class Counsel Are Adequate Class
       Representatives.............................................................................13

   D.  Certification Under Fed. R. Civ. P. Rule 23(b)(3) Is Appropriate for
       Settlement Purposes......................................................................13

V.  THE PROPOSED NOTICE IS ADEQUATE AND SHOULD BE APPROVED.........15

ZELDES & HAEGGQUIST, LLP

ZELDES & HAEGGQUIST, LLP

VI.   CONCLUSION................................................................................................16

Case No.  5:09-CV-01911-JW

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Amchem Products, Inc. v. Windsor,*
　521 U.S. 591 (1997)..................................................................................14

*Chamberlan v. Ford,*
　223 F.R.D. 524 (N.D. Cal. 2004)..............................................................12

*Churchill Vill., LLC v. Gen. Elec.,*
　361 F.3d 566 (9th Cir. 2004) ....................................................................15

*Gautreaux v. Price,*
　690 F.2d 616 (7th Cir. 1982) ......................................................................8

*Hanlon v. Chrysler Corp.,*
　150 F.3d 1011 (9th Cir. 1998) ......................................................12, 13, 14

*Hughes v. Microsoft Corp.,*
　2001 U.S. Dist. LEXIS 5976 (W.D. Wash. Mar. 26, 2001) .......................11

*In re Mego Fin. Corp. Sec. Litig.,*
　213 F.3d 454 (9th Cir. 2000) .................................................................8, 9

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.,*
　227 F.R.D. 553 (W.D. Wash. 2004) ............................................................8

*In re Shell Oil Refinery Litig.*
　1993 U.S. Dist. LEXIS 16770 (E.D. La. 1993) ...........................................8

*In re Warfarin Sodium Antitrust Litig.,*
　391 F.3d 516 (3d Cir. 2004) ..............................................................13, 14

*Ingram v. The Coca-Cola Co.,*
　200 F.R.D. 685 (N.D. Ga. 2001)..................................................................5

*Lerwill v. Inflight Motion Pictures,*
　582 F.2d 507 (9th Cir. 1978) ....................................................................13

*Local Jt. Exec. Bd. v. Las Vegas Sands, Inc.,*
　244 F.3d 1152 (9th Cir. 2001) ..................................................................14

*Officers for Justice v. Civil Serv. Comm'n,*
　688 F.2d 615 (9th Cir. 1982) ....................................................................11

*Parra v. Bashas', Inc.,*
　536 F.3d 975 (9th Cir. 2008) ....................................................................13

iii

ZELDES & HAEGGQUIST, LLP

*Stanton v. Boeing,*
327 F.3d 938 (9th Cir. 2003) .................................................................................................13

*Van Vranken v. Atlantic Richfield Co.,*
901 F. Supp. 294 (N.D. Cal. 1995) ...........................................................................................5

*Young v. Polo Retail, LLC,*
2006 WL 3050861 (N.D. Cal. 2006) .......................................................................................15

**STATUTES, RULES & REGULATIONS**

California Business & Professions Code
§17200. ....................................................................................................................................2
§17500, *et seq.* ......................................................................................................................2

California Civil Code
§1750. ......................................................................................................................................2
§1791. ......................................................................................................................................2

15 U.S.C.
§2310(d)(1) ..............................................................................................................................2

Federal Rules of Civil Procedure
Rule 23............................................................................................................................12, 14
Rule 23(a) ...............................................................................................................................13
Rule 23(a)(1)...........................................................................................................................12
Rule 23(a)(2)...........................................................................................................................12
Rule 23(a)(3)...........................................................................................................................12
Rule 23(a)(4)...........................................................................................................................13
Rule 23(b) ........................................................................................................................12, 13
Rule 23(b)(3)....................................................................................................................13, 14
Rule 23(c)(2)...........................................................................................................................15
Rule 23(c)(3).............................................................................................................................1
Rule 23(d) ..................................................................................................................................1
Rule 23(e) ....................................................................................................................1, 8, 15
Rule 23(e)(1).............................................................................................................................6

**SECONDARY AUTHORITIES**

4 Herbert Newberg & Alba Conte, *Newberg on Class Actions* (4th ed. 2002),
§11.25 .....................................................................................................................................12
§21.632 ..............................................................................................................................8, 12
§21.633 ........................................................................................................................8, 12, 15

Case No. 5:09-CV-01911-JW

ZELDES & HAEGGQUIST, LLP

TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on September 12, 2011 at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable James W. Ware, Courtroom 15, United States District Court, 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiffs Naotaka Kitigawa, Jr., Timothy J. Broad, Jessie Reisman, Tracey Hackwith and Michael Martin (collectively "Plaintiffs"), through their attorneys, will and hereby do respectfully move, pursuant to Federal Rules of Civil Procedure Rule 23(e), for an Order granting preliminary approval of the proposed settlement of this putative class action set forth in the Stipulation of Settlement dated July 1, 2011 (the "Stipulation" or "Settlement Agreement"). This motion is based on this Notice and Motion, the attached Memorandum of Points and Authorities, the Declarations of Helen I. Zeldes, Steven A. Skalet, Angela Agrusa and Patrick McNicholas, the Settlement Agreement, all of the prior pleadings and papers in this action, and such additional evidence or argument as may be required by the Court.

Pursuant to Federal Rule of Civil Procedure 23(c)(3), (d), and (e), Plaintiffs respectfully submit this memorandum in support of their Motion for Preliminary Approval of Class Action Settlement. Defendant Apple, Inc. ("Apple") does not oppose this Motion. For the reasons stated below, plaintiffs respectfully request that this Court grant preliminary approval to the proposed settlement of this class action.[1]

## I.  STATEMENT OF THE CASE

### A.  The Class Action

On or about May 1, 2009, Plaintiffs Kitigawa, Broad, and Reisman filed a consumer class action complaint against Apple in this Court, titled *Kitigawa, et al. v. Apple, Inc.*, Case No. 5:09-CV-01911-JW (the "*Kitigawa* Action") (Doc. No. 1). On or about May 15, 2009, Plaintiffs Hackwith and Martin filed a class action complaint against Apple in the United States District Court for the Central District of California, titled *Hackwith, et al. v. Apple, Inc.*, Case No. 5:09-CV-034862-JW (the "*Hackwith* Action"). The *Hackwith* Action was

---

[1]  The full terms of this settlement are memorialized in the parties' Stipulation of Settlement filed herewith.

ZELDES & HAEGGQUIST, LLP

transferred to this Court and was consolidated with the *Kitagawa* Action on November 16, 2009 (collectively "the Actions") (Doc. No. 43). A consolidated complaint was filed in the Actions on December 4, 2009 (the "Complaint") (Doc. No. 44).

The Complaint alleges that the power adapters used to power Apple's MacBook and MacBook Pro computers ("Subject Computers") are defective in that they "dangerously fray[], spark[], prematurely fail[] to work, and catch[] fire, overheat[], and melt[]" (Complaint, ¶3), and that Apple engaged in misrepresentations regarding the power Adapters.[2] Plaintiffs seek relief under the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §17200, *et seq.*; the California False Advertising Law, Cal. Bus. & Prof. Code §17500, *et seq.*; the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §1750, *et seq.*; the federal Magnuson-Moss Warranty Act, 15 U.S.C. §2310(d)(1); the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §1791, *et seq.*, as well as claims for Breach of Express Warranty; Breach of Implied Warranty of Fitness for a Particular Purpose; Breach of Implied Warranty of Merchantability; Negligence; Negligent Design and Failure to Warn; Money Had and Received; and Unjust Enrichment. The Complaint seeks damages, restitution, disgorgement and declaratory and injunctive relief as well as attorneys' fees, costs and expenses. Apple answered the Complaint by denying the allegations therein, and alleging various affirmative defenses. (Doc. No. 51.)

**B.    Discovery and Mediation**

Plaintiffs served Defendant document requests, interrogatories, requests for admission and deposition notices in November 2009. Defendant served responses (and supplemental responses) in February and March 2010. Plaintiffs retained two independent computer engineering experts to review the Adapters at issue and provide their opinions on the defects

---

[2]    Specifically, as set forth in the Stipulation, "Subject Computer" means an Apple MacBook or MacBook Pro computer that shipped with a Magsafe "MPM-1" 60W Power Adapter or 85W Power Adapter, respectively. "Adapter" or "Adapters" means a MagSafe "MPM-1" 60W or 85W Power Adapter shipped with or sold with a Subject Computer.

1   Plaintiffs alleged. Neither expert was aware of the other, nor did they ever speak to each other.

2   Both experts came up with similar theories of the failings of the Adapters.

3       The parties began discussing the possibility of mediation but Plaintiffs felt that

4   mediation would not be fruitful until some discovery had been obtained. The parties met and

5   conferred many times in order to establish the parameters for pre-mediation discovery.

6   Ultimately, Apple produced over 80,000 pages of documents including customer service

7   records, design schematics and testing documents, internal communications about the adapters

8   at issue, repair and replacement information, sales data, failure rates and customer reviews.

9   After the exchange of extensive discovery, expert reports, and many meet-and-confers about

10   discovery and experts, the parties began mediation on August 31, 2010 with the Honorable

11   Fern M. Smith (Ret.), a well-respected former judge of this Court. This first mediation session

12   lasted over nine hours, with the parties arguing until late in the evening. The parties attempted

13   to continue to resolve the matter after mediation, but after several months of discussion, came

14   to an impasse. The parties continued to meet and confer about discovery and agreed to a

15   second mediation before Judge Smith on November 11, 2010. This mediation also continued

16   for a full day, with the parties reaching an agreement in principle at the end of the day. While

17   the parties began the process very far apart in their views of the case, Judge Smith assisted the

18   parties in bridging the gap and when discussions hit another impasse, made a mediator's

19   proposal ultimately acceptable to both sides which formed the basis of the parties' Settlement

20   Agreement. The settlement in principal was negotiated for an additional month, with a term

21   sheet signed on December 13, 2010. The parties continued to vigorously debate the details of

22   settlement, including the cash refund, replacement program and all other aspects of the notice

23   program, and finalized the settlement agreement details on July 1, 2011.

24   **II.    SUMMARY OF THE PROPOSED SETTLEMENT**

25       The efforts of Plaintiffs' counsel have culminated in a nationwide settlement benefiting

26   a class of more than ten million Apple Subject Computer and Adapter owners. The settlement

27   provides for cash refunds of $35 to $79 to class members whose Adapters showed signs of

28

ZELDES & HAEGQUIST, LLP

fraying, melting, straining, sparking, weakening, discoloration, bubbling, overheating and/or separation of the Adapter's strain reliefs ("Strain Relief Damage") as set forth in more detail below. The settlement also provides for comprehensive notice to class members of a program that provides in-warranty and out-of-warranty replacements for Adapters that show signs of Strain Relief Damage ("Adapter Replacement Program"). In addition, the cost of the comprehensive settlement notice program and Plaintiffs' counsel's attorneys' fees and costs will be paid for by Apple separate and apart from the settlement benefits, providing an additional benefit to the class.

### A.   The Settlement Class

Plaintiffs seek conditional certification of this action on behalf of a national settlement class ("Settlement Class" or "Class"), which the parties estimate consists of over ten million members, defined as follows:

> All United States residents who (1) are the original owners of an Apple MacBook or MacBook Pro computer that shipped with a 60W or 85W MagSafe "MPM-1" Power Adapter ("Subject Computers") and/or (2) purchased a standalone 60W or 85W MagSafe "MPM-1" Power Adapter. The Settlement Class includes original owners who received their Subject Computer(s) as a gift. The Settlement Class excludes Apple; any entity in which Apple has a controlling interest; Apple's directors, officers, and employees; Apple's legal representatives, successors, and assigns; and all persons who validly request exclusion from the Settlement Class.

The parties propose that Plaintiffs Kitagawa, Broad, Reisman, Hackwith, and Martin be appointed as representatives of the proposed Settlement Class, and that the interim co-lead Class Counsel, Helen I. Zeldes of Zeldes & Haeggquist, LLP, 625 Broadway, Suite 906, San Diego, CA 92101, and Steven A. Skalet of Mehri & Skalet, PLLC, 1250 Connecticut Ave. NW, Suite 300, Washington, DC 20036, be appointed as co-lead Class Counsel to represent the interests of the proposed Settlement Class.

### B.   Cash Payments to Settlement Class Members

The proposed settlement provides that Apple shall provide to Settlement Class Members who's Adapter showed signs of Strain Relief Damage a refund of $79 for those who provide proof of purchase of a Replacement Adapter during the first year following purchase

ZELDES & HAEGGQUIST, LLP

of the Subject Computer or Adapter, $50 for those who provide proof of purchase of a Replacement Adapter during the second year, and $35 for those who provide proof of purchase of a Replacement Adapter during the third year.[3]  The Settlement Class Members may claim refunds for up to three Replacement Adapters per Subject Computer upon showing proof of purchase.  In order to receive a cash refund, Class Members must submit a valid and timely Claim Form.[4]  Settlement Class Members will have one-hundred and twenty (120) days from the Notice Date to submit a Claim Form ("Claims Period").

### C.     Notice of Adapter Replacement Program

The proposed Settlement also provides for a comprehensive program to notify class members of the Adapter Replacement Program (as described in §II above).  The Class notice, summary notice and published notice described in §E below shall inform Settlement Class Members of the Adapter Replacement Program.[5]

### D.     Payment of Notice Costs, Costs of Administration, and Attorneys' Fees

Apple will pay all of the costs of notice and all costs associated with administering the settlement, as set forth in §E below.  Because these costs are being paid directly by Apple, they do not reduce or affect the Class recovery.  Apple agrees not to oppose an award to Class Counsel of attorneys' fees in the amount of $3 million;[6] a service award of $5,000 to each Class Representative, subject to Court approval;[7] and verified costs and expenses incurred in

---

[3]    Pursuant to the Stipulation, "Replacement Adapter" means a 60W or 85W MagSafe Power Adapter that was purchased to replace an Adapter that showed signs of Strain Relief Damage.

[4]    Stipulation of Settlement, Ex. D.

[5]    Stipulation of Settlement, Exs. A-C.

[6]    Class counsel will file a separate motion for approval of attorneys' fees and expenses, concurrent with a motion for final approval of the settlement.

[7]    "Courts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Ingram v. The Coca-Cola Co.*, 200 F.R.D. 685, 694 (N.D. Ga. 2001) (quoting *In re S. Ohio Correctional Fac.*, 175 F.R.D. 270, 272 (S.D. Ohio 1997)); *see also Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 300 (N.D. Cal. 1995) (approving $50,000 participation award).

the prosecution of litigation up to $100,000, all of which is to be paid by Apple, not class members (the "Fees Amount"). The Fees Amount is separate from and does not in any way diminish the Class recovery.

### E.     Notice and Settlement Administration

Under Rule 23(e)(1) of the Federal Rules of Civil Procedure, notice of a proposed settlement must be directed "in a reasonable manner to all class members who would be bound by the proposal." Pending approval by the Court, the Settlement will include four forms of notice to the Settlement Class, fully satisfying Rule 23(e)(1)'s notice requirement:

- *Website Notice.* A copy of the Notice of Pendency and Proposed Settlement of Class Action substantially in the form attached to the Stipulation of Settlement as Exhibit A (the "Class Notice"), together with the Claim Form (including the Instructions, Claim Form and Release) substantially in the form attached to the Stipulation of Settlement as Exhibit D, shall be posted and available for download on a settlement website (the "Settlement Website"), and shall be mailed at no charge to Class Members who call a toll-free number to be established at Apple's expense ("Toll-Free Number"). Apple shall use "best efforts" to include the term "adapter" in the domain name of the settlement website. This information shall remain available on the Internet until the last day of the Claims Period. All costs and expenses associated with complying with this provision shall be borne exclusively by Apple.

- *Email Notice.* Apple shall e-mail a copy of the Summary Notice of Settlement substantially in the form attached to the Stipulation of Settlement as Exhibit B ("Summary Notice") to each Class Member for whom Apple has an e-mail address in its warranty registration database. The Summary Notice shall inform members of the Settlement Class: (i) of the fact of the settlement and that the Class Notice and Claim Form are available on the Settlement Website or by calling the Toll-Free Number, and (ii) of the Adapter Replacement Program. All costs and expenses associated with complying with this provision shall be borne exclusively by Apple.

ZELDES & HAEGGQUIST, LLP

- ***Postcard Notice***.  For Class Members for whom e-mailed notice is returned undeliverable, Apple shall mail a postcard substantially in the form attached to the Stipulation of Settlement as Exhibit C ("Settlement Postcard") informing Class Members of the fact of the settlement and that the Class Notice and Claim Form are available on the Settlement Website, or by calling the Toll-Free Number.  All costs and expenses associated with complying with this provision shall be borne exclusively by Apple.

- ***Published Notice***.  Apple shall cause a copy of the Summary Notice to be published once in *USA Today*, a newspaper of national circulation, once in the magazine *Wired*, and once on a different date in *Macworld* (the primary magazine devoted to Apple-related products and Apple purchasers).  The Summary Notice shall not be less than 1/4 of a page in size.  The Summary Notice shall include the address of the Settlement Website and the Toll-Free Number.

Apple shall be solely responsible for making all arrangements necessary to effectuate the notice set forth above and for payment of the costs and expenses of such notice.

**F.     Exclusion Provisions and Objections**

Class Members who prefer not to be bound by the settlement may exclude themselves by providing written notice of their intentions.  The procedure for Class Members to exclude themselves is described in the Class Notice, attached to the Stipulation of Settlement as Exhibit A.  The Class Notice also provides a procedure for Class Members to object to the proposed settlement, and/or to be represented by counsel of their choice at their own expense.

By this Unopposed Motion for Preliminary Approval of Class Action Settlement, the Plaintiffs ask the Court to issue a preliminary approval order in the form attached to the Stipulation of Settlement as Exhibit E.  The Order would authorize the tasks necessary to allow the settlement approval process to occur, including: (1) conditionally certifying the proposed Settlement Class and appointing Class Representatives and Class Counsel; (2) preliminarily approving the Settlement Agreement; (3) approving the forms and methods of Class Notice; (4) establishing a schedule by which Settlement Class Members may exclude

themselves from the Settlement Class or object to the settlement; and (5) setting a date for a Fairness Hearing.

The following sections of this memorandum explain these issues in more detail.

## III.   THE COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT AGREEMENT AS FAIR, ADEQUATE AND REASONABLE

### A.   The Standard for Preliminary Approval

Federal Rules of Civil Procedure Rule 23(e) requires a district court, when considering whether to give *final* approval to a proposed class action settlement, to determine whether a proposed settlement is "fundamentally fair, adequate, and reasonable." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). The standard for *preliminary* approval is that the settlement be "within the range of *possible* approval":

> The first step in district court review of a class action settlement is a preliminary, pre-notification hearing to determine whether the proposed settlement is 'within the range of possible approval.' Its purpose is to ascertain whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing. If the district court finds that a proposed settlement is 'within the range of possible approval,' the next step is the fairness hearing. Class members are notified of the proposed settlement and the fairness hearing in which they and all interested parties have an opportunity to be heard. The goal of the [final fairness] hearing is to 'adduce all information necessary for the judge to rule intelligently on whether the proposed settlement is "fair, reasonable, and adequate."'

*Id.* at 457; *see also Gautreaux v. Price*, 690 F.2d 616, 621 n.3 (7th Cir. 1982); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 227 F.R.D. 553, 556 (W.D. Wash. 2004) (noting that in the first stage of the approval process, "the court preliminarily approve[s] the Settlement pending a fairness hearing, temporarily certifies the Class ..., and authorize[s] notice to be given to the Class).

Preliminary approval requires only that the Court evaluate whether the proposed settlement: (1) was negotiated at arm's-length, and (2) is within the range of possible litigation outcomes such that "probable cause" exists to disseminate notice and begin the formal fairness process. *See Manual for Complex Litigation* (Fourth), §21.632-33; *In re Shell Oil Refinery Litig.* 1993 U.S. Dist. LEXIS 16770, at *5 (E.D. La. 1993). The Ninth Circuit has identified a number of factors used to assess whether a settlement proposal is fundamentally fair, adequate

ZELDES & HAEGGQUIST, LLP

and reasonable.   The factors applicable to a motion for preliminary approval are: (1) the strength of the Plaintiffs' case and the risk, expense, complexity, and likely duration of further litigation; (2) the amount offered in settlement; (3) the extent of discovery completed and the stage of the proceedings; (4) the experience and views of counsel; and (5) arm's-length negotiations (*i.e.*, absence of collusion) between the parties. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458-60 (9th Cir. 2000).  Each relevant factor supports the conclusion that the proposed settlement is squarely within the range of fairness, adequacy and reasonableness for approval.

### 1.     The Strength of Plaintiffs' Case and the Risk, Expense, Complexity, and Likely Duration of Further Litigation

The heart of Plaintiffs' claims is that the Adapters included with or sold for the Subject Computers are defective and that Apple made misrepresentations regarding the Adapters. While Plaintiffs and Class Counsel believe that their claims are meritorious and that they would ultimately prevail on a class-wide basis, Apple has raised, and would continue to raise, challenges to the legal and factual basis for these claims.  Apple vigorously denies that the Adapters are defective or that Apple made any misrepresentations.  The proposed settlement eliminates the risks of continued litigation, including the risk of no recovery from Apple.

The Settlement Agreement proposed by the parties immediately provides the certainty of valuable benefits to the Class Members.   Most importantly, the proposed settlement provides cash payments to Settlement Class Members who had to purchase a Replacement Adapter within three years of the initial purchase of a Subject Computer.

If this case is not settled, it would be necessary to continue prosecuting the litigation against Apple through a trial and, even if Plaintiffs are successful there, through the appeals Apple most likely would file.  Thus, any potential benefits to the class would be delayed for months or years if the case proceeds in litigation.

In determining whether the terms of this Settlement Agreement are sufficiently fair, adequate and reasonable to justify the dissemination of class notice and the scheduling of a fairness hearing, the Court need only inquire at this juncture whether the consideration

ZELDES & HAEGGQUIST, LLP

provided to the Settlement Class falls within the range of possible outcomes were the case to proceed to final judgment after full litigation. The answer to that question is most certainly "yes."

A reasonable person could conclude that continued litigation may well achieve no greater benefit for the Settlement Class and could possibly result in no benefit at all. With this in mind, the advantages to the Settlement Class Members of approving the proposed settlement and quickly distributing to them the consideration provided therein, clearly exceed what is likely to occur should this case proceed on a litigation track. For this reason, the strength of Plaintiffs' case and the risk, expense, complexity, and likely duration of further litigation suggest that the proposed Settlement Agreement is fair, adequate, and reasonable.

### 2.   The Amount Offered in Settlement

In light of the uncertainties of trial and the difficulties in proving any alleged defect or misrepresentation, the value of the settlement is certainly adequate. Apple is offering to provide Settlement Class Members – who had to buy a Replacement Adapter in the first three years from the initial retail purchase of a Subject Computer – with cash refunds ranging from $35 to $79 (the full price of the Replacement Adapter). This amounts to a substantial *cash* settlement.

### 3.   The Extent of Discovery Completed and the Stage of Proceedings

Here, the parties reached settlement relatively early in the litigation, obviating the need for a continuation of expensive and time-consuming fact and expert discovery, as well as pre-trial preparation. Nonetheless, Apple produced, and Plaintiffs reviewed, thousands of pages of documents, including extensive information about, among other things, the Adapter design, its testing, sales data, failure rates, and customer complaints. Plaintiffs retained and consulted extensively with two independent engineering experts to review this information and provide their expert opinions on the design defects alleged in this case. While the two experts did not know about each other or have any contact with each other, both came up with very similar

1    theories on the defects alleged.    Plaintiffs and their counsel had more than sufficient

2    information to make an informed decision about the settlement.

### 4.    The Experience and Views of Counsel

4    Class Counsel supports the approval of the settlement – a fact that confers a

5    presumption of fairness on the proposed settlement. *See Hughes v. Microsoft Corp.*, 2001 U.S.

6    Dist. LEXIS 5976, at *20 (W.D. Wash. Mar. 26, 2001) ("In determining whether to approve a

7    settlement, the Court keeps in mind the unique ability of class counsel to assess potential risks

8    and rewards of litigation."). Co-lead and additional Class Counsel are experienced class-

9    action litigators who have successfully tried complex cases in the past. *See* Declarations of

10    Helen I. Zeldes, Steven A. Skalet, Angela Agrusa and Patrick McNicholas, filed herewith.

11    After weighing the risks and benefits associated with trying this case or settling it according to

12    the terms of the proposed settlement, Class Counsel has reached the opinion that settlement is

13    in the best interest of the Class. *Id.* The Court should afford that determination considerable

14    weight.

### 5.    Arm's -Length Negotiation Between the Parties

16    The trial court's evaluation of the settlement "must be limited to the extent necessary to

17    reach a reasoned judgment that the agreement is not the product of fraud or overreaching by,

18    or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair,

19    reasonable and adequate to all concerned." *Officers for Justice v. Civil Serv. Comm'n*, 688

20    F.2d 615, 625 (9th Cir. 1982). Here, the proposed settlement is the product of extensive

21    arm's-length negotiations among well-informed and sophisticated counsel.    Both sides

22    demonstrated by their actions that they were fully prepared to litigate this case through final

23    judgment, if no acceptable resolution could be reached. In addition, the fact that the settlement

24    was mediated with the active involvement of a former member of this Court, the Honorable

25    Fern M. Smith (Ret.), further demonstrates the non-collusive nature of the settlement. Indeed,

26    the settlement is based on the substantive terms facilitated by Judge Smith. *See Hughes v.*

27

28

ZELDES & HAEGGQUIST, LLP

*Microsoft Corp.*, 2001 U.S. Dist. LEXIS 5976, at *17 (settlement mediated with assistance of settlement judge demonstrates lack of fraud or collusion).

## IV. THE COURT SHOULD PRELIMINARILY CERTIFY THE PROPOSED SETTLEMENT CLASS AND APPOINT CLASS COUNSEL

At this stage of the settlement approval process, the Court must satisfy itself, at least conditionally, that the requirements of Fed. R. Civ. P., Rule 23 are met, that the named Plaintiffs may properly be appointed to serve as Class Representatives, and that counsel for Plaintiffs may be properly appointed to serve as Class Counsel. *See Manual for Complex Litigation* (Fourth), §21.632 ("The judge should make a preliminary determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b)."); 4 Herbert Newberg & Alba Conte, *Newberg on Class Actions*, §11.25 (4th ed. 2002). Every requirement of Fed. R. Civ. P. Rule 23 is satisfied with respect to this proposed Settlement Class.

### A. The Numerosity Requirement Is Met

The numerosity requirement is met if the class is so large that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). The size of the proposed Settlement Class – over ten million Subject Computers and Adapters were sold – renders joinder impracticable, and the numerosity requirement is satisfied. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

### B. The Commonality and Typicality Requirements Are Met

Federal Rule of Civil Procedure 23(a)(2) allows a class action to be maintained if "there are questions of law or fact common to the class." Rule 23(a)(3) requires that "the claims or defenses of the representative parties [must be] … typical of the claims or defenses of the class." The requirement of commonality is satisfied here because the Plaintiffs' allegations stem from a claim of common defects in the Adapter included with or sold for the Subject Computers and allegations of common misrepresentations regarding the Adapter. Complaint, ¶¶51-55. *See Chamberlan v. Ford*, 223 F.R.D. 524, 526 (N.D. Cal. 2004); *see also*

Case No. 5:09-CV-01911-JW

*Parra v. Bashas', Inc.,* 536 F.3d 975, 978 (9th Cir. 2008) (commonality is a "permissive[ ]" and "flexible" standard).

The typicality requirement is also met in this case.  Like commonality, the typicality standard is "permissive," and requires only that the named Plaintiffs' claims be "reasonably coextensive with those of absent class members; they need not be substantially identical." *Stanton v. Boeing,* 327 F.3d 938, 957 (9th Cir. 2003).  The Class Representatives have claims similar to and typical of the rest of the Settlement Class because they all claim –and all have the same interest in redressing – injury similar to other members of the Class.  Complaint, ¶¶51-55.

### C.    The Named Plaintiffs and Class Counsel Are Adequate Class Representatives

Federal Rules of Civil Procedure Rule 23(a)(4) requires that the named Plaintiffs and proposed Class Counsel be able to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  In this case, the parties are not aware of any conflicts of interest between the named Plaintiffs and the absent Class Members from the standpoint of assessing the fairness of the proposed Settlement. *See Lerwill v. Inflight Motion Pictures,* 582 F.2d 507, 512 (9th Cir. 1978).  The record shows that Plaintiffs and Class Counsel have vigorously prosecuted this action on behalf of the Class.  The attorneys who represent the proposed Class Representatives are well-qualified to serve as Class Counsel. *See* Declarations of Co-Lead and Class Counsel attached hereto. *See also Hanlon,* 150 F.3d at 1020.

### D.    Certification Under Fed. R. Civ. P. Rule 23(b)(3) Is Appropriate for Settlement Purposes

In addition to meeting the requirements of Fed. R. Civ. P. Rule 23(a), an action must satisfy one of the requirements of Rule 23(b) to be certified for class treatment for settlement purposes. *See Hanlon,* 150 F.3d at 1022; *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 527 (3d Cir. 2004).  Rule 23(b)(3) requires predominance (common questions predominate over individual ones) and superiority (class resolution is superior to other methods of adjudication).  As discussed above in §B, there are common class-wide issues as to the alleged

ZELDES & HAEGGQUIST, LLP

defects and misrepresentations.  In determining superiority, the Rule provides four non-exclusive factors: (1) the interest of individual members of the class in individually controlling the prosecution of the action; (2) the extent of litigation commenced elsewhere by class members; (3) the desirability of concentrating claims in a given forum; and (4) the management difficulties likely to be encountered in pursuing the class action.

The superiority requirement is satisfied where there are "multiple claims for relatively small individual sums." *Local Jt. Exec. Bd. v. Las Vegas Sands, Inc.,* 244 F.3d 1152, 1163 (9th Cir. 2001).  Here, because the financial loss to any individual Class Member is relatively small, very few would have an interest or ability to pursue their own individual case.  Also, it is unlikely that individual Class Members would have the resources to pursue successful litigation on their own.

In *Amchem Products, Inc. v. Windsor,* 521 U.S. 591 (1997), the Supreme Court recognized that while a proposed settlement class must meet all the requirements of Fed. R. Civ. P. Rule 23, the court need not assess whether the manageability requirement of Rule 23(b)(3) is met, because the parties do not propose to litigate the case.  *Amchem,* 521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems ... for the proposal is that there is no 'trial'").  The distinction between a certification of a settlement class and one for litigation becomes important when considering whether variations in state law would make certification inappropriate.  Under well-established law, settlement of a nationwide class action is *not* defeated by the presence of variations in state law, regardless of whether variations in state law may preclude certification of a class action in the context of *litigation. See Hanlon,* 150 F.3d at 1019, 1022-23; *In re Warfarin,* 391 F.3d at 529-30.

Accordingly, recognizing that the parties here propose a nationwide Settlement Class – not a nationwide litigation class – this Court need only inquire whether the proposed Settlement Class is sufficiently cohesive with respect to the relevant factual and legal issues as to make a classwide settlement process fair. *See Amchem,* 521 U.S. at 623; *In re Warfarin,*

ZELDES & HAEGGQUIST, LLP

1   391 F.3d at 528.   The standards for certification of a nationwide Settlement Class in the

2   context of granting preliminary settlement approval are satisfied here.

3   **V.      THE PROPOSED NOTICE IS ADEQUATE AND SHOULD BE APPROVED**

4          Rule 23(e) provides that "notice of the proposed dismissal or compromise shall be

5   given to all members of the class in such manner as the court directs."   The *Manual for*

6   *Complex Litigation* (Fourth) recommends that: "[o]nce the judge is satisfied as to the

7   certifiability of the class and the results of the initial inquiry into the fairness, reasonableness,

8   and adequacy of the settlement, notice of a formal Rule 23(e) fairness hearing is given to the

9   class members.   To grant preliminary approval of the proposed settlement, the Court need only

10   find that the settlement is non-collusive and within "the range of possible approval."   *Young v.*

11   *Polo Retail, LLC,* 2006 WL 3050861, *5 (N.D. Cal. 2006) (quoting *Schwartz v. Dallas*

12   *Cowboys Football Club, Ltd,* 157 F. Supp. 2d 561, 570 n.12 (E.D. Pa 2001)).   "For economy,

13   the notice under Rule 23(c)(2) and the Rule 23(e) notice are sometimes combined."   *Manual*

14   *for Complex Litigation* (Fourth), §21.633.   Combined notice helps to avoid confusion that

15   separate notifications of certification and settlement may produce.

16          Here, the terms of the settlement and benefits offered by it will be well-publicized.   *See*

17   §II.E above (regarding the extensive manner and form in which notice will be disseminated).

18   The Class Notice and Claim Form (Stipulation of Settlement, Exs. A and D) will be made

19   available via the Internet on a Settlement Website.   Both the Summary Notice and the

20   Settlement Postcard (Stipulation of Settlement, Exs. B and C) will provide recipients with the

21   website address discussing the Settlement, a toll-free number to request copies of the Class

22   Notice and Claim Form, and the address of the Class Counsel to whom class members may

23   write for information concerning the Settlement.

24          Notice is satisfactory if it "generally describes the terms of the settlement in sufficient

25   detail to alert those with adverse viewpoints to investigate and to come forward and be heard."

26   *Churchill Vill., LLC v. Gen. Elec.,* 361 F.3d 566, 575 (9th Cir. 2004) (quoting *Mendoza v.*

27   *Tucson Sch. Dist. No. 1,* 623 F.2d 1338, 1352 (9th Cir. 1980)).   Here, the forms of notice are

28

ZELDES & HAEGGQUIST, LLP

modeled on the Federal Judicial Council's suggested notice forms. Each section of the Class Notice and Summary Notice is preceded by a heading which clearly indicates the section topic and why the Class member should read it. The Class Notice strikes the appropriate balance between thoroughness and clarity by including brief, simple and accurate descriptions of all of the following: (1) what the lawsuit is about; (2) the basic terms of the settlement and release of Apple; (3) the definition of the Class; (4) the identity of Plaintiff's counsel; (5) the res judicata effect of the settlement and final judgment on Class Members; (6) the options available to Class Members, including remaining a Class Member by doing nothing, objecting to the Settlement, or opting out of the Settlement; (7) the procedures for exercising the various options, including the time deadlines and method of appearing, opting-out, or filing objections; (8) the date, time, location and purpose of the final fairness hearing; and (9) how to get additional information and/or review the complete Settlement Agreement. The Court should therefore approve the proposed Class Notice.

## VI.    CONCLUSION

For all the reasons stated above, Plaintiffs respectfully request that this Court preliminarily approve the proposed Settlement, certify the Settlement Class as a national class for purposes of this Settlement, and approve the plan to provide notice to the Settlement Class.

Respectfully submitted,

Dated: August 8, 2011

ZELDES & HAEGGQUIST, LLP
HELEN I.  ZELDES (220051)
ALREEN HAEGGQUIST (221858)
AMBER ECK (177882)
AARON M.  OLSEN (259923)


By:         /s/ Helen I. Zeldes
            HELEN I.  ZELDES

625 Broadway, Suite 906
San Diego, CA  92101
Telephone: (619) 342-8000
Facsimile: (619) 342-7878
helenz@zhlaw.com
alreenh@zhlaw.com

STEVEN A. SKALET (admitted *pro hac vice*)
CRAIG L. BRISKIN (admitted *pro hac vice*)
MEHRI & SKALET, PLLC
1250 Connecticut Avenue., NW, Suite 300
Washington, DC 20036
Telephone: (202) 822-5100
Facsimile: (202) 822-4997
sskalet@findjustice.com
cbriskin@findjustice.com

LINER GRODE STEIN YANKELEVITZ
SUNSHINE REGENSTREIF & TAYLOR LLP
ANGELA C. AGRUSA (131337)
CAMILLA Y. CHAN (241674)
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024-3503
Telephone: (310) 500-3500
Facsimile: (310) 500-3501
aagrusa@linerlaw.com
cchan@linerlaw.com

MCNICHOLAS & MCNICHOLAS LLP
PATRICK MCNICHOLAS (125868)
CATHRINE B. SCHMIDT (212827)
10866 Wilshire Boulevard Suite 1400
Los Angeles, CA 90024-4338
Telephone: (310) 474-1582
Facsimile: (310) 475-7871
pmc@mcnicholaslaw.com
cbs@mcnicholaslaw.com

Attorneys for Plaintiffs

ZELDES & HAEGGQUIST, LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ZELDES & HAEGGQUIST, LLP

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 8, 2011.

/s/Helen I. Zeldes
HELEN I. ZELDES

ZELDES & HAEGGQUIST, LLP
625 West Broadway, Suite 906
San Diego, CA 92101
Telephone: 619/434-0024
619/342-7878 (fax)
E-mail: helenz@zhlaw.com

Case No. 5:09-CV-01911-JW