UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE MAGSAFE APPLE POWER ADAPTER LITIGATION | Case No. C 09-01911 JW **STIPULATION OF SETTLEMENT** |

SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made by and between: (1) Apple Inc., a California corporation ("Apple") and (2) Naotaka Kitagawa, Timothy J. Broad, Jesse Reisman, Tracey Hackwith, and Michael Martin ("Plaintiffs" or "Class Representatives"), individually and as representatives of the "Settlement Class" as defined below (collectively the "Parties").

DEFINITIONS

As used herein, the following terms have the meanings set forth below:

A.    "Subject Computer" means an Apple MacBook or MacBook Pro computer that shipped with a MagSafe "MPM-1" 60W Power Adapter or 85W Power Adapter, respectively.

B.    "Adapter" or "Adapters" means a MagSafe "MPM-1" 60W or 85W Power

1   Adapter shipped with or sold for use with a Subject Computer.

2       C.      "Class Representatives" or "Plaintiffs" means Naotaka Kitagawa, Timothy J.

3   Broad, Jesse Reisman, Tracey Hackwith, and Michael Martin.

4       D.      "Replacement Adapter" means a 60W or 85W MagSafe Power Adapter that was

5   purchased to replace an Adapter that showed signs of Strain Relief Damage.

6       E.      "Strain Relief Damage" means fraying, melting, straining, sparking, weakening,

7   discoloration, bubbling, overheating and/or separation of the Adapter's strain reliefs.

8       E.      "Published Notice" means publication of the notice of the proposed class action

9   settlement as set forth in Section IV.D., below.

10      F.      "Notice Date" means the last date of Published Notice.

11      G.      "Settlement" means the settlement described herein.

12      H.      "Releasing Persons" means Plaintiffs, each Settlement Class Member, and their

13  respective heirs, executors, administrators, representatives, agents, partners, successors, and

14  assigns.

15      I.      "Released Persons" means Apple and each of its past or present directors, officers,

16  employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives,

17  partners, affiliates, parents, subsidiaries, joint venturers, independent contractors, wholesalers,

18  resellers, distributors, retailers, related companies, and divisions, and each of their predecessors,

19  successors, heirs, and assigns.

20      J.      "Class Counsel" means Helen I. Zeldes of Zeldes & Haeggquist, LLP, 625

21  Broadway, Suite 906, San Diego, CA 92101, 619-342-8000 and Steve Skalet of Mehri & Skalet,

22  PLLC, 1250 Connecticut Avenue NW, Suite 300, Washington, DC 20036, 202-822-5100.

23                                  RECITALS

24          This Agreement is made for the following purposes and with reference to the following

25  facts:

26      A.      On or about May 1, 2009, Plaintiffs Kitagawa, Broad, and Reisman filed a class

27  action complaint against Apple in the United States District Court for the Northern District of

28  California, San Jose Division, titled *Kitagawa et al. v. Apple Computer, Inc.*, Case No. 09-01911

("Kitagawa Action"). On or about May 15, 2009, Plaintiffs Hackwith and Martin filed a class action complaint against Apple in the United States District Court for the Central District of California , titled *Hackwith et al. v. Apple Computer, Inc.,* Case No. 09-3482 ("Hackwith Action"). The Hackwith Action was transferred to the Northern District of California and was consolidated with the Kitagawa Action on November 16, 2009 (collectively"the Actions"). A consolidated complaint was filed in the Actions on December 4, 2009 (the "Complaint"). The Complaint alleged that the Adapter is defective in that it "dangerously frays, sparks, prematurely fails to work, and catches fire, overheats, and melts" (Complaint, ¶3), and that Apple engaged in misrepresentations regarding the Adapter. The Complaint alleged violations of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*; the California False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.*; the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*; the federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1); the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1791 *et seq.*, as well as claims for Breach of Express Warranty; Breach of Implied Warranty of Fitness for a Particular Purpose; Breach of Implied Warranty of Merchantability; Negligence; Negligent Design and Failure to Warn; Money Had and Received; and Unjust Enrichment. The Complaint sought damages, restitution and declaratory and injunctive relief.

      B.    Apple answered the Complaint by denying the allegations therein, and alleging various affirmative defenses.

      C.    Apple disputes the claims alleged in the Actions and does not by this Agreement admit any liability or wrongdoing whatsoever. Apple has agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation.

      D.    Class Counsel and the Class Representatives believe that the claims asserted in the Actions possess merit and have examined and considered the benefits to be obtained under the proposed settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex and potentially time-consuming litigation, and the likelihood of ultimate success on the merits of the Action. Class Counsel have conducted discovery of Apple,

1   have diligently investigated the facts and law relevant to the merits of their claims, and have

2   concluded that the proposed settlement set forth in this Agreement is fair, adequate, reasonable,

3   and in the best interests of the Settlement Class.

4        E.     The Parties desire to settle the Actions as to the Adapters in their entirety with

5   respect to all potential claims arising out of the facts that were or could have been alleged in the

6   complaints filed in the Kitagawa Action, the Hackwith Action and/or the Consolidated

7   Complaint. The Parties intend this Agreement to bind Apple, Plaintiffs (both as Class

8   Representatives and individually), and all members of the Settlement Class as defined below

9   who do not specifically request exclusion.

10        **NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the

11   Parties, and each of them, hereby warrant, represent, acknowledge, covenant, and agree, subject

12   to approval by the Court, as follows:

13   I.      CERTIFICATION OF THE SETTLEMENT CLASS

14        **A.**     **Definition of the Settlement Class**

15        The "Settlement Class" shall be defined as follows:

16            All United States residents who (1) are the original owners of an

17   Apple MacBook or MacBook Pro computer that shipped with a
60W or 85W MagSafe "MPM-1" Power Adapter ("Subject
Computers") and/or (2) purchased a standalone 60W or 85W

18   MagSafe "MPM-1" Power Adapter. The Settlement Class includes
original owners who received their Subject Computer(s) as a gift.

19   The Settlement Class excludes Apple; any entity in which Apple
has a controlling interest; Apple's directors, officers, and

20   employees; Apple's legal representatives, successors, and assigns;
and all persons who validly request exclusion from the Settlement

21   Class.

22        **B.**     **Stipulation Respecting Conditional Certification**

23        The Parties stipulate and agree that, subject to Court approval, the Settlement Class

24   described in Section I.A. above should be conditionally certified solely for purposes of the

25   settlement embodied in this Agreement. If, for any reason, this Agreement is not approved by the

26   Court, the stipulation for certification and all of the agreements contained herein shall be

27   considered null and void and may not be referred to or used as evidence or for any other purpose

28

whatsoever in the Actions or any other action or proceeding.

**C.      Definition of "Class Member" and "Settlement Class Member"**

"Class Member" shall mean each member of the Settlement Class. "Settlement Class Member" shall mean and include every Class Member who does not validly and timely request exclusion from the Settlement Class.

**II.      CONSIDERATION FOR SETTLEMENT; CLAIMS PROCESS**

**A.      Refunds for Replacements During the First Year Following Purchase of the Subject Computer or Adapter**

Settlement Class Members whose Adapter showed signs of Strain Relief Damage and who provide proof of purchase of a Replacement Adapter during the first year following purchase of the Subject Computer or Adapter shall be entitled to a refund of $79.00. Such Settlement Class Members must also follow the procedures and requirements set forth in Section I.E. below, including filing a valid Claim Form.

**B.      Refund for Replacement Adapters Purchased During the Second Year Following Purchase of the Subject Computer or Adapter**

Settlement Class Members whose Adapter showed signs of Strain Relief Damage and who provide proof of purchase of a Replacement Adapter during the second year following purchase of the Subject Computer or Adapter shall be entitled to a refund of $50.00. Such Settlement Class Members must also follow the procedures and requirements set forth in Section I.E. below, including filing a valid Claim Form.

**C.      Refund for Replacement Adapters Purchased During the Third Year Following Purchase of the Subject Computer or Adapter**

Settlement Class Members whose Adapter showed signs of Strain Relief Damage and who provide proof of purchase of a Replacement Adapter during the third year following purchase of the Subject Computer or Adapter shall be entitled to a refund of $35.00. Such Settlement Class Members must also follow the procedures and requirements set forth in Section I.E. below, including filing a valid Claim Form.

**D.     Limit of Three Refunds**

Each Settlement Class Member may claim refunds for no more than three Replacement Adapters per Subject Computer.

**E.     Claims Process**

**1.     Claim Form**

Settlement Class Members who wish to claim a refund pursuant to Sections II.A. –II.C. above will be required to submit a Claim Form (together with any required supporting documentation), executed under penalty of perjury, setting forth, among other things, the Settlement Class Member's name and address; the serial number of the Subject Computer; the approximate month and year of purchase of the Subject Computer; and the approximate month and year the Replacement Adapter was purchased.

**2.     Claims Period**

To be valid, Claim Forms together with any required supporting documentation must be submitted within one hundred and twenty (120) days from the Notice Date for Replacement Adapters purchased prior to the Notice Date ("Claims Period"). For Adapters that show signs of Strain Relief Damage after the Notice Date, Settlement Class Members may obtain a replacement under the Adapter Replacement Program described in Section II.F. below.

**3.     Proof of Purchase**

"Proof of Purchase" means an invoice, receipt or credit card statement evidencing the purchase of a Replacement Adapter, including the price paid, date of purchase, and the name and address of the entity from whom the Replacement Adapter was purchased. If the Proof of Purchase does not specifically identify the purchase of a Replacement Adapter or the price paid, Settlement Class Members may submit a receipt, bank or credit card statement , or Apple email receipt, showing a purchase from any Apple store (online or in-person) in the amount of $79 or greater, and must declare in the Claim Form that the product purchased was a Replacement Adapter, state the price paid (if not shown in the Proof of Purchase), and highlight the item in the Proof of Purchase that includes the Replacement Adapter.

**F.     Notice of Adapter Replacement Program**

      **1.     Class Notice of Adapter Replacement Program**

Apple currently maintains a program that includes providing in-warranty and out-of-warranty replacements for Adapters that show signs of Strain Relief Damage, provided there are no obvious signs of user abuse ("Adapter Replacement Program").  The Class Notice, Summary Notice and Published Notice described in Section IV below shall inform Settlement Class Members of the Adapter Replacement Program.

      **2.     Time Period for Claims Under The Adapter Replacement Program**

For Adapters shipped with a Subject Computer, Settlement Class Members will have three years from the date of purchase of the Subject Computer or 180 days from the Notice Date, whichever is later, to claim a replacement adapter.  For Adapters purchased separately, Settlement Class Members shall have three years from the date of purchase of the Adapter or 180 days from the Notice Date, whichever is later, to claim a replacement.  Apple will continue the Adapter Replacement Program until December 31, 2012; notwithstanding any of the foregoing, Apple will have no obligation to honor adapter replacement claims made after December 31, 2012.

**G.     Payment of Notice Costs, Costs of Administration, and Attorneys' Fees**

Except as otherwise provided herein, Apple agrees to pay all of the costs of notice and all of the costs of administering the settlement as set forth in Sections IV and IX below.

**III.     OBTAINING COURT APPROVAL OF THE AGREEMENT**

      **A.     **Upon full execution of this Agreement, the Parties shall take all necessary steps to obtain an Order from the Court substantially in the form of Exhibit E hereto (the "Conditional Approval Order"), granting conditional certification of the Settlement Class, granting preliminary approval of this Agreement, and approving the forms and methods of notice to the Settlement Class set forth herein.  The Conditional Approval Order shall further set a date for a hearing ("Final Approval Hearing") at which the Court will determine whether the requirements for certification of the Settlement Class have been met; whether the proposed settlement should be finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class Members; whether the award of fees and expenses to Class Counsel should be approved; whether

1  a service award should be paid to the Class Representatives; and whether a final judgment should

2  be entered dismissing the Actions on the merits and with prejudice against the Class

3  Representatives and the Settlement Class Members.

4      B.    If at any point the Court does not approve this Agreement, the Agreement shall

5  terminate and be of no force or effect, unless the Parties voluntarily agree to modify this

6  Agreement in the manner necessary to obtain Court approval.

7  **IV.    NOTICE AND SETTLEMENT ADMINISTRATION**

8      The Parties agree to, and will request approval by the Court of, the following forms and

9  methods of notice to the Settlement Class:

10     A.    A copy of the Notice of Pendency and Proposed Settlement of Class Action

11 substantially in the form attached hereto as Exhibit A (the "Class Notice"), together with the

12 Claim Form (including the Instructions, Claim Form and Release) substantially in the form

13 attached hereto as Exhibit D, shall be posted and available for download on a settlement website,

14 www._____.com (the "Settlement Website"), and shall be mailed at no charge to Class

15 Members who call a toll-free number to be established at Apple's expense ("Toll-Free Number").

16 Apple shall use "best efforts" to include the term "adapter" in the domain name of the settlement

17 website. This information shall remain available on the Internet until the last day of the Claims

18 Period. All costs and expenses associated with complying with this provision shall be borne

19 exclusively by Apple.

20     B.    Apple shall e-mail a copy of the Summary Notice of Settlement substantially in the

21 form attached hereto as Exhibit B ("Summary Notice") to each Class Member for whom Apple

22 has an e-mail address in its warranty registration database. The Summary Notice shall inform

23 members of the Settlement Class: (i) of the fact of the settlement and that the Class Notice and

24 Claim Form are available on the Settlement Website or by calling the Toll-Free Number, and (ii)

25 of the Adapter Replacement Program described in Section II.F. above. All costs and expenses

26 associated with complying with this provision shall be borne exclusively by Apple.

27     C.    For Class Members for whom e-mailed notice is returned undeliverable, Apple

28 shall mail a postcard substantially in the form attached hereto as Exhibit C ("Settlement

SETTLEMENT AGREEMENT AND RELEASE          8
Case Nos. C-09-01911JW and C-09-03862JW
sf-2923363

1  Postcard") informing Class Members of the fact of the settlement and that the Class Notice and

2  Claim Form are available on the Settlement Website or by calling the Toll-Free Number. All

3  costs and expenses associated with complying with this provision shall be borne exclusively by

4  Apple.

5      D.      Apple shall cause a copy of the Summary Notice to be published once in *USA*

6  *Today*, a newspaper of national circulation, once in Wired Magazine, and once on a different date

7  in *Macworld*. The Summary Notice shall not be less than 1/4 of a page in size. The Summary

8  Notice shall include the address of the Settlement Website and the Toll-Free Number.

9      E.      Apple shall be solely responsible for making all arrangements necessary to

10 effectuate the notice set forth above and for payment of the costs and expenses of such notice.

11     F.      The Class Notice shall provide a procedure whereby Class Members may object or

12 exclude themselves from the Settlement Class. If a Settlement Class Member has objected to a

13 class action settlement on more than 3 occasions, the Class Member shall list all cases in which

14 they have filed an objection. Class Members shall have no less than 45 days following the Notice

15 Date to object or exclude themselves, and the actual date shall be established by the Court. (If

16 such period ends on a weekend or holiday, Class Members shall have until the next business day.)

17 Any Class Member who does not timely and validly request exclusion shall be a Settlement Class

18 Member and shall be bound by the terms of this Agreement. The Class Notice shall also provide

19 a procedure for Class Members to object to the proposed settlement; and/or to intervene in the

20 Action; and/or to be represented by counsel of their choice at their own expense. Requests for

21 exclusion shall be postmarked no later than 25 days prior to the Final Hearing. Objections shall

22 be filed with the Court and served on counsel for the Parties (as identified in the Class Notice) no

23 later than 25 days prior to the Final Hearing.

24 V.    PAYMENT OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES
           TO CLASS COUNSEL
25
       A.      Apple agrees not to oppose an award to Class Counsel of attorney's fees in the
26
   amount of $3 million; a service award of $5,000 to each Class Representative (total service
27
   awards not to exceed $30,000); and verified costs and expenses incurred in the prosecution of
28

1  litigation up to $100,000, all of which is to be paid by Apple (the "Fees Amount").  These

2  amounts are in addition to and separate from all other consideration and remedies available to the

3  Settlement Class.  Apple agrees not to object to the reasonableness of Class Counsel's attorneys'

4  fees and expenses set forth above.

5        B.    Apple shall not be liable for any additional fees or expenses of Plaintiffs or any

6  Class Member in connection with the Actions or the Litigation.  Class Counsel agree that they

7  will not seek any additional fees or costs from Apple in connection with the Actions or the

8  settlement of the Action.  Apple expressly agrees that it will not seek to recover its Court costs,

9  attorneys' fees, or expenses once the Court enters a dismissal of the Action.  No later than fifteen

10  (15) banking days following the Effective Date as defined below, Apple shall pay the Fees

11  Amount by wire transfer into a joint escrow account held by Zeldes & Haeggquist, LLP.

12  Plaintiffs and Class Counsel agree to provide Apple all identification information necessary to

13  effectuate the payment of the Fees Amount including, but not limited to, Taxpayer Identification

14  Number(s), completed Internal Revenue Service Form W-9(s), and wire transfer information.

15  **VI.**    **FINAL JUDGMENT APPROVING SETTLEMENT AND DISMISSING CLAIMS OF SETTLEMENT CLASS MEMBERS WITH PREJUDICE; RELEASE OF**
16        **CLAIMS BY SETTLEMENT CLASS MEMBERS**

17        **A.**    **Entry of Final Judgment**

18        Upon the Court's approval of this Agreement and the settlement set forth herein, a

19  judgment substantially in the form attached hereto as Exhibit F ("Judgment") shall be entered

20  dismissing the claims of Plaintiffs and of the Settlement Class Members with prejudice.

21        **B.**    **Release of Claims**

22        1.    As of the Effective Date of this Agreement as defined below, Releasing Persons

23  hereby fully and irrevocably release and forever discharge Released Persons from any and all

24  liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts,

25  agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands, of any

26  kind whatsoever, whether known or unknown, existing or potential, or suspected or unsuspected,

27  whether raised by claim, counterclaim, setoff, or otherwise, including any known or unknown

28  claims, which they have or may claim now or in the future to have, that were or could have been

1  alleged or asserted against any of the Released Persons in the Actions, including but not limited to

2  any claims that the Adapters are defective in that they dangerously fray, spark, prematurely fail to

3  work, catch fire, overheat or melt, and any alleged misrepresentations or failures to disclose with

4  respect to the Adapters ("Released Claims").  Personal injury and property damage claims (other

5  than damage to the Adapter itself, including the cords that come with the Adapter) are excluded

6  from the release.

7        2.     Plaintiffs, on behalf of themselves and all Settlement Class Members, hereby

8  waive any and all provisions, rights, and benefits conferred by section 1542 of the California

9  Civil Code or any comparable statutory or common law provision of any other jurisdiction.

10  Section 1542 reads as follows:

11                          <u>Certain Claims Not Affected By General Release</u>:  A general
release does not extend to claims which the creditor does not know
12                          or suspect to exist in his or her favor at the time of executing the
release, which if known by him or her must have materially
13                          affected his or her settlement with the debtor.

14  Although the releases granted under this Agreement are not general releases, Plaintiffs, on behalf

15  of themselves and of all Settlement Class Members, nonetheless expressly acknowledge that

16  Plaintiffs and the Settlement Class Members are waiving the protections of section 1542 and of

17  any comparable statutory or common law provision of any other jurisdiction.

18        3.     As of the Effective Date, by operation of entry of judgment, the Released Parties

19  shall be deemed to have fully released and forever discharged Plaintiffs, all other Class Members

20  and Class Counsel from any and all claims of abuse of process, malicious prosecution, or any

21  other claims arising out of the initiation, prosecution or resolution of the Action, including, but

22  not limited to, claims for attorneys' fees, costs of suit or sanctions of any kind, or any claims

23  arising out of the allocation or distribution of any of the consideration distributed pursuant to this

24  Settlement.

25        4.     Notwithstanding the entry of Judgment, this Court shall retain jurisdiction of the

26  Actions until such time as the Court determines that the Settlement is fully consummated

27  according to the terms and conditions of this Agreement.

28

**VII.   PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT**

A.     Before commencing these Actions and during settlement negotiations, Class Counsel and their consultants conducted a thorough examination and evaluation of the relevant law and facts to assess the merits of Plaintiffs' claims and potential claims and to determine how best to serve the interests of the Class. Further, Plaintiffs conducted extensive discovery and Apple provided Class Counsel with the information requested to permit the Class Representatives and Class Counsel to assess the merits of their claims and potential claims and negotiate a settlement. Class Counsel and the Class Representatives believe that the claims asserted in these Actions have merit.

B.     However, Class Counsel, on behalf of the Settlement Class, have agreed to settle the Actions pursuant to the provisions of this Agreement after considering, among other things: (a) the substantial benefits to Plaintiffs and the Settlement Class under the Settlement; (b) the attendant risks and uncertainty of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation; and (c) the desirability of consummating this Settlement to provide effective timely relief to Plaintiffs and the Settlement Class.

C.     In consideration of all of these circumstances, Class Counsel and the Class Representatives have concluded that the proposed settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class.

**VIII.   DEFENDANT'S DENIAL OF LIABILITY; AGREEMENT AS DEFENSE IN FUTURE PROCEEDINGS**

A.     Apple has indicated its intent vigorously to contest each and every claim in the Action, and continues vigorously to deny all of the material allegations in the Action. Apple enters into this Agreement without in any way acknowledging any fault, liability, or wrongdoing of any kind. Apple nonetheless has concluded that it is in its best interests that the Actions be settled on the terms and conditions set forth herein in light of the expense that would be necessary to defend the Action, the benefits of disposing of protracted and complex litigation, and the desire of Apple to conduct its business unhampered by the distractions of continued litigation.

B.     Neither this Agreement, nor any of its terms or provisions, nor any of the

1  negotiations or proceedings connected with it, shall be construed as an admission or concession

2  by Apple of the truth of any of the allegations in the Actions, or of any liability, fault, or

3  wrongdoing of any kind, nor as an admission or concession by plaintiffs of any lack of merit of

4  their claims against Apple.

5      C.      To the extent permitted by law, neither this Agreement, nor any of its terms or

6  provisions, nor any of the negotiations or proceedings connected with it, shall be offered as

7  evidence or received in evidence in any pending or future civil, criminal, or administrative action

8  or proceeding to establish any liability or admission by Apple.

9      D.      To the extent permitted by law, the Agreement may be pleaded as a full and

10 complete defense to, and may be used as the basis for an injunction against, any action, suit, or

11 other proceeding which may be instituted, prosecuted, or attempted for claims covered by the

12 releases in this Agreement.

13 **IX.    ADMINISTRATIVE AND IMPLEMENTATION MATTERS**

14     **A.      Effective Date of the Agreement**

15     The "Effective Date" of this Agreement shall be the first day after which all of the

16 following events and conditions of this Agreement have been met or have occurred:

17          1.      All of the Parties and their counsel have executed this Agreement;

18          2.      The Court has conditionally certified the Settlement Class, preliminarily

19 approved the settlement embodied in this Agreement, and provided for approved notice to the

20 Settlement Class by entry of an order substantially in the form of Exhibit E hereto;

21          3.      Following the final date for Class Members to exclude themselves from the

22 Settlement Class pursuant to Section IV.F. hereof, and no less than seven (7) days prior to the

23 Final Hearing, Class Counsel has verified in writing that fewer than three thousand (3,000) of the

24 Class Members have elected to exclude themselves from the Settlement Class, except that if this

25 condition is not met, Apple shall have the option to give written notice to Class Counsel waiving

26 this condition and stating that Apple intends to proceed with the settlement set forth in this

27 Agreement;

28          4.      The Court has signed the Judgment; and

5.     The Judgment has become final ("Final") in that the time for appeal or writ has expired or, if an appeal and/or petition for review is taken and the settlement is affirmed, the time period during which further petition for hearing, appeal, or writ of certiorari can be taken has expired.  If the Judgment is set aside, materially modified, or overturned by the trial court or on appeal, and is not fully reinstated on further appeal, the Judgment shall not become "Final."

B.     **Settlement Administration; Invalid or Incomplete Claims**

1.     Apple shall, in good faith, administer the process of receiving, handling, processing, and paying claims through a third-party settlement administrator ("Administrator").  Class Counsel shall have the right to submit names of proposed settlement administrators, but Apple shall have the sole discretion to select the Administrator.  Class Counsel shall have the right to inquire of Apple's counsel regarding any aspect of implementation of the settlement, including but not limited to the settlement administration process and the treatment of individual Settlement Class Member's claims under Section IX of this Agreement.  Class Counsel shall also receive quarterly written reports summarizing claims received and action taken thereon at Class Counsel's request.

2.     The Claims Administrator shall have the right to reject any claims deemed to be fraudulent, insufficient, or incomplete.  However, all Claimants will be given a fair and reasonable opportunity to cure any insufficient or incomplete claim submissions in order to maximize the overall benefit to the Class in accordance with Section IX.C. below.

C.     **Invalid or Incomplete Claims; Cure Period**

The Claims Administrator will mail originals or copies of Claim Forms rejected as invalid or incomplete, or a written notice of additional information required for the Claim Form to be valid ("Cure Notice"), directly to the Settlement Class Member who submitted the Claim Form.  Settlement Class Members shall have a 45-day period to cure defective or incomplete claims, which shall run from the date of mailing of the original or copy of the Claim Form or Cure Notice to the Settlement Class Member.  The 45-day cure period may extend after the end of the period for submission of Claim Forms so long as the original Claim Form was timely submitted.  Settlement Class Members shall have only one opportunity to cure.

**D.     Disputed Claims**

On a quarterly basis after the commencement of claims fulfillment, the Claims Administrator will provide Class Counsel with a list of rejected Claims (including the Settlement Class Member's name, address, and telephone number and the reason for rejection). Class Counsel shall have a reasonable opportunity to inspect originals or copies of the Claim Forms. Counsel for the Parties will first attempt to resolve any disputes concerning rejected claims informally between themselves. If counsel cannot reach an agreement concerning one or more claims, the claims will be submitted to the Court for determination.

**X.     MISCELLANEOUS PROVISIONS**

**A.     Extensions Of Time**

Unless otherwise ordered by the Court herein, the Parties may jointly agree to reasonable extensions of time to carry out any of the provisions of this Agreement.

**B.     Integration**

This Agreement, including all exhibits, constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

**C.     Governing Law**

This Agreement shall be construed in accordance with, and be governed by, the laws of the State of California, without regard to the principles thereof regarding choice of law.

**D.     Gender and Plurals**

As used in this Agreement, the masculine, feminine, or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

**E.     Survival of Warranties and Representations**

The warranties and representations of this Agreement are deemed to survive the date of execution hereof.

**F.     Representative Capacity**

Each person executing this Agreement in a representative capacity represents and warrants

1    that he or she is empowered to do so.

2    **G.    Counterparts**

3        This Agreement may be executed in any number of counterparts, each of which shall be

4    deemed an original, but all of which together shall constitute one and the same instrument, even

5    though all Parties do not sign the same counterparts.

6    **H.    Cooperation of Parties**

7        The Parties to this Agreement agree to prepare and execute all documents, to seek Court

8    approvals, to defend Court approvals, and to do all things reasonably necessary to complete the

9    settlement described in this Agreement.

10    **I.    Execution Voluntary**

11        This Agreement is executed voluntarily by each of the Parties without any duress or undue

12    influence on the part, or on behalf, of any of them.  The Parties represent and warrant to each

13    other that they have read and fully understand the provisions of this Agreement and have relied

14    on the advice and representation of legal counsel of their own choosing.  Each of the Parties has

15    cooperated in the drafting and preparation of this Agreement and has been advised by counsel

16    regarding the terms, effects, and consequences of this Agreement.  Accordingly, in any

17    construction to be made of this Agreement, this Agreement shall not be construed as having been

18    drafted solely by any one or more of the Parties.

19    **J.    Notices**

20        1.    All Notices to Class Counsel provided for herein shall be sent by email to

21    helenz@zhlaw.com with a hard copy sent by overnight mail to Helen I. Zeldes, Zeldes &

22    Haeggquist, LLP, 625 Broadway, Suite 906, San Diego, California 92101.

23        2.    All Notices to Apple provided for herein shall be sent by email to

24    Ppreovolos@mofo.com, with a hard copy sent by overnight mail to Penelope A. Preovolos,

25    Morrison & Foerster LLP, 425 Market Street, San Francisco, California 94105-2482.

26        3.    The notice recipients and addresses designated in Sections 1 and 2 above

27    may be changed by written notice pursuant to this Section.

28        4.    Upon the request of any of the Parties, the Parties agree to promptly

1   provide each other with copies of objections, requests for exclusion, or other filings received as a

2   result of the Class Notice.

3       L.    **Modification and Amendment**

4       This Agreement may be amended or modified only by a written instrument signed by the

5   Parties' counsel and approved by the Court.

6   Dated: _____, 2011      APPLE INC.

7                                            By:   _____

8                                            Title: _____

9   Dated: __July 1st_____, 2011        NAOTAKA KITAGAWA

10                                           _____

11                                           Naotaka Kitagawa

12  Dated: _____, 2011       TIMOTHY J. BROAD

13

14                                           _____
                                             Timothy J. Broad

15

16  Dated: _____, 2011       JESSE REISMAN

17

18                                           _____
                                             Jesse Reisman

19

20  Dated: _____, 2011       TRACEY HACKWITH

21                                           _____
                                             Tracy Hackwith

22

23  Dated: _____, 2011       MICHAEL MARTIN

24

25                                           _____
                                             Michael Martin

26

27

28

1   result of the Class Notice.

2   **L.      Modification and Amendment**

3          This Agreement may be amended or modified only by a written instrument signed by the

4   Parties' counsel and approved by the Court.

5   Dated: _____, 2011        APPLE INC.

6                                           By: _____

7                                           Title: Associate General Counsel

8   Dated: _____, 2011        NAOTAKA KITAGAWA

9
                                            _____
10                                          Naotaka Kitagawa

11  Dated: _____, 2011        TIMOTHY J. BROAD
12
13                                          _____
                                            Timothy J. Broad
14

15  Dated: _____, 2011        JESSE REISMAN
16
                                            _____
17                                          Jesse Reisman

18
    Dated: _____, 2011        TRACEY HACKWITH
19

20                                          _____
                                            Tracy Hackwith
21

22  Dated: _____, 2011        MICHAEL MARTIN
23
                                            _____
24                                          Michael Martin

25

26

27

28

1   provide each other with copies of objections, requests for exclusion, or other filings received as a

2   result of the Class Notice.

3   **L.    Modification and Amendment**

4       This Agreement may be amended or modified only by a written instrument signed by the

5   Parties' counsel and approved by the Court.

6   Dated: _____, 2011     APPLE INC.

7                                       By: _____

8                                       Title: _____

9   Dated: _____, 2011     NAOTAKA KITAGAWA

10                                      _____

11                                      Naotaka Kitagawa

12  Dated: _7.1_____, 2011     TIMOTHY J. BROAD

13

14                                      Timothy J. Broad

15

16  Dated: _____, 2011     JESSE REISMAN

17                                      _____

18                                      Jesse Reisman

19
    Dated: _____, 2011     TRACEY HACKWITH
20

21                                      _____

22                                      Tracy Hackwith

23  Dated: _____, 2011     MICHAEL MARTIN

24                                      _____

25                                      Michael Martin

26

27

28

SETTLEMENT AGREEMENT AND RELEASE        17
Case Nos. C-09-01911JW and C-09-03862JW
sf-2923363

1   provide each other with copies of objections, requests for exclusion, or other filings received as a

2   result of the Class Notice.

3       **L.    Modification and Amendment**

4       This Agreement may be amended or modified only by a written instrument signed by the

5   Parties' counsel and approved by the Court.

6   Dated: _____, 2011       APPLE INC.

7                                         By: _____

8                                         Title: _____

9   Dated: _____, 2011       NAOTAKA KITAGAWA

10                                        _____

11                                        Naotaka Kitagawa

12  Dated: _____, 2011       TIMOTHY J. BROAD

13

14                                        _____

15                                        Timothy J. Broad

16  Dated: _07-05____, 2011              JESSE REISMAN

17                                        _____

18                                        Jesse Reisman

19  Dated: _____, 2011       TRACEY HACKWITH

20

21                                        _____

22                                        Tracy Hackwith

23  Dated: _____, 2011       MICHAEL MARTIN

24

25                                        _____

26                                        Michael Martin

27

28

SETTLEMENT AGREEMENT AND RELEASE          17
Case Nos. C-09-01911JW and C-09-03862JW
sf-2923363

1   result of the Class Notice.

2      **L.**   **Modification and Amendment**

3      This Agreement may be amended or modified only by a written instrument signed by the

4   Parties' counsel and approved by the Court.

5   Dated: _____, 2011    APPLE INC.

6                       By: _____

7                       Title: _____

8   Dated: _____, 2011    NAOTAKA KITAGAWA

9

10                       Naotaka Kitagawa

11

12   Dated: _____, 2011    TIMOTHY J. BROAD

13                       Timothy J. Broad

14

15   Dated: _____, 2011    JESSE REISMAN

16

17                       Jesse Reisman

18   Dated: 7/5 _____, 2011    TRACEY HACKWITH

19

20                       Tracy Hackwith

21

22   Dated: _____, 2011    MICHAEL MARTIN

23

24                       Michael Martin

25

26

27

28

1   APPROVED AS TO FORM:

2   Dated: _Jnly 1_____, 2011        MORRISON & FOERSTER LLP
                                        PENELOPE A. PREOVOLOS
3                                       ANDREW D. MUHLBACH

4                                       By: _Penelope Preovolos_____
                                           Penelope A. Preovolos
5                                          Attorneys for Defendant
                                        APPLE COMPUTER, INC.
6

7
    Dated: _July 28_____, 2011        HELEN ZELDES
8                                       ZELDES & HAEGGQUIST

9                                       By: _Helen Zeldes_____
                                           Helen Zeldes
10                                      Attorney for Plaintiffs and for the Settlement
                                        Class
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SETTLEMENT AGREEMENT AND RELEASE            18
Case Nos. C-09-01911JW and C-09-03862JW
sf-2923363