IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Thomas William Slattery, individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>Apple Computer, Inc.,<br><br>    Defendant.<br>_____/ | NO. C 05-00037 JW<br><br>**ORDER GRANTING MOTION FOR LEAVE TO AMEND; DISMISSING PLAINTIFF SLATTERY PURSUANT TO FED. R. CIV. P. 41(a)** |

## I. INTRODUCTION

Plaintiff Thomas William Slattery ("Slattery" or "Plaintiff") brings this action on behalf of himself and all others similarly situated to challenge alleged anticompetitive conduct by Defendant Apple Computer, Inc. ("Defendant"), relating to portable hard drive digital music players and legal online sales of digital music. Presently before the Court is Plaintiff's Motion for Leave to File a Second Amended Complaint. The Court conducted a hearing on June 2, 2006. Based upon the papers filed to date and the arguments of counsel, Plaintiff's Motion is GRANTED. The Court, *sua sponte*, dismisses Plaintiff Thomas William Slattery from the action.

## II. BACKGROUND

In the First Amended Complaint, Slattery alleges that at some undisclosed time, he purchased digital music from Defendant's iTunes online music store. (First Amended Class Action

Complaint, hereafter, "First Amend. Compl.," ¶ 11, Docket Item No. 37.) The music was downloaded to the hard drive of his computer. He admits that he could play the purchased music on his computer and compact disc ("CD") player. (First Amend. Compl. ¶¶ 41, 44.) However, the crux of Slattery's Complaint is that if he wishes to directly play the downloaded music from iTunes on a portable hard drive digital music player, an iPod is the only product that can play the purchased songs. In this sense, Slattery claims he has been forced to buy an iPod. (First Amend. Compl. ¶ 14.)

The Slattery alleges that there are two separate relevant markets pertinent to these claims. The first is the market for the legal online sale of digital music. (First Amend. Compl. ¶ 13.) Slattery alleges that through its iTunes online music store, Defendant possesses monopoly market power in the legal online sale of digital music. (First Amend. Compl. ¶¶ 22-23.) The second is the market for portable hard drive digital music players. (First Amend. Compl. ¶ 13.) Slattery alleges that through its iPod product, Defendant possesses monopoly market power in the portable hard drive digital music players market. The full background of Slattery claims may be found in the Court's September 9, 2005 Order. (See Docket Item No. 35.)

### III. STANDARDS

Leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Generally, leave to amend is "to be applied with extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)). Factors weighed in determining whether leave should be granted include undue delay, bad faith, futility, and prejudice to the opposing party. Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 880 (9th Cir. 1999).

### IV. DISCUSSION

The background relevant to this motion begins on January 30, 2006, when Defendant took Slattery's deposition. Defendant contends that Slattery admitted at the deposition that no tying occurred with respect to him; that is, he asked his wife to buy an iPod for this birthday although he had never purchased a singled iTunes song—the alleged tying product. (Apple Computer Inc.'s

2

Opposition to Motion for Leave to File Second Amended Complaint, hereafter, "Opp'n," at 2, Docket Item No. 63.) Defendant contends that Slattery is only seeking to substitute new lead Plaintiffs to cure the fact that he no longer has standing to bring this lawsuit.

Slattery disagrees and contends that he seeks to amend the Complaint for reasons unrelated to his standing to sue. First, he seeks to make an election of claims pursuant to the concerns expressed by the Court's September 9, 2005 Order. Second, he seeks to substitute two new lead Plaintiffs for himself because of irreconcilable conflict between his duties as a criminal defense lawyer and his duties as a putative class representative. (Memorandum of Points and Authorities in Support of Plaintiff's Motion for Leave to File a Second Amended Complaint, hereafter, "Motion," at 1, Docket Item No. 58.)

With respect to Slattery's desire to make an election of claims, the Defendant does not oppose. During oral arguments, the Court did raise some concerns about having Slattery, who is seeking to remove himself as the lead Plaintiff, make an election of claims for the class. However, as the Court had previously raised the concern regarding the internal inconsistency of the pleadings with respect to the antitrust claims, it is prudent to allow this cure in the early stages of the litigation.

With respect to Slattery's desire to substitute Somtai Troy Charoensak and Mariana Rosen as new lead Plaintiffs, Defendant contends that a Rule 15 motion is inappropriate because Slattery has demonstrated through deposition papers that he lacks standing. Slattery admitted he had never actually purchased a song from iTunes until the commencement of the action. Thus, allowing Slattery to substitute new individuals would be akin to condoning a "revolving door," and would support a "potential lawsuit searching for a sponsor." (Opp'n, at 2 (citing Summit Office Park, Inc. v. U.S. Steel Corp., 639 F.2d 1278, 1281 (5th Cir. 1981).) Defendant contends that the proper procedure is a Rule 41 dismissal with prejudice.

While substitution is permissible in a class action, substitution denotes that there is more than one named plaintiff in the original complaint. Those named plaintiffs may substitute as lead plaintiffs in a putative class action. In this case, Slattery is the only named Plaintiff. Thus,

substitution is not entirely proper. However, Rule 15 does permit an addition of new named plaintiffs to a lawsuit. Fed. R. Civ. P 15(c)(3). The Court construes Slattery's motion as not one of "substitution" of a lead plaintiff but one of "addition" of other plaintiffs. At this stage of the litigation, the Court does not believe that Defendant will be prejudiced by these additions. Therefore, the Court grants Slattery's motion to amend the Complaint to add Somtai Troy Charoensak and Mariana Rosen as new lead Plaintiffs.

During oral arguments, the Court raised concerns with respect to Slattery's status–whether Slattery would remain as a member of the class. Slattery's primary reason for this motion to replace himself as the class representative is due to potential conflicts of interest involving attorney-client privileged materials stored on his computer. As a member of the class, Slattery, as well as any potential members, would be compelled to produce, among other documents, the hard drives from his computers on which he stores music to show that he has indeed purchased on-line music from iTunes. Thus, if Slattery is unable to produce his computer at this time due to his unique position and duties as a criminal defense lawyer, there is no reason to believe that he will be able to produce it at some later point in the future. The Court finds this to be an inevitable and unavoidable conflict. Accordingly, the Court construes Slattery's admission of a conflict of interest as a voluntary dismissal pursuant to Federal Rule of Civil Procedure Rule 41(a).

## V. CONCLUSION

The Court GRANTS Plaintiff's Motion for Leave to File a Second Amended Complaint. Somtai Troy Charoensak and Mariana Rosen shall be added and then substituted as new lead Plaintiffs. The Second Amended Complaint shall properly allege which Apple product is the tie and which is the tying product. The Court, *sua sponte*, DISMISSES Thomas William Slattery from this case pursuant to Fed. R. Civ. P. Rule 41(a) without prejudice.

The Second Amended Complaint shall be filed within fifteen (15) days from the date of this Order. Upon the filing of the Second Amended Complaint, the Clerk's office shall remove Thomas

4

William Slattery from the docket and make the appropriate changes so that the docket will reflect the names of the new Plaintiffs.

The Court sets a further case management conference on **Monday, October 30, 2006 at 10 a.m.** Pursuant to the Civil Local Rule of this Court, the parties shall submit a joint case management statement no later than ten (10) days before the date of the conference.

Dated: August 17, 2006

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Adam Richard Sand arsand@JonesDay.com
Caroline N. Mitchell cnmitchell@jonesday.com
Eric J. Belfi ebelfi@labaton.com
Jacqueline Sailer jsailer@murrayfrank.com
Michael David Braun service@braunlawgroup.com
Robert A. Mittelstaedt ramittelstaedt@jonesday.com
Roy A. Katriel rak@katriellaw.com
Tracy Strong tstrong@jonesday.com

**Dated: August 17, 2006**               **Richard W. Wieking, Clerk**

                                                  **By:\_/s/ JW Chambers_____**
                                                  **Albert "J" Younger**
                                                  **Courtroom Deputy**