PENELOPE A. PREOVOLOS (CA SBN 87607)
(PPreovolos@mofo.com)
ANDREW D. MUHLBACH (CA SBN 175694)
(AMuhlbach@mofo.com)
ALEXEI KLESTOFF (CA SBN 224016)
(AKlestoff@mofo.com)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

*Attorneys for Defendant APPLE INC.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE MAGSAFE APPLE POWER ADAPTER LITIGATION | Case No. C 09-01911 JW<br><br>**DEFENDANT APPLE INC.'S REQUEST FOR RECONSIDERATION OF ORDER REQUESTING REVISED PROPOSED ORDER FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT; REVISED NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION; AND REVISED CLAIM FORM**<br><br>**HEARING REQUESTED**<br><br>Judge: Hon. James Ware |

Defendant Apple Inc. ("Apple") respectfully requests that the Court reconsider the portion of the Order Requesting Revised Proposed Order for Preliminary Approval of Class Settlement; Revised Notice of Pendency and Proposed Settlement of Class Action; and Revised Claim Form, dated September 14, 2011 (the "Order") to the extent that the Order directs the parties to modify the proof of purchase requirement. The proof of purchase requirement for replacement adapters is a material term of the settlement. Under the structure of the proposed settlement, actual proof of purchase is essential both to prevent fraudulent claims and to accurately determine the amount to which each claimant is entitled. Settlement Class Members can readily obtain duplicate receipts from Apple and other sources if they have not retained their proof of purchase. Moreover, Apple will create a special mechanism for Settlement Class Members to obtain duplicate receipts from Apple.

## I.   BACKGROUND

Under the terms of the proposed settlement, Settlement Class Members who provide proof of purchase of a Replacement Adapter during the first year following purchase of either the original computer with which the adapter was shipped ("Subject Computer") or a stand alone adapter ("Adapter") are entitled to a cash refund of $79. Settlement Class Members who provide proof of purchase of a Replacement Adapter during the second year following purchase of the Subject Computer or Adapter are entitled to a cash refund of $50, and Settlement Class Members who provide proof of purchase of a Replacement Adapter during the third year following purchase of the Subject Computer or Adapter are entitled to a cash refund of $35. Settlement Class Members may claim up to three Replacement Adapters for each Subject Computer if they experienced multiple adapter failures.

Independent of the settlement, Apple also provided, and continues to provide, Replacement Adapters free of charge. Apple provided Replacement Adapters under warranty from the time it began shipping the Subject Computers in 2006, and beginning in 2008, it provided Replacement Adapters for failed adapters outside the warranty period.

Obtaining proof of purchase is relatively easy, even for Settlement Class Members who have not retained their receipts or credit card statements. As the Court noted during the hearing,

individuals who purchased from Apple can readily obtain a duplicate receipt; they may do so on Apple's website or by contacting Apple and requesting one. Apple has confirmed that duplicate receipts are available from the beginning of the relevant time period. Moreover, Apple will create a special mechanism for Settlement Class Members to obtain duplicate receipts from Apple. Apple is prepared to inform Settlement Class Members about how to obtain duplicate receipts. The proof of purchase requirement in this case is flexible. It permits submission of multiple types of proofs of purchase, i.e., receipts, credit card statements, checks. It also permits the Settlement Class Member to supply in the claim form information that is not included in the proof of purchase, i.e., the entity from whom the adapter was purchased, the amount paid. Credit card companies and many third party retailers who sell Apple products also provide duplicate statements or receipts on request, and typically this information from credit card companies is available throughout the duration of the account. The settlement also permits Settlement Class Members to provide e-mailed receipts for purchases from Apple, so they can search their e-mail for copies.

## II.   ARGUMENT

Proof of purchase is essential under the circumstances of this case. The fact that a Settlement Class Member can provide an adapter serial number is *not* evidence that he or she purchased a Replacement Adapter. Unlike in other cases, the serial number does not provide evidence of purchase. Every Subject Computer shipped with an adapter. Thus, a Settlement Class Members could simply provide the serial number of that adapter, even if he or she never purchased a Replacement Adapter.

A Settlement Class Member could also provide the serial number of an adapter he or she received free of charge under Apple's one-year express warranty or under Apple's extended Adapter Replacement Program. Under the Adapter Replacement Program, which allows customers to receive a replacement adapter beyond the warranty, owners of Subject Computers could obtain free replacement adapters from Apple retail stores, Apple authorized service providers, or direct from Apple Care. Settlement Class Members may have multiple adapters — and multiple serial numbers —that they can provide on the claim form even if they never paid for

1 a single adapter, and thus a serial number does not establish a purchase of a Replacement
2 Adapter.

3      Here, then, the fraud risk extends to approximately 10 million settlement class members,
4 each of whom can make three claims. Only an actual proof of purchase avoids that fraud risk.
5 The settlement that Apple agreed to did not expose it to that fraud risk.

6      Moreover, proof of purchase is also required to determine the amount of the payment each
7 settlement class member is entitled to. The date of purchase of the Replacement Adapter,
8 typically reflected on the proof of purchase, determines whether a Settlement Class Member is
9 entitled to $79, $50, or $35. Permitting claims to be made without proof of purchase allows
10 claimants who purchased a Replacement adapter during the third year ($35) to claim that they
11 purchased during the first year ($79). Indeed, a Settlement Class Member who has a proof of
12 purchase showing a date in the third year could choose to claim not to have retained proof of
13 purchase in order to claim an earlier purchase date and a higher amount.

14      Moreover, even without any intent to defraud, permitting claims to be made without proof
15 of purchase creates a significant risk of overpayment. It is unlikely that a Settlement Class
16 Member will recall the precise date the Replacement Adapter was purchased, and a difference of
17 even a few days may mean the difference between a first year and a second year replacement ($79
18 vs. $50) or a second or third year replacement ($50 vs. $35). Moreover, it is human nature to give
19 oneself the benefit of the doubt ("I am almost sure I purchased during the first year, so I will give
20 an approximate date within that time period"). There is also a substantial risk that Settlement
21 Class Members will simply choose not to search their records or seek to obtain a duplicate
22 receipt. Thus, the problem of guessing the date of purchase incorrectly (and giving oneself the
23 benefit of the doubt) is likely to result in overpayment for a significant number of claims.

24      Actual proof of purchase is essential in this case. Without it, Apple is subject to massive
25 fraud as well significant risk of overpayment due to unintentional errors about purchase date. The
26 proof of purchase requirement is a material and essential term of the settlement, and Apple
27 respectfully requests that the Court reconsider this issue and approve the settlement as agreed to
28 by the parties. Apple is prepared to revise the claim form to inform Settlement Class Members of

1  the availability of duplicate receipts from Apple, and the procedures being created by Apple to
2  make duplicate receipts available to them.
3      Apple further requests that it be heard on this issue on an expedited basis (if necessary by
4  a telephonic hearing) on a date convenient to the Court.

Dated:  September 16, 2011

PENELOPE A. PREOVOLOS
ANDREW D. MUHLBACH
ALEXEI KLESTOFF
MORRISON & FOERSTER LLP

By:   /s/ Penelope A. Preovolos
     Penelope A. Preovolos

*Attorneys for Defendant*
APPLE INC.