*IT IS SO ORDERED*
*[signature] Judge James Ware*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE MAGSAFE POWER ADAPTER LITIGATION | Case No. C09-01911 JW<br><br>**CLASS ACTION** |

**ORDER GRANTING CONDITIONAL CERTIFICATION OF A SETTLEMENT CLASS, APPROVAL OF FORMS AND METHODS OF NOTICE, AND PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT AND RELEASE**

WHEREAS, this Court has reviewed the Settlement Agreement and Release ("Agreement") entered into by and among defendant Apple Inc. ("Apple"), Naotaka Kitagawa, Timothy J. Broad, Jesse Reisman, Tracey Hackwith, and Michael Martin, as individuals and as "Class Representatives" (collectively the "Parties" in the above-referenced "Action"), together with all exhibits thereto, the record in this case, and the arguments of counsel;

WHEREAS, this Court preliminarily finds, for the purposes of settlement only, that the class alleged in the Action meets all the prerequisites of Federal Rules of Civil Procedure Rule 23 for class certification, including numerosity, commonality, typicality, ascertainability, predominance of common issues, superiority, and that the Class Representatives and Class Counsel are adequate representatives of the Settlement Class;

IT IS HEREBY ORDERED AS FOLLOWS:

1. All terms and definitions used herein have the same meanings as set forth in the Agreement.

2. The proposed settlement set forth in the Agreement is hereby preliminarily approved as being fair, reasonable and adequate such that notice thereof should be given to members of the Settlement Class (as defined in the following paragraph).

3. The Action is provisionally certified as a class action, for the purposes of settlement only, pursuant to Rule 23(b)(3), which class is defined as follows:

> All United States residents who (1) are the original owners of an Apple MacBook or MacBook Pro computer that shipped with a 60W or 85W MagSafe MPM-1 ("T") Power Adapter ("Subject Computers") and/or (2) purchased a standalone 60W or 85W MagSafe MPM-1 ("T") Power Adapter. The Settlement Class includes original owners who received their Subject Computer(s) as a gift. The Settlement Class excludes Apple; any entity in which Apple has a controlling interest; Apple's directors, officers, and employees; Apple's legal representatives, successors, and assigns; and all persons who validly request exclusion from the Settlement Class.

4. Class Counsel and the Class Representatives are hereby found to be and are therefore appointed as adequate representatives of the Settlement Class: Helen I. Zeldes of Zeldes & Haeggquist, LLP, 625 Broadway, Suite 906, San Diego, CA 92101, and Steven A. Skalet of Mehri & Skalet, PLLC, 1250 Connecticut Avenue NW, Suite 300, Washington, DC 20036, are

hereby appointed as Class Counsel, and Naotaka Kitagawa, Timothy J. Broad, Jesse Reisman, Tracey Hackwith, and Michael Martin are hereby appointed as Class Representatives.

5. Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the Parties in the event that the Agreement is not finally approved by this Court or otherwise does not take effect. Certification of the Settlement Class shall be vacated and shall have no effect in the event that the Agreement is not finally approved by this Court or otherwise does not take effect.

6. The Notice of Pendency and Proposed Settlement of Class Action ("Class Notice"); the Summary Notice of Settlement ("Summary Notice"); the Postcard Notice of Settlement ("Postcard Notice"), and the Claim Form, Instructions, and Release ("Claim Form"); which are attached to the Agreement as Exhibits A-D, respectively, are hereby approved as to form. The Claim Form shall inform class members of the availability of duplicate receipts and the procedure by which Settlement Class Members may obtain a duplicate receipt from Apple.

7. A copy of the Class Notice, together with the Claim Form, shall be posted and available for download on a settlement website, www._____.com (the "Settlement Website") and shall be mailed at no charge to Settlement Class Members who call a toll-free number to be established at Apple's expense ("Toll-Free Number"). Apple shall use best efforts to include the term "adapter" in the domain name of the settlement website. This information shall remain available on the Internet until the last day of the Claims Period.

8. Apple shall send via email an electronic copy of the Summary Notice to each Settlement Class Member for whom Apple has an email address in its warranty registration database.

9. Apple shall mail the Settlement Postcard to all Class Members for whom e-mailed notice is returned as undeliverable.

10. A copy of the Summary Notice shall be published by Apple once in *USA Today*, a newspaper of national circulation, once in *Wired* magazine, and once on a different date in *Macworld*. The notice shall not be less than 1/4 of a page in size. The Summary Notice shall include the address of the Settlement Website and the Toll-Free Number.

11. Dissemination of notice by the means set forth in paragraphs 6-10 above shall commence on or before November 8, 2011 and shall be completed on or before November 22, 2011. The "Notice Date" as defined in the Stipulation of Settlement shall be November 22, 2011.

12. Apple shall, in good faith, administer the process of receiving, handling, processing, and paying claims through Kurtzman Carson Consultants. Class Counsel shall have the right to inquire of Apple's counsel regarding any aspect of implementation of the settlement, including but not limited to the settlement administration process and the treatment of individual Settlement Class Member's claims. Class Counsel shall also receive quarterly written reports summarizing claims received and action taken thereon at Class Counsel's request.

13. The Court finds that the forms of notice to the Settlement Class regarding the pendency of the Action and of this settlement and Class Counsel's fee and expense application and application for incentive award set forth above, and the methods of dissemination to members of the Settlement Class in accordance with the terms of this Order, constitute the best notice practicable under the circumstances and constitute valid, due, and sufficient notice to all members of the Settlement Class, complying fully with the requirements of Rule 23(c)(2)(B) and the United States Constitution.

14. Any Settlement Class Member who seeks to be excluded from the Settlement Class must so indicate on the Claim Form and mail it, postmarked on or before January 6, 2012 (45 days from the final "Notice Date"), to the claims administrator (Kurtzman Carson Consultants). Any member of the Settlement Class who does not, in connection with the settlement notices, file a valid and timely request for exclusion on or before January 6, 2012 will be bound by the Final Judgment dismissing the Action on the merits and with prejudice.

15. All papers in support of Class Counsel's petition for award of attorney fees and reimbursement of expenses and request for incentive awards to the Class Representatives shall be filed on or before December 19, 2011.

16. Any objections to the final settlement or class counsel's petition for award of attorney fees and reimbursement of expenses and request for incentive awards to the Class Representatives shall be filed and served on or before January 6, 2012 (45 days from the "Final

Notice" date). Such objections shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Final Hearing only if, on or before January 6, 2012, such objector files with the Court a notice of his, her or its objections, submits documentary proof that he, she or it is a member of the Settlement Class, states the basis for such objections, and serves copies of the foregoing and all other papers in support of such objections on counsel for the Parties identified in the Class Notice. In order to be considered for hearing, all objections must be actually received by counsel identified in the Class Notice on or before January 6, 2012.

17. Any Opposition to Class Counsel's petition for award of attorney fees and reimbursement of expenses and request for incentive awards to the Class Representatives shall also be filed on January 6, 2012.

18. All papers in support of the application for final approval of the settlement shall be filed on or before January 18, 2012.

19. Any Reply in Support of Class Counsel's petition for award of attorney fees and reimbursement of expenses and request for incentive awards to the Class Representatives shall be filed on January 27, 2012.

20. Class Counsel's response to any objections to the Final Settlement shall also be filed on January 27, 2012.

21. A hearing (the "Final Hearing") shall be held by the Court on February 27, 2012, at 9:00 a.m., to consider and determine whether the requirements for certification of the Settlement Class have been met and whether the proposed settlement of the Action on the terms set forth in the Agreement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class Members; whether Class Counsel's fee and expense application and application for service award, included as part of the settlement, should be approved; and whether the Final Judgment approving the settlement and dismissing the Action on the merits and with prejudice against the Class Representatives and all Settlement Class Members should be entered. The Final Hearing may, from time to time and without further notice to the Settlement Class (except those who have filed timely and valid objections and requested to speak at the fairness hearing), be continued or adjourned by Order of the Court.

22. Settlement Class Members who wish to claim a cash payment and whose Adapter showed signs of Strain Relief Damage prior to the Notice Date must mail their Claim Form and supporting documentation postmarked within 120 days from the Notice Date. Settlement Class Members whose Adapter shows signs of Strain Relief Damage now or in the future may obtain a replacement under the Adapter Replacement Program described in Section II.F. of the Agreement.

23. Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Agreement.

Dated: September 27, 2011

By: Order of the U.S. District Court for the Northern District of California

*/s/ James Ware*

JAMES WARE
United States District Chief Judge