Michael D. Braun (#167416)
BRAUN LAW GROUP, P.C.
12400 Wilshire Boulevard,
Suite 920
Los Angeles, CA 90025
Telephone: (310) 442-7755
Facsimile: (310) 442-7756

Roy A. Katriel (*pro hac vice*)
THE KATRIEL LAW FIRM
1101 30TH Street, NW
Suite 500
Washington, DC 20007
Telephone: (202) 625-4342

Brian P. Murray
Jacqueline Sailer
MURRAY, FRANK & SAILER LLP
275 Madison Avenue
Suite 801
New York, NY 10016-1101
Telephone: (212) 682-1818
Facsimile: (212) 682-1892

*Counsel for Plaintiff*

Robert A. Mittelstaedt, (#060359)
Caroline N. Mitchell (#143124)
Adam R. Sand (#217712)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

*Counsel for Apple Computer, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| SOMTAI TROY CHAROENSAK and MARIANA ROSEN, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiffs,<br><br>v.<br><br>APPLE COMPUTER, INC..<br><br>                Defendants. | No. C-05-00037 JW<br><br>**PARTIES' FURTHER JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**<br><br>Date: November 20, 2006<br>Time: 9:30 am<br>Place: Courtroom 8, 4th Floor |

PARTIES' JOINT CASE MGMT. STATEMENT AND
PROPOSED ORDER
*Slattery v. Apple Computer*, Inc., No. C-05-00037 JW

The parties to the above-entitled action jointly submit this Further Case Management Statement and Proposed Order, and request that the Court adopt it as its next Case Management Order in this case.

## DESCRIPTION OF THE CASE

1. This is an antitrust putative class action. Plaintiff Thomas W. Slattery filed his original complaint on January 3, 2005. After the Court upheld in part and dismissed in part with leave to amend the original complaint, Slattery filed his First Amended Complaint to which defendants filed an Answer. Thereafter, plaintiff sought leave to file a Second Amended Complaint, naming Somtai Troy Charoensak and Mariana Rosen as new plaintiffs in lieu of Slattery. The Court dismissed Slattery *sua sponte* and granted plaintiff's motion, and the SAC was filed on August 28, 2006. On September 15, 2006 Apple filed a renewed motion to dismiss the SAC. Plaintiffs filed their opposition to that renewed motion to dismiss on October 30, 2006. On November 2, 2006, Apple withdrew its motion to dismiss the SAC, and filed its Answer to the SAC.

2. The principal factual issues which the parties dispute include: the definitions of the relevant market(s) applicable to this action, and Apple's market power therein; whether Apple's conduct in connection with the sale of its iPod music player and iTunes online music store constitutes a tying, monopolization, and/or unlawful monopolization; whether Apple's conduct has caused plaintiffs and the putative class members to sustain any harm or injury to their business and/or property, and the measure of damages, if any, suffered by plaintiffs and the putative class members.

3. The principal legal issues which the parties dispute include: whether this action may proceed as a class action under Federal Rule of Civil Procedure 23 and, if so, the proper class definition; whether plaintiffs have stated or can state legally cognizable relevant market definitions; whether plaintiffs' characterization of Apple's alleged market power is legally correct; whether Apple's alleged conduct is unlawful under the Sherman Act, California state law, and the common law of monopolization; whether Apple's alleged conduct is the proximate cause of any harm

allegedly suffered by plaintiffs and the putative class; the proper measure of damages, if any,; whether plaintiffs and/or the putative class are entitled to injunctive relief against Apple.

4. The other factual issues (e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue) which remain unresolved for the reason stated below and how the parties propose to resolve those issues: None at this time.

5. The parties which have not been served and the reasons: All parties to the complaint have been served.

6. The additional parties which the below-specified parties intend to join and the intended time frame for such joinder: No such joinder is intended or planned by the parties at this time.

7. The parties do not consent to assignment of this case to a United States Magistrate Judge for trial.

## ALTERNATIVE DISPUTE RESOLUTION

8. The parties have not filed a Stipulation and Proposed Order Selecting and ADR process and the parties believe that it is premature to select such a process at this time.

## DISCLOSURES

9. On December 20, 2005, Apple served on Slattery the names and, if known, the addresses and telephone numbers of each individual likely to have discoverable information relevant to the disputed facts alleged with particularity in the pleadings, and identified the subjects of the information for each individual listed. At the same time, original plaintiff Slattery submitted documents responsive to Apple's First Set of Requests for Production of Documents and Things. Slattery also submitted his iPod and other portable hard-drive digital music players for forensic inspections by Apple's experts. On January 30, 2006, Slattery was deposed by Apple's counsel. Plaintiff served interrogatories on Apple on January 30, 2006, which to date have not been answered. Apple objected on the ground that Slattery announced he was withdrawing as plaintiff. Slattery, having withdrawn, did not move to compel (to date new plaintiffs Charoensak and Rosen have not filed a motion to compel). Plaintiffs claim that the fact that an amended complaint was

filed does not relieve Apple of the obligation to respond to existing discovery in an ongoing action. To avoid a dispute, Apple has subsequently agreed to respond to the discovery as if it had been served by the new plaintiffs, subject to any objections it deems appropriate.

Since the filing of the SAC, Apple has served identical discovery requests on plaintiffs Charoensak and Rosen. Plaintiffs have filed their timely objections and responses to those additional requests. The parties are in the process of negotiating an appropriate proposed protective order prior to the submission of documents responsive to these further document requests.

## DISCOVERY AND SCHEDULING PLAN

10. The parties disagree in part on the briefing schedule pertaining to plaintiffs' class certification motion. The scope of the parties' disagreement is set forth below:

a. Plaintiffs propose that plaintiffs shall file and serve their class certification motion no later than February 26, 2007; Apple shall file and serve its opposition to the motion for class certification no later than April 12, 2007, or no later than 45 days from the date that plaintiffs' motion for class certification is actually served, whichever is sooner.

Apple believes the Court should adopt the same form of schedule for class briefing as it did for the original Slattery complaint. At the November 14, 2005 case management conference, the Court accepted the parties' proposal that Apple's opposition would be due April 10, 2006, even if Slattery chose to file his motion before his deadline of March 6. Slattery's successor, Charoensak, alters that format by proposing that if he files his motion early (say tomorrow), the due date for Apple's opposition will be advanced. From a scheduling standpoint, the uncertainty of when Apple's brief would be due is unworkable. And plaintiffs Charoensak and Rosen have failed to comply with discovery requests, *inter alia*, by failing to submit their iPods and computer hard drives for inspection and have not yet provided dates when they will appear for deposition. The class schedule needs to build in time for those events. Moreover, Apple believes that the class motions in this action and in the related Tucker action should be due on the same date certain or at least that Apple's opposition briefs should be due to both motions on the same date (if that action survives the pending motion to dismiss). The schedule proposed by plaintiffs in this action creates an incentive for the

plaintiffs in the rival actions to race to the courthouse with their class motions, leaving Apple with different due dates and potentially different hearing dates for the same motions.

Plaintiffs' position is that, as the party bearing the burden on class certification, they should not have to wait until the last date of the class certification filing deadline (i.e. proposed to be February 26, 2007) to file its motion for class certification if they are able to do so sooner. Plaintiffs further submit that if plaintiffs are able to and do file their motions for class certification prior to the February 26, 2007 deadline, neither plaintiffs nor the Court should have to wait idly by until April 12, 2007 for Apple to file its opposition brief. Doing so would give Apple a potential windfall on the briefing schedule. By way of example, if plaintiffs file their class certification opening brief on December 15, 2006, Apple proposes that should still have until April 12, 2007, or *nearly five months* to file its opposition brief. Plaintiffs' proposal contemplates that under any circumstance, Apple would have 45 days to file its class certification opposition. This is more than double the briefing time that is contemplated by the normal calendaring deadlines applicable under the Civil Local Rules of this Court, which provide the noticing of a hearing within five weeks of the filing of the opening motion. Naturally, if upon the filing of plaintiffs' motion, Apple believes it has good cause to request additional time to file its opposition brief, it is always free to seek leave of Court and provide good cause why its briefing deadline should be extended. Adopting Apple's proposal would ensure that a class certification motion would never be filed under any circumstance in this case prior to February 26, 2007 even if plaintiffs were ready to do so prior to that date (because doing so would only provide Apple with a briefing schedule windfall as it would still have until April 12, 2007 to file its opposition). The Federal Rules contemplate that class certification be decided as soon as is reasonably practicable, and plaintiffs believe that Apple's proposal does not comport with this directive, particularly in a case that has been pending for over eighteen months.

The parties agree that after Apple files and serves its opposition to plaintiffs' motion for class certification, the Court shall hold a Further Case Management Conference to address, *inter alia*, what further discovery, if any, the parties require and are entitled to prior to the filing of plaintiffs' reply brief in support of their motion for class certification. At that Further Case

PARTIES' JOINT FURTHER CASE MGMT. STATEMENT AND
PROPOSED ORDER
*Charoensak v. Apple Computer*, Inc., No. C-05-00037 JW

4

Management Conference, the Court shall set a date for the filing deadline for plaintiffs' class certification reply brief and for the hearing on plaintiffs' motion for class certification. The parties propose that, subject to Court availability, the Further Case Management Conference be held on April 19, 2007. Plaintiff further proposes that should the parties submit any declarations or affidavits in support of their class certification motion briefing papers, they will make such affiants or declarants available for deposition by the opposing party sufficiently in advance of the next briefing deadline, and this provision shall apply even if the affiant or declarant had been previously deposed, but submitted a declaration or affidavit whose subject-matter was not addressed in the deposition. Apple proposes that the parties only make available class certification declarants or affiants for deposition if those witness have not been previously deposed by the opposing party.

   b. Plaintiffs propose that the Court establish a pre-trial schedule setting forth the remaining pre-trial deadlines at the Further Case Management Conference, which is to be held after Apple files its opposition to plaintiffs' motion for class certification (as stated in paragraph 10. a. *supra*, the parties propose that this Further Case Management Conference be held on April 19, 2007, subject to Court availability). Apple proposes that the Court establish a pre-trial schedule setting forth the remaining pre-trial deadlines after a decision on plaintiffs' motion for class certification is entered as Apple claims is contemplated by the existing Order.

   11. Plaintiffs propose that other than expert depositions, the parties shall be limited to fifteen depositions each prior to the motion for class certification, and an additional fifteen depositions each after the motion for class certification is filed. Plaintiffs further propose that the parties shall be limited to 100 interrogatories each, and that any party, for good cause, may move the Court for an extension of the foregoing discovery limits. Apple's view is that no showing has been made to deviate at this time from the limits on depositions and interrogatories set forth in the Federal Rules of Civil Procedure.

## DISCOVERY COOPERATION WITH RELATED CASE

   12. A nearly identical action to the instant one, styled as *Tucker v. Apple Computer, Inc.,*

No. 06-cv-04457, was filed in this Court on July 21, 2006, over 18 months after the original complaint in the instant action was filed. On August 24, 2006, the Court granted Tucker's request to have that action be deemed a related case to the instant action. Plaintiffs' counsel in *Tucker* and the instant action have conferred and agreed, subject to Court approval, that discovery in both actions should, to the extent possible, be conducted cooperatively so as to maximize judicial efficiency. Towards that end, plaintiffs propose that any discovery produced in this action be usable and made available to the plaintiff's counsel in *Tucker* to the same extent as if it had been produced in that action, and further propose that any discovery produced in *Tucker* be usable and made available to plaintiffs in this action to the same extent as if it had been produced in this action. Plaintiffs' counsel in both *Tucker* and the instant action shall be permitted to attend depositions taken in the related actions and to question deponents to the same extent as if the deposition had been noticed in their own action. Plaintiffs also propose that any depositions noticed in *Tucker* shall not count toward the deposition limit set by the Court for this action, and any depositions noticed in this action shall not count toward the deposition limit set by the Court in *Tucker*. Apple disagrees, and contends that any depositions, whether noticed in Tucker or in this action shall count toward the deposition limit.

Dated: Nov. 17, 2006    _____
                        [signature of plaintiff's counsel]

Dated  Nov. 17, 2006    _____
                        [signature of defendant's counsel]

PARTIES' JOINT FURTHER CASE MGMT. STATEMENT AND
PROPOSED ORDER
*Charoensak v. Apple Computer*, Inc., No. C-05-00037 JW

6

## CASE MANAGEMENT [PROPOSED] ORDER

The Further Case Management Statement and Proposed Order is hereby adopted by the Court as the Further Case Management Order for the case and the parties are ordered to comply with this Order.

**IT IS SO ORDERED**.

Dated:_____, 2006

_____
Hon. James Ware
United States District Judge

PARTIES' JOINT FURTHER CASE MGMT. STATEMENT AND
PROPOSED ORDER
*Charoensak v. Apple Computer*, Inc., No. C-05-00037 JW

7