```
1  Robert A. Mittelstaedt #060359
   Caroline N. Mitchell #143124
2  Tracy M. Strong #221540
   JONES DAY
3  555 California Street, 26th Floor
   San Francisco, CA  94104
4  Telephone:    (415) 626-3939
   Facsimile:    (415) 875-5700
5  ramittelstaedt@jonesday.com
   cnmitchell@jonesday.com
6  arsand@jonesday.com

7  Attorneys for Defendant
   APPLE COMPUTER, INC.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOMTAI TROY CHAROENSAK and MARIANA ROSEN, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE COMPUTER, INC.,<br><br>Defendant. | Case No. C 05 00037 JW<br><br>CLASS ACTION<br><br>STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION |

WHEREAS, in the course of discovery in this case it may be necessary for the parties or third parties to disclose personal confidential information, trade secrets, proprietary or other confidential commercial information; and

WHEREAS, the parties do not wish unreasonably to impede or burden the discovery process, but also wish to assure the reasonable protection of such personal, confidential information, trade secrets, proprietary or other confidential commercial information;

IT IS THEREFORE STIPULATED that:

1. This confidentiality stipulation and protective order ("Protective Order") shall govern the production and disclosure of information by or on behalf of any party or nonparty through the discovery and all pretrial processes. This Protective Order is not intended to govern

at trial. The parties will cooperate in establishing procedures acceptable to the Court with respect to the protection of information designated as "CONFIDENTIAL" and "CONFIDENTIAL - ATTORNEYS EYES ONLY" pursuant to this Protective Order at any trial and upon any appeal of this case.

2. For purposes of this Protective Order, "Discovery Materials" shall include documents produced pursuant to Rule 34 of the Federal Rules of Civil Procedure, interrogatory responses, deposition testimony, subpoenas and all other information that may be disclosed in the course of discovery in this action, as well as compilations or excerpts of such materials. Discovery Materials shall be used for the prosecution and defense of this action only.

3. This Protective Order shall not abrogate or diminish any privilege or any contractual, statutory or other legal obligation or right of any party with respect to Discovery Materials.

4. Any party or nonparty may identify any Discovery Materials it deems to be entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure, by designating such Discovery Materials as "CONFIDENTIAL." Any such designation shall be made in good faith. Discovery Materials so designated shall be marked "CONFIDENTIAL."

5. If any party or nonparty believes that disclosure of Discovery Materials would substantially affect its competitive position or security interests in an adverse manner, that party or nonparty may designate the Discovery Materials as "CONFIDENTIAL – ATTORNEYS EYES ONLY." The designation of "CONFIDENTIAL – ATTORNEYS EYES ONLY" shall be limited to Discovery Materials that the disclosing party believes in good faith are commercially or competitively sensitive. Any such designation shall be made in good faith. If a party or nonparty produces Discovery Materials that it does not designate as "CONFIDENTIAL – ATTORNEYS EYES ONLY," but later wishes to do so designate such Discovery Materials, it shall be entitled to do so; but the provisions of this Protective Order applicable to CONFIDENTIAL – ATTORNEYS EYES ONLY Discovery Materials shall not apply until and unless such designation is made. Unless otherwise ordered by this Court or agreed to in writing by the party

producing such information, information designated CONFIDENTIAL – ATTORNEYS EYES ONLY shall not be revealed to any person except as provided in this Protective Order.

6. In the event that a party or nonparty makes documents available for inspection, rather than delivering copies to another party, no marking need be made in advance of the initial inspection. For purposes of the initial inspection, all documents produced shall be considered as marked "CONFIDENTIAL." Thereafter, upon the inspecting party's selection of documents for copying, the party producing the documents may mark the copies "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" pursuant to paragraphs 4 and 5, above. Deposition transcript pages may be designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" within two weeks of receipt of the transcript, and shall be deemed to have been designated "CONFIDENTIAL" in their entirety until those two weeks have elapsed. Testimony may also be designated on the record of any deposition as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY."

7. Access to Discovery Materials designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" shall be restricted in accordance with the following provisions:

(a) "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery Materials and all information extracted from them shall be used solely for the purposes of prosecuting or defending this action, and for no other purposes.

(b) Counsel for each party shall restrict access to "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery Materials produced by any other party or nonparty by limiting the dissemination of such material to attorneys representing the parties in this lawsuit, including in-house counsel for a party ("Counsel of Record"). Any and all further disclosure of "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery Materials shall be governed by the provisions of subparagraphs (c) - (g) and paragraphs 8 and 10, below.

(c) No copies, extracts or summaries of any "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery Materials shall be made

except by or on behalf of Counsel of Record; and such copies, extracts or summaries shall also be designated and treated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery Materials and shall not be delivered or exhibited to any persons except as provided by this Protective Order.

(d) Counsel of Record may allow access to "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery Materials produced by another party to consultants, including consultants designated to testify as expert witnesses, provided that any such consultant shall first be provided with a copy of this Protective Order and shall execute an undertaking in the form annexed hereto as Exhibit A. Consultants are hereby specifically advised that their written work product which contains or discloses the substance of "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery Materials is subject to all the provisions of this Protective Order. Counsel of Record disclosing "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery Materials to consultants shall be responsible for obtaining the executed undertaking in advance of such disclosure and also shall retain the original executed copy of said undertaking. However, notwithstanding the provisions of this paragraph 7(d), plaintiffs may not disclose "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery Materials produced by Apple to an employee or agent of any competitor of Apple.

(e) During depositions, Counsel of Record may question any witness about "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery Materials. Any "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" document so referred to may be marked as an exhibit, but no such 'CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" document, or any portion thereof, shall be attached to any publicly-available deposition or other transcript without the written consent of the party that designated the document as "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY." Portions of

deposition transcripts designated "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" shall be so marked and "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" portions, including exhibits consisting of "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" documents, shall be bound under seal separately form the non-confidential portions of the transcript.

(f) In the event that any "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery Materials are attached to, or quoted or summarized in, any pleadings, motion papers or other papers filed with this Court or any other court and said "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery Materials would be disclosed in any way therein, such Discovery Materials, pleadings or papers shall be filed under seal in accordance with this Court's Civil Local Rule 79-5. Copies of such documents containing information subject to this Protective Order that are served on counsel for the parties shall be similarly identified and shall be maintained as "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" as described herein.

(g) Any pleadings, motion papers or other papers not filed under seal shall have deleted therefrom all "CONFIDENTIAL" Discovery Materials and all portions of such pleadings or papers that would disclose the substance of "CONFIDENTIAL" Discovery Materials, provided, however, that any "CONFIDENTIAL" Discovery Materials served upon Counsel of Record need not have said materials deleted therefrom.

8. Should Counsel of Record for any party wish to disclose any "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery Materials produced by another party to a person not authorized by this Protective Order to review such "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery Materials, said counsel shall first provide counsel for the producing party with a short statement of the reason for the proposed disclosure and the name, address and business or professional affiliation and title (e. g., officer,

director, etc.) of such person, by written notice, delivered by hand or by fax, at least ten days prior to the proposed disclosure. If counsel for the producing party objects to the disclosure within said ten-day period, then the party requesting consent shall not proceed with the proposed disclosures, the parties shall engage in good faith efforts to resolve the matter informally and, if those efforts should fail, the party requesting consent may file with this Court an application or motion seeking authorization to make the proposed disclosure pursuant to paragraph 10 below.

9. The disclosure of any Discovery Materials pursuant to the terms of this Protective Order is not intended to be and shall not be construed as a waiver of any right or a relinquishment of any confidentiality claim as to said Discovery Materials or as a waiver of any claim that the information disclosed is a trade secret or is proprietary.

10. If any dispute arises concerning whether information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" should in fact be considered "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" for purposes of this Protective Order, then the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be so resolved, the party who has objected to the designation of the information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" shall give written notice that such informal attempts have failed. After the party's receipt of such notice, the objecting party may file a motion asking the Court to resolve the issue. On such motion, the party asserting confidentiality shall have the burden of proving that the "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" information: (a) constitutes a trade secret or other confidential research, development, or commercial information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure or (b) is otherwise entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure. Prior to the determination of such motion, the disputed information shall be treated by the parties as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY." If such motion is granted and five days have passed after entry of an order granting the motion, then the party may proceed with the proposed disclosure.

11. Upon final resolution of this litigation, including any appellate proceedings or expiration of the time allowed therefor:

    (a) Unless otherwise agreed, counsel for each party shall return all Discovery Materials marked "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" received hereunder, including all copies thereof, to counsel for the party or nonparty that produced said materials. Counsel for each party shall also destroy all extracts or summaries of "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery Materials or documents containing such material. Certification of such destruction, under penalty of perjury, is to be made in writing to counsel for the party who produced such "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery Materials; and

    (b) The Clerk of the Court shall, upon request of a party or nonparty that produced any "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery Materials, return to such party or nonparty all documents and things containing or referring to such Discovery Materials that were filed under seal pursuant to this Protective Order. As to those documents or things containing such information which cannot be so returned, they shall continue to be kept under seal and shall not be examined by any other person without a prior Court order issued after due notice to all parties, or a written stipulation of counsel for all parties.

12. Nothing contained in this Protective Order shall preclude any party or nonparty from seeking or obtaining, upon an appropriate showing, additional protection with respect to any documents, information, or other Discovery Materials or trade secrets. Nothing contained herein relieves any party of its obligation to respond to discovery.

13. The Court may modify this Protective Order at any time or consider any dispute which may arise hereunder upon motion of any of the parties.

14. This Protective Order shall remain in effect for the duration of the action unless terminated by stipulation or pursuant to Court order. Insofar as they restrict the disclosure,

treatment, or use of information subject to this Protective Order, the provisions of this Protective Order shall continue to be binding after the termination of this action, unless the Court orders otherwise.

It is hereby STIPULATED:

Dated: 12/8, 2006

Roy A. Katriel
THE KATRIEL LAW FIRM
1101 30th Street, NW
Suite 500
Washington, DC 20007

Counsel for Plaintiffs

Dated: 12/10, 2006

Robert A. Mittelstaedt
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104

Counsel for Defendant
APPLE COMPUTER, INC.

## ORDER

The parties having stipulated to the foregoing and good cause appearing, IT IS SO ORDERED.

Dated: _____, 2006

_____
The Honorable James Ware
United States District Judge

# EXHIBIT A

**AGREEMENT TO BE BOUND BY THE STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

I, _____, hereby acknowledge that I have read the Stipulation and Protective Order Regarding Confidential Information entered into on behalf of the parties to *Somtai Troy Charoensak et al. v. Apple Computer, Inc.*, Case No. C05-00037 JW, filed in the United States District Court, Northern District of California. I understand the provisions prohibiting the disclosure of confidential information for any purpose or in any manner not connected with the prosecution or defense of this action and I agree to be bound by all provisions of that stipulation and order.

Date: _____  Signature: _____

Print Full Name and Address:_____