Michael D. Braun (#167416)
BRAUN LAW GROUP, P.C.
12400 Wilshire Boulevard,
Suite 920
Los Angeles, CA 90025
Telephone: (310) 442-7755
Facsimile: (310) 442-7756

Roy A. Katriel (*pro hac vice*)
THE KATRIEL LAW FIRM
1101 30TH Street, NW
Suite 500
Washington, DC 20007
Telephone: (202) 625-4342

Jacqueline Sailer
Eric J. Belfi (*pro hac vice*)
MURRAY, FRANK & SAILER LLP
275 Madison Avenue
Suite 801
New York, NY 10016-1101
Telephone: (212) 682-1818
Facsimile: (212) 682-1892

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| SOMTAI TROY CHAROENSAK AND MARIANNA ROSEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE COMPUTER, INC..<br><br>Defendants. | No. C-05-00037 JW<br><br>**PLAINTIFFS SOMTAI TROY CHAROENSAK'S AND MARIANNA ROSEN'S RESPONSE TO THE COURT'S JANUARY 18, 2007 ORDER TO SHOW CAUSE WHY THE RELATED CASES SHOULD NOT BE CONSOLIDATED**<br><br>Date: March 5, 2007<br>Time: 9:00 am<br>Place: Courtroom 8, 4th Floor |

Plaintiffs' Charoensak and Rosen's Response Re: Order to
Show Cause Why Cases Should Not Be Consolidated
*Charoensak et. al. v. Apple Computer*, Inc., No. C-05-00037 JW

Dockets.Justia.com

# TABLE OF CONTENTS

INTRODUCTION.....................................................................................................................1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY.....................................................4

    The Filing of This Action Over Two Years Ago.....................................................................4

    The Filing of the *Tucker* Complaint Over Eighteen Months Later.....................................6

    The Class Certification And Discovery Posture in *Charoensak*.........................................7

    The Absolute Inaction in *Tucker*.........................................................................................8

ARGUMENT............................................................................................................................9

I.    RATHER THAN CONSOLIDATION, THE MUCH LATER FILED TUCKER
    COMPLAINT SHOULD BE STAYED IN FAVOR OF THE INSTANT ACTION............9

    A.    The Two Cases Are Essentially Identical And Duplicative.....................................9

        1.    Tucker Cannot Differentiate Her Putative Class As Also Including
            Indirect Purchasers Because She Is Not A Member of Such An Expanded
            Class.......................................................................................................10

        2.    Tucker Cannot Differentiate Her Class As Encompassing Purchasers Of
            Video iTunes Files and Video iPods Because She Purchased Neither.........11

        3.    Tucker Cannot Differentiate Her Putative Class As Including Non-Hard
            Drive iPods Because Charoensak's Motion Seeks To Certify Precisely
            Such A Class............................................................................................12

        4.    Tucker Cannot Differentiate Her Class By Arguing That It Includes
            Purchasers of Either iPods or iTunes Files, But Not Both, Because Such
            An Expanded Definition Directly Contradicts The Tying Allegations
            Underlying Her Complaint.........................................................................12

    B.    The Applicable Balancing Factors Favor A Stay And Counsel Against
        Consolidation.........................................................................................................13

        1.    A Stay Cannot Be Said to Unduly Prejudice Tucker, Who Waited Over
            Eighteen Months To File Her Duplicative Complaint.............................13

Plaintiffs' Charoensak and Rosen's Response Re: Order to
Show Cause Why Cases Should Not Be Consolidated
*Charoensak et. al. v. Apple Computer*, Inc., No. C-05-00037 JW

1

2

3

2. By Contrast, Failure to Impose A Stay, And Ordering Consolidation, Would Unduly Prejudice the Charoensak Plaintiffs, Their Counsel, and the Putative Class Members.........................................................................14

3. A Stay, As Opposed to Consolidation, Is The Best Way To Conserve Judicial Resources....................................................................................17

II. CONSOLIDATION IS ALSO UNNECESSARY BECAUSE SIMILAR BENEFITS OF JUDICIAL ECONOMY ARE ALREADY ATTAINABLE UNDER THE COURT'S ORDER COORDINATING DISCOVERY.................................................................18

CONCLUSION.........................................................................................................18

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs' Charoensak and Rosen's Response Re: Order to
Show Cause Why Cases Should Not Be Consolidated
*Charoensak et. al. y v. Apple Computer*, Inc., No. C-05-00037 JW

1

2

3

# TABLE OF AUTHORITIES

4   *Click v. Doorman Long Technology,*
5       2006 WL 2644889 (N.D. Cal. Sept. 14, 2006)...............................................................8, 13

6   *Collum v. Astrazeneca Pharmaceuticals, L.P.,*
7       2006 WL 2504919 (N.D. Cal. Aug. 29, 2006)...............................................................9, 13

8   *Landis v. North Am. Co.,*
       299 U.S. 248 (1936)...........................................................................................................9

9
   *Natural Resources Defense Council v. Norton,*
10      2007 WL 14283 (E.D. Cal. Jan. 3, 2007)...........................................................................9

11  *Nova Wines, Inc. v. Fels Winery, LLC,*
12      2007 WL 216777 (N.D. Cal. Jan. 25, 2007).......................................................................9

13  *Rendon v. City of Fresno,*
14      2006 WL 1582307 (E.D. Cal. Jun. 2, 2006)......................................................................16

15  *Triexe Mgmt. Corp. v. Fieldturf Int'l.,*
16      2005 WL 272963 (N.D. Cal. Feb. 1, 2005)........................................................................18

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs' Charoensak and Rosen's Response Re: Order to
Show Cause Why Cases Should Not Be Consolidated
*Charoensak et. al. y v. Apple Computer,* Inc., No. C-05-00037 JW

## INTRODUCTION

Plaintiffs Somtai Troy Charoensak and Marianna Rosen (collectively "plaintiffs") hereby file their response to the Court's January 18, 2007 Order to Show Cause why the instant case and related case, *Tucker v. Apple Computer, Inc.*, No. 06- 4457, should not be consolidated. The *Charoensak* plaintiffs maintain that the proper course of action in this matter is not to consolidate these actions, as that would unduly prejudice the *Charoensak* plaintiffs and the putative class, whose class action complaint was originally filed *over eighteen months before the Tucker case was even filed.* Instead, the *Charoensak* plaintiffs maintain that the proper course is to stay *Tucker* in favor of the more procedurally advanced and earlier filed *Charoensak* action. Doing so, not only would enhance judicial efficiency by limiting duplicative matters before the Court, but also makes sense given that Ms. Tucker and the class she seeks to represent are fully protected by the pending *Charoensak* class action. This is necessarily so because, as we detail below, the *Tucker* class and the *Charoensak* class are co-extensive, and the interests of Ms. Tucker (and of the putative class members she seeks to represent) are fully protected by the pending *Charoensak* action.

In the event that *Charoensak* is certified as a class action, both Ms. Tucker and all the members of the putative class she seeks to represent will form part of the *Charoensak* certified class. In the event that class certification is denied in *Charoensak*, the stay in *Tucker* may then be lifted. This course of action makes the most sense because the *Charoensak* motion for class certification is already on file, Apple's opposition is due next week, and the motion is scheduled to be heard by the Court on April 16, 2007. The *Charoensak* plaintiffs have already: filed their motion for class certification; filed their expert economist's declaration in support of their motion for class certification; filed declarations from third-party witnesses as part of their motion for class certification; concluded fact discovery related to their motion for class certification; concluded third-party discovery related to their motion for class certification; scheduled the expert deposition of plaintiffs' expert economist; provided their iPod devices for a forensic examination conducted by defendant Apple's forensic technicians; and, provided discovery documents and responses to Apple

Plaintiffs' Charoensak and Rosen's Response Re: Order to
Show Cause Why Cases Should Not Be Consolidated
*Charoensak et. al. y v. Apple Computer,* Inc., No. C-05-00037 JW

1

in connection with Apple's class certification-related discovery.

By contrast, in *Tucker*, none of this has occurred. Not a single discovery document or response has been served in *Tucker*—in fact, the not even a protective order has been entered in that case. Nor has Ms. Tucker filed her motion for class certification. Indeed, Tucker's counsel now admit that they will not even be ready to file their own motion for class certification until at least March 16, 2007, meaning that a class certification hearing in that case could not even be held until at least June 2007-- well after the already scheduled April 16, 2007 class certification hearing date in *Charoensak*. *See* Tucker's CMC Statement (filed Jan. 17, 2007), at 5:13-16. But even this date is doubtful because Ms. Tucker has yet to submit her iPod for a forensic inspection by Apple, and because Tucker and Apple are engaged in a discovery dispute over the scope of allowable pre-certification discovery.

What is more, as we discuss below, it is likely that Tucker will have to seek leave to amend her complaint in order press the claims and class definition her complaint purports to plead, which no doubt will be opposed by Apple, thereby further delaying matters. The reason is that Tucker's complaint claims to represent not only a class of persons who downloaded music files from the iTunes music store, but also purports to represent a class of all purchasers of video files from iTunes, claiming that the purchase of those video files is tied to the purchase of an iPod from Apple, as only Apple's iPod can play iTunes' videos. *See* Tucker Complaint, at ¶¶ 16, 26. Yet, reading Tucker's complaint, it is clear that Ms. Tucker never purchased a video file from iTunes. Tucker's counsel selectively drafted the *Tucker* complaint in a manner that purports to represent a larger class (encompassing video purchasers), yet never pleaded that Ms. Tucker actually bought any videos from iTunes (her complaint alleges only that she downloaded music files from iTunes, just like the *Charoensak* plaintiffs). *See* Tucker Complaint, at ¶ 19. Worse yet, Tucker's iPod was never used as the tied device to play any iTunes video file. It could not have. This is necessarily so because Tucker's own complaint admits that Tucker purchased her iPod in April 2005. *See* Tucker Complaint at ¶ 18. Video iPods did not even come on the market until early October 2005. *See* http://www.apple.com/pr/library/2005/oct/12ipod.html (Apple's October 12, 2005 press release

Plaintiffs' Charoensak and Rosen's Response Re: Order to
Show Cause Why Cases Should Not Be Consolidated
*Charoensak et. al. y v. Apple Computer*, Inc., No. C-05-00037 JW

2

entitled "Apple Unveils the New iPod Fifth Generation iPod Now Plays Music, Photos & Video" reporting the launch of the video iPod as of October 12, 2005).

That necessarily means that Tucker: did not purchase a video iPod from Apple; did not purchase a video file from iTunes for playback on her iPod; and, therefore, was not and could not have been coerced to purchase an iPod in order to play any video file purchased from iTunes. Tucker's failure to be a part of the purportedly expanded "video class" means that she cannot represent a class of video purchasers, meaning either that her class is subsumed and fully protected by *Charoensak's* "iTunes music class," or that she will have to seek leave to amend her complaint to add a different plaintiff who did purchase a video file from iTunes and a video iPod from Apple. Either option militates against consolidation and in favor of a stay. Either her case is duplicative of Charoensak's and adds nothing to it, or it will require leave of Court to re-open the pleadings by way of an amended complaint, which will further delay matters.

Aware that their complaint adds nothing new to the pending *Charoensak* action, Tucker's counsel attempt to distinguish their complaint by arguing that its class definition is broader than and different from the *Charoensak* class. Review of the two complaints, however, proves that this claim is without merit. As already stated, Tucker's attempt to represent a class of iTunes video purchasers who were coerced to buy an iPod from Apple to play back those video files proves unavailing because Tucker, herself, is not a member of that class. Similarly flawed is Tucker's counsel's claim that *Tucker's* putative class includes both direct and indirect purchasers of Apple iPods, as opposed to Charoensak's direct purchaser class. Tucker's complaint makes clear that she is only a direct purchaser as she bought her iPod directly from Apple *(see* Tucker Complaint, at ¶ 18), and as such she cannot represent a class of indirect purchasers if she is not one herself. Likewise, Tucker previously claimed that her complaint, unlike Charoensak's, defined a class comprised not only of those consumers who had purchased an iPod *and* an iTunes music file from Apple, but defines a class of purchasers of either product from Apple. *See* Tucker Complt., at ¶ 26. This claimed distinction vanishes, however, when one considers that the gravamen of the *Tucker* complaint, like that of *Charoensak,* is that there is a tie between the purchase of an iTunes file and an iPod from

Plaintiffs' Charoensak and Rosen's Response Re: Order to
Show Cause Why Cases Should Not Be Consolidated
*Charoensak et. al. y v. Apple Computer,* Inc., No. C-05-00037 JW

3

Apple (as only the iPod can directly play iTunes files). By definition, a tie implies that the purchaser has been required to purchase *both* products, and was not free to buy the tying product without also buying the tied product. Therefore, despite the claimed distinction, *Tucker's* class is indistinguishable in this regard from *Charoensak's* class. Lastly, Tucker claims that her complaint defined a class comprising of all portable digital music players purchasers, as opposed to portable digital *hard drive* digital music players pleaded as *Charoensak's* market definition. In fact, Charonesak's class certification motion makes clear that his class definition is not so limited, and includes all iPod portable digital music players. *See* Charoensak Mtn. for Class Cert. at 1:5-8..

At bottom, therefore, Tucker's complaint, filed over eighteen months after the instant action was first filed, adds nothing to the pending *Charoensak* case. It is merely duplicative, and as such should be stayed rather than consolidated. Because the two cases are co-extensive, if *Charoensak* is certified as a class action, both Ms. Tucker and the class she can actually represent will be part of and protected by the certified class in *Charoensak*. Tucker's action, therefore, comes into play if, and only if, Charoensak's motion for class certification were to be denied. In that event, the stay in *Tucker* could then be lifted so that Tucker could pursue her own motion for class certification separately. Until then, there is no reason why the Court should be faced with duplicative actions on different schedules.

# FACTUAL BACKGROUND AND PROCEDURAL HISTORY

## The Filing of This Action Over Two Years Ago:

This action was originally filed over two years ago, on January 3, 2005. At that time, the originally named plaintiff in this action, Thomas William Slattery, filed a class action complaint against defendant Apple Computer, Inc., alleging federal antitrust claims, as well as supplemental claims under California state law and the common law of monopolization and unjust enrichment. *See generally* Slattery Complaint (filed Jan. 3, 2005). Far from the typical consumer antitrust class action complaints which have become the norm by riding the coattails of a complaint filed by the Department of Justice, Federal Trade Commission, or a competitor, Slattery's complaint involved

Plaintiffs' Charoensak and Rosen's Response Re: Order to
Show Cause Why Cases Should Not Be Consolidated
*Charoensak et. al. y v. Apple Computer,* Inc., No. C-05-00037 JW

4

originally developed legal work-product and novel legal theories applied to complex areas of law that were reduced to pleadings filed by current counsel. At that time, no similar complaint had been filed in the United States against Apple, and given the risks in litigating any novel theory, no "copycat" actions immediately followed either by competing plaintiffs.

Not surprisingly, Apple sought to dismiss Slattery's original complaint, and filed its motion to do so on February 10, 2005. Slattery's counsel opposed the motion, and after a hard fought battle, seven months later the Court ultimately upheld the majority of Slaterry's original complaint in this action. *See generally* Court's Sept. 9, 2005 Order Denying In Part and Granting In Part Apple's Mtn to Dismiss. Per the Court's Order, Slattery filed a First Amended Complaint ("FAC") to include technical amendments to certain of his claims that the Court had granted leave to amend. Following that, Apple answered the FAC in this action. *See generally* Apple's Answer to FAC. A Case Management Conference was held, and Mr. Slattery submitted himself to a day-long deposition by Apple's counsel on January 30, 2006. Still no other similar complaint had been filed against Apple by any other plaintiff.

Following Mr. Slattery's deposition, it became clear that he confronted a potential conflict of interest in remaining as the named class representative. The conflict was brought about because Slattery was a criminal defense attorney, and as part of its discovery requests, Apple sought to inspect all of Slattery's computers from which he downloaded music. Because Slattery's computer contained legally privilege work-product relating to his criminal defense practice, he felt unable to yield to these discovery requests. As such, on March 24, 2006. Slattery's counsel sought to file the instant Second Amended Complaint ("SAC") for the sole purpose of substituting alternative plaintiffs Somtai Troy Charoensak and Marianna Rosen in lieu of Slattery as the named plaintiff representatives. Despite the ministerial aspect of this amendment, Apple opposed the motion for leave to file the SAC. Approximately five months later, on August 17, 2006, the Court ultimately granted the motion to file the SAC, substituting Charoensak and Rosen as the named plaintiffs' class representatives.

As if that were not enough, once Charoensak and Rosen filed their SAC (whose sole material

Plaintiffs' Charoensak and Rosen's Response Re: Order to
Show Cause Why Cases Should Not Be Consolidated
*Charoensak et. al. y v. Apple Computer*, Inc., No. C-05-00037 JW

5

change to the original complaint in this action was a name change), on September 15, 2006, Apple filed a renewed motion to dismiss the SAC, despite the Court's denial of Apple's initial motion to dismiss the original complaint in this action. Charoensak and Rosen filed their opposition on October 30, 2006, in which they pointed to the patently frivolous nature of Apple's renewed motion, and threatened to file a motion for sanctions. Three days later, Apple withdrew its renewed motion to dismiss and filed an Answer to the SAC.

## The Filing of the *Tucker* Complaint Over Eighteen Months Later:

As stated, Charoensak's counsel filed the original complaint in this action over two years ago, on January 3, 2005. As the foregoing chronology makes clear, since that time Charoensak's counsel have been engaged in a lone fight against Apple's counsel at every procedural stage of this litigation. For nearly two years, no other plaintiff or class action counsel even sought to join the heated and contentious litigation.

Instead, it was only on July 21, 2006, over eighteen months after Charoensak's counsel first filed the original complaint in this case, and only after the Court had already upheld Charoensak's counsel's original pleading and denied Apple's motion to dismiss, that Tucker and her counsel filed a duplicate class action complaint. Like the instant action, Tucker's complaint alleged a tie between iTunes and the iPod, and brought federal antitrust claims for unlawful tying, monopolization, and attempted monopolization, as well as state law supplemental claims. The theory and underlying rationale of *Tucker* was precisely the same as that underlying this original action. Not surprisingly, therefore, on August 22, 2006, Tucker's counsel, citing to the similarities between the two cases, filed an Administrative Motion to relate the two cases, and the Court granted the request the following day.

On August 21, 2006, nearly one year after the Court first upheld the original complaint filed by Charoensak's counsel (then styled as *Slattery*), Apple filed a motion to dismiss Tucker's duplicate case. While that motion was pending, but before it was decided, the *Charoensak* plaintiffs and Apple already engaged in discovery, and the *Charoensak* plaintiffs began the process of moving

Plaintiffs' Charoensak and Rosen's Response Re: Order to
Show Cause Why Cases Should Not Be Consolidated
*Charoensak et. al. y v. Apple Computer*, Inc., No. C-05-00037 JW

6

for class certification in the manner that we detail separately below. Not surprisingly, because *Tucker* merely rehashed the allegations already considered and upheld by the Court in the instant action (then named *Slaterry v. Apple*), on December 20, 2006, the Court eventually upheld Tucker's complaint over Apple's motion to dismiss. In doing so, the Court explicitly referenced that "Plaintiff's allegations are similar to those originally pled in related case *Slattery v. Apple Computer, Inc.* (now *Charoensak v. Apple Computer, Inc.*), C 05-0037 JW." Order Denying Apple's Mtn. to Dismiss Tucker Complt. (entered Dec. 20, 2006), at 8, n.2.

## The Class Certification And Discovery Posture in *Charoensak*:

After Apple filed its Answer to the SAC in the instant action (i.e. the *Charoensak* complaint), the Court held a Case Management Conference in the instant action on November 20, 2006. At that time, Apple's motion to dismiss the *Tucker* complaint was under submission. At the November 2006 CMC, the Court stated that it was not intent on consolidating the instant case and the much later filed *Tucker* action, and that it planned that the class certification briefing and adjudication in *Charoensak* would precede and proceed independently of what ultimately transpired in the lagging *Tucker* case. Towards that end, the Court entered a class certification briefing and hearing scheduling order in *Charoensak* that called for: Charoensak's opening class certification brief to be filed by January 22, 2007; Apple's opposition to be filed by February 19, 2007; Charoensak's reply to be filed by April 2, 2007; and a hearing on the motion to be held on April 16, 2007. Rather than consolidating the two cases, which the Court was not intent on doing, the Court ordered that discovery in the two actions be coordinated so that all depositions noticed in one case also be noticed in the other, and all discovery produced in one be made available in the other. *See* Court's Nov. 21, 2006 Order Following CMC, at 2:3-10.

With the foregoing schedule in place, and in reliance on the Court's directive that the cases were not to be consolidated and that class certification in *Charoensak* was not to await developments in *Tucker*, counsel for the *Charoensak* plaintiffs set about the task of marshaling the necessary fact and expert discovery to file their motion for class certification. Charoensak propounded discovery

Plaintiffs' Charoensak and Rosen's Response Re: Order to
Show Cause Why Cases Should Not Be Consolidated
*Charoensak et. al, y v. Apple Computer*, Inc., No. C-05-00037 JW

7

tailored to the class certification issues, as ordered by the Court. The *Charoensak* plaintiffs retained their own expert economist, Dr. John Pisarkiewicz, and assembled discovery from third party competitors in the industry. Similarly, plaintiffs Charoensak and Rosen each attended day-long deposition sessions, and provided their iPod players to Apple's technicians for a forensic inspection. Each of them also provided responsive documents to Apple's discovery requests. Charoensak's counsel also secured the testimony, by way of sworn declaration, from third parties to be filed in connection with the motion for class certification. On January 22, 2007, the *Charoensak* plaintiffs filed their motion for class certification. That motion was supported by the expert declaration of Dr. John Pisarkiewicz and the third-party declaration of Mr. Lee Morse, the Director of Emerging Technologies at Creative Labs, Inc., a competitor of Apple.

Under the current schedule, Apple's opposition to the motion for class certification is due next week, and a hearing on the motion is scheduled for April 16, 2007. The bottom line is that the *Charoensak* plaintiffs have already laid the groundwork for and undertaken the "heavy lifting" required for the class certification motion, and the matter is already properly on file before the Court.

## The Absolute Inaction in *Tucker*:

By contrast to the developments in *Charoensak*, where a motion for class certification has already been filed, fact discovery with respect to class certification has ended, and an expert disclosure as to class issues has been served, nothing of the kind has happened in *Tucker*. Not a single item of discovery has been produced in *Tucker*. In fact, no protective order has even been entered in that case that would clear the way for such discovery to even begin taking place. Certainly no expert disclosures have occurred, and no motion for class certification has been filed. Indeed, Tucker's counsel now admit that, even under the best of circumstances, they will not be ready to file their motion for class certification until at least March 16, 2007, well after Apple's opposition to class certification in *Charoensak* will already have been filed. *See* Tucker's CMC Statement (filed Jan. 17, 2007), at 5:13-16.

Under these circumstances, as we detail below, consolidation will only serve to prejudice the

Plaintiffs' Charoensak and Rosen's Response Re: Order to
Show Cause Why Cases Should Not Be Consolidated
*Charoensak et. al. y v. Apple Computer*, Inc., No. C-05-00037 JW

8

first filed case, whose plaintiffs and counsel have assumed the risk of this litigation on their own, and would unduly reward the duplicate filers. The more appropriate course of action, and the one that would truly conserve judicial resources is to stay *Tucker* in favor of *Charoensak*.

## ARGUMENT

### I. RATHER THAN CONSOLIDATION, THE MUCH LATER FILED TUCKER COMPLAINT SHOULD BE STAYED IN FAVOR OF THE INSTANT ACTION.

As this Court has recognized, "[t]he court has discretion, where a plaintiff is seeking to maintain identical actions, to dismiss the later-filed action, to stay that action pending resolution of the former, or to consolidate both actions." *Click v. Doorman Long Technology*, 2006 WL 2644889, at *2 (N.D. Cal. Sept. 14, 2006). Its California sister federal district court has also noted just this year that "[f]actors such as differing trial dates or stages of discovery usually weigh against consolidation." *Natural Resources Defense Council v. Norton*, 2007 WL 14283, at *16 (E.D. Cal. Jan. 3, 2007). At the same time, when faced with duplicative litigation, a district court "retains the inherent power to stay litigation 'to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for the litigants.'" *Nova Wines, Inc. v. Fels Winery, LLC*, 2007 WL 216777, at *2 (N.D. Cal. Jan. 25, 2007), *quoting Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). In exercising that power, the Court should be guided by the following considerations: "(1) potential prejudice to the non-moving party; (2) hardship or inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Collum v. Astrazeneca Pharmaceuticals, L.P.*, 2006 WL 2504919, at * 2 (N.D. Cal. Aug. 29, 2006). As we show below, *Charoensak* and *Tucker* are essentially identical actions brought by a virtually identical putative plaintiff class, and the legal analysis here favors entering a stay of the later filed *Tucker* case rather than consolidation.

### A. The Two Cases Are Essentially Identical And Duplicative.

There is no question that the instant action and the later filed *Tucker* case are substantially

Plaintiffs' Charoensak and Rosen's Response Re: Order to
Show Cause Why Cases Should Not Be Consolidated
*Charoensak et. al. y v. Apple Computer*, Inc., No. C-05-00037 JW

9

identical. Tucker's counsel conceded as much when they sought to relate their case to this action. In their motion to have their later-filed case treated as a related case, they represented to the Court that "both [cases] allege Apple Computer, Inc. monopolized, attempted to monopolize, and engaged in illegal tying in the market for online music and portable digital music players." *See* Tucker's Administrative Mtn. To Consider Whether Cases Should Be Related, at 1:12-14 (filed Aug. 22, 2006). Even a cursory review of the two complaints shows that this is so.

While Tucker's counsel was all too eager to extol the similarities of the two cases in getting their action related to the instant more procedurally advanced case, since the order relating the two cases was entered, Tucker's counsel have attempted to draw artificial distinctions between the two cases in an attempt to claim that *Tucker* encompasses and subsumes *Charoensak*. A review of both cases, however, reveals that this is simply not so, and that, in fact, both cases are brought by the same putative class, asserting the same claims. With that said, the only true difference is that *Tucker* was filed over eighteen months after this action, and as such should be stayed as the later filed case.

In their most recent Case Management Statement, Tucker's counsel represented that *Tucker* differed from *Charoensak* in the following respects: whereas *Charoensak* asserts actions on behalf of direct purchasers of Apple iTunes and iPods, *Tucker* represents "both direct and indirect purchasers" in supplemental state law claims (*see* Tucker Joint CMC Statement, at 3:13-14 (filed 1/17/2007)); "*Tucker* alleges claims arising from purchases of online videos from the iTMS while *Charoensak's* complaint does not include video purchases" (*id.* at 3:17-18); and, that whereas *Charoensak's* asserted class is comprised of direct purchasers of portable hard drive digital music players, *Tucker's* putative class includes all portable digital music players, including those that rely on flash memory rather than hard drives for storage. *Id.* at 3:14-17. None of these purported distinctions withstand scrutiny, and none favor consolidation.

### 1. Tucker Cannot Differentiate Her Putative Class As Also Including Indirect Purchasers Because She Is Not A Member of Such An Expanded Class.

Review of Tucker's actual pleading in her complaint shows that the foregoing distinctions do

Plaintiffs' Charoensak and Rosen's Response Re: Order to
Show Cause Why Cases Should Not Be Consolidated
*Charoensak et. al. y v. Apple Computer*, Inc., No. C-05-00037 JW

10

not hold up. The fact of the matter is that Ms. Tucker cannot represent both indirect purchasers and direct purchasers of Apple iPods because, as she admitted in her complaint, she is only a direct purchaser of the iPod from Apple. *See* Tucker Complaint, at ¶ 18 ("On or about April 2005, Ms. Tucker purchased a 20 GB iPod *from the Defendant* online at the iTunes Music Store.") (emphasis added). She, therefore, is not a member of any indirect purchaser class, and so cannot seek to represent such indirect purchaser absent class members. And, there is, of course, no "indirect purchaser" class of iTunes music files purchasers because only Apple sells such files—thus, all iTunes' customers are direct purchasers from Apple. Tucker's attempt to distinguish her copycat complaint on this "indirect versus direct purchaser" basis is therefore plainly unavailing.

### 2. Tucker Cannot Differentiate Her Class As Encompassing Purchasers Of Video iTunes Files and Video iPods Because She Purchased Neither.

Equally without merit is Tucker's counsel's attempt to claim that their case is distinguishable from the instant action because *Tucker* seeks to represent a class of purchasers of video files from iTunes who claimed they were coerced to purchase an iPod, as only the iPod would play iTunes' videos. The fact is that, again, Ms. Tucker has no standing to represent this purportedly broader class because she neither purchased a video file from iTunes, nor was she subject to a tie between the video file purchase and a video iPod. We know this from the very facts pleaded by Tucker because she admits that she purchased her iPod from Apple in April 2005. *See* Tucker Complt. at ¶ 18. Yet, iPods with video playing capability did not even become first available until October 2005. *See* http://www.apple.com/pr/library/2005/oct/12ipod.html (Apple's October 12, 2005 press release entitled "Apple Unveils the New iPod Fifth Generation iPod Now Plays Music, Photos & Video" reporting the launch of the video iPod as of October 12, 2005). Ms. Tucker's pleading further fails to allege that she ever bought a video file from iTunes; she only admits to having downloaded *music* from Apple's iTunes store—the same allegation made in *Charoensak. See* Tucker Complt., at ¶ 19 ("Beginning in April 2005, and periodically throughout the Class Period, Ms. Tucker purchased *music* from the iTunes Music Store.") (emphasis added). Here again, therefore, Tucker's attempt to distinguish her later filed complaint from the instant action rings hollow.

Plaintiffs' Charoensak and Rosen's Response Re: Order to
Show Cause Why Cases Should Not Be Consolidated
*Charoensak et. al. y v. Apple Computer*, Inc., No. C-05-00037 JW

11

1

2

3. **Tucker Cannot Differentiate Her Putative Class As Including Non-Hard Drive iPods Because Charoensak's Motion Seeks To Certify Precisely Such A Class.**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

Tucker's counsel's last contention is that, unlike *Charoensak*, Tucker's putative class encompasses purchasers of all iPod portable digital music players, not just iPod portable *hard drive* digital music players. The class which Charoensak actually sought to certify, however, reveals that this is not correct. In their motion for class certification, the *Charoensak* plaintiffs sought certification on behalf of a class defined as "all United States direct purchaser end-users during the Class Period (spanning April 28, 2003 to the present and going forward until this litigation is resolved) of digital music files from Apple's iTunes online music store and of Apple's iPod portable digital music players." Charoensak Mtn for Class Certification, at 1:5-8 (filed Jan. 22, 2007). The definition of the class that the *Charoensak* plaintiffs have actually moved to certify is not limited to merely portable hard drive iPods, but encompasses all iPods directly purchased by otherwise defined class members. Here too, therefore, there is no distinction between the instant action and the later filed *Tucker* case.

17

18

19

4. **Tucker Cannot Differentiate Her Class By Arguing That It Includes Purchasers of Either iPods or iTunes Files, But Not Both, Because Such An Expanded Definition Directly Contradicts The Tying Allegations Underlying Her Complaint.**

20

21

22

23

24

25

26

27

28

Finally, though they no longer press the distinction in their latest CMC papers, Tucker's counsel have also previously argued that *Tucker's* class included all purchasers of *either* the iPod or an iTunes file, whereas *Charoensak's* class contained only direct purchasers of *both* items. *See* Tucker Complt., at ¶ 26. Perhaps the reason that Tucker's counsel has abandoned that claimed distinction is because it is obviously self-defeating. Tucker, like the Charoensak plaintiffs, bases her entire complaint on the alleged tie that exists between an iTunes file and the iPod. A tie necessarily implies that the consumer was economically coerced into purchasing *both* products. Thus, Tucker's previously claimed distinction that there exists a meaningfully different plaintiff class comprised of plaintiffs who purchased just an iPod or just an iTunes files, but not necessarily both, would fatally

Plaintiffs' Charoensak and Rosen's Response Re: Order to
Show Cause Why Cases Should Not Be Consolidated
*Charoensak et. al. y v. Apple Computer,* Inc., No. C-05-00037 JW

12

undercut the very basis of her complaint; namely, that there is a tie between the two products. Not surprisingly, therefore, Tucker's counsel no longer press this concocted distinction.

At the end of the day, therefore, the foregoing discussion reveals that, as currently pleaded, Tucker's later-filed case is, indeed, a complete "duplicate" of the instant action. The only difference between the two cases is that *Tucker* was filed over eighteen months after the instant case, and now seeks to benefit from the strides made by *Charoensak's* counsel. Not only are the two complaints "copycats" of one another in terms of the claims and classes they actually assert, but the copying does not stop there. Tucker's counsel actually "cut and pasted" in whole portions of *Charoensak's* counsel's opposition to Apple's motion to dismiss the original complaint in the instant action. *Compare* Opp to Mtn. to Dismiss Filed in *Slattery* (filed on Feb. 28, 2005), at 9:19-10:7 *with* Opp. to Mtn. to Dismiss in *Tucker* (filed on Oct. 30, 2006) at 19:4-22 (copying and pasting from opposition brief filed in *Slattery*). As we show below, given this reality, the second and much later filed *Tucker* case adds nothing to the mix. The appropriate legal analysis, therefore, favors staying the later filed duplicative case rather than consolidation.

## B. The Applicable Balancing Factors Favor A Stay And Counsel Against Consolidation.

As already stated, this Court has recognized that when faced with an identical later-filed case, the Court may either stay the later filed case or consolidate the actions. *See Click*, 2006 WL, 2644889, at *2 (N.D. Cal. Sept. 14, 2006). In deciding whether to stay the action the Court is to weigh the following factors: "(1) the potential prejudice to the non-moving party; (2) hardship or inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Collum, L.P.*, 2006 WL 2504919, at * 2 (N.D. Cal. Aug. 29, 2006). Analysis of these applicable weighing factors demonstrates that a stay of *Tucker* is in order here. Those same considerations militate against consolidation.

## 1. A Stay Cannot Be Said to Unduly Prejudice Tucker, Who Waited Over Eighteen Months To File Her Duplicative Complaint.

Plaintiffs' Charoensak and Rosen's Response Re: Order to
Show Cause Why Cases Should Not Be Consolidated
*Charoensak et. al. y v. Apple Computer*, Inc., No. C-05-00037 JW

13

The very history of this case demonstrates that there would be no undue prejudice inflicted on Ms. Tucker or her putative class (which coincides with the Charoensak class) by a stay of that action. Ms. Tucker, after all, sat idly by and *waited over eighteen months* until after the original complaint in the instant case was filed to file her duplicative complaint. Only after plaintiffs' counsel in the instant case defeated Apple's motion to dismiss did Tucker and her counsel decide to take an essentially risk-free shot at filing a duplicative pleading. When they did so, and were faced with a motion to dismiss their own case, they "cut and pasted" from the opposition to the motion to dismiss originally drafted by plaintiffs' counsel in this case. Having sat on her hands for over eighteen months while *Charoensak's* counsel took the full risk of litigation upon themselves, neither Tucker nor her counsel can now be seriously heard to complain that a delay of their case occasioned by a stay will be unduly prejudicial. It was Tucker and her counsel who delayed close to two years in filing their copycat case.

More to the point, is that no prejudice could possibly be visited upon Ms. Tucker or her putative class because, as we have shown, both Ms. Tucker and the putative class members that she can *actually* represent have their interests fully protected and represented by the pending *Charoensak* class action. If *Charoensak* is certified as a class action, both Ms. Tucker and the class members she can actually represent will be part of that certified class. Thus, Tucker's action comes into play only if and when the *Charoensak* motion for class certification were to be denied. In that event, however, the stay in Tucker's case would be lifted, and she would be free to pursue her own motion for class certification. Until such time, however, there is nothing that *Tucker* adds to the mix.

### 2. By Contrast, Failure to Impose A Stay, And Ordering Consolidation, Would Unduly Prejudice the Charoensak Plaintiffs, Their Counsel, and the Putative Class Members.

By contrast to the utter lack of prejudice on Tucker by imposition of a stay, failure to impose a stay would unduly prejudice the *Charoensak* plaintiffs, the absent putative class members, and Charoensak's counsel. This action has already been pending for over two years, since January 3, 2005. Since then, plaintiffs' counsel have had to face delay action after delay action as Apple has

Plaintiffs' Charoensak and Rosen's Response Re: Order to
Show Cause Why Cases Should Not Be Consolidated
*Charoensak et. al. y v. Apple Computer*, Inc., No. C-05-00037 JW

14

filed repetitive motions that, though ultimately unsuccessful, served to delay the proceedings in this case. First, Apple filed a motion to dismiss the original complaint in this action. That motion was denied almost in its entirety, but adjudication of it took more than seven months to resolve. Subsequently, when plaintiffs' counsel sought to effect a ministerial change to their complaint by substituting plaintiffs because the original plaintiff, Thomas Slattery, faced a conflict, Apple also opposed that basic motion. Again, Apple's motion was defeated, but resolution of that motion also took another five months. Finally, once the instant Second Amended Complaint was deemed filed, Apple again filed a renewed motion to dismiss that complaint, despite the fact that its original motion to dismiss the action had already been denied by the Court. When Charoensak filed his opposition and pointed to the obviously frivolous nature of Apple's renewed motion, Apple withdrew its motion to dismiss and filed an Answer, but again that filing (though ultimately withdrawn) imposed another two month delay on the instant case.

At long last, after all these delays had been surmounted and after Apple filed its Answer to the Second Amended Complaint, the parties attended a Case Management Conference before the Court on November 20, 2006. At the same time, Apple's motion to dismiss the later-filed *Tucker* complaint was taken under submission by the Court. At the November 2006 CMC in this case, the Court expressed its view that this action and the related *Tucker* case should *not* be consolidated, and that the class certification briefing in the instant case should proceed without awaiting *Tucker*. The Court entered a briefing and hearing schedule for Charoensak's motion for class certification, which called for: Charoensak's opening class certification brief to be filed by January 22, 2007; Apple's opposition to be filed by February 19, 2007; Charoensak's reply to be filed by April 2, 2007; and a hearing on the motion to be held on April 16, 2007.

In reliance upon that scheduling order, Charoensak's counsel immediately began marshaling evidence, retaining expert witnesses, and undertaking the task of moving for class certification. Forensic examinations of Mr. Charoensak's and Ms. Rosen's iPods were performed, documents were produced, third-parties were subpoenaed, and depositions were taken. Dr. Pisarkiewicz, the Charoensak's expert economist, reviewed an inordinate amount of data produced by Apple, third

Plaintiffs' Charoensak and Rosen's Response Re: Order to
Show Cause Why Cases Should Not Be Consolidated
*Charoensak et. al. y v. Apple Computer*, Inc., No. C-05-00037 JW

15

parties, and through the public record, and submitted an expert declaration in support of the Charoensak plaintiffs' motion for class certification. In connection with their class certification motion, the *Charoensak* plaintiffs also filed the third-party declaration of Mr. Lee Morse, Director of Emerging Technologies at Creative Labs, Inc., a competitor of Apple. All this was accomplished within the January 22, 2007 filing deadline entered by the Court for *Charoensak's* opening class certification motion and brief with an eye towards holding a class certification hearing in April as previously ordered by the Court. Under the current schedule, Apple's opposition would be due next week.

At the same time that the foregoing filings were under way in *Charoensak*, nothing of the kind was even remotely occurring in *Tucker*. Not a single item of responsive discovery has been produced in that case, much less any motion or expert disclosure. In fact, no protective order has even been entered in that case. Tucker's counsel now admit that, even under the best of circumstances, they will be unable to file even their opening class certification brief until March 16, 2007. As stated, given that the *Tucker* complaint would likely need to be amended in order to actually represent the class its seeks to certify and that no discovery has been produced at all, even this late date seems overly optimistic. Yet, even under this unrealistic assessment, *Tucker* would not be ready for a class certification hearing until at least June 2007--several months after the hearing already set in *Charoensak*. Further, even the March 16, 2007 opening class certification brief deadline post-dates the due date for Apple's class certification brief in *Charoensak*.

The short of it is that, absent a stay, if the cases were to be consolidated, the *Charoensak* plaintiffs and their counsel would be unduly prejudiced by having to sit idly by and wait until *Tucker* caught up to speed in its class certification posture. Such a result would serve as a windfall to Apple who would then effectively have several months to file an opposition brief to the motion for class certification. It would also serve as a windfall to the *Tucker* plaintiff and her counsel, who can now take advantage of the work, expert declaration, and data analysis performed and submitted by the *Charoensak* plaintiffs in support of their already filed motion for class certification. Not surprisingly, California federal courts have denied consolidation in cases that raise similar claims and facts, but

Plaintiffs' Charoensak and Rosen's Response Re: Order to
Show Cause Why Cases Should Not Be Consolidated
*Charoensak et. al. y v. Apple Computer*, Inc., No. C-05-00037 JW

16

whose litigation posture is in different stages. *See Rendon v. City of Fresno*, 2006 WL 1582307, at *7 (E.D. Cal. Jun. 2, 2006) ("The difference in procedural stages between the three cases would substantially delay the *Rendon* and *Rodriguez* trials if *Martinez* were to be consolidated.").

Allowing consolidation now would also signal an undesirable precedent in this case to other opportune class action counsel who, having now viewed that Charoensak's counsel invested the time effort to defeat a motion to dismiss and to file an opening class certification motion, could simply file another "copycat" complaint, and seek to have the litigation held up by way of consolidation so that this newly filed action could also be litigated together with *Charoensak*. If Tucker's plea for consolidation is to be honored now, what defensible distinction would there be to deny an identical plea for consolidation from all future filers who could seek to capitalize off the litigation already undertaken by Charoensak's counsel ?

It would be one thing if there was a plausible reason that could be articulated to justify such a result, but here it cannot. The fate of *Tucker* now lagging behind *Charoensak* is attributable solely to Tucker having waited nearly two years to file her duplicative action. She should not now be rewarded by having her case elevated to the same standing as this original action, particularly where, as here, Tucker's interests are fully being protected by the instant case and putative class. This factor, therefore, also militates in favor of a stay as opposed to consolidation.

### 3. A Stay, As Opposed to Consolidation, Is The Best Way To Conserve Judicial Resources.

It is readily apparent that staying *Tucker* in favor of *Charoensak* would conserve judicial resources and avoid duplicative litigation. As already shown, the claims and classes that could actually be represented in both cases are the same. There is, therefore, no reason to have the Court adjudicate duplicative motions for class certification from these two overlapping actions. Tucker's identical but later-filed complaint comes into play only if the *Charoensak* motion for class certification were to be denied. At that time, however, any stay in *Tucker* would naturally be lifted. In the meantime, there is no benefit contributed by having Charoensak and Tucker litigating the same issues before the same Court against the same parties on behalf of the same plaintiff Class.

Plaintiffs' Charoensak and Rosen's Response Re: Order to
Show Cause Why Cases Should Not Be Consolidated
*Charoensak et. al. y v. Apple Computer*, Inc., No. C-05-00037 JW

17

1

2  **II.**   **CONSOLIDATION IS ALSO UNNECESSARY BECAUSE SIMILAR BENEFITS OF JUDICIAL ECONOMY ARE ALREADY ATTAINABLE UNDER THE COURT'S ORDER COORDINATING DISCOVERY.**

3

4

5        At the January 2007 CMC in *Charoensak*, the Court, while declining to consolidate the

6   actions, ordered that discovery in the two cases be coordinated, such that all depositions in either

7   case be noticed in the other action as well, and discovery produced in either action be made available

8   to the other. *See* Court's Nov. 21, 2006 Order Following CMC, at 2:3-10. In this manner, it would

9   be unnecessary to duplicate discovery already produced, thereby conserving judicial resources.

10  Because this act of coordination readily achieves the desired conservation of judicial resources

11  without the burdens accompanying actual consolidation of the actions, consolidation should be

12  denied for this independent reason. As this Court has previously held, where the more limited

13  remedy of coordination achieves the desired judicial efficiency goal, the more far-reaching vehicle of

14  actual consolidation is to be avoided. *See Triexe Mgmt. Corp. v. Fieldturf Int'l.*, 2005 WL 272963,

15  at *1 (N.D. Cal. Feb. 1, 2005) ("In view of the Court's order entered at the status conference on

16  January 24, 2005, coordinating the Fieldturf actions before me, plaintiffs' motion to consolidate this

17  action with Fieldturf International v. Granite Construction Company, C04-2952, is DENIED without

18  prejudice. The benefits plaintiffs seek should come from the coordination the court has ordered.").

19  Notably, though Tucker's counsel have been noticed on every deposition that has taken place in

20  *Charoensak*, they have chosen not to attend any of these deposition sessions.

21                                          **CONCLUSION**

22        For the foregoing reasons, the *Charoensak* and *Tucker* cases should not be consolidated, and

23  instead the *Tucker* case should be stayed in favor of the more procedurally advanced *Charoensak*

24  case.

25

26

27

28

Plaintiffs' Charoensak and Rosen's Response Re: Order to
Show Cause Why Cases Should Not Be Consolidated
*Charoensak et. al. y v. Apple Computer*, Inc., No. C-05-00037 JW                              18

1

2
Dated: February 12, 2007                          Respectfully submitted,
3

4                                                 BRAUN LAW GROUP, P.C.

5

6                                                 Michael D. Braun (#167416)
                                                  BRAUN LAW GROUP, P.C.
7                                                 12400 Wilshire Boulevard
8                                                 Suite 920
                                                  Los Angeles, CA 90025
9                                                 Telephone: (310) 442-7755
                                                  Facsimile: (310) 442-7756
10

11                                                Counsel for Plaintiff

12    Additional Plaintiff's counsel:

13    Roy A. Katriel (*pro hac vice*)
      THE KATRIEL LAW FIRM
14    1101 30TH Street, NW
      Suite 500
15    Washington, DC 20007
      Telephone: (202) 625-4342
16
      Jacqueline Sailer
17    Eric J. Belfi (*pro hac vice*)
      MURRAY, FRANK & SAILER LLP
18    275 Madison Avenue
      Suite 801
19    New York, NY 10016-1101
      Telephone: (212) 682-1818
20    Facsimile: (212) 682-1892

21

22

23

24

25

26

27

28
      Plaintiffs' Charoensak and Rosen's Response Re: Order to
      Show Cause Why Cases Should Not Be Consolidated
      *Charoensak et. al. y v. Apple Computer*, Inc., No. C-05-00037 JW                    19