LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
BONNY E. SWEENEY (176174)
GREGORY S. WESTON (239944)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
bonnys@lerachlaw.com
gweston@lerachlaw.com

THE KATRIEL LAW FIRM
ROY A. KATRIEL (*pro hac vice*)
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)
rak@katriellaw.com

Co-Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION | Lead Case No. C-05-00037-JW |
| | CLASS ACTION |
| This Document Relates To: | STIPULATION AND [PROPOSED] ORDER GOVERNING ELECTRONIC DISCOVERY FORMATS |
| ALL ACTIONS. | |

## I. GENERAL PROVISIONS

1. The parties will prepare their production documents in accordance with the agreed-upon specifications set forth below, but will not process them through a common vendor.

2. The production specifications in this Stipulation and Proposed Order Governing Electronic Discovery Formats ("Agreement") apply to documents which are to be produced in the first instance in *The Apple iPod, iTunes Antitrust Litigation*, No. 05-cv-00037-JW. To the extent any party is required to re-produce documents in these actions that have already been produced in other cases, the parties have not agreed to reformat their earlier productions in accordance with the production specifications in this Agreement.

3. This Agreement does not apply to documents already collected and processed prior to the effective date of this Agreement. The parties agree to use reasonable efforts to produce any previously processed documents in a format as close to the Agreement as reasonably possible.

4. The parties have agreed the effective date of this Agreement is June 18, 2007.

5. Nothing in this Agreement shall affect, in any way, a producing party's right to seek reimbursement for document production costs.

## II. PRODUCTION FORMAT

1. Documents gathered from electronic data should be provided in the following format:

    (a) **TIFFs**. Single-page Group IV TIFFs should be provided, at least 300 dpi, or multi-page TIFFs with page breaks.

    (b) **Text Files**. For each document, a text file should be provided along with the TIFF. The full text of native files should be extracted directly from the native file. The text files will not contain the redacted portions of the documents. Text files for documents or pages containing redactions shall be produced no later than 30 days after the production of the corresponding TIFFs.

    (c) **Unique IDs**. Each image should have a unique file name. For single-page TIFFs, the unique file name will be the Bates number of the page. For multi-page TIFFs, the unique file name will be the Bates number of the first page of the document.

(d) **Metadata Fields**. The following metadata should be provided if they exist: (i) all metadata as set forth in Table 1; and (ii) parent-child relationships (the association between an attachment and its parent document) should be indicated in the metadata.

(e) **Native Format**. The parties hereby reserve their rights to seek certain electronic documents, such as Excel spreadsheets, in their native form.

(f) **Database Load Files/Cross-Reference Files**. Documents should be provided with a Concordance Delimited File and an Opticon Cross-Reference File. Every TIFF in each production must be referenced in the production's corresponding Load File. The total number of images referenced in a production's Load File should match the total number of TIFF files in the production.

(g) **File Formats**.

Opticon Cross-Reference File:

MSC000001,MSC001,D:\MSC001\IMAGES\001\MSC000001.TIF,Y,,,3

MSC000002,MSC001,D:\MSC001\IMAGES\001\MSC000002.TIF,,,,

MSC000003,MSC001,D:\MSC001\IMAGES\001\MSC000003.TIF,,,,

MSC000004,MSC001,D:\MSC001\IMAGES\001\MSC000004.TIF,Y,,,2

MSC000005,MSC001,D:\MSC001\IMAGES\001\MSC000005.TIF,,,,

Concordance Delimited File:

þBegDocþ☐þEndDocþ☐þBegAttachþ☐þEndAttachþ☐þPagesþ☐þCDVolþ☐þCustodianþ

2. Documents gathered from hard-copy documents should be provided in the following format:

(a) **TIFFs**. Single page Group IV TIFFs should be provided, at least 300 dpi, or multi-page TIFFs with page breaks.

(b) **Unique IDs**. Each image should have a unique file name, which is the Bates number of the document.

(c) **OCR Text Files**. Single-page OCR with page breaks should be provided as a separate text file. The files should contain the Bates number as a field at the beginning of the file and the filename itself should match its respective TIFF filename, which is the Bates number. The

STIPULATION AND [PROPOSED] ORDER GOVERNING ELECTRONIC DISCOVERY
FORMATS - C-05-00037-JW                                                                                                          - 2 -

total number of TIFF files should match the total number of OCR text files. In lieu of single-page OCR, Plaintiffs agree to accept multi-page OCR with the Bates number on each page. The text files will not contain the redacted portions of the documents. OCR Text files for documents or pages containing redactions shall be produced no later than 30 days after the production of the corresponding TIFFs.

(d) **Database Load Files/Cross-Reference Files**. Documents should be provided with a Concordance Delimited File and an Opticon Cross-Reference File. Every TIFF in each production must be referenced in the production's corresponding Load File. The total number of images referenced in a production's Load File should match the total number of TIFF files in the production.

(e) **Example of Opticon Cross-Reference File and Concordance Delimited File**: *See* §II.1.(g).

3. **Bates Numbering**. Bates numbers shall be unique IDs with a prefix that can be readily attributed to the producing party. Bates numbering should be sequential. If a Bates number or set of Bates numbers is skipped in a production, the producing party will so note. Documents produced by Apple shall use the prefix "Apple."

4. **Unitizing of Documents**. In scanning paper documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (*i.e.*, paper documents should be logically unitized). The parties will make their best efforts to have their vendors unitize documents correctly and will commit to address situations where there are improperly unitized documents.

5. **Parent-Child Relationships**. Parent-child relationships (the association between an attachment and its parent document) should be preserved.

6. **Objective Coding Fields**. The following objective coding fields should be provided to the extent practicable: (a) beginning Bates number; (b) ending Bates number; (c) beginning attachment Bates number; (d) ending attachment Bates number; (e) number of pages; (f) CD volume; and (g) source/custodian.

7. **Objective Coding/Metadata Format.** The objective coding set forth in §II.6. and/or electronic file metadata gathered during the conversion process should be provided in the following format: (a) fields should be delimited by the default Concordance field delimiter for ANSI character 20 (0); (b) string values within the fields file should be enclosed with a text delimiter (þ); (c) the first line should contain objective coding and/or electronic file metadata headers and below the first line there should be exactly one line for each document; (d) each row of objective coding and/or electronic file metadata must contain the same amount of fields as the header row; and (e) multi-values should be separated by a semicolon (;). Additional technical specifications are provided in Table 1, attached hereto.

### III. PROCESSING OF THIRD-PARTY DOCUMENTS

1. This Agreement will cover joint processing of third-party documents and specifications for production of third-party documents.

2. The parties will engage a common vendor to process third-party documents in accordance with the specifications below. The cost of processing those documents will be divided equally between the plaintiffs and the defendants: 50% plaintiffs, 50% defendants.

3. All parties will instruct third parties to produce their documents directly to the common vendor.

4. To the extent that a third party is making only one identical production in response to all subpoenas, that third party shall be instructed by the parties to this litigation to make only that one production to the common vendor.

5. To the extent that a third party is making distinct productions in response to different document requests and/or meet and confer negotiations, that third party will be instructed by the parties to this litigation to make each distinct production to the common vendor.

6. The common vendor will process all productions it receives, in accordance with the specifications in this Agreement, and will distribute copies of such productions within five business days of receiving the production or as soon as practicable to: Bonny Sweeney and Robert A. Mittelstaedt at the addresses listed in their respective signature block to this document.

7.      Unless otherwise agreed to among the parties, the party that first issued a subpoena to a particular third party (the "First Party") will be responsible for: (a) ensuring that the third party's production is provided directly to the common vendor; (b) sending notice to all parties of the date that the third-party will provide its production to the common vendor (the "Production Date"); (c) notifying all parties if the third-party does NOT provide its production on the Production Date; (d) ensuring that the common vendor distributes the production to all parties within five business days of receiving the production; and (e) providing notice to all parties if the common vendor *cannot* distribute the production to the parties within five business days of receiving the production.

If a third-party production is not Bates stamped, the First-Party will provide unique prefixes and numbers to the vendor and will notify all parties of the Bates range and production.

DATED: June 18, 2007

Respectfully submitted,

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
BONNY E. SWEENEY
GREGORY S. WESTON

_____
GREGORY S. WESTON

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)

| | |
|---|---|
| 1 | San Diego, CA 92101<br>Telephone: 619/231-1058 |
| 2 | 619/231-7423 (fax) |
| 3 | THE KATRIEL LAW FIRM<br>ROY A. KATRIEL |
| 4 | 1101 30th Street, N.W., Suite 500<br>Washington, DC 20007 |
| 5 | Telephone: 202/625-4342<br>202/330-5593 (fax) |
| 6 | DATED: June 25, 2007   JONES DAY |
| 7 | ROBERT A. MITTELSTAEDT<br>CAROLINE M. MITCHELL |
| 8 | TRACY STRONG |

*signature*

TRACY STRONG

555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: 415/626-3939
415/875-5700 (fax)

Attorneys for Defendant, Apple, Inc.

\* \* \*

# O R D E R

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____

THE HONORABLE JAMES WARE
UNITED STATES DISTRICT JUDGE

S:\CasesSD\Apple Tying\STP00042667.doc

STIPULATION AND [PROPOSED] ORDER GOVERNING ELECTRONIC DISCOVERY
FORMATS - C-05-00037-JW                                                                                          - 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 28, 2007.

s/ GREGORY S. WESTON
GREGORY S. WESTON

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:GWeston@LerachLaw.com

# Mailing Information for a Case 5:05-cv-00037-JW

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael David Braun**
  service@braunlawgroup.com

- **Andrew S. Friedman**
  rcreech@bffb.com,afriedman@bffb.com

- **Roy A. Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com,ybennett@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,ybennett@jonesday.com

- **Brian P Murray**
  bmurray@rabinlaw.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Adam Richard Sand , Esq**
  invalidaddress@invalidaddress.com

- **John J. Stoia , Jr**
  jstoia@lerachlaw.com

- **Tracy Strong**
  tstrong@jonesday.com,dharmon@jonesday.com

- **Bonny E. Sweeney**
  bsweeney@lerachlaw.com,E_file_sd@lerachlaw.com,tturner@lerachlaw.com

- **Gregory Steven Weston**
  gweston@lerachlaw.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Francis Joseph Balint                                                                                        , Jr

Bonnett Fairbourn Friedman & Balint, P.C
2901 North Central Avenue
Suite 1000
Phoenix, AZ 85012-3311

**Todd David Carpenter**
Bonnett, Fairbourn, Friedman, & Balint
2901 N. Central Avenue
Suite 1000
Phoenix, AZ 85012

**Elaine A. Ryan**
Bonnett Fairbourn Friedman & Balint, P.C
2901 N. Central Avenue
Suite 1000
Phoenix, AZ 85012