| | |
|---|---|
| 1 | LERACH COUGHLIN STOIA GELLER<br>  RUDMAN & ROBBINS LLP |
| 2 | BONNY E. SWEENEY (176174)<br>GREGORY S. WESTON (239944) |
| 3 | 655 West Broadway, Suite 1900<br>San Diego, CA  92101 |
| 4 | Telephone:  619/231-1058<br>619/231-7423 (fax) |
| 5 | bonnys@lerachlaw.com<br>gweston@lerachlaw.com |
| 6 | |
| 7 | THE KATRIEL LAW FIRM<br>ROY A. KATRIEL (*pro hac vice*) |
| 8 | 1101 30th Street, N.W., Suite 500<br>Washington, DC  20007 |
| 9 | Telephone:  202/625-4342<br>202/330-5593 (fax) |
| 10 | rak@katriellaw.com |
| 11 | Co-Lead Counsel for Plaintiffs |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION | Lead Case No. C-05-00037-JW |
| | CLASS ACTION |
| This Document Relates To: | DECLARATION OF BONNY E. SWEENEY IN SUPPORT OF PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO CIVIL L.R. 7-11 |
| ALL ACTIONS. | |

I, Bonny E. Sweeney, declare as follows:

1. I am an attorney admitted to practice before all of the state and federal courts of the State of California. I am a partner at the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP, co-lead counsel for Plaintiffs in this action. I have personal knowledge of the matters set forth herein and, if called as a witness, I could and would testify competently thereto.

2. Plaintiffs met and conferred with Defendants in an effort to reach an agreement over the scope of discovery in the present action. My firm on January 17, 2007, served requests for production of documents, interrogatories, requests for admissions, and two 30(b)(6) deposition notices. I subsequently met and conferred with Defendant's counsel and offered on February 23, 2007 to defer until after class certification most of Plaintiffs' requests for production, all of Plaintiffs' requests for admission, all but one interrogatory, and to narrow the subject matter of both 30(b)(6) deposition notices. In subsequent negotiations and in a letter I sent on June 18, 2007, Plaintiffs offered narrower versions of several of requests for production of documents, offered to defer one 30(b)(6) deposition, offered to withdraw the second 30(b)(6) request if Defendant would produce company organizational charts, and offered to defer the one remaining interrogatory that Plaintiffs had not already offered to defer.

3. As of today, Defendant has not produced ***any*** documents in response to the January 17, 2007 request for production of documents, have refused Plaintiffs' offer that organizational charts be produced as a substitute for a 30(b)(6) deposition relating to Defendant's organizational structure, and have only agreed to substantially comply with one of Plaintiffs' requests for production.

4. In total, after over nearly two and a half years of litigation, Defendant has only produced 66 pages of documents, 58 pages of which were simply print-outs of documents on Defendant's public webpage.

5. Defendant's position is that the November 21, 2006 case management order entered in the *Charoensak v. Apple Computer, Inc.* action ("*Slattery/Charoensak* action") applies to the present action, and has proposed that Plaintiffs agree to a stipulation on the same terms as those of the *Slattery/Charoensak* action case management order. Plaintiffs, based on their experience during

the time they informally offered to proceed as if discovery were bifurcated, are unwilling to so stipulate. Defendants also rejected Plaintiffs' request that along with class certification issues, discovery proceed on preliminary topics such as Defendant's organizational structure, and on requests that impose at most a *de minimis* burden on the parties. For this reason, Plaintiffs submit a Proposed Order Governing Discovery and an Alternative Proposed Order Governing Discovery rather than a stipulation agreed upon by both parties.

6. In its discovery to Plaintiffs, Defendant has demanded information that goes beyond the requirements of Fed. R. Civ. P. Rule 23. For example, Defendant served discovery on Plaintiff Melanie Tucker demanding that she produce receipts for all CDs and DVDs that she has purchased since January 1, 2001, "including credit card receipts and statements," (First Set of Requests for Production of Documents ("Req.") No. 3), that Tucker provide to Defendant for inspection her own iPod (Req. No. 22), her computer hard drive (Req. No. 24) and every CD and DVD she ***or any member of her family*** owns (Req. No. 25). Further, Defendant requested the same of "all persons acting or purporting on her behalf, including her attorneys" and her and her attorneys' "spouse, partner, significant other, children, family members and anyone living in YOUR household."

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 9th day of July, 2007, at San Diego, California.

                                                s/ BONNY E. SWEENEY
                                                  BONNY E. SWEENEY

S:\CasesSD\Apple Tying\DEC00043026.DOC

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 9, 2007.

      s/ BONNY E. SWEENEY
      BONNY E. SWEENEY

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:BonnyS@LerachLaw.com

# Mailing Information for a Case 5:05-cv-00037-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael David Braun**
  service@braunlawgroup.com

- **Andrew S. Friedman**
  rcreech@bffb.com,afriedman@bffb.com

- **Roy A. Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com,ybennett@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,ybennett@jonesday.com

- **Brian P Murray**
  bmurray@rabinlaw.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Adam Richard Sand , Esq**
  invalidaddress@invalidaddress.com

- **John J. Stoia , Jr**
  jstoia@lerachlaw.com

- **Tracy Strong**
  tstrong@jonesday.com,dharmon@jonesday.com

- **Bonny E. Sweeney**
  bsweeney@lerachlaw.com,E_file_sd@lerachlaw.com,tturner@lerachlaw.com

- **Gregory Steven Weston**
  gweston@lerachlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Francis Joseph Balint                                                                                   , Jr**

Bonnett Fairbourn Friedman & Balint, P.C
2901 North Central Avenue
Suite 1000
Phoenix, AZ 85012-3311

**Todd David Carpenter**
Bonnett, Fairbourn, Friedman, & Balint
2901 N. Central Avenue
Suite 1000
Phoenix, AZ 85012

**Elaine A. Ryan**
Bonnett Fairbourn Friedman & Balint, P.C
2901 N. Central Avenue
Suite 1000
Phoenix, AZ 85012