IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re MagSafe Apple Power Adapter Litigation | NO. C 09-01911 JW<br><br>**ORDER GRANTING IN PART PLAINTIFFS' MOTIONS TO REQUIRE APPELLATE BOND** |
| / | |

Presently before the Court are Plaintiffs' Motions to Require Appellate Bond.[1] Plaintiffs ask that Objectors[2] each be required to post a bond of $200,000 in order to pursue their respective appeals. Plaintiffs contend that such a bond is appropriate because each Objector has the ability to post a bond and because the appeals raised by Objectors are frivolous. The Court conducted a hearing on May 21, 2012. Based on the papers submitted to date and oral argument, the Court GRANTS Plaintiffs' Motions in part and requires each Objector to post an appellate bond in the amount of $15,000 per Objector.

---

[1] (Notice of Motion and Motion for Posting of an Appeal Bond by Professional Objector Robert J. Gaudet, Jr. to Secure Payment of Costs on Appeal (Fed. R. App. P. 7); Memorandum of Points and Authorities in Support Thereof, hereafter, Docket Item No. 127; Notice of Motion and Motion for Posting of an Appeal Bond by Jeremy Lee to Secure Payment of Costs on Appeal (Fed. R. App. P. 7); Memorandum of Points and Authorities in Support Thereof, Docket Item No. 131; Notice of Motion and Motion for Posting of an Appeal Bond by Objector Marie Gryphon to Secure Payment of Costs on Appeal (Fed. R. App. P. 7), hereafter, Docket Item No. 132; Notice of Motion and Motion for Posting of an Appeal Bond by Dale Funk to Secure Payment of Costs on Appeal (Fed. R. App. P. 7); Memorandum of Points and Authorities in Support Thereof, hereafter, "Funk Motion," Docket Item No. 133.)

[2] The Objectors are Robert Gaudet, Jr. ("Gaudet"), Jeremy Lee ("Lee"), Marie Gryphon ("Gryphon") and Dale Funk ("Funk").

**A.     Background**

On May 1, 2009, Plaintiffs filed a class action complaint alleging that the MagSafe power adapter was not fit for ordinary usage because it was negligently designed and dangerously frayed, sparked and failed to work.  (See Docket Item No. 1.)  On August 8, 2011, Plaintiffs filed an unopposed Motion for Preliminary Approval of Class Action Settlement.  (See Docket Item No. 70.)  On September 27, 2011, after requiring certain changes to the opt-out provisions of the claims process, the Court preliminarily approved the settlement reached by the parties.  (See Docket Item No. 82.)

On December 19, 2011, Class Counsel moved for attorney fees.  (See Docket Item No. 83.)  On December 30, 2011, Objector Funk objected to the settlement on the grounds that notice was deficient, the claim form was overly burdensome, and relief was limited to the value of three replacement adapters per customer.[3]  On January 5, 2012, Objector Gryphon objected to the settlement on the grounds that the claims process was overly burdensome, and contended that attorney fees should be based on the value of claims made, not the value of the funds made available to the class.[4]  On January 6, 2012, Objector Gaudet objected to the settlement on the ground that it was unfair to consumers who replaced their adapter more than three years after purchasing it.[5]  Also on January 6, 2012, Objector Lee objected to the settlement on the grounds that notice was inadequate, the extended warranty was not long enough, and attorney fees were excessive.[6]

On January 18, 2012, the parties moved for final approval of the settlement.  (See Docket Item Nos. 88, 92.)  On March 8, 2012, having considered all objections to the settlement, the Court granted final settlement approval.  (See Docket Item No. 107.)

---

[3] (Objection by Dale Funk to the Settlement, to Notice, to Attorney's Fees and to Final Approval of Class Action Settlement, hereafter, "Funk Objection," Docket Item No. 98-5.)

[4] (Objection to Proposed Settlement, hereafter, "Gryphon Objection," Docket Item No. 85.)

[5] (Letter from Rob Gaudet to Clerk of Court, hereafter, "Gaudet Objection," Docket Item No. 98-7.)

[6] (Letter from Jeremy Lee to Clerk of Court, hereafter, "Lee Objection," Docket Item No. 98-8.)

2

**B**. **Discussion**

At issue is whether Objectors should be required to post an appellate bond.

"[T]he district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Azizian v. Federated Dep't Stores, Inc., 499 F.3d 950, 954-55 (9th Cir. 2007) (citing Fed. R. App. P. 7). "[T]he purpose of [an appellate bond] is to protect an appellee against the risk of nonpayment by an unsuccessful appellant." Fleury v. Richemont N. Am., Inc., No. C-05-4525 EMC, 2008 WL 4680033, at *6 (N.D. Cal. Oct. 21, 2008) (quotations and citations omitted). In determining whether a bond should be required, the court should consider (1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay the appellee's costs if the appeal loses; and (3) the merits of the appeal. See id. at *6-7. While an appellate bond should be sufficient to cover costs on appeal, those costs may only include attorney fees if the claim is brought under a fee-shifting statute that would allow recovery from an objecting class member, as opposed to a defendant. Azizian, 499 F.3d at 953-54. Even if a district court concludes that attorney fees are likely to be awarded on the ground that an appeal is frivolous, the district court may not include such fees in an appellate bond. See id. at 954.

Upon review, the Court finds that the posting of an appellant bond is warranted in this case. With regards to the first factor–namely, the ability to post a bond–Objectors have submitted some evidence that they will have difficulty posting their respective bonds.[7] The Court finds, however, that in light of the significant risk of non-payment of costs and the lack of merit in Objectors' appeals, this factor nonetheless tips in favor of requiring a bond. With regards to the second factor– the difficulty of collecting payment post-appeal–each Objector in this case resides outside of the

---

[7] (See, e.g., Declaration of Robert J. Gaudet, Jr. ¶¶ 32-34, hereafter, "Gaudet Decl.," Docket Item No. 158.) In addition, at the May 21 hearing, Objector Funk and counsel for Objector Gryphon contended that it would be difficult for them to post appellate bonds.

jurisdiction of the Ninth Circuit.[8] This factor weighs heavily in favor of requiring a bond,[9] as Plaintiffs will otherwise be forced to pursue collection actions in multiple locations both within the United States and abroad. Finally, the merits of the appeals at issue weigh heavily in favor of requiring a bond, as each is lacking in merit. Objector Funk's objection, for example, appears to pertain to an appeal in a different case, as he describes the legal issues as including "anything and everything relating to these gift cards,"[10] even though no gift cards at issue in this case. The remaining objections focus almost exclusively on the issue of notice and attorney fees, both of which were carefully evaluated by the Court before granting final settlement approval.[11] Thus, because Objectors are highly unlikely to prevail in their appeals, and because there is a significant risk of non-payment following appeal, the Court finds that a bond is warranted.

With regards to the amount of the bond, however, the Court finds that a bond may only be required in an amount sufficient to cover Plaintiffs' anticipated costs, and not for Plaintiffs' projected attorney fees. See Azizian, 499 F.3d at 960.[12] Here, Plaintiffs seek only $25,000 in costs,

---

[8] (See Lee Objection at 1 (listing address in Texas); Funk Objection at 1 (listing address in Missouri); Gryphon Objection at 2 (listing address in Massachusetts); Gaudet Decl. ¶ 1 (stating that Gaudet lives in Ireland).)

[9] See Fleury, 2008 WL 4680033, at *7.

[10] (Funk Objection at 6.)

[11] (See Docket Item No. 107.)

[12] Plaintiffs contend that attorney fees may be recoverable against an Objector under the Magnuson-Moss Warranty Act and the Song-Beverly Consumer Warranty Act, and thus the limitation on bond amounts provided by Azizian does not apply. (See, e.g., Funk Motion at 20.) The Court finds, however, that this contention is misguided. In concluding that the Clayton Act would not allow the recovery of attorney fees against an objector, the Azizian court explained "[w]hile the interests of an antitrust settlement class member who challenges the settlement on appeal may well be adverse to the interests of a class member who supports it, both remain the alleged victims, rather than the perpetrators, of the claimed antitrust injury. Ordering one class member to pay other class members' appellate attorney's fees because of a disagreement about the propriety of settlement would not serve the purpose of [The Clayton Act] to penalize and deter those who have violated the antitrust laws." 499 F.3d at 960. Here, both Plaintiffs and Objectors are the alleged victims of Defendant's conduct. Thus, the Court finds that under Azizian, Plaintiffs cannot recover attorney fees from Objectors.

4

and $175,000 in attorney fees.[13] Accordingly, the Court finds that a bond of $25,000 per Objector is sufficient to cover Plaintiffs' costs. However, in light of the evidence that a bond of $25,000 may pose significant financial hardship to Objectors, the Court will order at this time a bond of only $15,000 per Objector. To ensure the posting of adequate bonds to cover costs, the Court will allow Plaintiffs to conduct limited discovery on the issue of whether each Objector is capable of posting a bond in the amount of the full $25,000. Accordingly, the Court ORDERS each of the Objectors to submit to one deposition regarding their membership in the class and their ability to post a bond in the amount of $25,000.

**C.    Conclusion**

The Court GRANTS in part Plaintiffs' Motions to Require an Appellate Bond.[14] On or before **June 8, 2012,** each Objector shall either post a $15,000 bond or file a notice of dismissal of his or her appeal.

In addition, the Court GRANTS Plaintiffs' Motion to conduct limited discovery. On or before **June 18, 2012**, each Objector shall be available for one in-person deposition regarding his or her ability to post a bond in the amount of $25,000. Upon completion of the depositions, Plaintiffs may file a single supplemental Motion seeking a higher bond per Objector based on financial information gathered from the deposition. Plaintiffs may seek to have the Court hear such Motion on shortened time at the Court's last calendar on July 9, 2012.

Dated: May 29, 2012

JAMES WARE
United States District Chief Judge

---

[13] (See e.g., Declaration of Craig L. Briskin in Support of Plaintiffs' Motion for an Appeal Bond by Objector Marie Gryphon to Secure Payment of Costs on Appeal ¶¶ 21-22, Docket Item No. 132-2.)

[14] In determining the appropriate amount of a bond to be required from each Objector, the Court looked only to the parties' opening briefs and accompanying declarations, as well as to each Objector's opposition and accompanying declaration. The Court did not consider any declarations submitted with Plaintiffs' Reply Briefs. Accordingly, the Court DENIES as moot Objector Gaudet's Motion to Strike Portions of Plaintiffs' Reply Brief. (See Docket Item No. 160.)

5

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Aaron Michael Olsen aarono@zhlaw.com
Alexei Klestoff aklestoff@mofo.com
Alreen Haeggquist alreenh@zhlaw.com
Andrew David Muhlbach amuhlbach@mofo.com
Angela Christine Agrusa aagrusa@linerlaw.com
Anne M. Hunter Ahunter@mofo.com
Craig L. Briskin cbriskin@findjustice.com
Helen I. Zeldes helenz@zhlaw.com
Joseph Darrell Palmer darrell.palmer@palmerlegalteam.com
Keri Montrose kmontrose@jrsfllp.com
Michael Jeffrey Saltz msaltz@jrsfllp.com
Patrick McNicholas mel@mcnicholaslaw.com
Penelope Athene Preovolos ppreovolos@mofo.com
Steven A. Skalet sskalet@findjustice.com
Taryn Wilgus Null twilgus-null@findjustice.com
Theodore Harold Frank tfrank@gmail.com

**Dated: May 29, 2012**                                   **Richard W. Wieking, Clerk**

**By:     /s/ JW Chambers
         Susan Imbriani
         Courtroom Deputy**