Theodore H. Frank (SBN 196332)
**CENTER FOR CLASS ACTION FAIRNESS LLC**
1718 M Street NW
No. 236
Washington, DC 20036
Tfrank@gmail.com
(703) 203-3848

Counsel for Marie Gryphon

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>Magsafe Apple Power Adapter Litigation<br><br><br><br>Marie Gryphon,<br>    *Objector* | Case No. C 09-01911 JW<br><br>**DECLARATION OF THEODORE H. FRANK DOCUMENTING COMPLIANCE WITH ORDER OF JUNE 20, 2012** |

I, Theodore H. Frank, declare as follows:

1. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. On May 29, 2012, the Court issued an order (Docket No. 161), holding that the appellants were each individually responsible to post a bond for "costs," which the Court found to be $25,000, though the movants presented no evidence of Fed. R. App. Proc. 39 taxable costs, the Ninth Circuit limits taxable costs to ten cents a page, and it would be impossible for the appellees to legitimately copy 250,000 pages in the course of defending Ms. Gryphon's appeal.

3. The May 29 Order stated that it would limit the bond to $15,000 on the incorrect premise that Ms. Gryphon was disputing her ability to pay a $25,000 bond, with leave for class counsel to move to increase the bond requirement upon a showing of an ability to pay. But Ms. Gryphon never disputed her ability to pay a $25,000 bond. Because of my duty as an officer of the court to avoid unnecessary motion practice, and because of the ambiguities in the May 29 Order, on June 6, 2012, in an abundance of caution, Ms. Gryphon posted a $25,000 bond. A true and correct copy of the cover letter is attached as Exhibit A.

4. The Clerk's office received the $25,000 check on June 7, 2012, but did not deposit it until June 8, 2012, with receipt number 34611075037.

5. The May 29 Order required Ms. Gryphon to be made available for deposition by June 18, 2012. Ms. Gryphon was made available for deposition on June 11, 2012, and class counsel chose not to depose her. A true and correct copy of the June 2, 2012, letter to class counsel making Ms. Gryphon available for deposition is attached as Exhibit B. A true and correct copy of Ms. Gryphon's Declaration attached to that letter is attached as Exhibit C. True and correct copies of the three exhibits attached to Ms. Gryphon's declaration are attached as Exhibits D, E, and F.

6. On June 20, 2012, after business hours on the East Coast, without any notice to Ms. Gryphon or any opportunity for Ms. Gryphon to respond, the Court *sua sponte* issued an

order stating that Ms. Gryphon should not have posted a $25,000 bond, requiring Ms. Gryphon to post a new $15,000 bond by June 22, 2012, and ordering the Clerk to "immediately" return the $25,000 Ms. Gryphon posted. Docket No. 176.

7. At the earliest date possible, June 21, 2012, I transmitted by Federal Express a $15,000 check to cover the bond required by the June 20 Order. A true and correct copy of the cover letter is attached as Exhibit G.

8. The Court's order requires the bond to be posted by June 22, 2012. The Clerk's office will receive the check today, June 22, 2012. My experience, however, is that the Clerk's office will not docket the receipt of the $15,000 check the same day they receive it. I thus submit this declaration to demonstrate a good-faith effort to comply with the Court's orders, in the event that the Clerk's office frustrates compliance by the June 22 deadline.

9. The June 20 Order states that Ms. Gryphon "attempted" to post a bond. This is factually incorrect: Ms. Gryphon *actually* posted a $25,000 bond. The Clerk electronically deducted $25,000 in funds. Notwithstanding the Court's order to the Clerk to "immediately" return the $25,000, the Clerk's office informs my office that they will not return the money until August. Ms. Gryphon thus currently has $40,000 on deposit with the Court, because the Court ordered an entirely new bond to be posted instead of asking the Clerk to simply return $10,000 of the $25,000 previously deposited.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Excecuted on June 22, 2012, in Arlington, Virginia.

/s/ *Theodore H. Frank*
Theodore H. Frank

Case No. C 09-01911 JW     2
DECLARATION OF THEODORE H. FRANK DOCUMENTING COMPLIANCE WITH ORDER OF JUNE 20, 2012

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system thus effectuating service of such filing all ECF registered attorneys in this case.

DATED this 22nd day of June, 2012.

                                            <u>*(s) Theodore H. Frank*</u>
                                            Theodore H. Frank