# EXHIBIT A

# One (1) Year Limited Warranty - Worldwide

# EXHIBIT B

Apple Portables: Troubleshooting MagSafe adapters                    Page 1 of 2

Search Support      Enter keywords or serial number
                    Search tips and advanced search

## Apple Portables: Troubleshooting MagSafe adapters

Last Modified: March 09, 2009
Article: TS1713                              Old Article: TS1414

### Symptoms

Is your portable computer's MagSafe power adapter not working correctly? This article will tell you what you can do if you experience one or more of the following issues:

- ■ Your power adapter won't charge the computer.
- ■ The LED on the adapter connector doesn't light up when attached to the computer.
- ■ The adapter only charges the computer intermittently.
- ■ The adapter's white insulation separates from the magnetic end of the MagSafe connector (also known as strain relief).

Note: If you are attempting to troubleshoot a non-MagSafe power adapter with a barrel-type connector, please refer to Apple Portables: Troubleshooting power adapters with a barrel-type connector.



Barrel-type connector | MagSafe connectors

### Products Affected
Portable Computers, MagSafe adapters only

### Resolution

Follow these steps to identify the cause of the issue and find out which solutions may be available to you.

#### If you see a spark

Sometimes when you plug the power adapter into the wall, you may see a spark. This is usually normal and can occur when you plug any electrical appliance into a live outlet. If the spark comes from somewhere other than the blades of the plug, if you experience any damage or discoloration of the adapter, or if you have other concerns about sparking, contact Apple.

#### Troubleshooting power adapter issues

1.  Make sure a known good outlet is being used.
    Verify that the power outlet you're using is working correctly. Plug in a known good appliance, such as a lamp, TV, or clock, and confirm it powers on properly.

### Additional information

Whether your product is in or out-of-warranty, you can take your adapter to an Apple-Authorized Service Provider or Apple Retail Store for evaluation and replacement if necessary. You may be eligible for a replacement adapter free of charge provided there are no signs of accidental damage.

Although you are not required to bring in the computer used with the adapter please be sure to bring the serial number from the computer; it is required to process potential replacements. To locate the serial number for your computer please follow the steps in the article appropriate for your computer: MacBook, MacBook Pro, or MacBook Air.

If you plan to visit an Apple Retail store please make a reservation at the Genius Bar using http://www.apple.com/retail/geniusbar/.


**Still need help? Speak to an Apple Expert**
Arrange a phone call with one of our Apple Experts who specializes in your exact question. Talk to us now or later at your convenience. We'll even call you.
Get started
*NOTE: Callbacks are currently only available for U.S. and Canada phone numbers.*

HELEN I. ZELDES (SBN: 220051)
ALREEN HAEGGQUIST (SBN: 221858)
ZELDES & HAEGGQUIST, LLP
625 Broadway, Suite 906
San Diego, CA 92101
Telephone: (619) 342-8000
Fax: (619) 342-7272
helenz@zhlaw.com
alreenh@zhlaw.com

STEVEN A. SKALET (admitted pro hac vice)
CRAIG L. BRISKIN (admitted pro hac vice)
MEHRI & SKALET, PLLC
1250 Connecticut Avenue., NW, Suite 300
Washington, DC 20036
Telephone: (202) 822-5100
Fax: (202) 822-4997
sskalet@findjustice.com
cbriskin@findjustice.com

Attorneys for the *Kitagawa* Plaintiffs
[Additional counsel appear on the next page and the
signature page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

In re MagSafe Apple Power Adapter Litigation    )   Case No. C 09-01911 JW
_____ )
                                                )   **FIRST AMENDED CONSOLIDATED
                                                    CLASS ACTION COMPLAINT**

---

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

ANGELA C. AGRUSA (SBN: 131337)
   aagrusa@linerlaw.com
CAMILLA Y. CHAN (SBN: 241674)
   cchan@linerlaw.com
LINER GRODE STEIN YANKELEVITZ
SUNSHINE REGENSTREIF & TAYLOR LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503
Telephone:  (310) 500-3500
Facsimile:  (310) 500-3501

PATRICK MCNICHOLAS (SBN: 125868)
   pmc@mcnicholaslaw.com
CATHRINE B. SCHMIDT (SBN: 212827)
   cbs@mcnicholaslaw.com
MCNICHOLAS & MCNICHOLAS LLP
10866 Wilshire Boulevard Suite 1400
Los Angeles, CA 90024-4338
Telephone: (310) 474-1582
Facsimile:  (310) 475-7871

Attorneys for the *Hackwith* Plaintiffs

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1    Plaintiffs Naotaka Kitagawa, Jr., Timothy J. Broad, Jesse Reisman, Tracey Hackwith, and

2   Michael Martin (collectively "Plaintiffs"), by and through their attorneys, bring this action on behalf

3   of themselves and all others similarly situated against Apple, Incorporated ("Apple" or "Defendant")

4   and Does 1 through 50.   Plaintiffs hereby allege, on information and belief, except as to those

5   allegations which pertain to the named Plaintiffs, which allegations are based on personal

6   knowledge, as follows:

7                                        **NATURE OF THE ACTION**

8        1.      Plaintiffs bring this class action on behalf of purchasers of Apple's "Apple 85W

9   MagSafe Power Adapter (for MacBook Pro)" and the "Apple 60W MagSafe Power Adapter (for the

10  MacBook)" (referred to collectively as the "MagSafe Adapter") in California and throughout the

11  United States.

12       2.      In its marketing of the product, Apple has represented that the MagSafe Adapter was

13  designed with a "magnetic DC connector that ensures your power cable will disconnect if it

14  experiences undue strain and helps prevent fraying or weakening of the cables over time. Designed

15  to be the perfect traveling companion, the adapter has a clever design which allows the DC cable to

16  be wound neatly around itself for easy cable storage." *See* http://www.apple.com/store.

17       3.      The MagSafe Adapter is the only plug-in power source Apple provides for the

18  MacBook and MacBook Pro computers.   However, the MagSafe Adapter is not fit for the ordinary

19  purposes for which it was intended:  powering up and charging MacBook computers.   Instead, the

20  MagSafe Adapter – because it was negligently designed and manufactured – *inter alia*, dangerously

21  frays, sparks, prematurely fails to work, and catches fire, overheats and melts (the "Design

22  Defects").   The MagSafe Adapter poses a present and latent danger to its users when used as

23  directed.  Apple is and was aware of this dangerous defect, but Apple has failed to disclose it or

24  warn Plaintiffs and the Class of the defect. As of the date of this filing, Apple continues to market

25  and sell the defective MagSafe Adapter, resulting in continuing damage to the Class.   As a result,

26  Plaintiffs and the Class (which likely number in the millions) have purchased flawed and dangerous

27  MagSafe Adapters, which prematurely fail and present fire hazards.

28

1

CONSOLIDATED CLASS ACTION COMPLAINT

4.      Plaintiffs bring this class action on behalf of themselves and all others similarly situated, asserting claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL" or "§17200"); the Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA"); the Magnuson-Moss Warranty Act, 15 U.S.C. §2310(d)(1); Breach of Express Warranty; Breach of the Implied Warranty of Fitness for a Particular Purpose; Breach of the Implied Warranty of Merchantability; violations of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §1790 *et seq.* ("Song-Beverly"); Negligence; Unjust Enrichment, Untrue and Misleading Advertising in Violation of Cal. Bus & Prof. Code § 17500 *et seq.*; Injunctive Relief and Declaratory Relief. Plaintiffs seek damages and equitable relief on behalf of the Class, which relief includes but is not limited to the following:  providing class members with a safe, defect-free Adapter, or if no such product exists, to refund Plaintiffs and class members the full amount paid for their Apple computer, which relies on the MagSafe Adapter for its power and usage; a refund of the replacement cost of the defective MagSafe Adapters;  costs and expenses, including attorneys' fees and expert fees; declaratory relief; and any additional relief that this Court determines to be necessary to provide complete relief to Plaintiffs and the Class.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1367, because Plaintiffs' claims arise under federal statute.  The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a).

6.      This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d)(2) ("CAFA"), as to the named Plaintiffs and every member of the Class, because the proposed Class contains more than 100 members, the aggregate amount in controversy exceeds $5 million, and members of the Class reside across the United States and are therefore diverse from Defendant.

7.      This Court has personal jurisdiction over Apple because its corporate headquarters are located in Cupertino, California, it is authorized to conduct business in California, and it has intentionally availed itself of the laws and markets of California through the promotion, marketing, distribution and sale of its MagSafe Adapter in California.

2

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

8.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District. Venue is also proper under 18 U.S.C. §1965(a), because Defendant transacts a substantial amount of its business in this District. In addition, Defendant is headquartered in Santa Clara County, which is assigned to this Division of the Court. Plaintiffs are filing concurrently herewith an affidavit stating facts showing that this action has been commenced in a proper county pursuant to Cal. Civ. Code § 1780(c).

## INTRADISTRICT ASSIGNMENT

9.      Assignment to the San Jose Division is proper because a substantial portion of the acts, events, and omissions giving rise to this action occurred in Santa Clara, which is within the purview of the San Jose Division of this District.

## PARTIES

10.      Plaintiff Naotaka Kitagawa, Jr. ("Mr. Kitigawa") resides in Cupertino, California. Plaintiff purchased an Apple MacBook computer, which came with an Apple MagSafe 60W Adapter, in May 2006. Approximately a year and a half after purchase, Plaintiff noticed that the MagSafe Adapter cut power intermittently, the cable near the connector became frayed, and the jacket over the wiring showed signs of melting and discoloration from heat. Plaintiff purchased an 85W MagSafe replacement adapter from an Apple Store in San Jose, California on December 19, 2008 for $79.00 plus tax, totaling $85.52.

11.      Plaintiff Timothy J. Broad ("Mr. Broad") resides in Cincinnati, Ohio. In September 2006, Mr. Broad purchased an Apple MacBook computer, which came with an Apple MagSafe 60W Adapter. Approximately fourteen months after purchase, Mr. Broad was using his MacBook when he noticed that the MagSafe Adapter cable was severely overheating. "It almost burned my hand when I brushed it accidentally." Concerned something was wrong, Mr. Broad kept an eye on the MagSafe Adapter and noticed that it had started to melt, forming a large hole in the cable. The MagSafe Adapter then shorted and stopped working. Mr. Broad feared his home "might have caught fire" if he had not been present at the time. Mr. Broad bought an 85W MagSafe replacement

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1  adapter on E-bay in mid-September, 2006 for approximately $58.00.  That MagSafe Adapter

2  recently failed in a similar fashion, and Mr. Broad purchased a second replacement adapter.

3         12.     Plaintiff Jesse Reisman ("Mr. Reisman") resides in Fort Washington, Maryland. In

4  or about June 2006, Plaintiff purchased an Apple MacBook Pro computer, which came with an

5  Apple MagSafe 85W Adapter.  Approximately a year and a half after purchase, Mr. Reisman noticed

6  that the MagSafe Adapter became "noticeably hot" when the computer was in use and that the cable

7  wires had become exposed at the point where cable entered the main adapter body, as well as at the

8  point of insertion into the MagSafe connector, creating a hazardous condition.  Mr. Reisman

9  purchased an 85W MagSafe replacement adapter on January 18, 2008 from Amazon.com for $70.38.

10  Mr. Reisman's replacement adapter is now showing signs of premature failure.

11         13.     Plaintiff Tracey Hackwith ("Ms. Hackwith") is, and at all relevant times has been, a

12  resident and citizen of California. Ms. Hackwith purchased a MacBook from Apple online for her

13  thirteen year-old son on June 27, 2006. The MacBook came with a 60W MagSafe Adapter, which,

14  after the warranty expired, stopped working after the cord frayed at the end, near the magnet . Ms.

15  Hackwith then purchased a replacement MagSafe Adapter at the Apple store in Mission Viejo,

16  California.  The replacement MagSafe Adapter frayed, separated, and charred at the same place as

17  the original MagSafe Adatper, with visible signs of smoke. Ms. Hackwith returned to the Apple

18  store in Mission Viejo, California to replace her second, defective MagSafe Adapter.   Apple

19  employees told her that the MagSafe Adapter was out of warranty, and for this reason, they refused

20  to replace the MagSafe Adapter.  The Apple employees informed her that she could purchase a

21  replacement MagSafe Adapter for $79.99.  Ms. Hackwith decided not to purchase another version of

22  the same defective product – a product that she feared might burn down her house.

23         14.     Plaintiff Michael Martin ("Mr. Martin") is, and at all relevant times has been, a

24  resident of Wisconsin. Mr. Martin purchased a MacBook Pro with an 85W MagSafe Adapter from

25  the Apple online store in August 2006.  In or about March 2008, the MagSafe Adapter failed when

26  its wires pulled away from the magnet portion during normal operation, and started to burn through

27  the wire sheath.  The sheath ultimately burned all the way through, causing the plastic material to

28  smoke and release a noxious burnt plastic odor.  Mr. Martin then took the MagSafe Adapter to the

4

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1    Apple Store at the Mayfair Mall in Wisconsin for an appointment with Apple's repair service

2    provider, the "Genius Bar." He explained what happened and showed the Apple employee the

3    MagSafe Adapter. The Apple employee only offered to sell him a new MagSafe Adapter for $79.99.

4    Mr. Martin protested saying that the MagSafe Adapter should not be burning and catching fire. The

5    Apple employee left to speak to the Apple store manager, and then came back and said that the item

6    was out of warranty and that Mr. Martin had obviously abused the MagSafe Adapter. Mr. Martin,

7    who took special care of his computer, found the allegation insulting and stated that the MagSafe

8    Adapter was never abused and that he was not going to buy a new MagSafe Adapter because it

9    almost burnt his house down. It was not until he raised his safety concern that the Apple employee

10    replaced the MagSafe Adapter. Mr. Martin used the replacement MagSafe Adapter beginning in

11    March 2008. Mr. Martin is informed and believes that Apple merely replaced his MagSafe Adapter

12    with yet another MagSafe Adapter containing the same defects that led to the burning of the original

13    one. Mr. Martin fears that he will have to replace this latest MagSafe Adapter with yet another

14    defectively designed product. A photograph of Mr. Martin's defective MagSafe Adapter appears

15    below:



20    15.      Defendant Apple, Inc. ("Apple") is incorporated in California. Its executive offices

21    and company headquarters are located in Cupertino, Santa Clara County, California. Apple is

22    registered to do business in the State of California, and conducts substantial business here. Apple is

23    a publicly traded company, with net sales of over $32.4 billion in 2008, $14.5 billion of which was

24    in the United States alone (up 26% from 2007).[1] Apple markets and sells its MacBook and

25    MacBook Pro Computers ("Subject Computers") and MagSafe Adapters to consumers throughout

27    _____

     [1] Apple, Inc.'s 2008 10-K.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

the United States, including to at least tens of thousands of consumers in California, which constitutes a significant percentage of Apple's sales in the United States and California.

16.     The true names and capacities of Defendants sued herein under California Code of Civil Procedure § 474 as Does 1 through 50, inclusive, are presently unknown to Plaintiffs, who therefore sue these Defendants by fictitious names.  Plaintiffs will amend this Complaint to show their true names and capacities when they have been ascertained.  Each of the Doe Defendants is responsible in some manner for the conduct alleged herein.

## DEFENDANT'S UNLAWFUL CONDUCT

17.     Since the 1970s, Apple has been engaged in the business of designing, manufacturing, marketing, distributing and selling personal computers and related products and services through its own retail (and more recently, online) stores, direct sales, third party wholesalers and resellers.

18.     On or about February 2006, Apple began designing, manufacturing, warranting, advertising, marketing, selling and providing the MagSafe Adapters at issue to consumers throughout the United States for use with its new MacBook series laptop computers.  The MacBook was the first generation of this new series, and the MacBook Pro was the second generation (collectively, the "Subject Computers").  Apple sold the MagSafe Adapters to Plaintiffs and the Class as original equipment with its Subject Computers, as separate accessories for them, and also as replacements.  The MagSafe Adapter is the only power source Apple provides with or for its MacBook and MacBook Pro computers.

19.     Apple markets the benefits of the MagSafe Adapter for both its MacBook and MacBook Pro computers.

20.     Regarding the 85W MagSafe Adapters that come with the MacBook Pro series laptop computers, Apple makes the following representations:

> The MagSafe Power Adapter is just that: a magnetic connection instead of a physical one.  So tripping over a power cord won't send your shiny new MacBook flying off a table or desk; **the cord simply breaks cleanly away,**

6

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

**without damage to either the cord or the system. As an added nicety, this means less wear on the connectors.**[2]

\* \* \* \* \*

Innovative right down to the power cord.  The MacBook Pro power adapter with MagSafe connector is just that: a magnetic connection instead of a physical one. So, if you happen to trip over a power cord, you won't send MacBook Pro flying off a table or desk; the cord simply disconnects, without damage to either the cord or the system.  As an added nicety, this means less wear on the connectors.[3]

\* \* \* \* \*

Designed to be the **perfect traveling companion**, the adapter has a clever design which allows the DC cable to be wound neatly around itself for easy cable storage.[4]

21.     Regarding the 60W MagSafe Adapter that comes with the MacBook series laptop computers, Apple makes the following representations:

Good design leaves nothing to chance. Great design anticipates it. No surprise, then, that MacBook features little touches — like a **klutz-proof power adapter** and a **nifty magnetic latch** — that make your computing experience as streamlined as the MacBook itself.[5]

\* \* \* \* \*

Compact, durable, everything-you-need MacBook.[6]

\* \* \* \* \*

MacBook makes it easy to hit the road thanks to its tough polycarbonate case, built-in wireless technologies, and innovative MagSafe Power Adapter that releases automatically if someone accidentally trips on the cord.[7]

\* \* \* \* \*

---

[2] http://www.apple.com/macbook/design.html.

[3] http://www.apple.com/macbookpro/design.html.

[4] http://store.apple.com/1-800-MY-APPLE/WebObjects/AppleStore.woa/wa/RSLID?mco=816A0BD3&fnode=home/shop_mac/mac_accessories/power&nplm=MA938LL/A#overview.

[5] http://www.apple.com/macbook/design.html.

[6] http://www.apple.com/getamac/whichmac.html.

[7] http://www.apple.com/macbook/design.html.

---

7

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

**Designed to withstand the rigors of life on the go**, every MacBook comes with Apple's MagSafe Power Adapter, **created especially for mobile users** that makes charging the notebook's battery easier than ever by magnetically coupling the power cord to the MacBook. The MagSafe Power Adapter **safely disconnects from the notebook when there is strain on the power cord,** helping to prevent the notebook from falling off its work surface.[8]

22.     Apple also boasts that its MacBook Pro is its "state of the art"[9] flagship portable computer, designed "for mobile professionals" and "life on the road."[10]

23.     Apple further represents that its MagSafe Adapter for both the MacBook and MacBook Pro as is "designed to be the perfect travel companion."[11]

24.     Apple provided Plaintiffs and each purchaser of a MacBook or MacBook Pro with an express one-year warranty, a true and correct copy of which is attached hereto as "Exhibit A." It states as follows:

> Apple…warrants this Apple-branded hardware product against defects in materials and workmanship under normal use for a period of ONE (1) YEAR from the date of retail purchase by the original end-user purchaser. If a hardware defect arises and a valid claim is received within the Warranty Period, at its option, Apple will either (1) repair the hardware defect at no charge, using new or refurbished replacement parts, or (2) exchange the product with a product that is new or which has been manufactured from new or serviceable used parts and is at least functionally equivalent to the original product, or (3) refund the purchase price of the product.

Apple has these same obligations with respect to Plaintiffs and all Class members, but has failed to satisfy these obligations.

25.     Upon information and belief, Apple has never sent out any sort of notice, warning, or recall, or otherwise alerted owners of the MacBook and MacBook Pro computers of the dangers of and problems with the MagSafe Adapters. Instead, Apple has acknowledged the

---

[8] Apple Press Release – May 16, 2006.

[9] http://www.apple.com/macbookpro/.

[10] Apple Press Release – June 5, 2007, available at http://www.apple.com/ca/press/2007_06/macbookpro.html.

[11] Apple Store "Overview" for both the 85W and 60W Adapters.

8

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1   problems of fraying, sparking, melting and overheating associated with the MagSafe Adapters

2   through its half-hearted "extended warranty program" wherein Apple states in a hyperlink buried

3   on its website that consumers who have "see[n] a spark" "may be eligible for a replacement

4   adapter free of charge provided there are no signs of accidental damage." This information is not

5   readily apparent when viewing the website, does not guarantee replacement in all instances of

6   "sparking," and replaces the defective MagSafe Adapter with an identical product containing the

7   same Design Defects. See Apple Portables: Troubleshooting MagSafe Adapters,

8   http://support.apple.com/kb/TS1713?viewlocale=en_US. Attached hereto as "Exhibit B" is a

9   true and correct copy of Apple Portables: Troubleshooting MagSafe Adapters.

10          26.     In conjunction with each sale, Apple marketed, advertised and warranted that the

11   defective MagSafe Adapters were of merchantable quality fit for the ordinary purpose for which

12   such goods were used and were free from defects, or at a minimum would not catch fire.

13          27.     Apple also made express representations about the quality of its MagSafe Adapter.

14   For example, Apple represents on its website that the magnetic cord is designed specifically to cause

15   "less wear on the connectors." http://www.apple.com/macbook/design.html.

16          28.     Apple intends for customers to believe its statements and representations about its

17   MagSafe Adapters and to trust that its products are of the highest quality. The name "MagSafe"

18   itself suggests that Apple paid the utmost attention to consumer safety and protection in designing its

19   product. Apple has concealed materials facts relating to the Design Defects, which cause the

20   MagSafe Adapters to cease functioning, overheat and catch fire.

21          29.     Contrary to Apple's advertisements, the MagSafe Adapter is not "durable" or

22   "designed to withstand the rigors of life on the go," but rather is fragile and fails when used as

23   intended. Plaintiffs and Class members experienced, and continue to experience problems with their

24   MagSafe Adapters even though they have followed the instructions for use and have maintained

25   their MagSafe Adapters with ordinary care.

26          30.     The MagSafe Adapter consistently frays at the end of the cable going in to the

27   magnetic connector, which connects to the computer. These exposed wires turn the MagSafe

28   Adapter into a fire and electrical shock hazard for Apple's customers.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

31.     Any adapter designed for a laptop computer must be durable enough to withstand the normal uses for which it is intended.  Such normal use includes coiling the plug when not in use. The Apple MagSafe Adapter is designed so that the power cable will be wound around itself for storage or when in transport and also requires the user to clamp the cable onto itself to keep it in place.[12]   This normal folding and clamping causes undue stress, wear and degradation to the MagSafe Adapter cable.

32.     As the MagSafe Adapter designer and manufacturer, Apple possesses specialized knowledge regarding the composition of its MagSafe Adapter, and it is in a superior position to know and learn about defects in its MagSafe Adapter.  In fact, as evidenced by the many purchasers of the MagSafe Adapter who have gone through the trouble of logging on to Apple's website to complain of the problems alleged herein, Apple has been aware of these defects for nearly three years, but has done nothing about them.  From June 2006 through March 2009, more than 1,000 "customer reviews" of the MagSafe Adapter have been posted to the Apple Online Store.  The vast majority of the reviews are extremely negative, warning Apple over and over again about the hazards of its MagSafe Adapter.  For example, a recent posting about the 85W Adapter on February 28, 2009, titled, **"It melted – literally"** states:

- I turn off (and unplug) my laptop almost every night and while I am gone during the day. The wire literally has melted near the battery and no longer works. Aside from being very frustrating and annoying, I can see this as posing a possible safety hazard. I'm a very unhappy customer right now and just spent around $100 (including shipping) to get another power cord shipped to me.

- This one, titled **"Melted cord"** was posted February 16, 2009 (85W): Like many other people, I too have a Magsafe power adapter whose cord spontaneously melted after about 9 months.

- On January 10, 2009, in a posting titled **"Just Burned Me"** a user states (85W): "I understand that AC adapters get hot by design, but it is completely unacceptable to get burned by the mag "safe" end. Absolutely ridiculous Apple. This is a flawed design and I can't wait for the class action suit. Count me in."

---

[12] Apple Store / Shop Mac / Power / 85W Adapter

10

- On December 28, 2008, KG writes (85W), **"FIRE HAZARD"** and states that, "This product is dangerous. Clearly there is some sort of design flaw here. I noticed a slight separation of the magnet base from the actual cord with a few frayed wires and I took the power adapter to the Apple Store, where I was turned away because I didn't have the actual lap top with me. Figuring, if it were a major issue, I would have been warned not to use the product, I plugged it later the next day while it was on my lap and noticed a burning smell as well as excess heat. When I looked down I saw the plastic and rubber melting and I angled the machine out of my lap and rushed to unplug it. The power port on my computer is scorched. Luckily I only had a very minor burn on my left thigh as a result...nothing to go the emergency room about but think about it. If this had happened when the computer was on my desk, while I was at work, or perhaps if I had been at home asleep, the results could have been disastrous. This could have burnt my apartment, killed my dogs or even me.

I have been an Apple customer and die hard fan since the IIGS, and I am extremely disappointed in the recent quality of Apple products. First the battery issues, then defective hard drives, and now this. I really hope that it doesn't take a death or major property loss for Apple to take responsibility and inform customers of this major safety issue."

- A recent March 4, 2009 posting states (60W), "I have a MacBook and I am on my THIRD charger! It melts all of the time right where the cord connects to the magnet thing!,"

- Another recent posting in December 2008, stated (60W), "After 12 1/2 months my first cord started sparking near the laptop. I was afraid of fire so I took it into the apple store, waited in line for nearly an hour and was told to come back in 5 hours. When I did, I was told that nothing could be done because I didn't purchase the extra warranty. I purchased another cord for 79.00 hoping it wouldn't do the same thing. After 5 months, it started shorting out so I purchased 3rd (THIRD!) cord. Now my 3rd cord has begun to weaken at the connection and gets VERY hot. I have NEVER felt safe leaving it plugged in while I am away from it. Instead of purchasing a 4th 79.00 (320.00 in hazardous power cords) I am going to purchase a new laptop for myself as well as my 2 teenagers - probably time for another brand!

- A posting on February 5, 2008, is titled "FIRE HAZARD!", and states, "This morning I went to turn on my computer that had been left to charge over night, only to find it would not turn on.  In my quest to determine the cause, I noticed the cord failure that most of the other reviews describe –the power cord just after the MagSafe Power Adapter was melted (charred black and brown actually) and frayed wires were exposed.  As disappointed as I was that this could happen, I realized how fortunate I was that this had not started a fire!  There were NO warning signs!!  This needs to be recalled immediately!"

- Another 60W Adapter posting on December 30, 2007 states:  "Thank goodness I was home when I found my power adapter melting."

- On December 11, 2007, still another customer wrote (60W): "I have had my MacBook for 11 months.  One day I plugged in the charger and this weird hissing

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

came from my computer, then I smelled smoke, and looked down to see my charger was smoking.  I immediately pulled it out but the rubber on the cable was melted."

•     On January 11, 2008, another customer posted the comment (60W):  "I have had my MacBook for exactly one year and the wire at the end has melted away exposing the wires."

•     On December 15, 2007, another customer wrote (60W): "I actually sat there watching the dumb thing melt.  Luckily it didn't catch anything on fire.  I hate to see if it was plugged in while I was away from the house."

•     On February 9, 2008, (85W): "I recently went to use my MacBook Pro when I noticed that my battery was dead.  This was strange considering the power cord had been plugged in overnight.  I looked at the cord and realized that the LED light was not glowing.  After seeing this, I immediately saw that part of my cord (close to the magnetic part) was brown colored with a few holes burnt in it.  Also the part of the cord that connects to the little magnet was coming apart."

•     On February 1, 2008, (85W): "I've had my MacBook Pro just over 1 year and the MagSafe lead started to fray at the laptop end.  Last night it popped and fizzed and a cloud of smoke appeared. … These products must be dangerous – very disappointed."

•     Also on February 1, 2008 (85W): "I fell asleep this evening, and woke up to the smell of burning plastic and discharged MacBook Pro.  The magsafe adapter, I've been using since Sept 06, when I purchased the unit, frayed at the base, and melted, leaving a plastic mess on the floor, and in the air.  I don't want to purchase another one, but I haven't a choice.  There are no alternatives.  I don't feel safe with this product in my home anymore.  I recommend that users do NOT charge their apple laptops at night."

•     On January 30, 2008 (85W): "It's really very simple: right where the adapter cable is connected to the MagSafe plug, sparks were flying around… I heard a 'fizzzzz' sound… short circuit… smoke was billowing.  The cable was super hot and literally disintegrated in my hands.  Thank goodness I was there when it happened – wouldn't want to see my mortgaged house on fire, for crying out loud!"

•     On January 14, 2008 (85W): "Well, even with the spare power adapter, and always being careful to plug and unplug it by the head (not pulling on the cord), I had my adapter fail.  The other day I was typing away and all of a sudden I started to get shocks from the computer.  At the same time the green light on the magnetic head went out and a nasty smell came form the charger.  When I went to unplug the charge I discovered a greasy brown fluid leaking from it."

•     On January 14, 2008 (85W): "I generally don't think SPARKING AND SMOKING AND MELTING are good traits for a piece of electronics to have.  I'm

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

obviously not the first person to have this problem, and the most disturbing thing about these comments is that it KEEPS happening."

- • On January 13, 2008 (85W): "Had my adapter (magnetic connection great idea) for just over a year and I plugged it into the laptop this morning to find the green light flicker and then produce a spark/flame. As described it left the beautiful smell of melting plastic and nice burn marks on my laptop and the head of the power cable. MagSAFE… no."

- • On January 11, 2008 (85W): "Much like everyone else here, my cord melted where it meets with the computer. Luckily it was in use and I noticed the sparking that may have caused a fire otherwise."

- • On January 9, 2008 (85W): "Dear Mac, This is the 3rd try on a battery cord for our daughter's MacBook Pro laptop. It actually started smoking. We have the battery inside the computer burn up also and it bubbled up the outside body of the laptop. We replaced this battery and cord approximately one year or less ago. What's up?"

- • January 8, 2008 (85W): "Mine melted, burned and exposed wires at the end next to the brick, which usually sits on my desk. I bought the extended warranty, but seriously, I'm not sure I will be risking my life and home on a new adapter unless it is much better protected. I have contacted the UL people, and would advise others to do the same. Hopefully Apple won't wait until someone loses their life or home because of this very real hazard."

33.    Apple knew and was aware, or should have been aware, before marketing and selling the MagSafe Adapters, that they were inherently defective because even when operated as instructed, the MagSafe Adapters were substantially likely to fray, spark, melt, overheat and/or prematurely fail. Apple nonetheless failed to warn its customers of the Design Defects inherent in the MagSafe Adapters. If Plaintiffs and other Class members had known about the Design Defects, they would not have paid significant sums for MacBooks equipped with MagSafe Adapters.

34.    Apple's own website provides admissions that Apple is not only aware of these defects, but provides irresponsible advice for consumers regarding how to address the problems. On a page titled, "Portable Computers: Troubleshooting power adapters," Apple provides "troubleshooting" under the subject heading: "**If you see a spark**" which claims that "Sometimes when you plug the power adapter into the wall, you may see a spark. *This is usually normal* and can occur when you plug any electrical appliance into a live outlet. If you are concerned about the spark

13

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

you see when you plug your adapter into the wall, or if the spark comes from somewhere other than the blades of the plug, you can take your adapter (you don't need to take the computer) in to an Apple Authorized Service Provider or Apple Retail Store for evaluation." (emphasis added).

35.     In addition to the serious safety issue it presents, the MagSafe also has resulted in substantial economic damage to consumers. "I love my other apple products, but having to replace this at $79.99 when it should not have to be replaced at all is not acceptable. I could tell this was not at all robust when I first started using it. I was quite careful and it just stopped working. Apple should either make this product hold up to real world use or sell it for a more affordable price." (Apple Online Store Customer Review - February 3, 2008.) Similarly, another customer complains, "I am very unhappy that the adapter of my MacBook is no longer functioning. I travel with my laptop a lot – after all, that is why I prefer laptops – and it seems that the adapter is not designed to hold up to a reasonable amount of use. After a year and a half it no longer functions and now I have to buy a new one for $80! What is especially upsetting is that I feel that Apple should replace this at no cost as it is a defective design, not be making money off of their mistake, or else people may not choose to purchase a Mac next time." (Apple Online Store Customer Review - January 20, 2008.)

36.     Of course, it is not just through Apple's online store that consumers are logging complaints about the MagSafe Adapter; the internet is rife with similar complaints. One consumer recently complained on www.Amazon.com:

> Just do a Google and you'll see the life of this adapter is about a year. Way too many incidents out there. Mine lasted exactly one year. One day I was charging my MacBook and I started to smell wires burning. It turned out to be the wire from this adapter, specifically where it attaches to the MacBook. The key is not to put *any* stress on the wire at all by letting it bend. Apparently the plastic is so cheaply made that eventually it will wear out and expose the wires to each other which is dangerous. Luckily my MacBook was not damaged, and I was there to unplug the adapter when it started to smolder. While I like the smart magnetic design, it's made quite shoddy. Of course the price is very high also at $79!?! Ridiculous! When I went to the Apple store to replace my adapter, there was a 3 week wait as well! I was lucky to find one on Ebay for just under $36. My best advice is not to put any tension on this wire because it obviously can't handle it, and I'd avoid leaving it charging alone simply because I don't trust it and I've Googled quite a few horror stories. Check out the apple store and you'll see all the reviews about sparks, smoke, melting, and fire.

14

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

(Amazon.com 85W Adapter Customer Review - November 14, 2007).[13]

37.      Upon information and belief, to date, Apple has not taken action to remedy the defects in its MagSafe Adapters or offer any replacement product.

38.      Apple faced the same complaints about overheating, fraying, smoking, sparking and premature failure with its predecessor adapter, the 60W Adapter for its PowerBook computer. Apple misleads its customers into thinking that it resolved those design problems in its representations that the MagSafe Adapter is better designed. "Mobile users will love the new MagSafe Power adapter featuring a magnetic DC plug that both ensures a tight connection and enables a clean break from the power port when there is undue tension. It prevents the MacBook Pro from being pulled off of a desk when the cord is accidentally tripped over, *and it protects the power cord from wear and tear*."[14]

39.      To ensure that its MagSafe Adapter would be fit for the ordinary or particular purposes for which the Adapter was intended, Apple should have adequately tested its MagSafe Adapter prior to releasing it for commercial sale. Had Apple exercised reasonable care in testing its MagSafe Adapter, it would have discovered that its MagSafe Adapters dangerously fray, spark, overheat, melt and prematurely fail.

40.      Instead, Apple sold defective MagSafe Adapters to Plaintiffs and Class members that were not fit for their intended use. Apple has profited, either directly or indirectly, by concealing the nature and extent of the Design Defects, which have enabled it to (a) sell MacBooks equipped with MagSafe Adapters at premium prices, (b) to profit on the replacement MagSafe Adapters sold when the original products fail, (c) and to profit on repair services charged by the "Genius Bar" and other Apple repair services when customers bring in their malfunctioning

---

[13] http://www.amazon.com/review/product/B000F0ELN2/ref=dp_top_cm_cr_acr_txt?%5Fencoding=UTF8&showViewpoints=1

[14] http://www.amazon.com/Apple-MacBook-Laptop-MA091LL-SuperDrive/dp/B000BNHMIY

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1    MagSafe Adapters.  In fact, Apple has no effective remedy for the Design Defects and has taken no

2    action to correct the defects.

3       41.     Apple also could and should have tested alternative designs of its MagSafe Adapter

4    to avoid these destructive side-effects.  As noted, Apple has been aware of the weakness and defects

5    in its MagSafe Adapter.

6       42.     Furthermore, Apple continues to manufacture and sell its defective MagSafe

7    Adapter even after it was informed by its own customers of the specific design defects alleged

8    herein.

9       43.     Apple profits enormously from the sales of its MagSafe Adapter, while Plaintiffs

10   and Class members incur damages, including the price they paid to purchase the defective MagSafe

11   Adapters and the costs to replace them.

### PLAINTIFFS' ALLEGATIONS

13      44.     Plaintiffs are purchasers of Apple MacBook or MacBook Pro computers that were

14   sold with related devices and peripherals, including a MagSafe Adapter.

15      45.     Plaintiffs purchased and used the MagSafe Adapters, believing them to be

16   reasonably safe to use for the purpose for which they were intended: powering and charging their

17   portable computers.

18      46.     Since purchasing these computers, Plaintiffs have had to replace their MagSafe

19   Adapters because, when used as instructed and intended, their MagSafe Adapters sparked, frayed,

20   melted, and smoked; wires became exposed and/or they prematurely failed.

21      47.     Plaintiffs learned that far from being the unfortunate few experiencing such

22   problems with the MagSafe Adapters, there were hundreds of other similar customer complaints on

23   Apple's website.

24      48.     In fact, Plaintiffs' experiences with the MagSafe Adapter are typical of at least

25   thousands of other Apple purchasers who have registered their complaints with Apple, and have

26   documented their problems with the MagSafe Adapters on various website forums dedicated to

27   Apple products, including Apple's own website.  The similarity of the user complaints about the

28   MagSafe Adapter further evidences the uniformity of the product defects alleged herein.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

49.     Plaintiffs have suffered injury in fact and loss of money or property. They have been damaged in the amount they paid for the defective replacement MagSafe Adapters they had to purchase to power and charge their MacBook or MacBook Pro laptop computers, as well as costs for attempted repairs and replacement of their MagSafe Adapters, even though the repairs and/or replacements did not address the inherent defects in the product. Moreover, if no safe replacement Adapter exists, Plaintiffs have suffered damages in the amount of the full price they paid for their MacBook or MacBook Pro computers.

## CLASS ALLEGATIONS

50.     Plaintiffs bring this class action on behalf of themselves individually and all others similarly situated, pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

51.     The proposed class consists of all consumers who purchased an Apple MagSafe 60W Adapter or Apple MagSafe 85W Adapter from the time of their introduction in the marketplace through and including the date of class notice (the "Class"). Excluded from the Class are Apple, its affiliates, employees, officers and directors, persons or entities that distribute or sell the MagSafe Adapters, the Judge(s) assigned to this case, and the attorneys of record in this case. Plaintiffs reserve the right to amend the Class definitions if discovery and further investigation reveal that the Class should be expanded or otherwise modified.

52.     This action is properly brought as a class action for the following reasons:

(a)     the proposed class is so numerous and geographically dispersed throughout the United States that the joinder of all class members is impracticable. While Plaintiffs do not know the exact number and identity of all class members, Plaintiffs are informed and believe that there are tens, if not hundreds, of thousands of class members. The precise number of members can be ascertained through discovery, which will include Apple's sales, service and other business records;

(b)     the disposition of Plaintiffs' and proposed class members' claims in a class action will provide substantial benefits to both the parties and the Court;

17

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1    (c)    the proposed class is ascertainable and there is a well-defined community of

2    interest in the questions of law or fact alleged herein since the rights of each proposed class member

3    were infringed or violated in the same fashion;

4    (d)    there are questions of law and fact common to the proposed class which

5    predominate over any questions that may affect particular class members.  Such common questions

6    of law and fact include, but are not limited to:

7    (i)    Whether Defendant exercised reasonable care in testing its MagSafe

8    Adapter prior to its release for commercial sale;

9    (ii)    Whether Defendant's MagSafe Adapter is defective when used as

10    directed, intended or in a reasonably foreseeable manner;

11    (iii)    Whether feasible alternative safer formulations of the MagSafe

12    Adapter were available;

13    (iv)    Whether Defendant's MagSafe Adapter was fit for its intended

14    purpose;

15    (v)    Whether Apple has breached the implied warranty of fitness for a

16    particular purpose;

17    (vi)    Whether   Apple   has   breached   the   implied   warranty   of

18    merchantability;

19    (vii)    Whether Apple has violated the Magnuson-Moss Warranty Act;

20    (viii)    Whether Apple has acted negligently;

21    (ix)    Whether Apple knew that the MagSafe Adapters were, and are,

22    materially defective;

23    (x)    Whether Apple omitted and concealed material facts from its

24    communications and disclosures to Plaintiffs regarding the Design Defects inherent in the MagSafe

25    Adapters;

26    (xi)    Whether Apple breached its express warranties;

27    (xii)    Whether Apple is strictly liable to Plaintiffs and the class;

28    (xiii)    whether Apple failed to warn Plaintiffs and the class;

18

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

(xiv)        Whether Apple has violated the Song-Beverly Act;

(xv)         Whether Apple has violated the UCL;

(xvi)        Whether Apple has violated the CLRA;

(xvii)       Whether Apple has received funds from Plaintiffs and class members that it unjustly received;

(xviii)      Whether Plaintiffs and proposed class members have been harmed and the proper measure of relief;

(xix)        Whether Plaintiffs and proposed class members are entitled to an award of punitive damages, attorneys' fees and expenses against Defendant; and

(xx)         Whether, as a result of Apple's misconduct, Plaintiffs are entitled to equitable relief, and if so, the nature of such relief;

(e)        Plaintiffs' claims are typical of the claims of the members of the proposed class.  Plaintiffs and all class members have been injured by the same wrongful practices of Apple.  Plaintiffs' claims arise from the same practices and conduct that give rise to the claims of all class members and are based on the same legal theories;

(f)        Plaintiffs will fairly and adequately protect the interests of the proposed class in that they have no interests antagonistic to those of the other proposed class members, and Plaintiffs have retained attorneys experienced in consumer class actions and complex litigation as counsel;

(g)        A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

(i)        Given the size of individual proposed class member's claims and the expense of litigating those claims, few, if any, proposed class members could afford to or would seek legal redress individually for the wrongs Defendant committed against them and absent proposed class members have no substantial interest in individually controlling the prosecution of individual actions;

19

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1            (ii)       This action will promote an orderly and expeditious administration

2    and adjudication of the proposed class claims, economies of time, effort and resources will be

3    fostered and uniformity of decisions will be insured; and

4            (iii)      Without a class action, proposed class members will continue to

5    suffer damages, and Defendant's violations of law will proceed without remedy while Defendant

6    continues to reap and retain the substantial proceeds of its wrongful conduct.

7            (iv)      Plaintiffs know of no difficulty that will be encountered in the

8    management of this litigation which would preclude its maintenance as a class action.

9        53.     Apple has, or has access to, address information for the Class members, which may

10   be used for the purpose of providing notice of the pendency of this class action.

11       54.     Plaintiffs seek damages and equitable relief on behalf of the proposed class on

12   grounds generally applicable to the entire proposed class.

13   **FIRST CAUSE OF ACTION**

14   **(Violations of California Business and Professions Code § 17200)**

15       55.     Plaintiffs re-allege and incorporate by reference the allegations contained in the

16   paragraphs above as if fully set forth herein.

17       56.     California Business & Professions Code § 17200 prohibits acts of unfair

18   competition, which means and includes any "unlawful, unfair or fraudulent business act or practice"

19   and any act prohibited by Cal. Bus. & Prof. Code § 17500.

20       57.     Apple violated Cal. Bus. & Prof. Code § 17200's prohibition against engaging in an

21   **"unlawful"** business act or practice by, *inter alia*, selling the defective and non-merchantable

22   MagSafe Adapter to Plaintiffs, proposed class members, and the general public, failing to use

23   reasonable care to test its MagSafe Adapter prior to sale, and by continuing to sell its defective

24   Adapter after learning that it caused sparking, fraying and premature failure when used as intended,

25   in violation of Cal. Civ. Code §§ 1770(a), 1791 *et seq.*, Cal. Comm. Code §§ 2313 & 2314, U.C.C. §

26   2-313 & § 2-314, 15 U.S.C. § 2310(d)(1), and the common law, including the common law of

27   negligence, implied warranty, breach of the covenant of good faith and fair dealing and breach of

28   the duty to disclose.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

58. Plaintiffs reserve the right to allege other violations of law which constitute other unlawful business acts and practices. Such conduct is ongoing and continues to this date.

59. The foregoing conduct also constitutes "**unfair**" business acts and practices within the meaning of Cal. Bus. & Prof. Code § 17200. Apple's practices offend public policy and are unethical, oppressive, unscrupulous and violate the laws stated. Further, such conduct is in violation of Cal. Civ. Code §§ 1770(a), 1791 *et seq.*, and the common law, including the common law of negligence, implied warranty, breach of the covenant of good faith and fair dealing and breach of the duty to disclose.

60. Apple's conduct caused and continues to cause substantial injury to consumers and their property, including Plaintiffs and proposed class members. The gravity of Defendant's alleged wrongful conduct outweighs any purported benefits attributable to such conduct. There were also reasonably available alternatives to Apple to further its business interests, other than voluntarily placing its defective MagSafe Adapter into the stream of commerce.

61. Plaintiffs and Class members have suffered injury in fact and have lost money and/or property as a result of Defendant's unfair and unlawful business practices and are therefore entitled to the relief available under Cal. Bus. & Prof. Code §17200 *et seq.*, as detailed below.

## SECOND CAUSE OF ACTION

### (Violations of the Consumer Legal Remedies Act, California Civil Code § 1750 *et seq.*)

62. Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

63. This cause of action arises under the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.* Plaintiffs are consumers as defined by Cal. Civ. Code § 1761(d). Apple's MagSafe Adapters constitute "goods" as defined by Cal. Civ. Code § 1761(a). At all times relevant hereto, Apple constituted a "person" as that term is defined in Cal. Civ. Code § 1761(a), and Plaintiffs' and class members' purchases of the MagSafe Adapters constituted "transactions," as that term is defined in Cal. Civ. Code § 1761(b).

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

64.     Apple violated and continues to violate the CLRA by engaging in the following deceptive practices specifically proscribed by Cal. Civ. Code § 1770(a), in transactions with Plaintiffs and class members that were intended to result or which resulted in the sale or lease of goods or services to consumers:

(a)     In violation of Cal. Civ. Code § 1770(a)(5), Defendant's acts and practices constitute misrepresentations that the MagSafe Adapters in question have characteristics, benefits or uses which they do not have;

(b)     In violation of Cal. Civ. Code § 1770(a)(7), Defendant has misrepresented that the MagSafe Adapters in question are of particular standard, quality and/or grade, when they are of another; and

(c)     In violation of Cal. Civ. Code § 1770(a)(9), Defendant advertised the Adapters in question with the intent not to sell them as advertised or represented.

65.     Apple has made uniform representations that its MagSafe Adapter is a high-quality product that will perform as represented.   These representations, as set forth above, were false, deceptive, and/or misleading and in violation of the CLRA.

66.     Pursuant to Cal. Civ. Code § 1782, Plaintiffs notified Apple in writing by certified mail of the particular violations of Cal. Civ. Code § 1770 alleged herein, and have demanded that Apple rectify the problems associated with the actions detailed above and give notice to all affected consumers of its intent to so act.  Plaintiffs sent this notice by certified mail, return receipt requested, to Apple's principal place of business.

67.     Apple has failed to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days after receipt of the Civil Code § 1782 notice, thus Plaintiffs seek actual damages and punitive damages for violation of the Act.

68.     In addition, pursuant to Civil Code § 1780(a)(2), Plaintiffs are entitled to, and therefore seek, a Court order enjoining the above-described wrongful acts and practices that violate Cal. Civ. Code § 1770.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1       69.     Plaintiffs and the class are also entitled to recover attorneys' fees, costs, expenses

2   and disbursements pursuant to Cal. Civ. Code §§ 1780 and 1781.

3   **THIRD CAUSE OF ACTION**

4   **(Violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1))**

5       70.     Plaintiffs re-allege and incorporate by reference the allegations contained in the

6   paragraphs above as if fully set forth herein.

7       71.     By placing its MagSafe Adapter in the stream of commerce, Apple impliedly

8   warranted that it was reasonably safe for its intended use, *i.e.*, to withstand usual wear as a portable

9   device and to charge the computers without causing fraying, sparking, melting, overheating or

10   premature failure.

11       72.     Apple's MagSafe Adapter is not merchantable. In breach of the implied warranty of

12   merchantability and fitness for a particular purpose, the cord on the MagSafe Adapter frays and

13   shorts out in normal use, causing sparking and melting, which creates a safety hazard, renders the

14   Adapter inoperable, and may cause damage to the computer or other property.

15       73.     Apple's MagSafe Adapter was not reasonably safe for its intended use when it left

16   Defendant's control and entered the market.

17       74.     The MagSafe Adapter defects were not open and/or obvious to consumers. Any

18   purported limitation of the duration and scope of these warranties given by Apple is unreasonable,

19   unconscionable and void, because Apple knew or recklessly disregarded the fact that the defect in

20   the MagSafe Adapter existed and might not be discovered, if at all, until the MagSafe Adapters had

21   been used for a period of time longer than the period of any written warranty, and Apple willfully

22   withheld information about the defect from purchasers of Apple computers. Moreover, due to the

23   unequal bargaining power between the parties, Plaintiffs and the class members had no meaningful

24   alternative to accepting Apple's attempted pro forma limitation of the duration of any warranties.

25       75.     The dangerous design and manufacture of the MagSafe Adapter was, and is, an

26   inherent safety-related defect which either was known or which should have been known to Apple to

27   be a defect at the time plaintiffs and the class members purchased their Apple computers and

28   Adapters.

23

76.     The presence of this defect, and Apple's failure to warn of its presence or cure the defect, constitutes a breach of both the express and implied warranties.

77.     Apple's knowledge of this inherent defect, through both Plaintiffs' 30-day demand letter, and through the complaints lodged on its own website about the Adapter, has given Apple more than a reasonable opportunity to cure the defect – an opportunity that Apple has failed and refused to take.

78.     As a result, Plaintiffs and proposed class members have been damaged in, *inter alia*, the amount they paid to purchase and replace Apple's un-merchantable MagSafe Adapters, and if no safe replacement exists, in the amount they paid for their related Apple Computer, which relies on the MagSafe Adapter for its power and usage.

79.     Pursuant to 15 U.S.C. § 2310(d)(2), Plaintiffs are also entitled to attorneys' fees and reimbursement of expenses.

**FOURTH CAUSE OF ACTION**

**(Breach of Express Warranty)**

80.     Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

81.     Apple made affirmations of fact and promises to Plaintiffs and Class members which related to the MagSafe Adapters as more fully described herein.

82.     Apple's affirmations of fact and promises became part of the basis of the bargain between the parties.

83.     These affirmations of fact and promises created an express warranty that the MagSafe Adapters would conform to Apple's affirmations and promises.

84.     Apple uniformly warranted all its MagSafe Adapters against defects in material or workmanship at a time when it knew that the MagSafe Adapters suffered from serious defects and, nevertheless, continued to market and sell the MagSafe Adapters with this express warranty.

85.     Apple is obligated under the terms of its written warranty to repair, replace and/or refund the purchase price of defective MacBooks and their MagSafe Adapters sold to Plaintiffs and Class members.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

86.     Apple extended the terms of its warranty indefinitely through statements on its website that it would replace faulty MagSafe Adapters at any time.

87.     Apple has breached its written warranty, as set forth above, by supplying MagSafe Adapters in a condition that does not meet the warranty obligations undertaken by Apple, and by failing to repair or replace the defective products.

88.     Apple has additionally enforced its warranty in bad faith by replacing MagSafe Adapters with products that contained the same Design Defects.

89.     As set forth above, Apple's warranty fails in its essential purpose and, accordingly, Plaintiffs and Class members cannot and should not be limited to the remedies set forth in Apple's written warranty and, instead, should be permitted to recover all measure of appropriate relief.

90.     Apple has received sufficient and timely notice of the breaches of warranty alleged herein.  Despite this notice and Apple's knowledge of the defects in the MagSafe Adapters, Apple has failed to honor its warranty, even though it knows of the defects inherent in the MagSafe Adapters.

91.     Plaintiffs and Class members have given Apple a reasonable opportunity to cure its misrepresentations and failures with respect to its warranty, but Apple has failed to do so.

92.     Apple has failed to provide Plaintiffs and Class members, as a warranty repair and/or replacement, a product that conforms to the qualities and characteristics that Apple expressly warranted when it sold the MagSafe Adapters to Plaintiffs and Class members.

93.     As a result of Apple's breach of warranty, Plaintiffs and Class members have suffered damages in an amount to be determined at trial.

**(FIFTH CAUSE OF ACTION)**

**(Breach of Implied Warranty of Fitness for a Particular Purpose)**

94.     Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

95.     By placing its MagSafe Adapter in the stream of commerce, Apple impliedly warranted that its Adapter was reasonably safe for its particular purpose, i.e., to withstand usual wear

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1   as a portable device and to charge the computers without causing fraying, sparking, melting,

2   overheating or premature failure.

3        96.     Apple's MagSafe Adapter is not fit for its particular purpose.  In breach of the

4   implied warranty of fitness for a particular purpose, the cord on the MagSafe Adapter frays and

5   shorts out in normal use, causing sparking and melting, which creates a safety hazard, renders the

6   Adapter inoperable, and may cause damage to the computer or other property.

7        97.     Apple's MagSafe Adapter was not reasonably safe for its intended particular use

8   when it left Defendant's control and entered the market.

9        98.     The MagSafe Adapter defects were not open and/or obvious to consumers.

10        99.     Any purported limitation of the duration and scope of the implied warranty of fitness

11   for a particular purpose given by Apple is unreasonable, unconscionable and void, because Apple

12   knew or recklessly disregarded that the defect in the MagSafe Adapter existed and might not be

13   discovered, if at all, until the MagSafe Adapters had been used for a period of time longer than the

14   period of any written warranty, and Apple willfully withheld information about the defect from

15   purchasers of Apple computers.  Moreover, due to the unequal bargaining power between the

16   parties, Plaintiffs and class members had no meaningful alternative to accepting Apple's attempted

17   pro forma limitation of the duration of any warranties.

18        100.     As a result, Plaintiffs and proposed class members have been damaged in, *inter alia*,

19   the amount they paid to purchase and replace Apple's unfit MagSafe Adapters, and if no safe

20   replacement exists, in the amount they paid for their related Apple Computer, which relies on the

21   MagSafe Adapter for its power and usage.

22                              **SIXTH CAUSE OF ACTION**

23                  **(Breach of Implied Warranty of Merchantability)**

24        101.     Plaintiffs re-allege and incorporate by reference the allegations contained in the

25   paragraphs above as if fully set forth herein.

26        102.     By placing its MagSafe Adapter in the stream of commerce, Apple impliedly

27   warranted that its Adapter was reasonably safe for its intended use, *i.e.*, to withstand usual wear as a

28

1  portable device and to charge the computers without causing fraying, sparking, melting, overheating

2  or premature failure.

3      103.    Apple's MagSafe Adapter is not merchantable.  In breach of the implied warranty of

4  merchantability, Apple's MagSafe Adapter fails to charge properly, falls apart and causes sparking,

5  which is a safety hazard as well as a cause of damage to the computers.

6      104.    Apple's MagSafe Adapter was not reasonably safe for its intended use when it left

7  Defendant's control and entered the market.

8      105.    The MagSafe Adapter defects were not open and/or obvious to consumers.

9      106.    Any purported limitation of the duration and scope of the implied warranty of

10  merchantability given by Apple is unreasonable, unconscionable and void, because Apple knew or

11  recklessly disregarded that the defect in the MagSafe Adapter existed and might not be discovered, if

12  at all, until the MagSafe Adapters had been used for a period of time longer than the period of any

13  written warranty, and Apple willfully withheld information about the defect from purchasers of

14  Apple computers.  Moreover, due to the unequal bargaining power between the parties, plaintiffs and

15  the class members had no meaningful alternative to accepting Apple's attempted pro forma

16  limitation of the duration of any warranties.

17      107.    As a result, Plaintiffs and proposed class members have been damaged in, *inter alia*,

18  the amount they paid to purchase and replace Apple's un-merchantable MagSafe Adapters, and if no

19  safe replacement exists, in the amount they paid for their related Apple Computer, which relies on

20  the MagSafe Adapter for its power and usage.

21                      **SEVENTH CAUSE OF ACTION**

22        **(Violations of the Song-Beverly Consumer Warranty Act,**
                      **Cal. Civ. Code § 1791 *et seq.*)**
23

24      108.    Plaintiffs re-allege and incorporate by reference the allegations contained in the

25  paragraphs above as if fully set forth herein.

26      109.    This cause of action is brought under the Song-Beverly Consumer Warranty Act,

27  Cal. Civ. Code § 1791 *et seq.*  Plaintiffs are "buyers," Defendant's MagSafe Adapter is a "consumer

28  good," and Defendant is a "retailer" and "manufacturer" within the meaning of Song-Beverly.

                                27

110.   By placing its MagSafe Adapter in the stream of commerce, Apple impliedly warrants that its MagSafe Adapter is reasonably safe for its intended use, *i.e.*, to withstand usual wear as a portable device and to charge the computers without causing fraying, sparking, melting, overheating or premature failure.

111.   Apple's Adapter is not merchantable.  In breach of its implied warranty, Apple's MagSafe Adapter fails to charge properly, falls apart and causes sparking, which is a safety hazard as well as a cause of damage to the computers.

112.   Apple's MagSafe Adapter was not reasonably safe for its intended use when it left Defendant's control and entered the market.

113.   Apple's MagSafe Adapter's defects were not open and/or obvious to consumers.

114.   As a result, Plaintiffs and proposed class members have been damaged and will continue to be damaged in, *inter alia*, the amount they paid to purchase and replace un-merchantable MagSafe Adapters, and if no safe replacement exists, in the amount they paid for their related Apple Computer which relies on the MagSafe Adapter for its power and usage.

115.   Pursuant to Cal. Civ. Code § 1794, Plaintiffs and proposed class members are entitled to damages under the Song-Beverly Consumer Warranty Act, including, *inter alia*, reimbursement in the amount they paid for Defendant's MagSafe Adapters, and if no safe replacement exists, in the amount they paid for their related Apple Computer, which relies on the MagSafe Adapter for its power and usage and for their costs, expenses and attorneys' fees.

**EIGHTH CAUSE OF ACTION**

**(Negligence)**

116.   Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

117.   The conduct of Apple in manufacturing, distributing and selling the MagSafe Adapter constituted negligence in failing to reasonably act in accordance with all applicable standards of care. Apple owed Plaintiffs and class members a duty not to disseminate a materially defective product.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

118.     Apple also breached its duty of care by negligently failing to timely and/or adequately warn Plaintiff and the class of the defective and unreasonably dangerous condition of the MagSafe Adapters, even after Apple was, or should have been, fully aware of the material defects in said MagSafe Adapters.

119.     As a direct and proximate result of Apple's negligence, Plaintiffs and members of the class suffered economic injury, entitling them to just compensation, as detailed below.

### NINTH CAUSE OF ACTION

### (Negligent Design and Failure to Warn)

120.     Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

121.     Apple knew, or by the exercise of reasonable care should have known, that its MagSafe Adapters would have and had the alleged Design Defects.

122.     Apple knew that the Plaintiffs and Class members, who used the MagSafe Adapters for their intended use, were members of a foreseeable class of persons who were at risk of suffering serious inconvenience, expense and potential injury solely because of the Design Defects.

123.     At the time Apple manufactured, distributed and/or sold the MagSafe Adapter, it owed a duty to persons like the Plaintiffs and Class members to exercise ordinary and reasonable care to properly design the MagSafe Adapters, and it owes a continuing duty to warn about the problem and to repair and/or recall its defective MagSafe Adapters.

124.     Apple had a pre-sale duty to warn potential purchasers that the MagSafe Adapters carried with them greater risks of injury and property damage that an ordinary consumer would expect when using the MagSafe Adapters in their intended or reasonably foreseeable manner.

125.     Any benefits by way of easier release of a power cord are outweighed by the risks inherent in the MagSafe Adapter's design.

126.     Apple failed to use appropriate design, engineering and parts in manufacture, and Apple in other respects breached its duties by being reckless, careless, and negligent.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

127.    As a direct and proximate result of Apple's recklessness, carelessness, and negligence, the Plaintiffs and Class members were caused to suffer damages and losses in an amount to be proven at trial.

## TENTH CAUSE OF ACTION

### (Money Had and Received)

128.    Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

129.    As more fully set forth above, Apple has in its possession money, which in equity and good conscience belongs to Plaintiffs and Class members and which should be refunded to Plaintiffs and Class members.

## ELEVENTH CAUSE OF ACTION

### (Unjust Enrichment)

130.    Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

131.    Apple improperly received and continues to improperly receive from Plaintiffs and class members millions of dollars as a result of the conduct alleged above.

132.    As a result, Plaintiffs and the class have conferred a benefit on Apple to which Apple is not entitled. Apple has knowledge of this benefit, wrongfully and deceptively obtained this benefit, and has voluntarily accepted and retained the benefit conferred on it. Apple will be unjustly enriched if it is allowed to retain such funds and, therefore, a constructive trust should be imposed on all monies wrongfully obtained by Apple and the money should be disgorged from Defendant, and returned to Plaintiffs and the class.

## TWELFTH CAUSE OF ACTION

### (Untrue and Misleading Advertising in Violation of Cal. Bus. & Prof. Code § 1750 *et seq.*)

133.    Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

134.    California Business & Professions Code § 17500 prohibits various deceptive practices in connection with the dissemination in any manner of representations which are likely to deceive members of the public to purchase products such as the MagSafe Adapter.

135.    Apple caused advertisements for MagSafe Adapters to be placed on its website and within the name of the product itself, among other sources, before the general public and knew or should have known that MagSafe Adapters did not conform to the advertisements' representations regarding the safety of the product.

136.    As a result of the foregoing, Plaintiffs, and other Class members, and consumers are entitled to injunctive and equitable relief and damages in an amount to be proven at trial.

## THIRTEENTH CAUSE OF ACTION

### (Permanent Injunctive Relief)

137.    Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

138.    As a direct result of Apple's manufacture, distribution and sale of its MagSafe Adapters, Class members are being irreparably harmed.  Among other things, Class members are suffering irreparable damage in the form of the risks of melting and burning resulting from the Design Defects of the MagSafe Adapters.

139.    The actions of Apple have affected a substantial public safety interest, thereby underscoring the need for injunctive relief.  Apple has distributed defective and dangerous products. Apple has made no effort to recall and redesign the dangerous MagSafe Adapters.  Such actions were taken in complete disregard for the interests and the well-being of consumers of Apple's products.  Thus, the interest and rights of consumers can only be protected through permanent injunctive relief.

140.    Unless and until enjoined and restrained by order of this Court, Apple will continue to manufacture, distribute and sell MagSafe Adapters.  The continued distribution of the MagSafe Adapters will cause consumers great and irreparable harm.  There is no adequate remedy at law for the injuries suffered as a result of Apple's manufacture, distribution and sale of the MagSafe Adapters.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

141.     Therefore, Plaintiffs request an injunction ordering Apple to take the following actions:

(a)     immediately recall and redesign all MagSafe Adapters to remedy the defects alleged herein;

(b)     refrain from terminating the existing extended warranty until such time as a safe replacement adapter is available;

(c)     cease continuing to falsely market and advertise, concealing material information, and conducting business via the unlawful and unfair business acts and practices complained of herein;

(d)     engage in a corrective notice campaign; and

(e)     refund to Plaintiffs and all Class members the funds paid to Apple for the defective MagSafe Adapters, including, if no reasonably safe replacement product exists, the full price paid for the Subject Computers.

## FOURTEENTH CAUSE OF ACTION

### (Declaratory Relief)

142.     Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

143.     A true and present controversy exists between Plaintiffs and Apple concerning the terms and limitations under the express and implied warranties as set forth above. Specifically, Plaintiffs contend that Apple has breached its express and implied warranties in connection with the manufacture, sale and distribution of the MagSafe Adapters and has failed to enforce its warranty as extended by Apple's policy as stated on its website. Plaintiffs also contend that Apple's original express warranty is unconscionable in its limitations. Plaintiffs additionally contend that Apple's refusal to replace the MagSafe Adapters is a breach of the express warranty as modified. Plaintiffs further contend that Apple intentionally deceived the public as to the existence and enforcement of its warranty extension by hiding the extension in the troubleshooting page of its website and failing to inform its own employees of the existence of the warranty extension.

32

144.   Plaintiffs are informed and believed and based thereon allege that Apple contends otherwise.

145.   A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiffs and Apple may ascertain their respective rights and duties under the express and implied warranties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray this Court enter a judgment against Defendant that:

A.   This action be certified and maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure and certify the proposed class as defined, appointing Plaintiffs as representatives of the Class, and appointing the attorneys and law firms representing Plaintiffs as counsel for the Class;

B.   Awards compensatory, statutory and/or punitive damages as to all Causes of Action where such relief is permitted;

C.   Awards Plaintiffs and proposed class members the costs of this action, including reasonable attorneys' fees and expenses;

D.   Orders Apple to immediately cease its wrongful conduct as set forth above; enjoins Apple from continuing to falsely market and advertise, conceal material information, and conduct business via the unlawful and unfair business acts and practices complained of herein; orders Apple to engage in a corrective notice campaign, and requires Apple to refund to Plaintiffs and all of the class members the funds paid to Apple for these defective products, including, if no reasonably safe replacement product exists, the full price paid for the subject computers;

E.   Enjoin Apple from terminating the existing extended warranty program for the defective MagSafe Adapters until such time as a safe replacement adapter is available;

F.   Awards equitable monetary relief, including restitution and disgorgement of all ill-gotten gains, and the imposition of a constructive trust upon, or otherwise restricting the proceeds of Defendant's ill-gotten gains, to ensure that Plaintiffs and proposed class members have an effective remedy;

G.   Awards pre-judgment and post-judgment interest at the legal rate;

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1    H.    Orders appropriate declaratory relief; and

2    I.    Such further legal and equitable relief as this Court may deem just and proper.

3                              **JURY DEMAND**

4        Plaintiffs demand a trial by jury on all issues so triable.

5

6    DATED:  January 19, 2009              ZELDES & HAEGGQUIST, LLP
                                           HELEN I. ZELDES
7                                          ALREEN HAEGGQUIST

8

9                                          By:        /s/ Helen I. Zeldes
                                                     HELEN I. ZELDES
10
                                           Attorneys for Plaintiffs
11                                         NAOTAKA KITAGAWA, JR., TIMOTHY J.
                                           BROAD, and JESSE REISMAN, Individually
12                                         and On Behalf of All Others Similarly Situated

13                                         Helen I. Zeldes
                                           Alreen Haeggquist
14                                         ZELDES & HAEGGQUIST LLP
                                           625 Broadway, Suite 906
15                                         San Diego, California 92101
                                           Telephone: (619) 342-8000
16                                         Facsimile: (619) 342-7272

17                                         Steven A. Skalet, Esq. (pro hac vice)
                                           Craig L. Briskin, Esq. (pro hac vice)
18                                         MEHRI & SKALET, PLLC
                                           1250 Connecticut Ave.. NW, Suite 300
19                                         Washington, D.C. 20036
                                           Telephone: (202) 822-5100
20                                         Facsimile: (202) 822-4997

21                                         Attorneys for the Kitagawa Plaintiffs

22
                                           LINER GRODE STEIN YANKELEVITZ
23                                         SUNSHINE REGENSTREIF & TAYLOR LLP

24

25                                         By:        /s/Angela C. Agrusa
                                           Angela C. Agrusa
26                                         Attorneys for Plaintiffs
                                           TRACEY HACKWITH and MICHAEL
27                                         MARTIN, Individually and On Behalf of All
                                           Others Similarly Situated

28

                              34
              FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Angela C. Agrusa, Esq.
Camilla Y. Chan, Esq.
LINER GRODE STEIN YANKELEVITZ
SUNSHINE REGENSTREIF & TAYLOR LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503
Telephone: (310) 500-3500
Facsimile: (310) 500-3501

Patrick McNicholas, Esq.
Catherine Burke Schmidt, Esq.
MCNICHOLAS & MCNICHOLAS, LLP
10866 Wilshire Boulevard, Suite 1400
Los Angeles, California 90024-4338


Attorneys for the *Hackwith* Plaintiffs

35

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1   HELEN I. ZELDES (SBN: 220051)
    ALREEN HAEGGQUIST (SBN: 221858)
2   ZELDES & HAEGGQUIST, LLP
    625 Broadway, Suite 906
3   San Diego, CA 92101
    Telephone: (619) 342-8000
4   Fax: (619) 342-7272
    helenz@zhlaw.com
5   alreenh@zhlaw.com

6   STEVEN A. SKALET (admitted pro hac vice)
    CRAIG L. BRISKIN (admitted pro hac vice)
7   MEHRI & SKALET, PLLC
    1250 Connecticut Avenue., NW, Suite 300
8   Washington, DC 20036
    Telephone: (202) 822-5100
9   Fax: (202) 822-4997
    sskalet@findjustice.com
10  cbriskin@findjustice.com

11  Attorneys for the *Kitagawa* Plaintiffs
    [Additional counsel appear on the next page and the
12  signature page]

13

14              UNITED STATES DISTRICT COURT

15             NORTHERN DISTRICT OF CALIFORNIA

16                   SAN JOSE DIVISION

17                                         Case No. C 09-01911 JW

18   In re MagSafe Apple Power Adapter Litigation    **CERTIFICATE OF SERVICE**

19

20

21

22

23

24

25

26

27

28

ANGELA C. AGRUSA (SBN: 131337)
    aagrusa@linerlaw.com
CAMILLA Y. CHAN (SBN: 241674)
    cchan@linerlaw.com
LINER GRODE STEIN YANKELEVITZ
SUNSHINE REGENSTREIF & TAYLOR LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503
Telephone:  (310) 500-3500
Facsimile:  (310) 500-3501

PATRICK MCNICHOLAS (SBN: 125868)
    pmc@mcnicholaslaw.com
CATHRINE B. SCHMIDT (SBN: 212827)
    cbs@mcnicholaslaw.com
MCNICHOLAS & MCNICHOLAS LLP
10866 Wilshire Boulevard Suite 1400
Los Angeles, CA 90024-4338
Telephone: (310) 474-1582
Facsimile:  (310) 475-7871

Attorneys for the *Hackwith* Plaintiffs

**CERTIFICATE OF SERVICE BY MAIL**
**(Fed. R. Civ. Proc. rule 5(b))**

I declare that I am employed with the law firm of Zeldes & Haeggquist, LLP, whose address is 625 Broadway, Suite 906, San Diego, California 92101; I am not a party to the within cause; I am over the age of eighteen years and I am readily familiar with Zeldes & Haeggquist's practice for collection and processing of correspondence for mailing with the United States Postal Service and know that in the ordinary course of Zeldes & Haeggquist's business practice the document described below will be deposited with the United States Postal Service on the same date that it is placed at Zeldes & Haeggquist, with postage thereon fully prepaid for collection and mailing.

I further declare that on the date hereof I served a copy of:

**FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

on the following by placing a true copy thereof enclosed in a sealed envelope addressed as follows for collection and mailing at Zeldes & Haeggquist, LLP, 625 Broadway, Suite 906, San Diego, California 92101, in accordance with Zeldes & Haeggquist's ordinary business practices:

**Steven A. Skalet**
Mehri & Skalet, PLLC
1250 Connecticut Avenue NW, Suite 300
Washington, DC 20036
*Counsel for Kitagawa, et al.*

I declare under penalty of perjury that the above is true and correct.
Executed at San Diego, California, this 19th day of January, 2010.

Aaron M. Olsen                          /s/Aaron M. Olsen
(typed)                                 (signature)

I, Helen I. Zeldes, am the ECF User whose ID and password are being used to file this Certificate of Service. In compliance with General Order 45, section X.B., I hereby attest that Aaron M. Olsen has read and approved this Certificate of Service and consents to its filing in this action.

Date: January 19, 2010


                                        /s/ Helen I. Zeldes
                                        HELEN I. ZELDES


                                        Attorneys for Plaintiffs

CERTIFICATE OF SERVICE
CASE NO. 09-01911 JW                                                    2

# EXHIBIT 2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE MAGSAFE APPLE POWER ADAPTER LITIGATION | Case No. C 09-01911 JW<br><br>**STIPULATION OF SETTLEMENT** |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made by and between: (1) Apple Inc., a California corporation ("Apple") and (2) Naotaka Kitagawa, Timothy J. Broad, Jesse Reisman, Tracey Hackwith, and Michael Martin ("Plaintiffs" or "Class Representatives"), individually and as representatives of the "Settlement Class" as defined below (collectively the "Parties").

### DEFINITIONS

As used herein, the following terms have the meanings set forth below:

A.   "Subject Computer" means an Apple MacBook or MacBook Pro computer that shipped with a MagSafe "MPM-1" 60W Power Adapter or 85W Power Adapter, respectively.

B.   "Adapter" or "Adapters" means a MagSafe "MPM-1" 60W or 85W Power

1    Adapter shipped with or sold for use with a Subject Computer.

2          C.     "Class Representatives" or "Plaintiffs" means Naotaka Kitagawa, Timothy J.

3    Broad, Jesse Reisman, Tracey Hackwith, and Michael Martin.

4          D.     "Replacement Adapter" means a 60W or 85W MagSafe Power Adapter that was

5    purchased to replace an Adapter that showed signs of Strain Relief Damage.

6          E.     "Strain Relief Damage" means fraying, melting, straining, sparking, weakening,

7    discoloration, bubbling, overheating and/or separation of the Adapter's strain reliefs.

8          E.     "Published Notice" means publication of the notice of the proposed class action

9    settlement as set forth in Section IV.D., below.

10         F.     "Notice Date" means the last date of Published Notice.

11         G.     "Settlement" means the settlement described herein.

12         H.     "Releasing Persons" means Plaintiffs, each Settlement Class Member, and their

13    respective heirs, executors, administrators, representatives, agents, partners, successors, and

14    assigns.

15         I.     "Released Persons" means Apple and each of its past or present directors, officers,

16    employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives,

17    partners, affiliates, parents, subsidiaries, joint venturers, independent contractors, wholesalers,

18    resellers, distributors, retailers, related companies, and divisions, and each of their predecessors,

19    successors, heirs, and assigns.

20         J.     "Class Counsel" means Helen I. Zeldes of Zeldes & Haeggquist, LLP, 625

21    Broadway, Suite 906, San Diego, CA 92101, 619-342-8000 and Steve Skalet of Mehri & Skalet,

22    PLLC, 1250 Connecticut Avenue NW, Suite 300, Washington, DC 20036, 202-822-5100.

23                         RECITALS

24        This Agreement is made for the following purposes and with reference to the following

25    facts:

26         A.     On or about May 1, 2009, Plaintiffs Kitagawa, Broad, and Reisman filed a class

27    action complaint against Apple in the United States District Court for the Northern District of

28    California, San Jose Division, titled *Kitagawa et al. v. Apple Computer, Inc.*, Case No. 09-01911

1    ("Kitagawa Action"). On or about May 15, 2009, Plaintiffs Hackwith and Martin filed a class

2    action complaint against Apple in the United States District Court for the Central District of

3    California , titled *Hackwith et al. v. Apple Computer, Inc.,* Case No. 09-3482 ("Hackwith

4    Action"). The Hackwith Action was transferred to the Northern District of California and was

5    consolidated with the Kitagawa Action on November 16, 2009 (collectively"the Actions"). A

6    consolidated complaint was filed in the Actions on December 4, 2009 (the "Complaint"). The

7    Complaint alleged that the Adapter is defective in that it "dangerously frays, sparks, prematurely

8    fails to work, and catches fire, overheats, and melts" (Complaint, ¶3), and that Apple engaged in

9    misrepresentations regarding the Adapter. The Complaint alleged violations of the California

10    Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*; the California False

11    Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.*; the California Consumers Legal

12    Remedies Act, Cal. Civ. Code § 1750 *et seq.*; the federal Magnuson-Moss Warranty Act, 15

13    U.S.C. § 2310(d)(1); the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1791 *et seq.*, as

14    well as claims for Breach of Express Warranty; Breach of Implied Warranty of Fitness for a

15    Particular Purpose; Breach of Implied Warranty of Merchantability; Negligence; Negligent

16    Design and Failure to Warn; Money Had and Received; and Unjust Enrichment. The Complaint

17    sought damages, restitution and declaratory and injunctive relief.

18          B.      Apple answered the Complaint by denying the allegations therein, and alleging

19    various affirmative defenses.

20          C.      Apple disputes the claims alleged in the Actions and does not by this Agreement

21    admit any liability or wrongdoing whatsoever. Apple has agreed to enter into this Agreement to

22    avoid the further expense, inconvenience, and distraction of burdensome and protracted

23    litigation.

24          D.      Class Counsel and the Class Representatives believe that the claims asserted in

25    the Actions possess merit and have examined and considered the benefits to be obtained under

26    the proposed settlement set forth in this Agreement, the risks associated with the continued

27    prosecution of this complex and potentially time-consuming litigation, and the likelihood of

28    ultimate success on the merits of the Action. Class Counsel have conducted discovery of Apple,

1    have diligently investigated the facts and law relevant to the merits of their claims, and have

2    concluded that the proposed settlement set forth in this Agreement is fair, adequate, reasonable,

3    and in the best interests of the Settlement Class.

4         E.    The Parties desire to settle the Actions as to the Adapters in their entirety with

5    respect to all potential claims arising out of the facts that were or could have been alleged in the

6    complaints filed in the Kitagawa Action, the Hackwith Action and/or the Consolidated

7    Complaint. The Parties intend this Agreement to bind Apple, Plaintiffs (both as Class

8    Representatives and individually), and all members of the Settlement Class as defined below

9    who do not specifically request exclusion.

10        **NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the

11   Parties, and each of them, hereby warrant, represent, acknowledge, covenant, and agree, subject

12   to approval by the Court, as follows:

13   I.    CERTIFICATION OF THE SETTLEMENT CLASS

14        **A.    Definition of the Settlement Class**

15   The "Settlement Class" shall be defined as follows:

16             All United States residents who (1) are the original owners of an
             Apple MacBook or MacBook Pro computer that shipped with a
17           60W or 85W MagSafe "MPM-1" Power Adapter ("Subject
             Computers") and/or (2) purchased a standalone 60W or 85W
18           MagSafe "MPM-1" Power Adapter. The Settlement Class includes
             original owners who received their Subject Computer(s) as a gift.
19           The Settlement Class excludes Apple; any entity in which Apple
             has a controlling interest; Apple's directors, officers, and
20           employees; Apple's legal representatives, successors, and assigns;
             and all persons who validly request exclusion from the Settlement
21           Class.

22        **B.    Stipulation Respecting Conditional Certification**

23        The Parties stipulate and agree that, subject to Court approval, the Settlement Class

24   described in Section I.A. above should be conditionally certified solely for purposes of the

25   settlement embodied in this Agreement. If, for any reason, this Agreement is not approved by the

26   Court, the stipulation for certification and all of the agreements contained herein shall be

27   considered null and void and may not be referred to or used as evidence or for any other purpose

28

1    whatsoever in the Actions or any other action or proceeding.

2    **C.    Definition of "Class Member" and "Settlement Class Member"**

3    "Class Member" shall mean each member of the Settlement Class. "Settlement Class

4    Member" shall mean and include every Class Member who does not validly and timely request

5    exclusion from the Settlement Class.

6    **II.    CONSIDERATION FOR SETTLEMENT; CLAIMS PROCESS**

7    **A.    Refunds for Replacements During the First Year Following Purchase of the
8         Subject Computer or Adapter**

9    Settlement Class Members whose Adapter showed signs of Strain Relief Damage and who

10    provide proof of purchase of a Replacement Adapter during the first year following purchase of

11    the Subject Computer or Adapter shall be entitled to a refund of $79.00. Such Settlement Class

12    Members must also follow the procedures and requirements set forth in Section I.E. below,

13    including filing a valid Claim Form.

14    **B.    Refund for Replacement Adapters Purchased During the Second Year
15         Following Purchase of the Subject Computer or Adapter**

16    Settlement Class Members whose Adapter showed signs of Strain Relief Damage and who

17    provide proof of purchase of a Replacement Adapter during the second year following purchase

18    of the Subject Computer or Adapter shall be entitled to a refund of $50.00. Such Settlement Class

19    Members must also follow the procedures and requirements set forth in Section I.E. below,

20    including filing a valid Claim Form.

21    **C.    Refund for Replacement Adapters Purchased During the Third Year
22         Following Purchase of the Subject Computer or Adapter**

23    Settlement Class Members whose Adapter showed signs of Strain Relief Damage and who

24    provide proof of purchase of a Replacement Adapter during the third year following purchase of

25    the Subject Computer or Adapter shall be entitled to a refund of $35.00. Such Settlement Class

26    Members must also follow the procedures and requirements set forth in Section I.E. below,

27    including filing a valid Claim Form.

28

**D. Limit of Three Refunds**

Each Settlement Class Member may claim refunds for no more than three Replacement Adapters per Subject Computer.

**E. Claims Process**

**1. Claim Form**

Settlement Class Members who wish to claim a refund pursuant to Sections II.A. –II.C. above will be required to submit a Claim Form (together with any required supporting documentation), executed under penalty of perjury, setting forth, among other things, the Settlement Class Member's name and address; the serial number of the Subject Computer; the approximate month and year of purchase of the Subject Computer; and the approximate month and year the Replacement Adapter was purchased.

**2. Claims Period**

To be valid, Claim Forms together with any required supporting documentation must be submitted within one hundred and twenty (120) days from the Notice Date for Replacement Adapters purchased prior to the Notice Date ("Claims Period"). For Adapters that show signs of Strain Relief Damage after the Notice Date, Settlement Class Members may obtain a replacement under the Adapter Replacement Program described in Section II.F. below.

**3. Proof of Purchase**

"Proof of Purchase" means an invoice, receipt or credit card statement evidencing the purchase of a Replacement Adapter, including the price paid, date of purchase, and the name and address of the entity from whom the Replacement Adapter was purchased. If the Proof of Purchase does not specifically identify the purchase of a Replacement Adapter or the price paid, Settlement Class Members may submit a receipt, bank or credit card statement , or Apple email receipt, showing a purchase from any Apple store (online or in-person) in the amount of $79 or greater, and must declare in the Claim Form that the product purchased was a Replacement Adapter, state the price paid (if not shown in the Proof of Purchase), and highlight the item in the Proof of Purchase that includes the Replacement Adapter.

F.   **Notice of Adapter Replacement Program**

      1.   Class Notice of Adapter Replacement Program

Apple currently maintains a program that includes providing in-warranty and out-of-warranty replacements for Adapters that show signs of Strain Relief Damage, provided there are no obvious signs of user abuse ("Adapter Replacement Program"). The Class Notice, Summary Notice and Published Notice described in Section IV below shall inform Settlement Class Members of the Adapter Replacement Program.

      2.   Time Period for Claims Under The Adapter Replacement Program

For Adapters shipped with a Subject Computer, Settlement Class Members will have three years from the date of purchase of the Subject Computer or 180 days from the Notice Date, whichever is later, to claim a replacement adapter. For Adapters purchased separately, Settlement Class Members shall have three years from the date of purchase of the Adapter or 180 days from the Notice Date, whichever is later, to claim a replacement. Apple will continue the Adapter Replacement Program until December 31, 2012; notwithstanding any of the foregoing, Apple will have no obligation to honor adapter replacement claims made after December 31, 2012.

G.   **Payment of Notice Costs, Costs of Administration, and Attorneys' Fees**

Except as otherwise provided herein, Apple agrees to pay all of the costs of notice and all of the costs of administering the settlement as set forth in Sections IV and IX below.

III.   OBTAINING COURT APPROVAL OF THE AGREEMENT

A.   Upon full execution of this Agreement, the Parties shall take all necessary steps to obtain an Order from the Court substantially in the form of Exhibit E hereto (the "Conditional Approval Order"), granting conditional certification of the Settlement Class, granting preliminary approval of this Agreement, and approving the forms and methods of notice to the Settlement Class set forth herein. The Conditional Approval Order shall further set a date for a hearing ("Final Approval Hearing") at which the Court will determine whether the requirements for certification of the Settlement Class have been met; whether the proposed settlement should be finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class Members; whether the award of fees and expenses to Class Counsel should be approved; whether

1  a service award should be paid to the Class Representatives; and whether a final judgment should

2  be entered dismissing the Actions on the merits and with prejudice against the Class

3  Representatives and the Settlement Class Members.

4    B.    If at any point the Court does not approve this Agreement, the Agreement shall

5  terminate and be of no force or effect, unless the Parties voluntarily agree to modify this

6  Agreement in the manner necessary to obtain Court approval.

7  IV.    NOTICE AND SETTLEMENT ADMINISTRATION

8    The Parties agree to, and will request approval by the Court of, the following forms and

9  methods of notice to the Settlement Class:

10    A.    A copy of the Notice of Pendency and Proposed Settlement of Class Action

11  substantially in the form attached hereto as Exhibit A (the "Class Notice"), together with the

12  Claim Form (including the Instructions, Claim Form and Release) substantially in the form

13  attached hereto as Exhibit D, shall be posted and available for download on a settlement website,

14  www._____.com (the "Settlement Website"), and shall be mailed at no charge to Class

15  Members who call a toll-free number to be established at Apple's expense ("Toll-Free Number").

16  Apple shall use "best efforts" to include the term "adapter" in the domain name of the settlement

17  website. This information shall remain available on the Internet until the last day of the Claims

18  Period. All costs and expenses associated with complying with this provision shall be borne

19  exclusively by Apple.

20    B.    Apple shall e-mail a copy of the Summary Notice of Settlement substantially in the

21  form attached hereto as Exhibit B ("Summary Notice") to each Class Member for whom Apple

22  has an e-mail address in its warranty registration database. The Summary Notice shall inform

23  members of the Settlement Class: (i) of the fact of the settlement and that the Class Notice and

24  Claim Form are available on the Settlement Website or by calling the Toll-Free Number, and (ii)

25  of the Adapter Replacement Program described in Section II.F. above. All costs and expenses

26  associated with complying with this provision shall be borne exclusively by Apple.

27    C.    For Class Members for whom e-mailed notice is returned undeliverable, Apple

28  shall mail a postcard substantially in the form attached hereto as Exhibit C ("Settlement

1  Postcard") informing Class Members of the fact of the settlement and that the Class Notice and

2  Claim Form are available on the Settlement Website or by calling the Toll-Free Number. All

3  costs and expenses associated with complying with this provision shall be borne exclusively by

4  Apple.

5        D.     Apple shall cause a copy of the Summary Notice to be published once in *USA*

6  *Today*, a newspaper of national circulation, once in Wired Magazine, and once on a different date

7  in *Macworld*. The Summary Notice shall not be less than 1/4 of a page in size. The Summary

8  Notice shall include the address of the Settlement Website and the Toll-Free Number.

9        E.     Apple shall be solely responsible for making all arrangements necessary to

10  effectuate the notice set forth above and for payment of the costs and expenses of such notice.

11        F.     The Class Notice shall provide a procedure whereby Class Members may object or

12  exclude themselves from the Settlement Class. If a Settlement Class Member has objected to a

13  class action settlement on more than 3 occasions, the Class Member shall list all cases in which

14  they have filed an objection. Class Members shall have no less than 45 days following the Notice

15  Date to object or exclude themselves, and the actual date shall be established by the Court. (If

16  such period ends on a weekend or holiday, Class Members shall have until the next business day.)

17  Any Class Member who does not timely and validly request exclusion shall be a Settlement Class

18  Member and shall be bound by the terms of this Agreement. The Class Notice shall also provide

19  a procedure for Class Members to object to the proposed settlement; and/or to intervene in the

20  Action; and/or to be represented by counsel of their choice at their own expense. Requests for

21  exclusion shall be postmarked no later than 25 days prior to the Final Hearing. Objections shall

22  be filed with the Court and served on counsel for the Parties (as identified in the Class Notice) no

23  later than 25 days prior to the Final Hearing.

24  **V.    PAYMENT OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES
TO CLASS COUNSEL**

25

26        A.     Apple agrees not to oppose an award to Class Counsel of attorney's fees in the

amount of $3 million; a service award of $5,000 to each Class Representative (total service

27  awards not to exceed $30,000); and verified costs and expenses incurred in the prosecution of

28

1   litigation up to $100,000, all of which is to be paid by Apple (the "Fees Amount"). These

2   amounts are in addition to and separate from all other consideration and remedies available to the

3   Settlement Class. Apple agrees not to object to the reasonableness of Class Counsel's attorneys'

4   fees and expenses set forth above.

5          **B.**     Apple shall not be liable for any additional fees or expenses of Plaintiffs or any

6   Class Member in connection with the Actions or the Litigation. Class Counsel agree that they

7   will not seek any additional fees or costs from Apple in connection with the Actions or the

8   settlement of the Action. Apple expressly agrees that it will not seek to recover its Court costs,

9   attorneys' fees, or expenses once the Court enters a dismissal of the Action. No later than fifteen

10   (15) banking days following the Effective Date as defined below, Apple shall pay the Fees

11   Amount by wire transfer into a joint escrow account held by Zeldes & Haeggquist, LLP.

12   Plaintiffs and Class Counsel agree to provide Apple all identification information necessary to

13   effectuate the payment of the Fees Amount including, but not limited to, Taxpayer Identification

14   Number(s), completed Internal Revenue Service Form W-9(s), and wire transfer information.

15   **VI.**    **FINAL JUDGMENT APPROVING SETTLEMENT AND DISMISSING CLAIMS**
16          **OF SETTLEMENT CLASS MEMBERS WITH PREJUDICE; RELEASE OF CLAIMS BY SETTLEMENT CLASS MEMBERS**

17          **A.**     **Entry of Final Judgment**

18          Upon the Court's approval of this Agreement and the settlement set forth herein, a

19   judgment substantially in the form attached hereto as Exhibit F ("Judgment") shall be entered

20   dismissing the claims of Plaintiffs and of the Settlement Class Members with prejudice.

21          **B.**     **Release of Claims**

22          **1.**     As of the Effective Date of this Agreement as defined below, Releasing Persons

23   hereby fully and irrevocably release and forever discharge Released Persons from any and all

24   liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts,

25   agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands, of any

26   kind whatsoever, whether known or unknown, existing or potential, or suspected or unsuspected,

27   whether raised by claim, counterclaim, setoff, or otherwise, including any known or unknown

28   claims, which they have or may claim now or in the future to have, that were or could have been

1   alleged or asserted against any of the Released Persons in the Actions, including but not limited to

2   any claims that the Adapters are defective in that they dangerously fray, spark, prematurely fail to

3   work, catch fire, overheat or melt, and any alleged misrepresentations or failures to disclose with

4   respect to the Adapters ("Released Claims"). Personal injury and property damage claims (other

5   than damage to the Adapter itself, including the cords that come with the Adapter) are excluded

6   from the release.

7        2.      Plaintiffs, on behalf of themselves and all Settlement Class Members, hereby

8   waive any and all provisions, rights, and benefits conferred by section 1542 of the California

9   Civil Code or any comparable statutory or common law provision of any other jurisdiction.

10   Section 1542 reads as follows:

11           Certain Claims Not Affected By General Release:  A general
             release does not extend to claims which the creditor does not know
12           or suspect to exist in his or her favor at the time of executing the
             release, which if known by him or her must have materially
13           affected his or her settlement with the debtor.

14   Although the releases granted under this Agreement are not general releases, Plaintiffs, on behalf

15   of themselves and of all Settlement Class Members, nonetheless expressly acknowledge that

16   Plaintiffs and the Settlement Class Members are waiving the protections of section 1542 and of

17   any comparable statutory or common law provision of any other jurisdiction.

18        3.      As of the Effective Date, by operation of entry of judgment, the Released Parties

19   shall be deemed to have fully released and forever discharged Plaintiffs, all other Class Members

20   and Class Counsel from any and all claims of abuse of process, malicious prosecution, or any

21   other claims arising out of the initiation, prosecution or resolution of the Action, including, but

22   not limited to, claims for attorneys' fees, costs of suit or sanctions of any kind, or any claims

23   arising out of the allocation or distribution of any of the consideration distributed pursuant to this

24   Settlement.

25        4.      Notwithstanding the entry of Judgment, this Court shall retain jurisdiction of the

26   Actions until such time as the Court determines that the Settlement is fully consummated

27   according to the terms and conditions of this Agreement.

28

**VII.   PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT**

      A.    Before commencing these Actions and during settlement negotiations, Class Counsel and their consultants conducted a thorough examination and evaluation of the relevant law and facts to assess the merits of Plaintiffs' claims and potential claims and to determine how best to serve the interests of the Class. Further, Plaintiffs conducted extensive discovery and Apple provided Class Counsel with the information requested to permit the Class Representatives and Class Counsel to assess the merits of their claims and potential claims and negotiate a settlement. Class Counsel and the Class Representatives believe that the claims asserted in these Actions have merit.

      B.    However, Class Counsel, on behalf of the Settlement Class, have agreed to settle the Actions pursuant to the provisions of this Agreement after considering, among other things: (a) the substantial benefits to Plaintiffs and the Settlement Class under the Settlement; (b) the attendant risks and uncertainty of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation; and (c) the desirability of consummating this Settlement to provide effective timely relief to Plaintiffs and the Settlement Class.

      C.    In consideration of all of these circumstances, Class Counsel and the Class Representatives have concluded that the proposed settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class.

**VIII.  DEFENDANT'S DENIAL OF LIABILITY; AGREEMENT AS DEFENSE IN FUTURE PROCEEDINGS**

      A.    Apple has indicated its intent vigorously to contest each and every claim in the Action, and continues vigorously to deny all of the material allegations in the Action. Apple enters into this Agreement without in any way acknowledging any fault, liability, or wrongdoing of any kind. Apple nonetheless has concluded that it is in its best interests that the Actions be settled on the terms and conditions set forth herein in light of the expense that would be necessary to defend the Action, the benefits of disposing of protracted and complex litigation, and the desire of Apple to conduct its business unhampered by the distractions of continued litigation.

      B.    Neither this Agreement, nor any of its terms or provisions, nor any of the

negotiations or proceedings connected with it, shall be construed as an admission or concession by Apple of the truth of any of the allegations in the Actions, or of any liability, fault, or wrongdoing of any kind, nor as an admission or concession by plaintiffs of any lack of merit of their claims against Apple.

      C.     To the extent permitted by law, neither this Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability or admission by Apple.

      D.     To the extent permitted by law, the Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding which may be instituted, prosecuted, or attempted for claims covered by the releases in this Agreement.

## IX.    ADMINISTRATIVE AND IMPLEMENTATION MATTERS

      **A.    Effective Date of the Agreement**

      The "Effective Date" of this Agreement shall be the first day after which all of the following events and conditions of this Agreement have been met or have occurred:

          1.     All of the Parties and their counsel have executed this Agreement;

          2.     The Court has conditionally certified the Settlement Class, preliminarily approved the settlement embodied in this Agreement, and provided for approved notice to the Settlement Class by entry of an order substantially in the form of Exhibit E hereto;

          3.     Following the final date for Class Members to exclude themselves from the Settlement Class pursuant to Section IV.F. hereof, and no less than seven (7) days prior to the Final Hearing, Class Counsel has verified in writing that fewer than three thousand (3,000) of the Class Members have elected to exclude themselves from the Settlement Class, except that if this condition is not met, Apple shall have the option to give written notice to Class Counsel waiving this condition and stating that Apple intends to proceed with the settlement set forth in this Agreement;

          4.     The Court has signed the Judgment; and

5.      The Judgment has become final ("Final") in that the time for appeal or writ has expired or, if an appeal and/or petition for review is taken and the settlement is affirmed, the time period during which further petition for hearing, appeal, or writ of certiorari can be taken has expired. If the Judgment is set aside, materially modified, or overturned by the trial court or on appeal, and is not fully reinstated on further appeal, the Judgment shall not become "Final."

B.      **Settlement Administration; Invalid or Incomplete Claims**

1.      Apple shall, in good faith, administer the process of receiving, handling, processing, and paying claims through a third-party settlement administrator ("Administrator"). Class Counsel shall have the right to submit names of proposed settlement administrators, but Apple shall have the sole discretion to select the Administrator. Class Counsel shall have the right to inquire of Apple's counsel regarding any aspect of implementation of the settlement, including but not limited to the settlement administration process and the treatment of individual Settlement Class Member's claims under Section IX of this Agreement. Class Counsel shall also receive quarterly written reports summarizing claims received and action taken thereon at Class Counsel's request.

2.      The Claims Administrator shall have the right to reject any claims deemed to be fraudulent, insufficient, or incomplete. However, all Claimants will be given a fair and reasonable opportunity to cure any insufficient or incomplete claim submissions in order to maximize the overall benefit to the Class in accordance with Section IX.C. below.

C.      **Invalid or Incomplete Claims; Cure Period**

The Claims Administrator will mail originals or copies of Claim Forms rejected as invalid or incomplete, or a written notice of additional information required for the Claim Form to be valid ("Cure Notice"), directly to the Settlement Class Member who submitted the Claim Form. Settlement Class Members shall have a 45-day period to cure defective or incomplete claims, which shall run from the date of mailing of the original or copy of the Claim Form or Cure Notice to the Settlement Class Member. The 45-day cure period may extend after the end of the period for submission of Claim Forms so long as the original Claim Form was timely submitted. Settlement Class Members shall have only one opportunity to cure.

**D.   Disputed Claims**

On a quarterly basis after the commencement of claims fulfillment, the Claims Administrator will provide Class Counsel with a list of rejected Claims (including the Settlement Class Member's name, address, and telephone number and the reason for rejection). Class Counsel shall have a reasonable opportunity to inspect originals or copies of the Claim Forms. Counsel for the Parties will first attempt to resolve any disputes concerning rejected claims informally between themselves. If counsel cannot reach an agreement concerning one or more claims, the claims will be submitted to the Court for determination.

**X.    MISCELLANEOUS PROVISIONS**

**A.    Extensions Of Time**

Unless otherwise ordered by the Court herein, the Parties may jointly agree to reasonable extensions of time to carry out any of the provisions of this Agreement.

**B.    Integration**

This Agreement, including all exhibits, constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

**C.    Governing Law**

This Agreement shall be construed in accordance with, and be governed by, the laws of the State of California, without regard to the principles thereof regarding choice of law.

**D.    Gender and Plurals**

As used in this Agreement, the masculine, feminine, or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

**E.    Survival of Warranties and Representations**

The warranties and representations of this Agreement are deemed to survive the date of execution hereof.

**F.    Representative Capacity**

Each person executing this Agreement in a representative capacity represents and warrants

1  that he or she is empowered to do so.

2  **G.  Counterparts**

3  This Agreement may be executed in any number of counterparts, each of which shall be

4  deemed an original, but all of which together shall constitute one and the same instrument, even

5  though all Parties do not sign the same counterparts.

6  **H.  Cooperation of Parties**

7  The Parties to this Agreement agree to prepare and execute all documents, to seek Court

8  approvals, to defend Court approvals, and to do all things reasonably necessary to complete the

9  settlement described in this Agreement.

10  **I.  Execution Voluntary**

11  This Agreement is executed voluntarily by each of the Parties without any duress or undue

12  influence on the part, or on behalf, of any of them.  The Parties represent and warrant to each

13  other that they have read and fully understand the provisions of this Agreement and have relied

14  on the advice and representation of legal counsel of their own choosing.  Each of the Parties has

15  cooperated in the drafting and preparation of this Agreement and has been advised by counsel

16  regarding the terms, effects, and consequences of this Agreement.  Accordingly, in any

17  construction to be made of this Agreement, this Agreement shall not be construed as having been

18  drafted solely by any one or more of the Parties.

19  **J.  Notices**

20  1.  All Notices to Class Counsel provided for herein shall be sent by email to

21  helenz@zhlaw.com with a hard copy sent by overnight mail to Helen I. Zeldes, Zeldes &

22  Haeggquist, LLP, 625 Broadway, Suite 906, San Diego, California 92101.

23  2.  All Notices to Apple provided for herein shall be sent by email to

24  Ppreovolos@mofo.com, with a hard copy sent by overnight mail to Penelope A. Preovolos,

25  Morrison & Foerster LLP, 425 Market Street, San Francisco, California 94105-2482.

26  3.  The notice recipients and addresses designated in Sections 1 and 2 above

27  may be changed by written notice pursuant to this Section.

28  4.  Upon the request of any of the Parties, the Parties agree to promptly

SETTLEMENT AGREEMENT AND RELEASE         16
Case Nos. C-09-01911JW and C-09-03862JW
sf-2923363

1   provide each other with copies of objections, requests for exclusion, or other filings received as a

2   result of the Class Notice.

3      L.   **Modification and Amendment**

4      This Agreement may be amended or modified only by a written instrument signed by the

5   Parties' counsel and approved by the Court.

6   Dated: _____, 2011      APPLE INC.

7                                         By: _____

8                                         Title: _____

9   Dated: ___July 1st___, 2011           NAOTAKA KITAGAWA

10

11                                         Naotaka Kitagawa

12

13  Dated: _____, 2011       TIMOTHY J. BROAD

14                                         _____

15                                         Timothy J. Broad

16  Dated: _____, 2011       JESSE REISMAN

17                                         _____

18                                         Jesse Reisman

19

20  Dated: _____, 2011       TRACEY HACKWITH

21                                         _____

22                                         Tracy Hackwith

23  Dated: _____, 2011       MICHAEL MARTIN

24                                         _____

25                                         Michael Martin

26

27

28

1  result of the Class Notice.

2  **L.  Modification and Amendment**

3      This Agreement may be amended or modified only by a written instrument signed by the

4  Parties' counsel and approved by the Court.

5  Dated: _____, 2011      APPLE INC.

6      By: _____

7      Title: Associate General Counsel

8  Dated: _____, 2011      NAOTAKA KITAGAWA

9

10      _____
    Naotaka Kitagawa

11

12  Dated: _____, 2011      TIMOTHY J. BROAD

13      _____
    Timothy J. Broad

14

15  Dated: _____, 2011      JESSE REISMAN

16

17      _____
    Jesse Reisman

18

19  Dated: _____, 2011      TRACEY HACKWITH

20      _____
    Tracy Hackwith

21

22  Dated: _____, 2011      MICHAEL MARTIN

23

24      _____
    Michael Martin

25

26

27

28

1   provide each other with copies of objections, requests for exclusion, or other filings received as a

2   result of the Class Notice.

3        **L.    Modification and Amendment**

4            This Agreement may be amended or modified only by a written instrument signed by the

5   Parties' counsel and approved by the Court.

6   Dated: _____, 2011        APPLE INC.

7                                           By: _____

8                                           Title: _____

9   Dated: _____, 2011        NAOTAKA KITAGAWA

10

11                                          _____
                                            Naotaka Kitagawa

12
    Dated: __7.1_____, 2011         TIMOTHY J. BROAD
13
                                            _____
14                                          Timothy J. Broad

15

16  Dated: _____, 2011        JESSE REISMAN

17
                                            _____
18                                          Jesse Reisman

19
    Dated: _____, 2011        TRACEY HACKWITH
20

21                                          _____
                                            Tracy Hackwith
22

23  Dated: _____, 2011        MICHAEL MARTIN

24
                                            _____
25                                          Michael Martin

26

27

28

SETTLEMENT AGREEMENT AND RELEASE                    17
Case Nos. C-09-01911JW and C-09-03862JW
sf-2923363

1    provide each other with copies of objections, requests for exclusion, or other filings received as a

2    result of the Class Notice.

3       **L.**    **Modification and Amendment**

4       This Agreement may be amended or modified only by a written instrument signed by the

5    Parties' counsel and approved by the Court.

6    Dated: _____, 2011    APPLE INC.

7       By: _____

8       Title: _____

9    Dated: _____, 2011    NAOTAKA KITAGAWA

10

11       Naotaka Kitagawa

12

13    Dated: _____, 2011    TIMOTHY J. BROAD

14       Timothy J. Broad

15

16    Dated: _07-05_, 2011    JESSE REISMAN

17

18       Jesse Reisman

19

20    Dated: _____, 2011    TRACEY HACKWITH

21       Tracy Hackwith

22

23    Dated: _____, 2011    MICHAEL MARTIN

24

25       Michael Martin

26

27

28

1    result of the Class Notice.

2       **L.**    **Modification and Amendment**

3       This Agreement may be amended or modified only by a written instrument signed by the

4    Parties' counsel and approved by the Court.

5    Dated: _____, 2011     APPLE INC.

6                                    By: _____

7                                    Title: _____

8    Dated: _____, 2011     NAOTAKA KITAGAWA

9

10                                    Naotaka Kitagawa   .

11

12    Dated: _____, 2011     TIMOTHY J. BROAD

13                                    Timothy J. Broad

14

15    Dated: _____, 2011     JESSE REISMAN

16

17                                    Jesse Reisman

18

19    Dated: 7/5 _____, 2011     TRACEY HACKWITH

20                                    Tracy Hackwith

21

22    Dated: _____, 2011     MICHAEL MARTIN

23

24                                    Michael Martin

25

26

27

28

1    APPROVED AS TO FORM:

2    Dated: _____, 2011          MORRISON & FOERSTER LLP
                                         PENELOPE A. PREOVOLOS
3                                        ANDREW D. MUHLBACH

4                                        By: _____
                                              Penelope A. Preovolos
5                                             Attorneys for Defendant
                                         APPLE COMPUTER, INC.
6

7    Dated: July 28, 2011                HELEN ZELDES
                                         ZELDES & HAEGGQUIST
8

9                                        By: _____
                                              Helen Zeldes
10                                       Attorney for Plaintiffs and for the Settlement
                                         Class
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

| | |
|---|---|
| IN RE MAGSAFE POWER ADAPTER LITIGATION | Case No.  C09-01911 JW |
| | CLASS ACTION |

17

18

19                         **EXHIBIT A**

20              **NOTICE OF PENDENCY AND PROPOSED**
                 **SETTLEMENT OF CLASS ACTION**
21

22

23

24

25

26

27

28

1

2
UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

3

4
# If you are the original owner of certain MacBook or MacBook Pro computers and/or you purchased a standalone 60W or 85W MagSafe power adapter for these computers, you could be entitled to benefits under a class action settlement.

5

6

7

8

9
*The United States District Court, Northern District of California, authorized this notice.  This is not a solicitation from a lawyer.*

10
- The settlement will provide a cash payment if you are the original owner of certain Apple MacBook or MacBook Pro computers or separately purchased an Apple 60W or 85W MagSafe "T" Power Adapter, the Adapter showed signs of Strain Relief Damage, and you purchased a Replacement Adapter (defined below) within the first three years following the initial purchase of the computer or Adapter.  The amount of the cash payment will vary; see the chart on page 6 for payment amounts.  You may also be able to obtain a replacement adapter at no charge from Apple if your adapter shows signs of Strain Relief Damage now or in the future.

11

12

13

14

15
- You must be a United States resident who (1) is the original owner (by purchase or gift) of an Apple MacBook or MacBook Pro computer listed on Exhibit 1 hereto and/or (2) purchased a standalone 60W or 85W MagSafe "T" Power Adapter.  For convenience, these computers are referred to as the "Subject Computers" and the adapters shipped with the Subject Computer or purchased standalone are referred to as "Adapters."

16

17

18

19
- To be eligible for a cash payment, the Replacement Adapter that you purchased because your Adapter showed signs of Strain Relief Damage (defined below) must be an Apple-branded 60W or 85W MagSafe Power Adapter (referred to as a "Replacement Adapter").  You must have purchased the Replacement Adapter at your own expense within the first three years following the initial purchase of the Subject Computer or Adapter.

20

21

22
- If your Adapter shows signs of Strain Relief Damage now or in the future and you have not yet purchased a Replacement Adapter, you may obtain a replacement adapter from Apple free of charge.  See section 11 below for details and deadlines.

23

24

25

26

27

28

- The Adapter shipped with your Subject Computer or purchased standalone must look like this to be covered by the settlement:



- Your legal rights are affected whether you act or don't act.  Please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM FORM | The only way to get a payment. |
| EXCLUDE YOURSELF | Get no payment.  This is the only option that allows you to ever be part of any other lawsuit against Apple about the legal claims in this case. |
| OBJECT | Write to the Court about why you don't like the settlement. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlement. |
| DO NOTHING | Get no payment.  Give up rights. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals are resolved. Please be patient.

2

sf-2981010

1

2

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION** ................................................................... PAGE 4
1.   Why did I get this notice package?
2.   What is this lawsuit about?
3.   Why is this a class action?
4.   Why is there a settlement?
**WHO IS IN THE SETTLEMENT** ................................................... PAGE 5
5.   How do I know if I am part of the settlement?
6.   Are there exceptions to being included?
7.   If I purchased a Subject Computer but did not purchase a
     Replacement Adapter as described, am I included in the Class?
8.   I'm still not sure if I am included.
**THE SETTLEMENT BENEFITS—WHAT YOU GET** ......................... PAGES 5-6
9.   What does the settlement provide?
10.  What can I get from the settlement?
**HOW YOU GET A REPLACEMENT ADAPTER** ............................... PAGES 6-7
11.  What can I get if my Adapter shows signs of Strain Relief Damage in the future?
**HOW YOU GET A CASH PAYMENT—**
**SUBMITTING A CLAIM FORM** ................................................... PAGES 7
12.  How can I get a cash payment?
13.  When would I get my cash payment?
14.  What am I giving up to get a cash payment or stay in the Class?
**EXCLUDING YOURSELF FROM THE SETTLEMENT** .................... PAGES 8
15.  How do I get out of the settlement?
16.  If I don't exclude myself, can I sue Apple for the same thing later?
17.  If I exclude myself, can I get money from this settlement?
**THE LAWYERS REPRESENTING YOU** ....................................... PAGE 8-9
18.  Do I have a lawyer in this case?
19.  How will the lawyers be paid?
**OBJECTING TO THE SETTLEMENT** .......................................... PAGES 9
20.  How do I tell the Court that I don't like the settlement?
21.  What's the difference between objecting and excluding?
**THE COURT'S FAIRNESS HEARING** ........................................ PAGES 9-10
22.  When and where will the Court decide whether to approve the settlement?
23.  Do I have to come to the hearing?
24.  May I speak at the hearing?
**IF YOU DO NOTHING** ............................................................... PAGE 10
25.  What happens if I do nothing at all?
**GETTING MORE INFORMATION** ............................................. PAGE 10-11
26.  Are there more details about the settlement?
27.  How do I get more information?

27

28

3

sf-2981010

1

2

## BASIC INFORMATION

3   **1. Why did I get this notice package?**

4

5   You may be a United States resident (person or entity) who is the original owner of a Subject Computer or who separately purchased an Adapter.

6   The Court ordered this notice to be sent to you because you have a right to know about a proposed settlement of a class action lawsuit, and about your options, before the Court decides whether to approve the settlement. If the Court approves it and after any appeals are resolved, an administrator will make the payments that the settlement allows.

7

8

9   This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

10

11   The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *In re Magsafe Apple Power Adapter Litigation*, Case No. C09-01911-JW. The people who sued are called Plaintiffs, and the company they sued, Apple Inc., is called the Defendant.

12

13   **2. What is this lawsuit about?**

14

15   The lawsuit claimed that the Adapter is defective in that it "dangerously frays, sparks and prematurely fails to work," and that Apple engaged in misrepresentations regarding the Adapter. Apple denies all allegations and has asserted many defenses. The settlement is not an admission of wrongdoing.

16

17   **3. Why is this a class action?**

18

19   In a class action, one or more people, called Class Representatives (in this case Naotaka Kitagawa, Timothy J. Broad, Jesse Reisman, Tracey Hackwith, and Michael Martin), sue on behalf of people who have alleged similar claims. All these people are a Class or Class Members. One court resolves the issues for all Class Members, except for those who choose to exclude themselves from the Class. United States District Court Judge James Ware is in charge of this class action.

20

21

22   **4. Why is there a settlement?**

23

24   The Court did not decide in favor of Plaintiffs or Defendant. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and settlement benefits go to the Class Members. The Class Representatives and the attorneys think the settlement is best for the Class Members.

25

26

27

28

4

## WHO IS IN THE SETTLEMENT

To see if you are eligible for benefits, you first have to determine whether you are a Class Member.

### 5. How do I know if I am part of the settlement?

Judge Ware has decided that everyone who fits this description is a Class Member:  All United States residents who (1) are the original owners of an Apple MacBook or MacBook Pro computer that shipped with a 60W or 85W MagSafe MPM-1 ("T") Power Adapter ("Subject Computers") and/or (2) purchased a standalone 60W or 85W MagSafe MPM-1 ("T") Power Adapter.  The Settlement Class includes original owners who received their Subject Computer(s) as a gift.

### 6. Are there exceptions to being included?

The Class does *not* include Apple; any entity in which Apple has a controlling interest; Apple's directors, officers, and employees; Apple's legal representatives, successors, and assigns; and all persons who validly request exclusion from the Settlement Class.

### 7. If I purchased a Subject Computer or Adapter but did not pay for a Replacement Adapter as described, am I included in the Class?

Yes, because if your Adapter shows signs of Strain Relief Damage now or in the future, you may be eligible for a free replacement from Apple.

### 8. I'm still not sure if I am included.

If you are still not sure whether you are included, you can visit the website, www._____.com, for more information.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

### 9. What does the settlement provide?

Apple has agreed to provide a cash payment to Class Members who purchased a Replacement Adapter for a Subject Computer or Adapter covered by the settlement and who send in a valid claim form.  The cash payment covers the purchase of a Replacement Adapter within the first three years following the initial purchase of the Subject Computer or Adapter, and before [notice date].  The amount of the cash payment will vary depending on when the Replacement Adapter was purchased.

You may also be able to obtain a replacement adapter at no charge from Apple if your adapter shows signs of Strain Relief Damage now or in the future.

sf-2981010

## 10. What cash payment amount can I get under the settlement?

The settlement provides for different cash payments depending on when you purchased a Replacement Adapter.

| Year of Purchase of Replacement Adapter | Cash Payment Amount | Must Show the Following to Receive Cash Payment |
|---|---|---|
| During the first year following the initial purchase of the Subject Computer or Adapter | Amount paid for the Replacement Adapter (excluding sales tax and shipping/handling fees) not to exceed $79.00. | 1. Proof of purchase of Replacement Adapter; and<br>2. Valid claim form. |
| During the second year following the initial purchase of the Subject Computer or Adapter | $50.00 | 1. Proof of purchase of Replacement Adapter; and<br>2. Valid claim form. |
| During the third year following the initial purchase of the Subject Computer or Adapter | $35.00 | 1. Proof of purchase of Replacement Adapter; and<br>2. Valid claim form. |

**There is a limit of three refunds per Subject Computer.**

### HOW YOU GET A REPLACEMENT ADAPTER

## 11. What can I get if my Adapter shows signs of Strain Relief Damage in the future?

If your Adapter shows signs of Strain Relief Damage now or in the future, you may claim a replacement under Apple's Adapter Replacement Program by taking your Adapter and computer to an Apple Retail Store or Apple Authorized Service Provider or contacting AppleCare.

6

1

2 Strain Relief Damage means fraying, melting, straining, sparking, weakening, discoloration,
bubbling, overheating and/or separation of the Adapter's strain reliefs.  For more information
3 regarding Strain Relief Damage or Apple's Adapter Replacement Program, see
4 http://support.apple.com/kb/TS1713.

5 For Adapters shipped with a Subject Computer, you will have three years from the date of
purchase of the Subject Computer or 180 days from the Notice Date, whichever is later, to
6 claim a replacement adapter.  For Adapters purchased separately, you will have three years
from the date of purchase of the Adapter or 180 days from the Notice Date, whichever is later,
7 to claim a replacement.  **If you do not claim a replacement adapter within these time
periods, you will lose your right to obtain a replacement.**  Apple will continue the Adapter
8 Replacement Program until December 31, 2012; Apple will have no obligation to honor
9 adapter replacement claims made after December 31, 2012.

10   **HOW YOU GET A CASH PAYMENT—SUBMITTING A CLAIM FORM**

11 **12. How can I get a cash payment?**

12 To qualify for a cash payment, you must send in a claim form.  A claim form, including
instructions on how to make a claim, is attached to this Notice.  You can also get a claim form
13 on the Internet at www._____.com or by calling 1-***-***-****.
14

15 You must read the instructions carefully, fill out the form as directed in the instructions,
include all the documents the form asks for, and sign the claim form under penalty of perjury.
16 You must mail the claim form postmarked on or before [date 120 days from the Notice Date].
**If you fail to return your claim form by the required date, your claim will be rejected,
17 and you will be deemed to have waived all rights to receive any cash benefit under this
settlement.**
18

19 Follow all the instructions on the claim form.

20 **13. When would I get my cash payment?**

21 The Court will hold a hearing on _____ at \_\_\_\_ a.m./p.m., to decide whether to
approve the settlement.  If Judge Ware approves the settlement, there may be appeals.  The
22 appeal process can take time, perhaps more than a year.  Please be patient.

23 **14. What am I giving up to get a cash payment or stay in the Class?**

24 Unless you choose to exclude yourself, you will remain in the Class.  That means that you are
eligible for a cash payment but can't sue, continue to sue, or be part of any other lawsuit
25 against Apple about the legal issues in this case.  It also means that all of the Court's orders
will apply to you and legally bind you.  If you sign the claim form, you will agree to a
26 "Release of Claims," included with the claim form, which describes exactly the legal claims
27 that you are giving up.

28

7

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue Apple, on your own, about the legal issues in this case, then you must take steps to get out. This is called excluding yourself—or is sometimes referred to as opting out of the Settlement Class.

### 15. How do I get out of the settlement?

To exclude yourself from the settlement, you must send a letter by mail saying that you want to be excluded from *In re Magsafe Apple Power Adapter Litigation*, Case No. C09-01911-JW. Be sure to include your name, address, telephone number, the serial number of your Subject Computer, and your signature. You must mail your exclusion request postmarked no later than _____, to:

### [Claims Administrator]

You can't exclude yourself on the phone or by fax or e-mail. If you ask to be excluded, you will not receive any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Apple in the future about the legal issues in this case.

### 16. If I don't exclude myself, can I sue Apple for the same thing later?

No. Unless you exclude yourself, you give up the right to sue Apple for the claims that this settlement resolves. You must exclude yourself from *this* Class to pursue your own lawsuit. Remember, your exclusion must be postmarked on or before _____.

### 17. If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, do not send in a claim form to ask for any money. But, you will not lose any right you may have to sue, continue to sue, or be part of a different lawsuit against Apple about the legal issues in this case.

## THE LAWYERS REPRESENTING YOU

### 18. Do I have a lawyer in this case?

The Class is represented in this case by Helen I. Zeldes of Zeldes & Haeggquist, LLP in San Diego, California and Steven A. Skalet of Mehri & Skalet, PLLC in Washington, DC. Together, these lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 19 How will the lawyers be paid?

Class Counsel will ask the Court for attorneys' fees and expenses of up to $3.1 million, and service awards to Plaintiffs in the amount of $5,000 each (total not to exceed $30,000). Apple

1

2  will separately pay the fees, service awards, and expenses that the Court awards. These
   amounts will not come out of any funds for payments to Class Members. Apple has agreed
3  not to oppose these fees, service awards, and expenses. Apple will also separately pay the
   costs to administer the settlement.
4

5                          **OBJECTING TO THE SETTLEMENT**

6  You can tell the Court that you don't agree with the settlement or some part of it.

7  **20. How do I tell the Court that I don't like the settlement?**

8  If you're a Class Member, you can object to the settlement if you don't like any part of it.
9  You can give reasons why you think the Court should not approve it. The Court will consider
   your views. To object, you must send a letter saying that you object to the settlement in *In re*
10 *Magsafe Apple Power Adapter Litigation*, Case No. C09-01911-JW. Be sure to include your
   name, address, telephone number, the serial number of your Subject Computer, your
11 signature, and the reasons you object to the settlement. If you have objected to other class
   action settlements on more than 3 occasions, you must list all cases in which you have filed an
12 objection. The objection and any supporting papers must be mailed to and actually received
13 by all of the following three addressees no later than _____, 2011:

14

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court United States District Court for the Northern District of California San Jose Division 280 South 1st Street San Jose, CA 95113 | Helen I. Zeldes Zeldes & Haeggquist, LLP 625 Broadway, Suite 906 San Diego, CA 92101 | Penelope A. Preovolos Morrison & Foerster LLP 425 Market Street San Francisco, CA 94105-2482 |

15

16

17

18

19

20 **21. What's the difference between objecting and excluding?**

21 Objecting is simply telling the Court that you don't like something about the settlement. You
   can object only if you stay in the Class. Excluding yourself is telling the Court that you don't
22 want to be part of the Class. If you exclude yourself, you have no basis to object, because the
   case no longer affects you.
23

24                        **THE COURT'S FAIRNESS HEARING**

25 The Court will hold a hearing to decide whether to approve the settlement. You may attend,
   and you may ask to speak, but you don't have to.
26

27 **22. When and where will the Court decide whether to approve the settlement?**

28 The Court will hold a Fairness Hearing at ____ *.m. on _____, 2011, at the United
   States District Court for the Northern District of California, San Jose Division, Courtroom 8
   (4th Floor) located at 280 South 1st Street, San Jose, California, 95113. At this hearing the

                                          9

Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Ware will listen to people who have asked to speak at the hearing. The Court may also consider how much to award Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

### 23. Do I have to come to the hearing?

No. Class Counsel will answer questions Judge Ware may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was received on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary. Finally, you may seek to intervene in the action, but you need not do so.

### 24. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that you intend to appear and speak at the Fairness Hearing in "*In re Magsafe Apple Power Adapter Litigation*, Case No. C09-01911-JW." Be sure to include the case name and number, your name, address, telephone number, and your signature. Your letter of intent to appear and speak must be received by the Clerk of the Court, Class Counsel, and Defense Counsel, at the three addresses in question 20, no later than _____, **2011**. You cannot speak at the hearing if you excluded yourself.

## IF YOU DO NOTHING

### 25. What happens if I do nothing at all?

If you do nothing, you will be part of the settlement class. You will not receive a cash payment from the settlement unless you file a valid and timely Claim Form. You won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Apple about the legal issues in this case.

## GETTING MORE INFORMATION

### 26. Are there more details about the settlement?

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. Copies of the Settlement Agreement and the pleadings and other documents relating to the case are on file at the United States District Court for the Northern District of California, San Jose Division, and may be examined and copied at any time during regular office hours at the Office of the Clerk, 280 South 1st Street, San Jose, California, 95113.

### 27. How do I get more information?

You can visit the settlement website at www._____.com, where you will find answers to common questions about the settlement, a claim form, plus other information. You may also write to Helen I. Zeldes, Zeldes & Haeggquist, LLP, 625 Broadway, Suite 906,

1

2   San Diego, CA 92101, 619-342-8000 or Steven A. Skalet, Mehri & Skalet, PLLC, 1250
Connecticut Ave. Suite 300, Washington DC, 20036, 202-822-5100. **Questions may not be**
3   **directed to the Court.**

4                                                        Date: _____, 2011.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

sf-2981010

# EXHIBIT B

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE MAGSAFE POWER ADAPTER LITIGATION | Case No.  C09-01911 JW<br><br>CLASS ACTION |

**EXHIBIT B**

**SUMMARY NOTICE OF SETTLEMENT**

1

**LEGAL NOTICE**

# If you are the original owner of certain MacBook or MacBook Pro computers and/or you purchased a standalone 60W or 85W MagSafe power adapter for these computers, you could be entitled to benefits under a class action settlement.

The settlement will provide a cash payment if you are the original owner (by purchase or gift) of certain Apple MacBook or MacBook Pro computer models ("Subject Computer") or separately purchased an Apple 60W or 85W MagSafe "T" Power Adapter ("Adapter"), your Adapter showed signs of Strain Relief Damage, and you purchased an Adapter as a replacement ("Replacement Adapter") within three years of purchasing the Subject Computer or Adapter. You may also be able to obtain a replacement adapter at no charge from Apple if your Adapter shows signs of Strain Relief Damage now or in the future. The United States District Court for the Northern District of California authorized this notice. The Court will have a hearing to consider whether to approve the settlement, so that the benefits may be paid.

WHO'S AFFECTED?

You're a "Class Member" if you are a United States resident who purchased in the United States an Apple MacBook or MacBook Pro computer or an Apple 60W or 85W MagSafe MPM-1 ("T") Power Adapter.

WHAT'S THIS ABOUT?

The lawsuit claimed that the MagSafe "T" Adapter is defective in that it allegedly "dangerously frays, sparks and prematurely fails to work," and that Apple engaged in misrepresentations regarding the Adapter. Apple denies all allegations and has asserted many defenses. Apple is entering into this settlement to avoid burdensome and costly litigation. The settlement is not an admission of wrongdoing.

WHAT CAN YOU GET FROM THE SETTLEMENT?

Apple has agreed to provide a cash payment to Class Members who purchased a Replacement Adapter for a Subject Computer or Adapter covered by the settlement and who send in a valid claim

form. The settlement provides for different cash payments depending on when you purchased a Replacement Adapter.

| YEAR REPLACEMENT ADAPTER PURCHASED | CASH PAYMENT AMOUNT |
|---|---|
| YEAR 1 | THE ACTUAL AMOUNT PAID FOR THE REPLACEMENT ADAPTER (EXCLUDING TAX & SHIPPING) UP TO $79 |
| YEAR 2 | $50 |
| YEAR 3 | $35 |

There is a limit of three refunds per Subject Computer.

You may also be able to obtain a replacement adapter at no charge from Apple if your Adapter shows signs of Strain Relief Damage now or in the future.

HOW DO YOU GET A PAYMENT?

A detailed notice and claim form package contains everything you need. Just call 1-***-***-**** or go to www._____.com to get one.

HOW DO YOU GET A REPLACEMENT ADAPTER?

If your Adapter shows signs of Strain Relief Damage now or in the future, you may claim a replacement under Apple's Adapter Replacement Program by taking your Adapter and computer to an Apple Retail Store or Apple Authorized Service Provider or contacting AppleCare. Strain Relief Damage means fraying, melting, straining, sparking, weakening, discoloration, bubbling,

1

overheating and/or separation of the Adapter's strain reliefs.

**IMPORTANT DEADLINES**

To claim a cash payment, you must mail the claim form postmarked on or before [date 120 days from the Notice Date]. To obtain a Replacement Adapter, you must contact Apple within three years from the date you purchased a Subject Computer or standalone Adapter, or [180 days from the Notice Date], whichever is later; no claim form is required. **If you do not claim a cash payment or Replacement Adapter within these time periods, you will lose your right to obtain these benefits.**

**WHAT ARE YOUR OPTIONS?**

If you don't want to make a claim and you don't want to be legally bound by the settlement, you must postmark your request to exclude yourself by _____, 2011, or you won't be able to sue, or continue to sue, Apple about the legal claims in this case. If you exclude yourself, you will not be eligible to receive a payment from this settlement.

If you stay in the Class, you may object to the settlement. Objections must be received by _____, 201_. The detailed notice describes how to exclude yourself or object. The Court will hold a hearing in this case (*In re MagSafe Power Adapter Litigation*, Case No. C09-0991 JW) on _____, 201_, at ____ *.m. to consider whether to approve (1) the settlement and (2) attorneys' fees and expenses of up to $3.1 million and service payments to Plaintiffs of $5,000 each (not to exceed $30,000). You may appear at the hearing, but you don't have to. To obtain a full notice and claim form, go to www._____.com or call toll free 1-***-***-**** For more details, go to www._____.com or write to Helen Zeldes, Esq., **Zeldes & Haeggquist, LLP, 625 Broadway, Suite 906, San Diego, CA 92101, 619-342-8000.**

# EXHIBIT C

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE MAGSAFE POWER ADAPTER LITIGATION | Case No.  C09-01911 JW<br><br>CLASS ACTION |

**EXHIBIT C**

**POSTCARD NOTICE OF SETTLEMENT**

1
2

## Notice of Apple Adapter Settlement For Certain MacBook and MacBook Pro Computers and For Standalone 60W or 85W MagSafe Power Adapters

3   **Attention:** The settlement will provide a cash payment if you are the original owner of certain Apple MacBook or MacBook Pro computer models ("Subject Computer") or
4   separately purchased an Apple 60W or 85W MagSafe "T" Power Adapter ("Adapter"), your Adapter showed signs of Strain Relief Damage, and you purchased an Adapter as a
5   replacement ("Replacement Adapter") within three years of purchasing the Subject Computer or Adapter. You may also be able to obtain a replacement adapter at no charge from Apple if
6   your Adapter shows signs of Strain Relief Damage in the future. The United States District Court for the Northern District of California authorized this notice.

7
8   **To learn more about the settlement (including whether your computer is a covered by the settlement), make a claim or exclude yourself from the settlement,** call 1-***-***-**** or go to www._____.com.

9
10  **The Settlement:** The settlement will provide a cash payment if you are the original owner (by purchase or gift) of certain Apple MacBook or MacBook Pro computers ("Subject Computer") or separately purchased an Apple 60W or 85W MagSafe MPM-1 ("T") Power
11  Adapter ("Adapter"), the Adapter showed signs of Strain Relief Damage, and you purchased a Replacement Adapter at your own expense within the first three years following the initial
12  purchase of the Subject Computer or Adapter. If the court approves the settlement, you may be entitled to a cash payment in the following amounts depending on whether you purchased
13  your Replacement Adapter during the first, second or third year following the initial retail purchase of the Subject Computer or Adapter: (a) first year, the actual amount you paid
14  (excluding taxes and shipping/handling fees) up to a maximum of $79.00; (b) second year $50; (c) third year $35. There is a limit of three refunds per Subject Computer. You may also
15  be able to obtain a Replacement Adapter at no charge from Apple if your Adapter shows signs of Strain Relief Damage now or in the future.

16
17  **Your Rights:** If you qualify, you may send in a claim form to ask for payment, or you can exclude yourself from the settlement or object to the settlement. To claim a cash payment,
18  you must mail the claim form postmarked on or before [date 120 days from the Notice Date]. To claim a Replacement Adapter, you must contact Apple within three years from the date
19  you purchased a Subject Computer or standalone Adapter, or [180 days from the Notice Date], whichever is later. If you don't want a payment and you don't want to be legally
20  bound by the settlement, your opt-out request must be postmarked by _____, 20__. If you stay in the Class, any objection you have to the settlement must be received by _____.
21  Call 1-***-***-**** or go to www._____.com to get the information you need to make a claim, exclude yourself or object. The Court will hold a hearing in this case (*In re Magsafe
22  Apple Power Adapter Litigation*, Case No. C09-01911-JW) on _____, 20__, at ____*.m. to consider whether to approve (1) the settlement and (2) attorneys' fees and expenses of up to
23  $3.1 million and a service award to each named plaintiff of $5,000. You may appear at the hearing, but you don't have to. To obtain a full notice and claim form, go to
24  www._____.com or call toll free 1-***-***-****. For more details, go to www._____.com or write to Helen Zeldes, Esq., Zeldes & Haeggquist, LLP, 625
     Broadway, Suite 906, San Diego, CA 92101, 619-342-8000.

25

26

27

28

---
1
POSTCARD NOTICE

**EXHIBIT D**

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  NORTHERN DISTRICT OF CALIFORNIA
10                       SAN JOSE DIVISION
11
12   IN RE MAGSAFE POWER ADAPTER          Case No.  C09-01911 JW
     LITIGATION
13
                                          CLASS ACTION
14
15
16
17
18
19                           **EXHIBIT D**

20                          **CLAIM FORM**
21
22
23
24
25
26
27
28

sf-2981009

1   **Apple MagSafe Adapter Claim Form (MacBook and MacBook Pro "T" Adapters)**

2   **(Including Instructions, Claim Form, Release and Declaration)**

3   **INSTRUCTIONS**

4   **READ THESE INSTRUCTIONS CAREFULLY.  IF YOU FAIL TO FOLLOW THESE
5   INSTRUCTIONS, YOU MAY LOSE CERTAIN BENEFITS TO WHICH YOU
    MIGHT OTHERWISE BE ENTITLED.**

6   **1.   Summary of Key Provisions**

7   The settlement will provide a cash payment if you are the original owner of an Apple
    MacBook or MacBook Pro computer (certain models) or separately purchased an Apple 60W
8   or 85W MagSafe "T" Power Adapter, the Adapter showed signs of Strain Relief Damage, and
    you purchased a Replacement Adapter (defined below) within the first three years following
9   the initial purchase of the computer or Adapter.  The amount of the cash payment will vary.
    You may also be able to obtain a replacement adapter at no charge from Apple if your
10  Adapter shows signs of Strain Relief Damage in the future.  Please refer to the full Notice for
    an explanation and chart of the cash payment amounts.
11
    To receive a cash payment under the settlement, you must fill out and return the attached
12  Claim Form ("Claim Form") postmarked on or before the dates explained in Part 5 below.  If
    you fail to return a valid Claim Form by the deadline, your claim will be rejected and you will
13  lose all rights to these benefits.

14  Do not use this Claim Form to request a replacement adapter.  Please refer to the full Notice
    for how to request a replacement adapter.
15
    Unless you request exclusion from the class as explained in the Class Notice, you will be
16  bound by the Settlement Agreement and Release and the Final Judgment even if you do not
    return the Claim Form.
17
    If you have any questions while completing the Claim Form, please go to
18  www._____ .

19  **2.   Who Is Eligible to Claim A Cash Refund Under the Settlement**

20  To qualify, you must be a United States resident who (1) is the original owner of an Apple
    MacBook or MacBook Pro computer listed on Exhibit 1 hereto and/or (2) purchased a
21  standalone 60W or 85W MagSafe MPM-1 ("T") Power Adapter.  For convenience, these
    computers are referred to as the "Subject Computers" and the adapters shipped with the
22  Subject Computer or purchased standalone are referred to as "Adapters."  You must also have
    purchased an Apple-branded 60W or 85W MagSafe Power Adapter (referred to as a
23  "Replacement Adapter") as a replacement because your Adapter showed signs of Strain
    Relief Damage.  You must have purchased the Replacement Adapter at your own expense
24  within the first three years following the initial purchase of the Subject Computer or Adapter.

25  **3.   One Claim Form Per Subject Computer or Adapter.**

26  If you purchased more than one Subject Computer or Adapter, experienced an Adapter failure
    and paid for a Replacement Adapter for more than one Subject Computer or Adapter, and you
27  wish to make claims for multiple Subject Computers or Adapters, you must fill out a separate
    Claim Form for each Subject Computer.  If you purchased more than one Replacement
28  Adapter for the same Subject Computer or Adapter, you must also fill out a separate Claim

Form for each Replacement Adapter purchase. (You may claim refunds for no more than three Replacement Adapters per Subject Computer.) You may print multiple copies of this claim form, or make photocopies, if necessary.

**4.  How To Make A Claim for a Cash Refund**

To make a claim, complete and submit this Claim Form, along with the required documentation, in compliance with the instructions below. Send the original of the signed Claim Form and a copy of the required documentation to [Claim Administrator Address]. Please keep copies for your records.

**Proof of Purchase**

You must attach a Proof of Purchase of your Replacement Adapter to your Claim Form. "Proof of Purchase" means an invoice, receipt or other document (such as a credit card statement or cancelled check) evidencing that the product you purchased was a Replacement Adapter, the price paid, date of purchase, and the name and address of the entity from whom the Replacement Adapter was purchased. If the Proof of Purchase does not specifically identify the purchase of a Replacement Adapter or the price paid, you may submit a receipt, bank or credit card statement, or Apple email receipt, showing a purchase from any Apple store (online or in-person) in the amount of $79 or greater, and must declare in the Claim Form that the product purchased was a Replacement Adapter, state the price paid (if not shown in the Proof of Purchase), and highlight the item in the Proof of Purchase that includes the Replacement Adapter.

**5.  Claims Deadlines**

You must mail the claim form postmarked on or before [notice date plus 120 days]. **If you fail to return your claim form by the required date, your claim will be rejected, and you will be deemed to have waived all rights to receive a cash payment under this settlement.**

> **Remember:**  **To be valid, your Claim Form must be completely and accurately filled out, signed and dated, and must include all requested information, including Proof of Purchase. If your Claim Form is incomplete, untimely, illegible, or contains false information, it may be rejected by the Claims Administrator.**

1

**CLAIM FORM**
(Please Print or Type)

2

3        A.        **REQUIRED INFORMATION FOR ALL CLAIMANTS**

4        **You must complete every part of this Section A (except that providing your e-mail
         address is optional).  The information you provide will be treated as confidential.  Any
5        compensation that Apple provides in response to your claim will be issued to the name
         and street address you provide.  Please print clearly in blue or black ink.**

6        Name (Full name
7        required):          (First)              (Last) _____

8        Address:          _____

9        City:             _____

10       State:            _____

11       Zip Code:         _____

12       E-mail (optional): _____

13

14       ▶ Subject Computer Serial Number:  ☐ ☐ ☐ ☐ ☐.☐ ☐ ☐ ☐ ☐ ☐

15            (Location of the serial number varies by computer model.  Go to [settlement website] to
                        determine the location of the serial number on your model.)
16

17       ▶ Date Of Initial Retail Purchase of Your Subject Computer: _____, 20__

18       ▶ Date Replacement Adapter Purchased (if not shown on proof of purchase):
         _____, 20_____

19

20       ▶ Entity From Whom Replacement Adapter Purchased (if not shown on Proof of Purchase):

21       _____

22

23       ▶ Amount Paid for Replacement Adapter, excluding tax and shipping/handling fees (if not
         shown on Proof of Purchase):  $_____

24

25

26

27

28

1

**B.**   **DECLARATION UNDER PENALTY OF PERJURY FOR CLAIMANTS
WHOSE PROOF OF PURCHASE DOES NOT SPECIFICALLY
IDENTIFY PURCHASE OF AN APPLE PORTABLE POWER
ADAPTER**

2

3

If your Proof of Purchase does not specifically identify the purchase of an Apple 60W or 85W

4   MagSafe Power Adapter, you **must** check the box below and sign and date under the box:

5   ☐   I declare under penalty of perjury that the product circled or highlighted in the
enclosed invoice, receipt or other document was for a Replacement Adapter for

6   the Subject Computer whose serial number I have filled in above.

7   Signed: _____   Dated: _____

8

9   **C.**   **CERTIFICATION**

10   **Please read, date, and sign the statement below [required for all claims].**

11   By signing and dating this form below, I acknowledge that I have read the Release attached to
this Claim Form, and understand that the Settlement Agreement and Release and the Final

12   Judgment entered in this action will be binding on me, my agents and heirs, and any other
person or entity with authority to act on my behalf.

13

I state under penalty of perjury that the information provided above is true and correct to the

14   best of my knowledge and belief.

15

16

17   _____   _____

18   **SIGNED**   **DATED**

19

20   **REMINDER**

21   **Remember to attach your Proof of Purchase to the Claim Form.  If you don't return
your claim form postmarked on or before [notice date plus 120 days], your claim for**

22   **payment will be rejected.**

23

24

25

26

27

28

1

## RELEASE

2

3    If the Court approves the proposed settlement, it will enter a Judgment that will dismiss the Actions on the merits and with prejudice as to all Settlement Class Members. All Class Members who do not validly and timely request to be excluded from the proposed settlement

4    will be forever barred from prosecuting their own lawsuits and shall be deemed, on behalf of themselves and their heirs, assigns, and successors, to have fully released and forever

5    discharged the "Released Persons" (as defined below) from all "Released Claims" (as defined below).

6

7    "Released Persons" shall mean Apple, and, whether or not specifically named herein, each of its past or present directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, affiliates, parents, subsidiaries, joint venturers,

8    independent contractors, wholesalers, resellers, distributors, retailers, related companies and divisions, and each of their predecessors, successors, heirs, and assigns.

9

10    "Released Claims" shall mean any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands, of any kind whatsoever, whether known or

11    unknown, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or unknown claims, which they have

12    or may claim now or in the future to have, that were or could have been alleged or asserted against any of the Released Persons in the *In re Magsafe Apple Power Adapter Litigation*,

13    Case No. C09-01911, including but not limited to any claims that the Adapters are defective in that they dangerously fray, spark, prematurely fail to work, catch fire, overheat or melt, and

14    any alleged misrepresentations or failures to disclose with respect to the Adapters ("Released Claims"). Personal injury and property damage claims (other than damage to the Adapter

15    itself, including the cords that come with the Adapter) are excluded from the release.

16    By operation of the Final Judgment, all Settlement Class Members shall be deemed to have waived any and all provisions, rights, and benefits conferred by § 1542 of the California Civil

17    Code or any comparable statutory or common law provision of any other jurisdiction with respect to the Released Claims. Section 1542 reads as follows:

18

19              <u>Certain Claims Not Affected By General Release</u>: A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of

20              executing the release, which if known by him or her must have materially affected his settlement with the debtor.

21

22    Although the releases granted under the Agreement are not general releases, the Settlement Class Members nonetheless acknowledge that they are waiving the protections of § 1542 and

23    of any comparable statutory or common law provision of any other jurisdiction.

24

25

26

27

28

# EXHIBIT E

1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                             SAN JOSE DIVISION

11

12   IN RE MAGSAFE POWER ADAPTER              Case No.  C09-01911 JW
     LITIGATION
13
                                             CLASS ACTION
14

15

16

17

18

19                              **EXHIBIT E**

20
     **[PROPOSED] ORDER GRANTING CONDITIONAL CERTIFICATION**
21   **OF A SETTLEMENT CLASS, APPROVAL OF FORMS AND METHODS**
     **OF NOTICE, AND PRELIMINARY APPROVAL OF**
22   **SETTLEMENT AGREEMENT AND RELEASE**

23

24

25

26

27

28

1   WHEREAS, this Court has reviewed the Settlement Agreement and Release

2   ("Agreement") entered into by and among defendant Apple Inc. ("Apple"), Naotaka

3   Kitagawa, Timothy J. Broad, Jesse Reisman, Tracey Hackwith, and Michael Martin, as

4   individuals and as "Class Representatives" (collectively the "Parties" in the above-

5   referenced "Action"), together with all exhibits thereto, the record in this case, and the

6   arguments of counsel;

7   WHEREAS, this Court preliminarily finds, for the purposes of settlement only,

8   that the class alleged in the Action meets all the prerequisites of Federal Rules of Civil

9   Procedure Rule 23 for class certification, including numerosity, commonality, typicality,

10  ascertainability, predominance of common issues, superiority, and that the Class

11  Representatives and Class Counsel are adequate representatives of the Settlement Class;

12  IT IS HEREBY ORDERED AS FOLLOWS:

13  1.   All terms and definitions used herein have the same meanings as set forth in

14  the Agreement.

15  2.   The proposed settlement set forth in the Agreement is hereby preliminarily

16  approved as being fair, reasonable and adequate such that notice thereof should be given

17  to members of the Settlement Class (as defined in the following paragraph).

18  3.   The Action is provisionally certified as a class action, for the purposes of

19  settlement only, pursuant to Rule 23(b)(3), which class is defined as follows:

20  All United States residents who (1) are the original owners of an
    Apple MacBook or MacBook Pro computer that shipped with a
21  60W or 85W MagSafe MPM-1 ("T") Power Adapter ("Subject
    Computers") and/or (2) purchased a standalone 60W or 85W
22  MagSafe MPM-1 ("T") Power Adapter. The Settlement Class
    includes original owners who received their Subject
23  Computer(s) as a gift. The Settlement Class excludes Apple;
    any entity in which Apple has a controlling interest; Apple's
24  directors, officers, and employees; Apple's legal
    representatives, successors, and assigns; and all persons who
25  validly request exclusion from the Settlement Class.

26  4.   Class Counsel and the Class Representatives are hereby found to be and are

27  therefore appointed as adequate representatives of the Settlement Class:  Helen I. Zeldes

28  of Zeldes & Haeggquist, LLP, 625 Broadway, Suite 906, San Diego, CA 92101, and

1

1  Steven A. Skalet of Mehri & Skalet, PLLC, 1250 Connecticut Avenue NW, Suite 300,

2  Washington, DC 20036, are hereby appointed as Class Counsel, and Naotaka Kitagawa,

3  Timothy J. Broad, Jesse Reisman, Tracey Hackwith, and Michael Martin are hereby

4  appointed as Class Representatives.

5       5.   Certification of the Settlement Class shall be solely for settlement purposes

6  and without prejudice to the Parties in the event that the Agreement is not finally

7  approved by this Court or otherwise does not take effect.  Certification of the Settlement

8  Class shall be vacated and shall have no effect in the event that the Agreement is not

9  finally approved by this Court or otherwise does not take effect.

10      6.   The Notice of Pendency and Proposed Settlement of Class Action ("Class

11  Notice"); the Summary Notice of Settlement ("Summary Notice"); the Postcard Notice of

12  Settlement ("Postcard Notice"), and the Claim Form, Instructions, and Release ("Claim

13  Form"); which are attached to the Agreement as Exhibits A-D, respectively, are hereby

14  approved as to form.

15      7.   A copy of the Class Notice, together with the Claim Form, shall be posted

16  and available for download on a settlement website, www._____.com (the

17  "Settlement Website") and shall be mailed at no charge to Settlement Class Members

18  who call a toll-free number to be established at Apple's expense ("Toll-Free Number").

19  Apple shall use best efforts to include the term "adapter" in the domain name of the

20  settlement website.  This information shall remain available on the Internet until the last

21  day of the Claims Period.

22      8.   Apple shall send via email an electronic copy of the Summary Notice to each

23  Settlement Class Member for whom Apple has an email address in its warranty

24  registration database.

25      9.   Apple shall mail the Settlement Postcard to all Class Members for whom e-

26  mailed notice is returned as undeliverable.

27      10.  A copy of the Summary Notice shall be published by Apple once in *USA*

28  *Today*, a newspaper of national circulation, once in *Wired* magazine, and once on a

1    different date in *Macworld.* The notice shall not be less than 1/4 of a page in size.  The

2    Summary Notice shall include the address of the Settlement Website and the Toll-Free

3    Number.

4         11.    The Court finds that the forms of notice to the Settlement Class regarding

5    the pendency of the Action and of this settlement and Class Counsel's fee and expense

6    application and application for incentive award set forth above, and the methods of

7    dissemination to members of the Settlement Class in accordance with the terms of this

8    Order, constitute the best notice practicable under the circumstances and constitute valid,

9    due, and sufficient notice to all members of the Settlement Class, complying fully with

10   the requirements of Rule 23(c)(2)(B) and the United States Constitution.

11        12.    Any member of the Settlement Class who does not, in connection with the

12   settlement notices, file a valid and timely request for exclusion will be bound by the Final

13   Judgment dismissing the Action on the merits and with prejudice.

14        13.    A hearing (the "Final Hearing") shall be held by the Court on _____,

15   201_, at _____, to consider and determine whether the requirements for certification of

16   the Settlement Class have been met and whether the proposed settlement of the Action on

17   the terms set forth in the Agreement should be approved as fair, reasonable, adequate,

18   and in the best interests of the Settlement Class Members; whether Class Counsel's fee

19   and expense application and application for service award, included as part of the

20   settlement, should be approved; and whether the Final Judgment approving the settlement

21   and dismissing the Action on the merits and with prejudice against the Class

22   Representatives and all Settlement Class Members should be entered.

23        14.    The Final Hearing may, from time to time and without further notice to the

24   Settlement Class (except those who have filed timely and valid objections and requested

25   to speak at the fairness hearing), be continued or adjourned by Order of the Court.

26        15.    Any Settlement Class Member who seeks to be excluded from the

27   Settlement Class must send a request by first class mail, postmarked on or before

28   _____, 201_, to _____.

3

1      16.     Objections by any Settlement Class Member to:  (A) the certification of the

2   Settlement Class and the proposed settlement contained in the Agreement and described

3   in the Class Notice and Summary Notice; (B) the payment of fees and expenses to Class

4   Counsel or service awards to Plaintiff; and/or (C) entry of the Final Judgment, shall be

5   heard and any papers submitted in support of said objections shall be considered by the

6   Court at the Final Hearing only if, on or before _____, 201_, such objector files

7   with the Court a notice of his, her or its objections, submits documentary proof that he,

8   she or it is a member of the Settlement Class, states the basis for such objections, and

9   serves copies of the foregoing and all other papers in support of such objections on

10   counsel for the Parties identified in the Class Notice.  In order to be considered for

11   hearing, all objections must be actually received by the counsel identified in the Class

12   Notice on or before _____, 201_.

13      17.     No later than _____, 2011, the Parties shall file all papers in

14   support of the application for final approval of the settlement, the application for payment

15   of attorneys' fees and expenses, and/or any papers in response to any valid and timely

16   objections with the Court, and shall serve copies of such papers upon each other and upon

17   any objectors who have complied with the provisions of paragraph 16 of this Order.

18      18.     Settlement Class Members who wish to claim a cash payment and whose

19   Adapter showed signs of Strain Relief Damage prior to the Notice Date must mail their

20   Claim Form and supporting documentation postmarked within 120 days from the Notice

21   Date.  Settlement Class Members whose Adapter shows signs of Strain Relief Damage

22   now or in the future may obtain a replacement under the Adapter Replacement Program

23   described in Section II.F. of the Agreement.

24   //

25   //

26   //

27   //

28   //

1       19.    Counsel for the Parties are hereby authorized to utilize all reasonable

2  procedures in connection with the administration of the settlement which are not

3  materially inconsistent with either this Order or the terms of the Agreement.

4

5  Dated: _____, 2011      By:  Order of the U.S. District Court
                                    for the Northern District of California

6

7                                 The Honorable James Ware
                                  DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

**EXHIBIT F**

1

2

3

4

5

6

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                       SAN JOSE DIVISION

11

12   IN RE MAGSAFE POWER ADAPTER          Case No.  C09-01911 JW
     LITIGATION
13
                                          CLASS ACTION
14

15

16   _____

17

18

19                           **EXHIBIT F**

20
     **[PROPOSED] FINAL JUDGMENT AND ORDER APPROVING SETTLEMENT
21   AND DISMISSING CLAIMS OF SETTLEMENT CLASS MEMBERS WITH
                              PREJUDICE**
22

23

24

25

26

27

28

_____
                [PROPOSED] FINAL JUDGMENT AND ORDER

1    This matter came on for hearing on _____, 201_ at _____. The Court has

2    considered the Settlement Agreement and Release ("Agreement"), oral and/or written

3    objections and comments received regarding the proposed settlement, the record in the

4    Action and the arguments and authorities of counsel. Good cause appearing,

5       IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

6       1.    The Court, for purposes of this Final Judgment and Order Approving

7    Settlement and Dismissing Claims of Settlement Class Members With Prejudice

8    ("Judgment"), adopts the terms and definitions set forth in the Agreement.

9       2.    The Court has jurisdiction over the subject matter of the Action, the Class

10   Representatives, the Settlement Class Members, and defendant Apple Inc. ("Apple").

11      3.    The Court finds that the notice to the Settlement Class of the pendency of

12   the Action and of this settlement, as provided by the Agreement and by an Order of this

13   Court, constituted the best notice practicable under the circumstances to all persons and

14   entities within the definition of the Settlement Class, and fully complied with the

15   requirements of Federal Rules of Civil Procedure Rule 23 and due process.

16      4.    The Court approves the settlement as set forth in the Agreement and finds

17   that the settlement is in all respects fair, reasonable, adequate and just to the Settlement

18   Class Members.

19      5.    Pursuant to Rule 23(c), the Settlement Class as finally certified shall be

20   defined as follows:

21          All United States residents who (1) are the original owners of an
22          Apple MacBook or MacBook Pro computer that shipped with a
            60W or 85W MagSafe MPM-1 ("T") Power Adapter ("Subject
            Computers") and/or (2) purchased a standalone 60W or 85W
23          MagSafe MPM-1 ("T") Power Adapter. The Settlement Class
            includes original owners who received their Subject
24          Computer(s) as a gift. The Settlement Class excludes Apple;
            any entity in which Apple has a controlling interest; Apple's
25          directors, officers, and employees; Apple's legal
            representatives, successors, and assigns; and all persons who
26          validly request exclusion from the Settlement Class.

27      6.    Pursuant to the Agreement, Apple shall do the following:

28

---

1

[PROPOSED] FINAL JUDGMENT AND ORDER

sf-2981012

1          a.       Settlement Administration

2          Apple shall, in good faith, administer the process of receiving, handling,

3  processing and paying claims through an Administrator.  Class Counsel shall have the

4  right to submit names of proposed settlement administrators, but Apple shall have the

5  right to select the Administrator.  Class Counsel shall have the right to inquire of Apple's

6  counsel regarding any aspect of implementation of the settlement, including but not

7  limited to the settlement administration process and the treatment of individual

8  Settlement Class Member's claims.  Class Counsel shall also receive quarterly written

9  reports summarizing claims received and action taken thereon at Class Counsel's request.

10         b.      Payments for Settlement Class Members

11        Apple shall pay to Settlement Class Members who submit a valid and timely

12  Claim Form together with any required supporting documentation payments in the

13  following amounts:

14        (i)     Settlement Class Members whose Adapter showed signs of Strain
15                Relief Damage and who purchased a Replacement Adapter during the
                      first year following the initial retail purchase of the Subject Computer
16                or Adapter:  Amount paid for the Replacement Adapter (excluding
                      sales tax and shipping/handling fees) not to exceed $79.00;

17        (ii)    Settlement Class Members whose Adapter showed signs of Strain
18                Relief Damage and who purchased a Replacement Adapter during the
                      second year following the initial retail purchase of the Subject
19                Computer:  $50;

20        (iii)   Settlement Class Members whose Adapter showed signs of Strain
                      Relief Damage and who purchased a Replacement Adapter during the
21                third year following the initial retail purchase of the Subject Computer:
                      $35.

22        The Administrator shall have the right to reject claims deemed to be fraudulent,

23  insufficient, or incomplete.

24         c.      Limit of Three Claims Per Subject Computer

25        Each Settlement Class Member may claim refunds for no more than three

26  Replacement Adapters per Subject Computer.

27

28

2

[PROPOSED] FINAL JUDGMENT AND ORDER

1          d.     Adapter Replacement Program

2          Apple currently maintains a program that includes providing in-warranty and out-

3   of-warranty replacements for Adapters that show signs of Strain Relief Damage, provided

4   there are no obvious signs of user abuse ("Adapter Replacement Program").  Apple shall

5   continue the Adapter Replacement Program until December 31, 2012.  For Adapters

6   shipped with a Subject Computer, Settlement Class Members will have three years from

7   the date of purchase of the Subject Computer or 180 days from the Notice Date,

8   whichever is later, to claim a replacement adapter.  For Adapters purchased separately,

9   Settlement Class Members shall have three years from the date of purchase of the

10  Adapter or 180 days from the Notice Date, whichever is later, to claim a replacement.

11  Notwithstanding any of the foregoing, Apple will have no obligation to honor adapter

12  replacement claims made after December 31, 2012.

13         e.     Invalid or Disputed Claims; Cure Period

14         The Administrator will mail originals or copies of Claim Forms rejected as invalid

15  or incomplete, or a written notice of additional information required for the Claim Form

16  to be valid ("Cure Notice") directly to the Settlement Class Member who submitted the

17  Claim Form.  Settlement Class Members shall have a 45-day period to cure defective or

18  incomplete claims, which shall run from the date of mailing of the Cure Notice to the

19  Settlement Class Member.  The 45-day cure period may extend after the end of the period

20  for submission of Claim Forms so long as the original Claim Form was timely submitted.

21  Settlement Class Members shall have only one opportunity to cure.

22         f.     Disputed Claims

23         On a quarterly basis after commencement of claims fulfillment, the Claims

24  Administrator will provide Class Counsel with a list of rejected Claims (including the

25  Settlement Class Member's name, address, and telephone number and reason for

26  rejection).  Class Counsel shall have a reasonable opportunity to inspect originals or

27  copies of the Claim Forms.  Counsel for the Parties will first attempt to resolve any

28  dispute concerning rejected claims informally between themselves.  If counsel cannot

1   reach an agreement concerning one or more claims, the claims will be submitted to the

2   Court for determination.

3          7.     The Court adjudges that the payment of attorneys' fees and expenses in

4   the total amount of $_____ to Class Counsel and the payment of a service

5   award to plaintiffs Naotaka Kitagawa, Timothy J. Broad, Jesse Reisman, Tracey

6   Hackwith, and Michael Martin in the amount of $___ each are fair, reasonable and

7   adequate, and that said attorneys' fees and expenses shall be paid to Class Counsel and

8   said service awards shall be paid to plaintiffs Naotaka Kitagawa, Timothy J. Broad, Jesse

9   Reisman, Tracey Hackwith, and Michael Martin pursuant to the terms of the Agreement.

10         8.     As of the Effective Date, the Class Representatives and all Settlement

11  Class Members shall be forever barred from bringing or prosecuting, in any capacity, any

12  action or proceeding that involves or asserts any of the Released Claims against any

13  Released Person and shall conclusively be deemed to have released and forever

14  discharged the Released Persons from all Released Claims.

15         9.     The Class Representatives and all Settlement Class Members shall, as of

16  the Effective Date, conclusively be deemed to have acknowledged that the Released

17  Claims may include claims, rights, demands, causes of action, liabilities, or suits that are

18  not known or suspected to exist as of the Effective Date.  The Class Representatives and

19  all Settlement Class Members nonetheless release all such Released Claims against the

20  Released Persons.  Further, as of the Effective Date, the Class Representatives and all

21  Settlement Class Members shall be deemed to have waived any and all protections, rights

22  and benefits of California Civil Code section 1542 and any comparable statutory or

23  common law provision of any other jurisdiction.

24         10.    The benefits and payments described in Paragraphs 6 and 7 are the only

25  consideration, fees, and expenses Apple or the Released Persons shall be obligated to

26  give to the Class Representatives, Settlement Class Members, and Class Counsel in

27  connection with the Agreement and the payment of attorneys' fees and expenses.

28

[PROPOSED] FINAL JUDGMENT AND ORDER

sf-2981012

1    11.    The Action and all claims asserted in the Action are settled and dismissed

2    on the merits and with prejudice as to the Class Representatives and all Settlement Class

3    Members.  Notwithstanding the foregoing, this Judgment does not dismiss any claims

4    that have been or may be asserted in the future by any persons or entities who have

5    validly and timely requested exclusion from the Settlement Class as provided for in

6    section IV.F. of the Agreement.  A list of persons and entities who validly and timely

7    requested exclusion is on file with this Court.  Notwithstanding the dismissal of the

8    Action, Apple shall not claim and may not be awarded any costs, attorneys' fees, or

9    expenses.

10    12.    Without affecting the finality of this Judgment in any way, the Court

11    reserves exclusive and continuing jurisdiction over the Action, the Class Representatives,

12    the Settlement Class Members, and Apple for the purposes of supervising the

13    implementation, enforcement, construction, and interpretation of the Agreement, the

14    Court's Order dated _____, 2011, and this Judgment.

15    13.    The Agreement and this Judgment are not admissions of liability or fault

16    by Apple or the Released Persons, or a finding of the validity of any claims in the Action

17    or of any wrongdoing or violation of law by Apple or the Released Persons.  The

18    Agreement and settlement are not a concession by the Parties and to the extent permitted

19    by law, neither this Judgment, nor any of its terms or provisions, nor any of the

20    negotiations or proceedings connected with it, shall be offered as evidence or received in

21    evidence in any pending or future civil, criminal, or administrative action or proceeding

22    to establish any liability of, or admission by Apple, the Released Persons, or any of them.

23    Notwithstanding the foregoing, nothing in this Final Judgment shall be interpreted to

24    prohibit the use of this Judgment in a proceeding to consummate or enforce the

25    Agreement or Judgment, or to defend against the assertion of Released Claims in any

26    other proceeding, or as otherwise required by law.

27    All other relief not expressly granted to the Settlement Class Members is denied.

28

1   Dated: _____, 201_      By: Order of the United States
2                                       District Court for the Northern District
                                        of California
3

4                                       _____
5                                       The Honorable James Ware
                                        DISTRICT JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28