# Exhibit B

1

2

3

4

5

6

7

8    UNITED STATES DISTRICT COURT

9    NORTHERN DISTRICT OF CALIFORNIA

10    SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE MAGSAFE APPLE POWER ADAPTER LITIGATION | Case No.:  5:09-CV-01911-JW |
| | DECLARATION OF FERN M. SMITH |

Fern M. Smith states as follows:

1.      My name is Fern M. Smith.  I am a citizen and resident of San Francisco, California.  I am over the age of eighteen, competent to give this Declaration, and not disqualified by law from doing so.

2.      In conjunction with their motion for final approval of a settlement in this matter, Plaintiffs have requested that I submit a declaration describing the mediation that I conducted with the parties, at their request.

**Personal Background and Experience**

3.      I am a former Federal District Court Judge of the United States District Court, Northern District of California (1988 to 2005).  I also served as a judge on the Superior Court of the State of California, in the county of San Francisco, from 1986 to 1988, and I currently serve as a mediator with JAMS.  I also served as Director of the Federal Judicial Center - the primary training and educational institute for federal judges.  Through my work as a litigator, judge and with JAMS, I have more than 30 years of judicial and legal experience settling and

adjudicating complex cases involving a wide range of issues. A copy of my biography is attached hereto as Exhibit 1.

**The Mediation Process**

4.　　　The parties to the above-captioned action approached me to act as a mediator in this matter in or around June 2010.

5.　　　I first met with the parties on August 31, 2010, for a full day mediation session. In anticipation of the mediation, the parties sent me briefs setting forth their views and legal arguments about the case, and proposals for settlement. I thoroughly reviewed all materials provided to me in advance of the mediation session.

6.　　　During the mediation, I was able to explore fully with counsel, *inter alia*, the procedural background and history of the litigation to date, factual and legal merits analysis, and the risks both parties faced moving forward. The parties discussed the terms of a possible settlement, involving cash refunds to consumers, and a program for consumers to obtain replacement MagSafe adapters from Apple.

7.　　　At the end of the day, the parties came to an agreement in principle on the terms of the settlement to class members, which terms are those reflected in the proposed settlement before the Court: refunds to class members for replacement adapters they purchased, and provision of replacement adapters to customers.

8.　　　Based on my involvement in this process, I am satisfied that the negotiations which ultimately resulted in this agreement were intensive, undertaken by sophisticated and experienced attorneys on both sides in good faith, and conducted completely at arm's length.

**Negotiations for Attorneys' Fees and Reimbursement of Expenses**

9.　　　To the best of my knowledge, there were no discussions regarding attorneys' fees or expenses until after the parties had reached an agreement in principle on the settlement terms.

10.　　　At the request of the parties, I agreed to assist witha second mediation session on November 11, 2010, in an effort to help the parties come to an agreement concerning an

Case No. 5:09-CV-01911-JW

award of attorney fees. The parties did not reach agreement on a fee amount, but they did make progress in their negotiations, and agreed to a mediator's proposal. Based on my thorough review of the case, I sent the parties my proposal and they accepted it.

11.     Pursuant to my proposal, Apple agreed not to oppose an award to Class counsel of attorneys' fees in the amount of $3 million; a service award of $5,000 to each Class Representative; and verified costs and expenses incurred in the prosecution of litigation up to $100,000, all of which is to be paid by Apple. These amounts were to be paid in addition to and separate from all other consideration and remedies available to the settlement Class.

12.     To my knowledge, the fee negotiation was conducted in good faith and at arm's length.

13.     I kept in touch with counsel on their efforts to effectuate their agreement, but provided no further assistance.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 11, 2012.

_____
Fern M. Smith

3

Case No. 5:09-CV-01911-JW



**THE RESOLUTION EXPERTS®**



**T:** 415-982-5267
**F:** 415-982-5287

*"After 19 years on the bench, I am convinced that 95% of litigation is best resolved through ADR. My approach is to use my judgment and experience to facilitate a resolution that works best for the parties involved."*

*Recognized as a Top California Neutral, Daily Journal, 2010*

**Case Manager**

Arbitrations & Court
References:
Sarah Nevins
415-774-2657 Phone
Email:
snevins@jamsadr.com

Mediations:
Sandra Chan
415-774-2611 Phone
Email:
schan@jamsadr.com

JAMS
Two Embarcadero
Center
Suite 1500
San Francisco, CA
94111
415-982-5287 Fax

## Hon. Fern M. Smith (Ret.)

**Hon. Fern M. Smith (Ret.)** has served as a Federal District Court Judge, settling and adjudicating complex cases involving a wide range of issues. Judge Smith also served as Director of the Federal Judicial Center – the primary training and educational institute for federal judges – where she was one of the primary editors of the MCL 4th (Manual of Complex Litigation). She combines 30 years of distinguished judicial and legal experience with her unique ability to bring about the successful resolution of complex, multi-party matters.

### ADR Experience and Qualifications

Judge Smith served as a trainer and facilitator on judicial administration and reform with judges in India, Egypt, Bolivia, Mexico, Tunisia, Israel, Jordan, Greece, Italy, Russia, Morocco, Thailand, China, Turkey, the Netherlands, Slovenia, and Bahrain emphasizing commercial dispute resolution and case management procedures. In her 17 years on the Federal Bench, Judge Smith presided over every case type within federal jurisdiction. Representative cases are listed below.

### Representative Matters

Judge Smith mediated or arbitrated the following representative matters at JAMS.
- Arbitrated and chaired numerous cases involving **Intellectual Property** related breaches of contract, royalty, and licensing disputes.
- Arbitrated to a multi-million dollar award a **pharmaceutical** company breach of contract matter
- Mediated and settled a **consumer product class action** involving fraudulent advertising
- Successfully mediated a **professional liability** case regarding alleged accounting malpractice
- Mediated and resolved a long standing will contest involving multiple real estate holdings
- Successfully resolved a dispute over the **employment termination** of a highly compensated executive
- Mediated and settled a **consumer class action** involving a consumer technology product
- Successfully mediated a **consumer class action** related to alleged false advertising by a financial institution
- Mediated and settled a union matter concerning **collective bargaining** in the transportation industry
- Mediated and resolved an **employment dispute** involving alleged discrimination in the medical industry
- Successfully settled a **copyright infringement** claim by an author's estate against a licensee
- Successfully resolved a **contract dispute** over the sale of a helicopter

Judge Smith presided over and handled the following representative cases while serving in the federal judiciary.
- **Anti-Trust:** Heard *In re: Citric Acid Litigation* involving price fixing allegations against numerous domestic and international companies; Multi-million dollar fines assessed in related criminal cases
- **Environmental/Toxic Tort:** Interpreted CERCLA in *U.S. v. Allied Signal Corp.* finding private parties entitled to judicial review of Navy's remediation plan
- **Insurance:** Adjudicated numerous insurance coverage matters, including first and third party issues. Authored 11th Circuit opinion in *State Farm v. Steinberg*, clarifying rights to sue under "advertising injury"
- **Intellectual Property:** Presided over bench trial of *Galoob v. Nintendo*, involving allegations of copyright infringement, resulting in plaintiff's judgment of $15 million in damages; Presided over *Nintendo v. Atari*, a copyright and patent infringement case involving cross-claims of anti-trust and misuse of patents; Conducted *Markman* hearing in *Genentech v. Amgen*, construing three pioneer biotech patents
- **Labor/Employment:** Decided *Dillingham v. Sonoma* and *Assoc. Builders v. Curry*; Judgment affirmed by the U.S. Sup. Ct.
- **Mass Torts:** Specialized in complex product liability litigation ranging from aviation to medical devices to pharmaceuticals
- **Securities Class Actions:** Decided *In re: Silicon Graphics*, interpreting Private Securities

Reform Litigation Act
- **Torts:** Presided over court trial alleging government negligence for plane crash into Sun Valley Mall

### Honors, Memberships, and Professional Activities

- Recognized as a Top California Neutral, *Daily Journal*, 2010
- Chair, U.S. Judicial Conference Committee on International Judicial Relations, 2003-2005
- Chair, U.S. Judicial Conference Advisory Committee on the Rules of Evidence, 1996-1999
- Member, U.S. Judicial Conference Advisory Committee on the Rules of Evidence, 1993-1996
- Member, Executive Committee of the Ninth Circuit Judicial Conference, 1994-1996
- Member, Ninth Circuit State-Federal Judicial Council, 1990-1993
- Member, California Judicial Council's Advisory Task Force on Gender Bias, 1988-1990
- Member, California Judicial Council, 1987-1988
- Advisory Boards: American Bar Association Central European and Eurasian Law Initiative; American Society of International Law; American Judicature Society-National Jury Center Advisory Committee; Association of Business Trial Lawyers-Board of Governors; The National Academies-Science, Technology, and Law Program; Stanford Law School-Board of Visitors

### Background and Education

- Judge, U.S. District Court, Northern District of California, San Francisco, CA, 1988-2005
- Director, Federal Judicial Center, Washington, D.C., 1999-2003
- Judge, Superior Court of the State of California, in and for the County of San Francisco, San Francisco, CA, 1986- 1988
- Partner, Bronson, Bronson & McKinnon, 1981-1986, (Associate, 1975-1981)
- J.D., Stanford Law School, 1975
- B.A., Stanford University, Graduated with Distinction, Phi Beta Kappa, 1972