ZELDES HAEGGQUIST & ECK, LLP
HELEN I. ZELDES (220051)
AARON M. OLSEN (259923)
625 Broadway, Suite 1000
San Diego, CA  92101
Telephone: (619) 342-8000
Facsimile: (619) 342-7878
helenz@zhlaw.com
aarono@zhlaw.com

STEVEN A. SKALET (admitted *pro hac vice*)
CRAIG L. BRISKIN (admitted *pro hac vice*)
MEHRI & SKALET, PLLC
1250 Connecticut Avenue., NW, Suite 300
Washington, DC 20036
Telephone: (202) 822-5100
Facsimile: (202) 822-4997
sskalet@findjustice.com
cbriskin@findjustice.com

Attorneys for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE MAGSAFE APPLE POWER ADAPTER LITIGATION | Case No.:   5:09-CV-01911-EJD<br><br>**FEE AND EXPENSE DECLARATION OF HELEN I. ZELDES IN SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR FEES AND COSTS**<br><br>Date:   November 6, 2014<br>Time:   9:00 a.m.<br><br>Judge:   Honorable Edward J. Davila<br>Courtroom: 4, 5th Floor |

1  I, Helen I. Zeldes, declare as follows:

2  1. I am an attorney duly licensed to practice before all courts of the State of California and admitted to this Court. I am a partner with the law firm of Zeldes Haeggquist & Eck, LLP, Counsel for Plaintiffs in the above-captioned matter (the "Litigation") and have been appointed Class Counsel in this matter (Dkt. No. 82). I have personal knowledge of the matters set forth in this declaration, and those specified to be on information or belief I believe to be true based upon my role in this case, and if called as a witness, I could and would testify competently thereto.

2. I submit this declaration in support of Plaintiffs' Renewed Motion for Attorneys' Fees, Reimbursement of Expenses and Incentive Awards. This firm is counsel of record for Plaintiff Naotaka Kitigawa Jr., et al., the Class, and the plaintiffs in the following actions: (a) *Kitigawa, et al. v. Apple Computer, Inc.,* Case No. 09-01911 (the "*Kitigawa* Action"); and (b) *Hackwith, et al. v. Apple Computer, Inc.,* Case No. 09-03482 (the "*Hackwith* Action"). On September 4, 2009, Defendant Apple Inc. moved to have the two cases related (Dkt. No. 18) and the District Court ordered the cases so related on September 24, 2009 (Dkt. No. 24). On October 19, 2009, the Kitigawa and Hackwith Plaintiffs jointly moved to consolidate their cases, and, to facilitate the orderly and efficient prosecution of this matter, appoint Zeldes Haeggquist & Eck, LLP and Mehri & Skalet, PLLC as Interim Co-Lead Counsel. (Dkt Nos. 38-41.) The Court granted both motions on November 16, 2009. (Dkt. No. 43.) Collectively, these cases herein are referred to as the "Litigation."

3. The information in this declaration regarding the firm's time and expenses is taken from time and expense printouts prepared and maintained by the firm in the ordinary course of business in a software program called Abacus. A copy of these records are available at the request of the Court.

4. I am the partner who oversaw and/or conducted the day-to-day activities in the Litigation and reviewed the Abacus printouts (and backup documentation where necessary or

1  appropriate). The purpose of this review was to confirm both the accuracy of the entries on the
2  printouts as well as the necessity for, and reasonableness of, the time and expenses my firm
3  committed to the Litigation. As a result of this review, reductions were made to both time and
4  expenses either in the exercise of "billing judgment" or to conform to the firm's practices
5  regarding certain expenses such as charges for hotels, meals, and transportation. In particular,
6  I excluded *entirely* from the firm's *substantial* lodestar spent on the appeals (Nos. 12-15757
7  and 12-15782) related to this Litigation. As a result of these reviews and adjustments, I
8  believe that the time reflected in the firm's lodestar calculation and the expenses for which
9  payment is sought are reasonable in amount and were necessary for the effective and efficient
10 prosecution and resolution of the Litigation. In addition, I believe that the expenses are all of a
11 type that would normally be charged to a fee-paying client in the private legal marketplace.

12     5. After the reductions referred to above, the number of hours spent on this
13 Litigation by my firm is $1,911.65. For the Court's easy reference, my firm separately
14 itemized the lodestar relating to the Federal Rule of Appellate Procedure 7 ("FRAP 7") Bond
15 Motions from the lodestar time relating to work done for the remainder of the Litigation, with
16 the exception of lodestar spent on the appeals which is not included. The schedules attached
17 hereto as Exhibits 1 and 2, respectively, itemize this breakdown as follows:

18     a) **Exhibit 1**: October 1, 2008 (inception of the Litigation) to present, excluding
19 lodestar for time spent on the appeals and FRAP 7 Bond Motions. The total
20 lodestar amount for attorney/paraprofessional time based on the firm's current
21 rates as set forth in Exhibit 1 is $903,597.50.

22     b) **Exhibit 2**: Lodestar for time spent on FRAP 7 Bond Motions. The total
23 lodestar amount for attorney/paraprofessional time based on the firm's current
24 rates as set forth in Exhibit 2 is $134,712.50.

25     6. The total lodestar amount for attorney/paraprofessional time based on the firm's
26 current rates is $1,038,310.00 Again, this lodestar does *not* includes time spent on the appeals
27 in this matter. The hourly rates shown in Exhibits 1-2 are the current usual and customary
28

ZELDES HAEGGQUIST & ECK, LLP

rates set by my firm for each individual. The current rates billed are well within the range of rates billed by comparable attorneys in this market. My firm's lodestar figures do not include charges for expense items.

7. The time records maintained and reviewed for this Litigation reflect the tasks undertaken by my firm in this Litigation, which include those set forth at length in the declaration I am filing concurrently herewith, titled "Declaration of Helen I. Zeldes in Support of Plaintiffs' Renewed Motion for Final Approval of Class Action Settlement and Fees and Costs." A summary of this work includes:

a) Factual investigation relating to defects with the MagSafe power adapter, including numerous witness interviews, reviewing and analyzing Apple's warranty policies, reviewing hundreds of online consumer complaints and customer reviews, analyzing the subject MagSafe power adapter, and analyzing Apple's business practices throughout the relevant time period;

b) Conduct legal research on various potential theories of liability and the accompanying damages and other remedies relating to the MagSafe power adapter and carefully evaluated various potential jurisdictions in which the Plaintiffs' respective claims arose;

c) Draft and revise Complaint; work with Class Representatives regarding gathering facts;

d) Met and conferred with counsel for Apple for Federal Rule of Civil Procedure ("FRCP"), Rule 26 conference and prepared early disclosures, Joint Rule 26 Report and other pretrial, Court-filed documents;

e) Coordinate efforts with the *Hackwith* Action to maximize resources and minimize duplication of effort. Worked with Apple to relate the two actions and moved to consolidate the cases, and appoint Zeldes Haeggquist & Eck, LLP and Mehri & Skalet, PLLC as Interim Co-Lead Counsel;

f) Draft and revise a Consolidated Amended Class Action Complaint; research and investigation regarding the same;

g) Prepare and serve Requests for Production of Documents, multiple sets of Interrogatories, Requests for Admission, FRCP Rule 30(b)(6) deposition notice, and notices of depositions of key fact witnesses; research and investigation regarding the same;

h) Extensive negotiations/meeting and conferring with Apple's counsel regarding appropriate scope of discovery, including preparing and entering into appropriate protective order;

i) Review voluminous documents obtained from our own internal investigations, and tens of thousands of documents produced by Apple, reviewing in total over 80,000 pages of documents that included design schematics, drawings, testing and specification reports, internal memorandums, repair and replacement data, sales data, failure rates, complaints, and customer reviews;

j) Engage in extensive informal discovery with Apple, including informal interrogatories and conferring multiple times regarding the facts and evidence in the Litigation. Apple placed into the market a redesigned adapter after this case was filed, spawning a second round of written discovery.

k) Interview and retain two separate engineering experts relating to, among other things, design defect(s) relating to the MagSafe power adapters and damages; work with experts in reviewing and analyzing documents; review expert reports as well as confer with other independent expert consultants;

l) Prepare detailed mediation statement supported by extensive experts' reports; prepare for and attend two mediation sessions;

m) Participate in numerous strategy meetings and correspondence regarding claims, Apple's defenses, settlement terms, and settlement administration, and overall strategy moving forward throughout the Litigation;

n) Draft, analyze, and revise settlement agreement and other settlement-related documents and correspondence;

o) Draft, review and revise Motion for Preliminary Approval of Settlement and attend Preliminary Approval hearing, including all related documents and exhibits; research law regarding same;

p) Work with Apple and the administrator to ensure compliance with settlement terms, including notice requirements, claims handling, and website compliance;

q) Draft, review and revise Motion for Final Approval of Settlement; research law regarding same;

r) Draft, review and revise Motion for Attorneys' Fees, Reimbursement of Expenses and Incentive Awards and attend hearings for same; research law regarding same;

s) Draft, review and revise Response to Objections to Motions for Final Approval of Settlement and For An Award of Attorneys' Fees and Reimbursement of Expenses;

t) Work with Apple regarding preparing Judgment to be entered pursuant to FRCP 58;

u) Review notices of appeal from order granting final approval of the class action settlement and awarding fees, expenses and incentive awards; strategy meetings with co-counsel regarding same; research regarding legal claims raised in appeal [Not included in lodestar];

v) Draft, review and revise multiple Motions for Posting of an Appeal Bond by objectors; research law regarding same;

w) Draft, review and revise motions opposing objectors' motions to stay order on motion for bond;

x) Draft, review and revise deposition notices to objectors regarding class standing and ability to post bonds;

y) Draft, review and revise motions to hold objector Robert Gaudet in contempt of court for violating the District Court's orders; research regarding same;

z) Draft, review and revise motion to dismiss Objector Marie Newhouse's appeal; respond to Newhouse's motion for sanctions; research regarding same [Not included in lodestar];

aa) Draft, review and revise appellate briefs; research law regarding same; draft motions for extensions of time to file briefing; work with Apple and appellants regarding same [Not included in lodestar];

bb) Prepare for and attend oral argument for appeal; participate in strategy meetings regarding same and conduct legal research for same [Not included in lodestar];

cc) Research regarding substantive and procedural issues following Ninth Circuit's decision reversing the District Court's order granting final approval of class action settlement and award of fees, expenses, and incentive awards [Not included in lodestar];

dd) Draft, review and revise Joint Case Management Conference Statement regarding Renewed Motion for Final Approval of Class Action Settlement and Fees and Costs; confer with Apple and objector Newhouse's counsel;

ee) Draft, review and revise Joint Stipulation to extend the briefing schedule regarding the Renewed Motion for Final Approval of Class Action Settlement and Fees and Costs; confer with Apple and objector Newhouse's counsel;

ff) Review and revise motion to file an oversized brief regarding the Renewed Motion for Final Approval of Class Action Settlement and Fees and Costs; and

gg) Draft, review and revise the Renewed Motion for Final Approval of Class Action Settlement and Fees and Costs and supporting documentation and pleadings.

8. Expense items are billed separately and such charges are not duplicated in my firm's billing rates. Similar to the lodestar as set forth above, we have excluded expenses relating to the appeals in this matter. As detailed in Exhibit 3, the expenses my firm incurred in connection with the prosecution of the Litigation, which excludes expenses relating to the appeals, totals $25,673.16. The expenses pertaining to this Litigation are reflected in the books and records of this firm. These books and records are prepared from receipts, expense vouchers, check records and other documents and are an accurate record of the expenses.

9. The identification and background of my firm and its partners is contained in my firm's resume, a true and correct copy of which is attached hereto as Exhibit G.

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed this 10th day in September, 2014, in San Diego, California.

_____
HELEN I. ZELDES